John P. Stennett, SBN: 72815
Barbara A. Casino, SBN: 91952
**STENNETT/CASINO**
Attorneys at Law
501 W. Broadway, Suite 1340
San Diego, California 92101
(619) 544-6404

*E-filing*

Attorneys for Plaintiffs

FILED

07 SEP -5 PM 1:41

DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

'07 CV   1747   J (WMC)

TERRI SMITH and MICHELE SMITH FREGOSO,

                    Plaintiff,

v.

STONEBRIDGE LIFE INSURANCE COMPANY,

                    Defendant.

Case No. _____

COMPLAINT FOR BREACH OF CONTRACT; BAD FAITH BREACH INSURANCE CONTRACT (i.e., TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

JURY TRIAL DEMANDED

COMES NOW plaintiffs and allege against the defendant as follows:

## GENERAL ALLEGATIONS AS TO ALL CAUSES OF ACTION

1.    At all times herein mentioned decedent, DIANE GERALDINE HALL-HUSSAIN was a resident of the State of California; plaintiff MICHELE SMITH FREGOSO is a resident of the State of California and plaintiff TERRI SMITH is a resident of the State of Georgia.

2.    Plaintiff is informed and believes and on such basis alleges that at all times herein mentioned defendant STONEBRIDGE LIFE INSURANCE COMPANY (STONEBRIDGE) is a Vermont corporation transacting business in the County of San Diego, State of California.

3.    Jurisdiction of the Court is invoked under the provisions of 27 U.S.C. §1332.

1   Exclusive of interest and costs, the matter in controversy exceeds the sum of $75,000.00.  There

2   is complete diversity of citizenship between plaintiffs and the defendant.

3       4.      At all times herein mentioned, the conduct of defendant was carried out through

4   the acts and omissions of its officers, agents and employees, and the conduct of said officers,

5   agents and employees was authorized and ratified by defendant.

6       5.      On or about November 7, 2005, defendant STONEBRIDGE issued an accidental

7   death and dismemberment insurance policy to decedent DIANE GERALDINE HALL-

8   HUSSAIN.  Decedent had applied for the policy over the internet through defendant's interactive

9   website.  Said accidental death insurance policy, policy number 72A45PO585, attached and

10  incorporated herein as Exhibit 1, provided benefits in the amount of $50,000.00 to her children,

11  plaintiffs TERRI SMITH and MICHELE SMITH FREGOSO in the event of the accidental death

12  of decedent DIANE GERALDINE HALL-HUSSAIN.  Said policy was in full force and effect at

13  all times herein mentioned.

14      6.      On April 9, 2007, DIANE GERALDINE HALL-HUSSAIN died as a result of an

15  accidental overdose of Oxycodone, a medication prescribed by her physician to control pain.

16                      **FIRST CAUSE OF ACTION**
                        **FOR BREACH OF CONTRACT**

17

18      7.      Plaintiffs reallege and incorporate herein by reference each and every allegation

19  contained in paragraphs 1 through 6, inclusive of this complaint as though fully set forth herein at

20  length.

21      8.      Following the death of DIANE GERALDINE HALL-HUSSAIN, plaintiffs made

22  timely claims for accidental death benefits and performed all conditions required under said

23  written insurance policy for benefits.

24      9.      On or about June 12, 2007, and on each and every day thereafter, defendant

25  STONEBRIDGE breached its contractual obligations under said policy of life insurance by

26  refusing to pay death benefits to plaintiffs.

27      10.     As a result of said defendant's breach of contract, plaintiffs have suffered loss of

28  insurance benefits, all to their damage in a sum in excess of $50,000.00.

## SECOND CAUSE OF ACTION
### FOR BAD FAITH BREACH OF INSURANCE CONTRACT
### (i.e., TORTIOUS BREACH OF THE IMPLIED COVENANT
### OF GOOD FAITH AND FAIR DEALING)

11.    Plaintiffs TERRI SMITH and MICHELE SMITH FREGOSO incorporate and reallege each and every allegation contained in paragraphs 1 through 10 of this complaint as though fully set forth herein.

12.    By letter dated June 12, 2007, defendant STONEBRIDGE notified plaintiffs that it was denying their claim for death benefits under the policy.  Defendant STONEBRIDGE cited two exclusions within the policy as the basis for its denial.  The exclusions cited were as follows.

"No benefit shall be paid for injury that:

...

3.  is caused by or results from the Covered Person's taking or

using any narcotic, barbiturate or any other drug unless taken or

used as prescribed by a Physician;

...

7.  is due to disease, bodily or mental infirmity, or medical or

surgical treatment of these."

13.    Defendant STONEBRIDGE claimed that decedent had taken more Oxycodone than was prescribed by her physician.  However, the facts disclose that decedent had taken her medication exactly as prescribed by her physician.  Despite these facts, defendant STONEBRIDGE denied plaintiffs' claims for death benefits based on exclusion number 3 cited above.

14.    Plaintiffs by letter of July 20, 2007, pointed out to defendant STONEBRIDGE that the California Insurance Code sets forth provisions that must be contained within an accidental death policy and also sets forth exclusions that may be included in an accidental death policy.  The limitations and exclusions that may be contained in an accidental death policy in the State of California are set forth in Sections 10369.2 to 10369.12, inclusive.  No limitations or exclusions *are allowed* in accidental death policies which are "less favorable in any respect to the insured or

3

1  the beneficiary." (California Insurance Code §10369.1).

2      15.    California Insurance Code §10369.12 provides that an accidental death policy may
3  contain an exclusion for death as a consequence of the insured being intoxicated or under the
4  influence of a controlled substance *unless administered on the advice of a physician*.

5      16.    Plaintiffs pointed out to defendant STONEBRIDGE that Section 10369.12 of the
6  California Insurance Code has been interpreted by the Courts as not allowing insurers to exclude
7  claims due to accidental overdose of a prescribed medication.  As long as the drug is prescribed, it
8  is not required that it be taken exactly as prescribed by the physician.  Thus, California law does
9  not allow insurance carriers to exclude losses caused by an accidental overdose of a prescribed
10 medication.

11     17.    Defendant's accidental death policy does not define the term, "medical treatment."
12 Plaintiffs pointed out to defendant that the use of pain medication was not a treatment of a
13 medical condition but rather an attempt to mask the pain associated therewith.  Furthermore it
14 was pointed out that defendant's denial of plaintiffs' claim for accidental death benefits under the
15 policy's exclusion for death as a consequence of treatment of a medical condition violates
16 Insurance Code Section 10369.12 discussed above.  Section 10369.12 does not allow an
17 exclusion for death as a result of the accidental overdose of a prescribed medication.  Defendant
18 STONEBRIDGE is attempting to circumvent that limitation by its expansive interpretation of its
19 medical treatment limitation.  Defendant ignored the fact that the exclusions upon which it relied
20 were void under California Insurance Code.

21     18.    Defendant STONEBRIDGE had an absolute duty to deal fairly and in utmost good
22 faith with its insured's designated beneficiaries, TERRI SMITH and MICHELE SMITH
23 FREGOSO.  Defendant insurer breached its duty of good faith and fair dealing owed to plaintiffs
24 by, among other things, refusing to pay benefits under the policy to plaintiffs.  Plaintiffs are also
25 informed and believe and thereupon allege that defendant insurer breached the implied covenant
26 of good faith and fair dealing by failing to comply with California law governing the handling of
27 insurance claims, including but not limited to the following:

28     (1)    Intentionally, fraudulently and unreasonably denying coverage for

4

DIANE GERALDINE HALL-HUSSAIN'S death that it knew was a covered claim under the subject insurance policy.

(2)    Failing and refusing to fully investigate the claim submitted by plaintiffs and the basis for coverage of the claim under the subject insurance policy.

(3)    Failing and refusing to consider the interests of its insureds with the same care and consideration as it devoted to its own interests.

(4)    Failing and refusing to construe all uncertainties and ambiguities in favor of its insureds.

(5)    Defendant refused and continues to refuse to give any reasonable interpretation to the provisions in the policy of insurance or any reasonable application of such provisions to plaintiffs' claim and has acted to protect its own financial interests therein at the expense of plaintiffs' rights.

(6)    Defendant has compelled plaintiffs to engage legal counsel and to initiate litigation to recover benefits which defendant has unreasonably refused to provide under the terms of the policy;

(7)    Failing to conform its accidental death insurance policy to the requirements of the laws of the State of California.

19.    Plaintiffs are informed and believe and thereupon allege that defendant STONEBRIDGE has unreasonably withheld the above-referenced benefits justly due to plaintiffs and will continue to so withhold said benefits unless and until a court of law in the State of California orders defendant to pay plaintiffs said benefits.

20.    As a direct and proximate result of the aforesaid acts and omissions of defendant, plaintiffs sustained and continues to sustain loss of insurance benefits, exceeding $50,000.00, incurred and continue to incur attorneys' fees, and suffered and continue to suffer physical, mental and emotional distress, all to plaintiffs' detriment and damage in amounts to be proven at the time of trial.

1    21.   At all material times, defendant STONEBRIDGE, in doing the things alleged

2 herein, acted and continues to act maliciously (i.e., despicably, and with a conscious and willful

3 disregard of plaintiff's rights) oppressively and/or fraudulently so as to justify the assessment of

4 punitive and exemplary damages against defendant in a sum to punish defendant for doing said

5 acts and/or omissions in a sum which will deter defendant and others similarly situated from

6 engaging in said conduct in the future -- such sum to be proved at trial.

7    WHEREFORE, plaintiffs pray judgment as follows:

8    1.   For unpaid contractual benefits as described in this Complaint;

9    2.   For compensatory/general damages according to proof;

10    3.   For punitive and exemplary damages, according to proof;

11    4.   For attorney's fees according to proof;

12    5.   For costs of suit incurred herein; and,

13    6.   For such other and further relief as the Court may deem proper, including interest

14 (prejudgment and otherwise) on sums due.

15        STENNETT/CASINO
Attorneys for Plaintiffs

17        By   _Barbara A. Casino_

18           BARBARA A. CASINO

CLOSED

# U.S. District Court
## Southern District of California (San Diego)
## CIVIL DOCKET FOR CASE #: 3:07-cv-01747-JAH-WMC
### Internal Use Only

E-filing                     CV  08          1466

Smith et al v. Stonebridge Life Insurance Company
Assigned to: Judge John A. Houston
Referred to: Magistrate Judge William McCurine, Jr
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 09/05/2007
Date Terminated: 03/12/2008
Jury Demand: Plaintiff
Nature of Suit: 110 Insurance
Jurisdiction: Diversity



**JCS**

### Plaintiff

**Terri Smith**

represented by **Barbara Ann Casino**
Stennett / Casino
501 West Broadway
Suite 820
San Diego, CA 92101
(619)233-3794
Fax: (619)233-3796
Email: sc@stennettcasino.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Michele Smith Fregoso**

represented by **Barbara Ann Casino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Stonebridge Life Insurance Company**

represented by **Margaret Levy**
Manatt Phelps and Phillips
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
(310)312-4000
Fax: (310)312-4224
Email: mlevy@manatt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph E Laska**

Manatt Phelps and Phillips
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
(310)312-4000
Fax: (310)312-4224
Email: jlaska@manatt.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/05/2007 | ❶1 | COMPLAINT with Jury Demand against Stonebridge Life Insurance Company ( Filing fee $ 350 receipt number 142186), filed by Terri Smith, Michele Smith Fregoso.(kmm)(bar ). (Entered: 09/06/2007) |
| 09/05/2007 | ❶2 | Summons Issued as to Stonebridge Life Insurance Company. (kmm) (bar ). (Entered: 09/06/2007) |
| 09/13/2007 | ❶3 | ORDER OF RECUSAL. Judge Napoleon A. Jones, Jr recused. Case reassigned to Judge John A. Houston for all further proceedings. New Case Number 07CV1747-JAH(WMC) (bjb) (Entered: 09/13/2007) |
| 09/21/2007 | ❶4 | Stipulation and ORDER to Extend Time to Respond to Complaint. The Court approves the parties' stipulation and orders that Stonebridge Life Insurance Company shall have a 30 day extension, or until 10/29/07, to file and serve its response to Plaintiffs's Complaint. Signed by Judge John A. Houston on 9/20/07. (aje) (Entered: 09/21/2007) |
| 09/21/2007 | ❶5 | NOTICE of Non-Compliance with Local Rule 5.4(a) Mandatory Electronic Filing re 4 Stipulation and Order to Extend Time to Respond to Complaint. (aje) (Entered: 09/21/2007) |
| 09/21/2007 | ❶6 | Joint MOTION for Extension of Time to File Answer by Stonebridge Life Insurance Company. (Levy, Margaret) (jpp, ). (Entered: 09/21/2007) |
| 09/21/2007 | ❶7 | ORDER granting 6 Joint Motion for Extension of Time to Answer until 10/29/07. Signed by Judge John A. Houston on 0921/07. (jpp) (Entered: 09/24/2007) |
| 10/29/2007 | ❶8 | ANSWER to Complaint by Stonebridge Life Insurance Company.(Levy, Margaret) (jpp, ). (Entered: 10/29/2007) |
| 10/30/2007 | ❶9 | NOTICE and ORDER for Early Neutral Evaluation set for 12/3/2007 02:00 PM in Courtroom C before Magistrate Judge William McCurine Jr. Signed by Judge William McCurine Jr. on 10/30/07. (jpp) (Entered: 10/30/2007) |
| 11/06/2007 | ❶10 | MOTION for Change Venue -- *Notice of Motion and Motion to Transfer Venue on Convenience Grounds; Memorandum of Points and Authorities in Support of Motion to Transfer Venue; Proof of Service* by Stonebridge Life Insurance Company. (Attachments: # 1 Declaration of Judy Lovelady in Support of Motion to Transfer Venue# 2 Declaration of Joseph E. Laska in |

| | | |
|---|---|---|
| | | Support of Motion to Transfer Venue)(Laska, Joseph) (jpp, ). (Entered: 11/06/2007) |
| 11/19/2007 | ❶11 | MOTION to Continue -- *Ex Parte Application to Continue Early Neutral Evaluation Conference Until After Ruling on Motion to Transfer Venue or, in the Alternative, to a Mutually Convenient Date; Declaration of Joseph E. Laska in Support* by Stonebridge Life Insurance Company. (Attachments: # 1 Declaration of Joseph E. Laska# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Proof of Service)(Laska, Joseph) (jpp, ). (Entered: 11/19/2007) |
| 11/26/2007 | ❶12 | ORDER granting Ex Parte Application to continue the 12/03/07 Early Neutral Evaluation Conference pending further order of the Court. Signed by Judge William McCurine Jr. on 11/26/07. (jpp) (Entered: 11/26/2007) |
| 11/26/2007 | ❶13 | Ex Parte MOTION for Reconsideration *of the Order of the Court to Continue the Early Neutral Evaluation Conference* by Terri Smith, Michele Smith Fregoso. (Attachments: # 1 Declaration Delaration of Barbara A. Casino# 2 Plaintiffs' Opposition to Ex Parte Application to Continue ENE# 3 Proof of Service)(Casino, Barbara) (Entered: 11/26/2007) |
| 11/27/2007 | ❶14 | ORDER re: Early Neutral Evaluation set for 12/3/2007 02:00 PM in Courtroom C before Magistrate Judge William McCurine Jr.. Signed by Judge William McCurine Jr. on 11/27/07. (jpp) (Entered: 11/27/2007) |
| 11/30/2007 | ❶15 | Counter MOTION for Change Venue - *Opposition to Motion to Transfer Venue on Convenience Grounds* by Terri Smith, Michele Smith Fregoso. (Attachments: # 1 Declaration of Barbara A. Casino in Support of Plaintiffs' Opposition to Motion to Transfer Venue# 2 Declaration of Michelle Rosales in Support of Opposition to Motion to Transfer Venue# 3 Proof of Service)(Casino, Barbara) Modified on 11/30/2007 to reflect that e-filing is NOT A MOTION, e-filing is Opposition by Plaintiffs to 10 (jpp, ). (Entered: 11/30/2007) |
| 11/30/2007 | ❶ | (Court only) Set/Reset Deadlines as to 10 MOTION for Change Venue -- *Notice of Motion and Motion to Transfer Venue on Convenience Grounds; Memorandum of Points and Authorities in Support of Motion to Transfer Venue; Proof of Service.* Motion Hearing set for 12/17/2007 02:30 PM in Courtroom 11 before Judge John A. Houston. (jpp) (Entered: 11/30/2007) |
| 12/03/2007 | ❶16 | ORDER. ENE Conference was held on 12/3/2007. Rule 26(f) Conference shall be completed by 1/4/2008. Joint Discovery Plan shall be lodged w/ Magistrate Judge McCurine by 1/18/2008. Case Management Conference/Settlement Conference set for 2/11/2008 09:30 AM in Courtroom C before Magistrate Judge William McCurine Jr.. Signed by Magistrate Judge William McCurine Jr. on 12/3/2007. (jah) (Entered: 12/03/2007) |
| 12/03/2007 | ❶17 | Minute Entry for proceedings held before Judge William McCurine Jr.: Telephonic Early Neutral Evaluation Conference held on 12/3/2007. Court to issue order.(Tape #n/a).(Plaintiff Attorney Barbara Ann Casino).(Defendant Attorney Margaret Levy). (rab) (Entered: 12/04/2007) |

| | | |
|---|---|---|
| 12/10/2007 | 🔵18 | REPLY to Response to Motion re 10 MOTION for Change Venue -- *Notice of Motion and Motion to Transfer Venue on Convenience Grounds; Memorandum of Points and Authorities in Support of Motion to Transfer Venue; Proof of Service* filed by Stonebridge Life Insurance Company. (Laska, Joseph) (jpp, ). (Entered: 12/10/2007) |
| 12/10/2007 | 🔵19 | DECLARATION re 10 MOTION for Change Venue -- *Notice of Motion and Motion to Transfer Venue on Convenience Grounds; Memorandum of Points and Authorities in Support of Motion to Transfer Venue; Proof of Service -- Supplemental Declaration of Joseph E. Laska in Support of Motion to Transfer Venue on Convenience Grounds* by Defendant Stonebridge Life Insurance Company. (Laska, Joseph) (jpp, ). (Entered: 12/10/2007) |
| 12/10/2007 | 🔵20 | NOTICE by Stonebridge Life Insurance Company re 10 MOTION for Change Venue -- *Notice of Motion and Motion to Transfer Venue on Convenience Grounds; Memorandum of Points and Authorities in Support of Motion to Transfer Venue; Proof of Service -- Request for Judicial Notice in Support of Motion to Transfer Venue on Convenience Grounds* (Laska, Joseph) (jpp, ). (Entered: 12/10/2007) |
| 12/11/2007 | 🔵21 | ORDER vacating hearing date on Defendant's motion 10 to change venue set for 12/17/07. Court finds the motion suitable for adjudication without oral argument. Signed by Judge John A. Houston on 12/11/07. (jpp) (Entered: 12/11/2007) |
| 02/05/2008 | 🔵22 | Ex Parte MOTION for Leave to File *Supplemental Reply Brief in Support of Stonebridge Life Insurance Company's Motion to Transfer Venue* by Stonebridge Life Insurance Company. (Laska, Joseph) (jpp, ). (Entered: 02/05/2008) |
| 02/06/2008 | 🔵23 | RESPONSE in Opposition re 22 Ex Parte MOTION for Leave to File *Supplemental Reply Brief in Support of Stonebridge Life Insurance Company's Motion to Transfer Venue* filed by Terri Smith, Michele Smith Fregoso. (Attachments: # 1 Proof of Service)(Casino, Barbara) (jpp, ). (Entered: 02/06/2008) |
| 02/07/2008 | 🔵24 | ORDER granting 22 Defendant's ex parte application to file a supplemental reply brief in support of its motion for change of venue. Signed by Judge John A. Houston on 02/07/08. (jpp) (Entered: 02/07/2008) |
| 02/07/2008 | 🔵25 | Supplemental REPLY Brief re 10 MOTION for Change Venue on Convenience Grounds, filed by Stonebridge Life Insurance Company. (jpp) (Entered: 02/07/2008) |
| 02/11/2008 | 🔵26 | SCHEDULING ORDER: Case Management Conference held 02/11/08. Telephonic Status Conference set for 2/19/2008 09:00 AM in Courtroom C before Magistrate Judge William McCurine Jr.. Memorandum of Contentions of Fact and Law due by 9/8/2008. Proposed Pretrial Order due by 9/22/2008. Final Pretrial Conference set for 9/29/2008 02:30 PM in Courtroom 11 before Judge John A. Houston.Signed by Judge William |

| | | McCurine Jr. on 02/11/08. (jpp) (Entered: 02/11/2008) |
|---|---|---|
| 02/11/2008 | ●28 | Minute Entry for proceedings held before Judge William McCurine Jr.: Case Management Conference held on 2/11/2008, Settlement Conference held on 2/11/2008. Court to issue order.(Tape #n/a).(Plaintiff Attorney Barbara Ann Casino).(Defendant Attorney Margaret Levy). (rab) (Entered: 02/13/2008) |
| 02/12/2008 | ●27 | ORDER continuing Telephonic Status Conference to 2/20/2008 09:00 AM in Courtroom C before Magistrate Judge William McCurine Jr.. Signed by Judge William McCurine Jr. on 02/12/2008. (jpp) (Entered: 02/12/2008) |
| 02/14/2008 | ●29 | REPLY to Response to Motion re 10 MOTION for Change Venue -- *Notice of Motion and Motion to Transfer Venue on Convenience Grounds; Memorandum of Points and Authorities in Support of Motion to Transfer Venue; Proof of Service PLAINTIFFS RESPONSE TO DEFENDANTS SUPPLEMENTAL REPLY BRIEF* filed by Terri Smith, Michele Smith Fregoso. (Attachments: # 1 Declaration Of Barbara Casino in Support of Response# 2 Proof of Service)(Casino, Barbara) (jpp, ). (Entered: 02/14/2008) |
| 02/20/2008 | ●30 | ORDER following Telephonic Status Conference held 02/20/08. Further setting Telephonic Status Conference set for 3/4/2008 09:15 AM in Courtroom C before Magistrate Judge William McCurine Jr.. Signed by Judge William McCurine Jr. on 02/20/08. (jpp) (Entered: 02/20/2008) |
| 02/20/2008 | ●31 | Minute Entry for proceedings held before Judge William McCurine Jr.: Status Conference held on 2/20/2008. Court to issue an order.(Plaintiff Attorney Barbara Casino; Jack Stennett).(Defendant Attorney Margaret Levy; Joe Laska). (rfm) (Entered: 02/22/2008) |
| 03/04/2008 | ●32 | Minute Entry for proceedings held before Judge William McCurine Jr.: Status Conference held on 3/4/2008(Tape #n/a).(Plaintiff Attorney Barbara Ann Casino).(Defendant Attorney Joe Laska). (rab) (Entered: 03/10/2008) |
| 03/12/2008 | ●33 | ORDER granting Defendant's Motion 10 to transfer venue on convenience grounds. Case transferred to Northern District of California. Original file, certified copy of transfer order, and docket sheet sent.Signed by Judge John A. Houston on 03/12/08. (Attachments: # 1 transfer letter)(jpp) (Entered: 03/13/2008) |

I hereby certify and certify on   3-13-08
That the foregoing is a true and correct
copy of the original on file in my office and is a legal
custody.

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By_____ Deputy

Summons in a Civil Action (Rev 11/97)

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

FILED
07 SEP -5 PM 1:42

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

TERRI SMITH and MICHELE
SMITH FREGOSO

vs

STONEBRIDGE LIFE INSURANCE
COMPANY

**SUMMONS IN A CIVIL ACTION**

Case No. **07 CV 1747 J (WMC)**

TO: (Name and Address of Defendant)

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon PLAINTIFF'S ATTORNEY

John P. Stennett, Barbara A. Casino, STENNETT/CASINO
501 W. Broadway, Suite 1340
San Diego, CA 92101
619-544-6404

An answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

W. Samuel Hamrick, Jr.                    9·5·07

CLERK                                     DATE

D. O'BRIM

By _____ , Deputy Clerk

Summons in a Civil Action

Page 1 of 2

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5, 1999 (11:34am)

1  MANATT, PHELPS & PHILLIPS, LLP
   MARGARET LEVY (Bar No. 66585)
2  JOSEPH E. LASKA (Bar No. 221055)
   11355 West Olympic Boulevard
3  Los Angeles, California 90064
   Telephone: (310) 312-4000
4  Facsimile: (310) 312-4224
   Email: mlevy@manatt.com and jlaska@manatt.com

5

6  *Attorneys for Defendant*
   STONEBRIDGE LIFE INSURANCE COMPANY

7  STENNETT/CASINO
   JOHN P. STENNETT (Bar No. 72815)
8  BARBARA A. CASINO (Bar No. 91952)
   501 West Broadway, Suite 1340
9  San Diego, California 92101
   Telephone: (619) 544-6404
10 Facsimile: (619) 234-7082

11 *Attorneys for Plaintiffs*
   TERRI SMITH and MICHELE SMITH FREGOSO

12

13              UNITED STATES DISTRICT COURT

14        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15

16 TERRI SMITH and MICHELE          Case No. 07CV1747 JAH (WMC)
   SMITH FREGOSO,
17                                  Hon. John A. Houston
            Plaintiffs,
18                                  STIPULATION AND [PROPOSED]
        vs.                         ORDER TO EXTEND TIME TO
19                                  RESPOND TO COMPLAINT
   STONEBRIDGE LIFE
20 INSURANCE COMPANY,               Action Filed: September 5, 2007

21          Defendant.

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41157408.1

STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME TO RESPOND TO COMPLAINT

FILED

2007 SEP 21  AM 8: 52

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

BY FAX

ORIGINAL

1    Plaintiffs Terri Smith and Michele Smith Fregoso ("Plaintiffs") and

2  Defendant Stonebridge Life Insurance Company ("Stonebridge Life"), through their

3  respective counsel, enter into the following stipulation and request that the Court

4  enter the attached order:

5       1.    Plaintiffs filed their Complaint in this action on September 5, 2007.

6       2.    Stonebridge Life was served with the Complaint on September 7,

7  2007, making its responsive pleading due September 27, 2007.

8       3.    The parties agree that Stonebridge Life will have a 30-day extension,

9  or until October 29, 2007, to file and serve its response to Plaintiffs' Complaint.

10

11  Dated: September 19, 2007          MANATT, PHELPS & PHILLIPS, LLP
                                       MARGARET LEVY
12                                     JOSEPH E. LASKA

13

14                                     By: _____

15                                         Joseph E. Laska
                                           *Attorneys for Defendant*
16                                         STONEBRIDGE LIFE INSURANCE
                                           COMPANY
17  Dated: September ___, 2007          STENNETT/CASINO
                                       JOHN P. STENNETT
18                                     BARBARA A. CASINO

19

20                                     By: _____

21                                         Barbara A. Casino
                                           *Attorneys for Plaintiffs*
22                                         TERRI SMITH and MICHELE
                                           SMITH FREGOSO

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41157408.1                              1

STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME TO RESPOND TO COMPLAINT

1      Plaintiffs Terri Smith and Michele Smith Fregoso ("Plaintiffs") and

2  Defendant Stonebridge Life Insurance Company ("Stonebridge Life"), through their

3  respective counsel, enter into the following stipulation and request that the Court

4  enter the attached order:

5      1.    Plaintiffs filed their Complaint in this action on September 5, 2007.

6      2.    Stonebridge Life was served with the Complaint on September 7,

7  2007, making its responsive pleading due September 27, 2007.

8      3.    The parties agree that Stonebridge Life will have a 30-day extension,

9  or until October 29, 2007, to file and serve its response to Plaintiffs' Complaint.

10

11  Dated: September __, 2007      MANATT, PHELPS & PHILLIPS, LLP

12                           MARGARET LEVY
JOSEPH E. LASKA

13

14                           By:

15                              Joseph E. Laska
*Attorneys for Defendant*

16                           STONEBRIDGE LIFE INSURANCE
COMPANY

17  Dated: September *18*, 2007      STENNETT/CASINO

18                           JOHN P. STENNETT
BARBARA A. CASINO

19

20                           By:

21                              Barbara A. Casino
*Attorneys for Plaintiffs*

22                           TERRI SMITH and MICHELE
SMITH FREGOSO

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41157408.1                           1

STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME TO RESPOND TO COMPLAINT

<u>ORDER</u>

The Court approves the parties' stipulation and orders that Stonebridge Life shall have a 30-day extension, or until October 29, 2007, to file and serve its response to Plaintiffs' Complaint.

IT IS SO ORDERED.

Dated:   9-20-07

_____
United States District Judge

**PROOF OF SERVICE**

I, Nancy Tokuda, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On September 19, 2007, I served a copy of the within document(s):

**STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME TO RESPOND TO COMPLAINT**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Stennett/Casino
John P. Stennett, Esq.
Barbara A. Casino, Esq.
501 W. Broadway, Suite 1340
San Diego, CA 92101

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 19, 2007, at Los Angeles, California.

_____
Nancy Tokuda

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41158228.1

FILED

2007 SEP 21  AM 8: 52

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ΔΩ_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Smith et al<br>Plaintiff | ) )<br>) )<br>) ) |
| vs | ) )<br>) ) |
| Stonebridge Life Insurance Company)<br>Defendant | )<br>) )<br>) ) |

Case Number:07cv1747-JAH-WMC

**NOTICE OF NONCOMPLIANCE WITH
LOCAL RULE 5.4(a) MANDATORY
ELECTRONIC FILING**

Document Submitted: Stipulation and Proposed Order to Extend Time to Respond to Complaint

Filed by Attorney:Barbara Casino

The document(s) listed above were not submitted electronically and therefore do not comply with Local Rule 5.4(a).

L.R. 5.4(a) - Except as proscribed by local rule, order or other procedure, the court has designated all cases to be assigned to the Electronic Filing System. Unless otherwise expressly provided in the Court's Electronic Case Filing Administrative Policies and Procedures Manual, the Court's Local Rules, or in the exceptional circumstances preventing a registered user from filing electronically, as of November 1, 2006 all petitions, motions, memoranda of law, or other pleadings and documents required to be filed with the court by a registered user in connection with a case assigned to the Electronic Filing System shall be electronically filed.

A copy of this notice, along with the CM/ECF registration form has been provided to counsel of record for this party.

**\*\*A completed registration form shall be submitted to the Clerk's Office within 5 business days of receipt of this notice.**

Please take notice, further documents submitted that do not comply with this rule will be submitted to the Court on a discrepancy order.

Date:9/19/07

W. Samuel Hamrick, Clerk of Court

By,/s/L Odierno Deputy Clerk

1   MANATT, PHELPS & PHILLIPS, LLP
    MARGARET LEVY (Bar No. 66585)
2   JOSEPH E. LASKA (Bar No. 221055)
    11355 West Olympic Boulevard
3   Los Angeles, California 90064
    Telephone: (310) 312-4000
4   Facsimile: (310) 312-4224
    Email: mlevy@manatt.com and jlaska@manatt.com
5
    *Attorneys for Defendant*
6   STONEBRIDGE LIFE INSURANCE COMPANY

7   STENNETT/CASINO
    JOHN P. STENNETT (Bar No. 72815)
8   BARBARA A. CASINO (Bar No. 91952)
    501 West Broadway, Suite 1340
9   San Diego, California 92101
    Telephone: (619) 544-6404
10  Facsimile: (619) 234-7082

11  *Attorneys for Plaintiffs*
    TERRI SMITH and MICHELE SMITH FREGOSO
12

13              UNITED STATES DISTRICT COURT

14          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15

| 16 | TERRI SMITH and MICHELE SMITH FREGOSO, | Case No. 07CV1747 JAH (WMC) |
|---|---|---|
| 17 | | Hon. John A. Houston |
| 18 | Plaintiffs, | STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT |
| 19 | vs. | [Proposed Order Lodged Separately With Department Clerk] |
| 20 | STONEBRIDGE LIFE INSURANCE COMPANY, | |
| 21 | Defendant. | Action Filed: September 5, 2007 |

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41157408.1

STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME TO RESPOND TO COMPLAINT

1        Plaintiffs Terri Smith and Michele Smith Fregoso ("Plaintiffs") and

2    Defendant Stonebridge Life Insurance Company ("Stonebridge Life"), through their

3    respective counsel, enter into the following stipulation and request that the Court

4    enter the attached order:

5        1.    Plaintiffs filed their Complaint in this action on September 5, 2007.

6        2.    Stonebridge Life was served with the Complaint on September 7,

7    2007, making its responsive pleading due September 27, 2007.

8        3.    The parties agree that Stonebridge Life will have a 30-day extension,

9    or until October 29, 2007, to file and serve its response to Plaintiffs' Complaint.

10

11   Dated: September 19, 2007        MANATT, PHELPS & PHILLIPS, LLP

12                                MARGARET LEVY
                                  JOSEPH E. LASKA

13

14                            By: _____

15                                Joseph E. Laska
                                  *Attorneys for Defendant*

16                                STONEBRIDGE LIFE INSURANCE
                                  COMPANY

17   Dated: September ___, 2007      STENNETT/CASINO

18                                JOHN P. STENNETT
                                  BARBARA A. CASINO

19

20                           By: _____

21                                Barbara A. Casino
                                  *Attorneys for Plaintiffs*

22                                TERRI SMITH and MICHELE
                                  SMITH FREGOSO

23

24

25

26

27

28

1    Plaintiffs Terri Smith and Michele Smith Fregoso ("Plaintiffs") and

2  Defendant Stonebridge Life Insurance Company ("Stonebridge Life"), through their

3  respective counsel, enter into the following stipulation and request that the Court

4  enter the attached order:

5    1.    Plaintiffs filed their Complaint in this action on September 5, 2007.

6    2.    Stonebridge Life was served with the Complaint on September 7,

7  2007, making its responsive pleading due September 27, 2007.

8    3.    The parties agree that Stonebridge Life will have a 30-day extension,

9  or until October 29, 2007, to file and serve its response to Plaintiffs' Complaint.

10

11  Dated: September __, 2007        MANATT, PHELPS & PHILLIPS, LLP
                                     MARGARET LEVY
12                                   JOSEPH E. LASKA

13

14                          By: _____
15                                   Joseph E. Laska
                                     *Attorneys for Defendant*
16                                   STONEBRIDGE LIFE INSURANCE
                                     COMPANY

17  Dated: September 13, 2007        STENNETT/CASINO
                                     JOHN P. STENNETT
18                                   BARBARA A. CASINO

19

20                          By: _____
21                                   Barbara A. Casino
                                     *Attorneys for Plaintiffs*
22                                   TERRI SMITH and MICHELE
                                     SMITH FREGOSO

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME TO RESPOND TO COMPLAINT

1

## PROOF OF SERVICE

2        I, Nancy Tokuda, declare:

3        I am a citizen of the United States and employed in Los Angeles County, California. I am
over the age of eighteen years and not a party to the within-entitled action. My business address
4   is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On September 19,
2007, I served a copy of the within document(s):
5

6   **STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME TO RESPOND
TO COMPLAINT**

7        ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set
forth below on this date before 5:00 p.m.
8

9        ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in the United States mail at Los Angeles, California addressed as set
10            forth below.

11       ☐    by placing the document(s) listed above in a sealed _____ envelope and
affixing a pre-paid air bill, and causing the envelope to be delivered to a
12            _____ agent for delivery.

13       ☐    by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.
14

15   Stennett/Casino
John P. Stennett, Esq.
16   Barbara A. Casino, Esq.
501 W. Broadway, Suite 1340
17   San Diego, CA 92101

18       I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
19   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
20   meter date is more than one day after date of deposit for mailing in affidavit.

21       I declare that I am employed in the office of a member of the bar of this court at whose
direction the service was made.
22

23       Executed on September 19, 2007, at Los Angeles, California.

24

25                                                              _____
                                                                Nancy Tokuda
26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41158228.1

1

2

3

4

5

6

7

8

9

10

11

12            UNITED STATES DISTRICT COURT

13        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15  TERRI SMITH and MICHELE        Case No. 07CV1747 JAH (WMC)
    SMITH FREGOSO,
16                                 Hon. John A. Houston
              Plaintiffs,
17                                 ORDER EXTENDING TIME TO
         vs.                       RESPOND TO COMPLAINT
18
    STONEBRIDGE LIFE               Action Filed:   September 5, 2007
19  INSURANCE COMPANY,

20            Defendant.

21

22

23

24

25

26

27

28

Manatt, Phelps &      41159180.1
 Phillips, LLP
Attorneys At Law
 Los Angeles          _____
                      [PROPOSED] ORDER EXTENDING TIME TO RESPOND TO COMPLAINT

ORDER

The Court approves the parties' stipulation and orders that Stonebridge Life shall have a 30-day extension, or until October 29, 2007, to file and serve its response to Plaintiffs' Complaint.

IT IS SO ORDERED.

Dated: September 21, 2007

John A. Houston
United States District Judge

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41159180.1

1

[PROPOSED] ORDER EXTENDING TIME TO RESPOND TO COMPLAINT

MANATT, PHELPS & PHILLIPS, LLP
MARGARET LEVY (Bar No. 66585)
JOSEPH E. LASKA (Bar No. 221055)
11355 West Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
Email: mlevy@manatt.com and jlaska@manatt.com

*Attorneys for Defendant*
STONEBRIDGE LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI SMITH and MICHELLE SMITH FREGOSO, | Case No. 07CV1747 JAH (WMCx) |
| Plaintiffs, | Hon. John A. Houston |
| vs. | ANSWER OF STONEBRIDGE LIFE INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT |
| STONEBRIDGE LIFE INSURANCE COMPANY, | |
| Defendants. | |

1       Defendant Stonebridge Life Insurance Company ("Stonebridge"), for itself

2   and for no other defendant, answers the Complaint of Plaintiffs Terri Smith and

3   Michelle Smith Fregoso ("Plaintiffs") as follows:

4       1.    Answering Paragraph 1 of Plaintiffs' Complaint, Stonebridge is

5   informed and believes that the allegations contained in that Paragraph are true.

6       2.    Answering Paragraph 2 of Plaintiffs' Complaint, Stonebridge admits

7   that it is a Vermont corporation with its principal place of business in the State of

8   Maryland.  Stonebridge further admits that it transacts business in the County of

9   San Diego in the State of California.

10      3.    Answering Paragraph 3 of Plaintiffs' Complaint, Stonebridge admits

11  the allegations contained in that Paragraph.

12      4.    Answering Paragraph 4 of Plaintiffs' Complaint, Stonebridge denies

13  each and every allegation contained in that Paragraph.

14      5.    Answering Paragraph 5 of Plaintiffs' Complaint, Stonebridge admits

15  that it issued Accidental Death and Dismemberment Policy No. 72A45PO585,

16  effective November 7, 2005, to Diane Geraldine Hall-Hussain, now deceased (the

17  "Policy").  Stonebridge also admits that Ms. Hall-Hussain applied for the Policy

18  over the Internet.  Stonebridge further admits that the Policy provided accidental

19  death benefits in the amount of $50,000 in the event of an accidental death covered

20  under the terms of the Policy, and that such benefits were payable pursuant to the

21  terms of the Policy.  Stonebridge also admits that the Policy was in full force and

22  effect at all relevant times.  Except as expressly admitted, Stonebridge denies each

23  and every allegation contained in Paragraph 5 of the Complaint.

24      6.    Answering Paragraph 6 of Plaintiffs' Complaint, Stonebridge admits

25  that Ms. Hall-Hussain died on April 9, 2007.  Stonebridge is without knowledge or

26  information sufficient to form a belief as to the truth of the remaining allegations

27  contained in Paragraph 6, and on that basis denies those allegations.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41169083.1                                      1

ANSWER

1      7.      Answering Paragraph 7 of Plaintiffs' Complaint, Stonebridge

2    incorporates its previous responses to Paragraphs 1 through 6, as though fully set

3    forth.

4      8.      Answering Paragraph 8 of Plaintiffs' Complaint, Stonebridge admits

5    that Plaintiffs made timely claims for accidental death benefits.  Except as expressly

6    admitted, Stonebridge denies each and every allegation contained in Paragraph 8 of

7    the Complaint.

8      9.      Answering Paragraph 9 of Plaintiffs' Complaint, Stonebridge denies

9    each and every allegation contained in that Paragraph.

10      10.      Answering Paragraph 10 of Plaintiffs' Complaint, Stonebridge denies

11    each and every allegation contained in that Paragraph.

12      11.      Answering Paragraph 11 of Plaintiffs' Complaint, Stonebridge

13    incorporates its previous responses to Paragraphs 1 through 10, as though fully set

14    forth.

15      12.      Answering Paragraph 12 of Plaintiffs' Complaint, Stonebridge admits

16    that on June 12, 2007 it sent a letter to Plaintiffs denying their claims for accidental

17    death benefits for all of the reasons set forth in that letter, including the two

18    exclusions quoted by Plaintiffs in Paragraph 12.  Except as expressly admitted,

19    Stonebridge denies each and every allegation contained in Paragraph 12 of the

20    Complaint.

21      13.      Answering Paragraph 13 of Plaintiffs' Complaint, Stonebridge admits

22    that its investigation revealed that Ms. Hall-Hussain had taken more Oxycodone

23    than had been prescribed by her physician, and that Stonebridge based its denial, in

24    part, on that fact.  Except as expressly admitted, Stonebridge denies each and every

25    allegation contained in Paragraph 13 of the Complaint.

26      14.      Answering Paragraph 14 of Plaintiffs' Complaint, Stonebridge admits

27    that Plaintiffs' counsel sent a letter to Stonebridge dated July 20, 2007 setting forth,

28    among other things, Plaintiffs' arguments regarding Insurance Code Sections

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41169083.1

2

1   10369.1-10369.12.  Except as expressly admitted, Stonebridge denies each and

2   every allegation contained in Paragraph 14 of the Complaint and denies that

3   Plaintiffs have accurately set forth the language of the Insurance Code section upon

4   which they rely.

5           15.    Answering Paragraph 15 of Plaintiffs' Complaint, Stonebridge denies

6   each and every allegation contained in Paragraph 15 of the Complaint and denies

7   that Plaintiffs have accurately set forth the language of Insurance Code Section

8   10369.12.

9           16.    Answering Paragraph 16 of Plaintiffs' Complaint, Stonebridge admits

10  that Plaintiffs communicated to Stonebridge their argument that Insurance Code

11  Section 10369.12 does not allow an insurer to exclude coverage for claims due to

12  accidental overdose of a prescribed medication.  Except as expressly admitted,

13  Stonebridge denies each and every allegation in Paragraph 16 of the Complaint.

14          17.    Answering Paragraph 17 of Plaintiffs' Complaint, Stonebridge admits

15  that the Policy does not define the term "medical treatment," and that Plaintiffs

16  communicated to Stonebridge their arguments that the prescribing of pain

17  medication does not constitute medical treatment and that the denial of Plaintiffs'

18  claim violates Insurance Code Section 10369.12.  Except as expressly admitted,

19  Stonebridge denies each and every allegation contained in Paragraph 17 of the

20  Complaint.

21          18.    Answering Paragraph 18 of Plaintiffs' Complaint, Stonebridge admits

22  that it had a duty to deal with Plaintiffs fairly and in good faith.  Except as

23  expressly admitted, Stonebridge denies each and every allegation contained in

24  Paragraph 18 of the Complaint.

25          19.    Answering Paragraph 19 of Plaintiffs' Complaint, Stonebridge denies

26  each and every allegation contained in that Paragraph.

27          20.    Answering Paragraph 20 of Plaintiffs' Complaint, Stonebridge denies

28  each and every allegation contained in that Paragraph.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41169083.1                                3

ANSWER

21.    Answering Paragraph 21 of Plaintiffs' Complaint, Stonebridge denies each and every allegation contained in that Paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

22.    The Complaint, and each purported claim for relief alleged in it, fails to state a claim for relief against Stonebridge.

### SECOND AFFIRMATIVE DEFENSE

23.    The Complaint fails to allege facts sufficient to entitle Plaintiffs to an award of general, compensatory or punitive damages.

### THIRD AFFIRMATIVE DEFENSE

24.    Plaintiffs, in the exercise of reasonable diligence, could have mitigated the alleged monetary and other damages to themselves, but Plaintiffs failed to exercise reasonable diligence and have not mitigated such alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

25.    Any and all actions taken by Stonebridge were fair and reasonable and were performed in good faith based on all relevant facts known to Stonebridge at the time.

### FIFTH AFFIRMATIVE DEFENSE

26.    Plaintiffs have failed to allege, and cannot prove, under the applicable clear and convincing standard, the oppression, fraud or malice required for an award of punitive damages pursuant to Civil Code Section 3294.

### SIXTH AFFIRMATIVE DEFENSE

27.    To the extent that any of Plaintiffs' causes of action are based upon the theory that there exists an "implied covenant of good faith and fair dealing" in an insurance contract, this doctrine, as applied by California courts, is unconstitutional pursuant the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 2, 7, 9, 15 and 17, and Article IV, Section 16 of the California Constitution.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41169083.1                                    4

ANSWER

1

**SEVENTH AFFIRMATIVE DEFENSE**

2      28.    California Civil Code Section 3294 and the California judicial doctrine

3 allowing open-ended extra-contractual and punitive damages for certain tort claims,

4 if either is applicable as to Plaintiffs' claims, are invalid on their face and as applied

5 to Stonebridge as violating Article I, Sections, 2, 7, 9, 16 and 17, Article III,

6 Section 3 and Article IV, Section 1 of the California Constitution, and the Ex Post

7 Facto Clause of Article I, Section 10, Article IV, Section 2 and the First

8 Amendment of the United States Constitution.

9

**EIGHTH AFFIRMATIVE DEFENSE**

10      29.    Each and every act done or statement made by Stonebridge with

11 reference to Plaintiffs was a good faith assertion of Stonebridge's rights and

12 therefore is privileged.

13

**NINTH AFFIRMATIVE DEFENSE**

14      30.    The Complaint, and each purported claim for relief alleged in it, is

15 barred because Plaintiffs failed to exercise ordinary care, caution or prudence on

16 their own behalves, or to avoid the happening of the alleged losses or damages, if

17 any, set forth in the Complaint.  By Plaintiffs' failure to do so, they directly and

18 proximately caused or contributed to the happening of such losses and damages, if

19 any.

20

**TENTH AFFIRMATIVE DEFENSE**

21      31.    The Complaint, and each purported claim for relief alleged in it, is

22 barred because any losses or damages allegedly suffered by Plaintiffs were directly

23 and proximately caused and contributed to by the failure to exercise ordinary care,

24 caution or prudence of persons other than Stonebridge.

25

**ELEVENTH AFFIRMATIVE DEFENSE**

26      32.    Plaintiffs, and each of them, are estopped from asserting each claim for

27 relief alleged in the Complaint.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41169083.1                                5

ANSWER

**TWELFTH AFFIRMATIVE DEFENSE**

33.    Plaintiffs, and each of them, have waived their right to assert each claim for relief set forth in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

34.    Plaintiffs do not have the right to recover benefits or damages from Stonebridge under applicable law or under the terms and conditions of the subject insurance contracts.

**FOURTEENTH AFFIRMATIVE DEFENSE**

35.    Plaintiffs' claim for damages fails because the benefits sought by Plaintiff are not available under the Policy, which excludes coverage "for injury that... is caused by or results from the Covered Person's taking or using any narcotic, barbiturate or any other drug unless taken or used as prescribed by a Physician." Because Ms. Hall-Hussain died as a result of using a prescription drug in a manner and an amount that was not prescribed by her physician, Stonebridge properly denied Plaintiffs' claim for benefits.

**FIFTEENTH AFFIRMATIVE DEFENSE**

36.    Plaintiffs' claim for damages fails because the benefits sought by Plaintiff are not available under the Policy, which excludes coverage "for injury that... is due to disease, bodily or mental infirmity, or medical or surgical treatment of these." Because Ms. Hall-Hussain died as a result of using a prescription drug that had been prescribed by her physician as part of her medical treatment, Stonebridge properly denied Plaintiffs' claim for benefits.

**SIXTEENTH AFFIRMATIVE DEFENSE**

37.    The Complaint does not describe the claims or facts with sufficient particularity to permit Stonebridge to ascertain what other defenses may exist. Stonebridge will rely on any and all further defenses that may become available or appear during discovery in this action. Stonebridge reserves the right to amend this Answer for the purpose of asserting such additional defenses.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41169083.1

6

ANSWER

1    WHEREFORE, Stonebridge prays for judgment as follows:

2    1.    That Plaintiffs take nothing by reason of their Complaint;

3    2.    For Stonebridge's costs of suit; and

4    3.    For such other and further relief as this Court may deem just and

5    proper.

6

7    Dated: October 29, 2007          MANATT, PHELPS & PHILLIPS, LLP
                                       MARGARET LEVY
8                                      JOSEPH E. LASKA

9

10                          By:    _____

11                                 Joseph E. Laska
                                   *Attorneys for Defendant*
12                                 STONEBRIDGE LIFE INSURANCE
                                   COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41169083.1                          7

ANSWER

**PROOF OF SERVICE**

I, Nancy Tokuda, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On October 29, 2007, I served a copy of the within document(s):

**ANSWER OF STONEBRIDGE LIFE INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT**

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐     by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Stennett/Casino
John P. Stennett, Esq.
Barbara A. Casino, Esq.
501 W. Broadway, Suite 1340
San Diego, CA 92101

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 29, 2007, at Los Angeles, California.

_____
Nancy Tokuda

41171188.1

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   TERRI SMITH and MICHELLE SMITH  )   Case No. 07cv1747 JAH (WMc)
     FREGOSO,                        )
12                                   )   **NOTICE AND ORDER FOR EARLY**
                      Plaintiff,     )   **NEUTRAL EVALUATION CONFERENCE**
13                                   )
     v.                              )
14                                   )
     STONEBRIDGE LIFE INSURANCE      )
15   COMPANY,                        )
                                     )
16                    Defendants.    )

17   _____

18

19        **IT IS HEREBY ORDERED** that an Early Neutral Evaluation of your

20   case will be held on **<u>December 3, 2007</u>** at **<u>2:00 p.m.</u>** in the chambers

21   of the Honorable William McCurine, Jr., United States Magistrate

22   Judge, 940 Front Street, Courtroom C, San Diego, California, 92101.

23   **Absent extraordinary circumstances, requests for continuances will**

24   **<u>not</u> be considered *unless* submitted in *writing* no less than fourteen**

25   **(14) days prior to the scheduled conference.**

26        Pursuant to Local Rule 16.1(c) of the Local Rules of the

27   United States District Court for the Southern District of

28   California, **all named parties, all counsel, and any other person(s)**

1    **whose authority is required to negotiate and enter into settlement**
2    **shall appear <u>in person at the conference</u>**, shall be prepared to
3    discuss the claims and defenses, and shall be legally and factually
4    prepared to discuss and resolve the case at the Early Neutral
5    Evaluation conference.  **<u>Full authority to settle means that the</u>**
6    **<u>individual present at the settlement conference has the unfettered</u>**
7    **<u>discretion and authority to: 1) fully explore settlement options</u>**
8    **<u>and to agree at that time to any settlement options; 2) agree at</u>**
9    **<u>that time to any settlement terms acceptable to the parties; 3)</u>**
10   **<u>change the settlement position of a party; and 4) negotiate</u>**
11   **<u>monetary awards without being restricted to a specific sum certain</u>**.
12   Where the suit involves the United States or one of its
13   agencies, only United States counsel with full settlement authority
14   need appear.  <u>As to all other parties, appearance by litigation</u>
15   <u>counsel only is *not* acceptable</u>.
16   Requests to be excused from attendance for **extraordinary**
17   **circumstances** must be in writing and received by the Court at least
18   **<u>fourteen (14) days</u>** prior to the conference.  **Failure of required**
19   **counsel and parties to appear in person will be cause for the**
20   **imposition of sanctions**.  Sanctions will include, but are not
21   limited to, the attorney's fees and travel costs of the other
22   parties in the case.  In addition, the conference will not proceed
23   and will be reset to another date.  All conference discussions will
24   be informal, off the record, privileged, and confidential.
25   Counsel for any non-English speaking parties is responsible
26   for arranging for the appearance of an interpreter at the
27   conference.
28   In cases where a party is **<u>incarcerated</u>** at the time of the

1 | scheduled conference, arrangements will be made for the
2 | incarcerated party to appear telephonically.

3 | The parties are required to submit a short Early Neutral
4 | Evaluation Conference Statement about the case on a confidential
5 | basis no later than **seven (7) days** before the conference.

6 | Rule 26 of the Federal Rules of Civil Procedure shall apply to
7 | this case. All discovery shall be stayed until after the Rule
8 | 26(f) conference, unless otherwise permitted by Rule 26(f) or court
9 | order.

10 | In the event the case does not settle at the Early Neutral
11 | Evaluation Conference, the parties shall also be prepared to
12 | discuss the following matters at the conclusion of the conference:

13 | 1.   Any anticipated objections under Federal Rule of Civil
14 | Procedure 26(a)(1)(E) to the initial disclosure provisions of
15 | Federal Rule of Civil Procedure 26(a)(1)(A-D);

16 | 2.   The scheduling of the Federal Rule of Civil Procedure
17 | 26(f) conference;

18 | 3.   The date of initial disclosure and the date for lodging
19 | the discovery plan following the Rule 26(f) conference; and

20 | 4.   The scheduling of a Case Management Conference pursuant
21 | to Federal Rule of Civil Procedure 16(b).

22 | Plaintiff's counsel shall give written notice of the Early
23 | Neutral Evaluation Conference to parties responding to the
24 | complaint after October 30, 2007.

25 | ///
26 | ///
27 | ///
28 | ///

1    Questions regarding this case may be directed to the

2  Magistrate Judge's law clerk at (619) 557-6624.

3    **IT IS SO ORDERED.**

4  DATED:  October 30, 2007

5    _____

6    Hon. William McCurine, Jr.
     U.S. Magistrate Judge
7    United States District Court

8  COPY TO:

9  HONORABLE JOHN A. HOUSTON, U.S. DISTRICT JUDGE

10 ALL PARTIES AND COUNSEL OF RECORD

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **NOTICE OF RIGHT TO CONSENT TO TRIAL**
     **BEFORE A UNITED STATES MAGISTRATE JUDGE**
2

3         IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §
4    636(c), YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE JUDGE OF
5    THIS DISTRICT MAY, UPON THE CONSENT OF ALL PARTIES, ON FORM 1A
6    AVAILABLE IN THE CLERK'S OFFICE, CONDUCT ANY OR ALL PROCEEDINGS,
7    INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A
8    FINAL JUDGMENT.  COUNSEL FOR THE PLAINTIFF SHALL BE RESPONSIBLE
9    FOR OBTAINING THE CONSENT OF ALL PARTIES, SHOULD THEY DESIRE TO
10   CONSENT.

11        YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR
12   NOT TO CONSENT IS ENTIRELY VOLUNTARY AND SHOULD BE COMMUNICATED
13   SOLELY TO THE CLERK OF COURT.  ONLY IF ALL PARTIES CONSENT WILL
14   THE JUDGE OR MAGISTRATE JUDGE TO WHOM THE CASE HAS BEEN ASSIGNED
15   BE INFORMED OF YOUR DECISION.

16        JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE
17   APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS
18   STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.

19

20

21

22

23

24

25

26

27

28

07cv1747 JAH (WMc)

1  MANATT, PHELPS & PHILLIPS, LLP
   MARGARET LEVY (Bar No. 66585)
2  JOSEPH E. LASKA (Bar No. 221055)
   11355 West Olympic Boulevard
3  Los Angeles, California  90064
   Telephone:  (310) 312-4000
4  Facsimile:  (310) 312-4224
   Email:  mlevy@manatt.com and jlaska@manatt.com
5
   *Attorneys for Defendant*
6  STONEBRIDGE LIFE INSURANCE COMPANY

7

8                 UNITED STATES DISTRICT COURT

9            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

| 11 | TERRI SMITH and MICHELLE SMITH FREGOSO, | Case No. 07CV1747 JAH (WMCx) |
|---|---|---|
| 12 | | Hon. John A. Houston |
| 13 | Plaintiffs, | NOTICE OF MOTION AND MOTION TO TRANSFER VENUE ON CONVENIENCE GROUNDS |
| 14 | vs. | |
| 15 | STONEBRIDGE LIFE INSURANCE COMPANY, | (28 U.S.C. § 1404(a)) |
| 16 | Defendants. | [Filed concurrently with: (1) Declaration of Judy Lovelady; (2) Declaration of Joseph E. Laska; and (3) Proposed Order.] |
| 17 | | |
| 18 | | |
| 19 | | Hearing date:     December 17, 2007 |
| 20 | | Hearing time:     2:30 p.m. Courtroom:        11 |

21

22

23

24

25

26

27

28

1  TO THE COURT, TO THE PARTIES AND TO THEIR COUNSEL OF RECORD:

2       PLEASE TAKE NOTICE that on December 17, 2007 at 2:30 p.m. in

3  Courtroom 11 of this Court, Defendant Stonebridge Life Insurance Company

4  ("Stonebridge") will and hereby does move to transfer this action to the United

5  States District Court for the Northern District of California on convenience

6  grounds.

7       This Motion is made pursuant to 28 U.S.C. § 1404(a), which permits a

8  district court to transfer an action to another district court "[f]or the convenience of

9  parties and witnesses, in the interest of justice." This Motion is made on the

10  grounds that the convenience of the parties and the witnesses, as well as the interest

11  of justice, require transferring this action to the Northern District of California.

12  Stonebridge moves to transfer this action to the Northern District in Eureka or, in

13  the alternative, in San Francisco.

14       This Motion is based on this Notice of Motion and Motion, the attached

15  memorandum of points and authorities, the attached declarations of Judy Lovelady

16  and Joseph E. Laska, the papers on file with the Court in this matter, and any

17  additional evidence or authorities that may be presented at oral argument.

18

19  Dated: November 5, 2007          MANATT, PHELPS & PHILLIPS, LLP
                                     MARGARET LEVY
20                                   JOSEPH E. LASKA

21

22                        By:  _____
23                                   Joseph E. Laska
                                     *Attorneys for Defendant*
24                                   STONEBRIDGE LIFE INSURANCE
                                     COMPANY
25

26

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...............................................................................................1

II.     FACTS RELEVANT TO VENUE.....................................................................2

III.    CONVENIENCE, FAIRNESS AND JUSTICE WEIGH
        OVERWHELMINGLY IN FAVOR OF TRANSFERRING THIS
        ACTION TO THE NORTHERN DISTRICT OF CALIFORNIA.................5

        A.      Because neither Plaintiff resides in the Southern District of
                California, Plaintiffs' choice of forum is not entitled to
                deference........................................................................................6

        B.      There is absolutely no connection between Plaintiffs' claims and
                the Southern District...................................................................7

        C.      The parties have no contacts with the Southern District, other
                than Plaintiffs' attorneys ...........................................................7

        D.      The convenience of the witnesses favors transfer................................8

        E.      Non-party witnesses could be compelled to testify in the
                Southern District, but without certainty, and only at great cost
                and inconvenience ....................................................................... 10

        F.      Access to evidence will be much easier in the Northern District ...... 10

        G.      Transfer to the Northern District would not cause any
                administrative difficulties................................................. 11

        H.      The Northern District has a strong local interest in the
                controversy, whereas the Southern District has none ...................... 11

        I.      It would be unfair to impose jury duty upon Southern District
                residents who have no interest in this action..................................... 12

IV.     CONCLUSION.................................................................................... 12

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

i

# TABLE OF AUTHORITIES

**Page**

## CASES

*Agilent Technologies, Inc. v. Metromuse, Inc.*,
   316 F. Supp. 2d 322 (E.D. Va. 2004) ............................................ 11

*Cambridge Filter Corp. v. Int'l Filter Co.*,
   548 F. Supp. 1308 (D. Nev. 1982) ................................................... 7

*Commercial Solvents Corp. v. Liberty Mut. Ins. Co.*,
   371 F. Supp. 247 (S.D.N.Y. 1974) ............................................... 10

*Commodity Futures Trading Comm'n v. Savage*,
   611 F.2d 270 (9th Cir. 1979) ......................................................... 5

*Costco Wholesale Corp. v. Liberty Mutual Ins. Co.*,
   472 F. Supp. 2d 1183 (S.D. Cal. Jan. 24, 2007) ......................... 6, 7

*Decker Coal Co. v. Commonwealth Edison Co.*,
   805 F.2d 834 (9th Cir. 1986) ......................................................... 6

*Florens Container v. Cho Yang Shipping*,
   245 F. Supp. 2d 1086 (N.D. Cal. 2002) ......................................... 5

*In re Horseshoe Ent.*,
   337 F.3d 429 (5th Cir. 2003) ......................................................... 8

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ......................................................... 8

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*,
   487 U.S. 22 (1988)) ................................................................... 5, 6

*Kasey v. Molybdenum Corp.*,
   408 F.2d 16 (9th Cir. 1969) ........................................................... 5

*Lockman Foundation v. Evangelical Alliance Mission*,
   930 F.2d 764 (9th Cir. 1991) ...................................................... 6, 7

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987) ......................................................... 7

*Pergo, Inc. v. Alloc, Inc.*,
   262 F. Supp. 2d 122 (S.D.N.Y. 2003) ......................................... 6, 7

*Saleh v. Titan Corp.*,
   361 F. Supp. 2d 1152 (S.D. Cal. 2005)................................... passim

*Sanchez-Fuentes v. I.N.S.*,
   9 F.3d 1553 (9th Cir. 1993) ........................................................... 8

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3    *Schwarz v. National Van Lines, Inc.*,
     317 F. Supp. 2d 829 (N.D. Il. 2004) ................................................................. 11

4

*Solomon v. Continental Am. Life Ins. Co.*,
5    472 F.2d 1043 (3rd Cir. 1973) ...............................................................................8

6

**STATUTES**

7
     28 U.S.C. § 1404(a) .................................................................................. 2, 5, 6, 8
8

9    **RULES**

10   Fed. R. Civ. P. 45(c)(3)(A)(ii) ................................................................. 10

11   Fed. R. Civ. P. 45(c)(3)(B)(iii) ................................................................ 10

12   Fed. R. Civ. P. 45(b)(2) ........................................................................... 10

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.    INTRODUCTION**

3            This case involves an accidental death insurance policy issued by

4    Stonebridge Life Insurance Company ("Stonebridge") and delivered to Diane

5    Geraldine Hall-Hussain, who lived in Eureka, California. Eureka is located in

6    Humboldt County, within the jurisdiction of the Northern District of California. On

7    April 9, 2007, Ms. Hall-Hussain was found dead in her residence in Eureka. The

8    Humboldt County Coroner's Office, which investigated Ms. Hall-Hussain's death,

9    is located in Eureka. The Death Certificate was issued in Eureka. The Humboldt

10   County Coroner concluded that Ms. Hall-Hussain died as a result of an overdose of

11   Oxycodone, a pain medication prescribed by her treating physician, Dr. Chia Chen.

12   Dr. Chen is also located in Eureka, as is the pharmacy where the prescription was

13   filled. A claim for insurance benefits was submitted by Ms. Hall-Hussain's two

14   daughters, Terri Smith and Michele Smith Fregoso ("Plaintiffs"). Ms. Smith lives

15   in Eureka, and Ms. Fregoso lives in the State of Georgia.

16           Stonebridge denied the claim on the basis of the evidence obtained from Dr.

17   Chen and the Humboldt County Coroner demonstrating that Ms. Hall-Hussain's

18   death was excluded from coverage under the policy, which excluded coverage for

19   "Injury that:... (3) is caused by or results from... taking or using any narcotic,

20   barbiturate or any other drug unless taken or used as prescribed by a Physician," or

21   "(7) is due to disease, bodily or mental infirmity, or medical or surgical treatment of

22   these." Plaintiffs filed this lawsuit against Stonebridge alleging breach of contract

23   and bad faith.

24           This lawsuit should have been filed in the Northern District of California,

25   where the insured's death occurred and where all of the witnesses are located.

26   Instead, Plaintiffs filed their lawsuit in the United States District Court for the

27   Southern District of California in San Diego, located over 750 miles from Eureka.

28   The only connection between this lawsuit and the Southern District is that

1   Plaintiffs' counsel's offices are located in San Diego. That is convenient for

2   Plaintiffs' counsel, but it is inconvenient for <u>all</u> of the third party witnesses and for

3   Plaintiff Michele Smith Fregoso, all of whom reside in Eureka. (Plaintiff Terri

4   Smith lives in Georgia and Stonebridge's witnesses are located in Plano, Texas.)

5   Moreover, because all of the operative events at issue in this lawsuit occurred in

6   Eureka, the Northern District has a strong and compelling interest in this dispute.

7   The Southern District has none.

8          Under 28 U.S.C. § 1404(a), this Court has discretion transfer this action to

9   another district court "[f]or the convenience of parties and witnesses, in the interest

10  of justice." Here, the convenience of the parties and witnesses and the interest of

11  justice weigh strongly in favor of transferring this action to the Northern District of

12  California.[1]

13  **II.     FACTS RELEVANT TO VENUE**

14         On November 3, 2005, Ms. Hall-Hussain applied for an accidental death

15  insurance policy through Stonebridge's website. Ms. Hall-Hussain listed her

16  residence as Eureka, California. (Declaration of Judy Lovelady ("Lovelady

17  Decl."), Exhibit A.)

18         Stonebridge issued Accidental Death and Dismemberment Policy No.

19  72A45PO585, effective November 7, 2005, to Ms. Hall-Hussain (the "Policy").

20  The Policy provided accidental death benefits in the amount of $50,000 in the event

21  of an accidental death covered under the terms of the Policy. (Lovelady Decl.,

22  Exhibit B.)

23         The documents obtained by Stonebridge indicate that Ms. Hall-Hussain was

24  found dead in her Eureka residence on April 9, 2007. (Lovelady Decl., Exhibit E.)

25  The scene was investigated by Humboldt County Deputy Coroner Roy Horton.

26  (*Id.*) As the Deputy Coroner detailed in the Death Investigation Report:

27  ---
[1] For the convenience of the witnesses and Plaintiff Michele Smith Fregoso,
28  Stonebridge proposes transferring this action to the Northern District in Eureka. If
    that is not feasible, Stonebridge alternatively requests that this action be transferred
    to the Northern District in San Francisco.

I located several medications in the room. The decedent was being seen by Dr. Chen. One bottle had contained 180 Oxycontin that was 40 mg each. The prescription had been received on March 27, 2007. The bottle only had one tablet remaining [on April 9]. I also found one Oxycontin tab on the bed that had been spilled out of the opened bottle. The Oxycontin bottle was the only medication bottle that was lying on the bed.

* * *

I returned to the Coroner's Office where I drew postmortem blood from the decedent. I sent the blood to the Central Valley Toxicology for a drug and alcohol screen. The results of that test have become a part of this file. The lab reported finding a potentially toxic amount of Oxycodone in the decedent's blood.

I called and spoke to Dr. Chen. Dr. Chen stated that she had recently upped the dosage of Oxycodone because the previous amount was not effective anymore....

(*Id.*)

On the final Death Certificate, issued on April 26, 2007, the Deputy Coroner listed the immediate cause of Ms. Hall-Hussain's death as "Oxycodone Intoxication." (Lovelady Decl., Exhibit F.) Elsewhere on the Death Certificate, the Deputy Coroner concluded "Decedent took an accidental overdose of Oxycodone." (*Id.*) The Death Certificate purports to be "officially registered and placed on file in the office of the Humboldt County Local Registrar." (*Id.*)

Plaintiff Terri Smith submitted a claim form, which Stonebridge received on April 27, 2007. (Lovelady Decl., Exhibit C.) Plaintiff listed the "residence of the deceased at death" as Eureka. In response to question no. 12 requesting the name and address of the responsible law enforcement agency, Plaintiff identified the Eureka Police Department. In response to question no. 13 seeking the "name and address of Coroner," Plaintiff provided the Deputy Coroner's address in Eureka. In response to question no. 17 requesting the "Deceased's Family Doctor's Name [and] Address," Plaintiff identified Dr. Chia Chen, located in Eureka. In response to question no. 18 seeking the "Deceased's Pharmacy Name [and] Address," Ms. Smith identified Lima Pharmacy in Eureka. (*Id.*)

1    On or about April 29, 2007, Plaintiffs jointly submitted an "Affidavit of

2    Heirship" stating that they were the only living heirs of Ms. Hall-Hussain and were

3    therefore entitled to the insurance proceeds. (Lovelady Decl., Exhibit D.) Michele

4    Smith Fregoso listed her residence as Eureka. Terri Smith listed her residence as

5    Hiram, Georgia. (*Id.*)

6    Stonebridge's investigation of Plaintiffs' claim was conducted by claims

7    examiner Judy Lovelady, who is based in Stonebridge's offices in Plano, Texas.

8    (Lovelady Decl., at ¶ 2.) Ms. Lovelady contacted the Humboldt County Coroner,

9    Dr. Chen and Lima Pharmacy in Eureka, requesting and receiving documents from

10    each. (*Id.* at ¶ 8.) Ms. Lovelady also received additional information from the

11    Deputy Coroner over the telephone. (*Id.* at ¶ 11.) Based on its investigation,

12    Stonebridge concluded that Ms. Hall-Hussain's death was excluded from coverage

13    under two separate exclusions in the Policy:

14    No benefit shall be paid for injury that:

15    * * *

16    3.    is caused by or results from the Covered Person's
      taking or using any narcotic, barbiturate or any other drug
17    unless taken or used as prescribed by a Physician;

18    * * *

19    7.    is due to disease, bodily or mental infirmity, or
      medical or surgical treatment of these.
20

21    (Lovelady Decl., Exhibit H.) On June 12, 2007, Stonebridge sent a letter to

22    Plaintiffs denying their claim based on Stonebridge's claims investigation and the

23    two Policy exclusions. (*Id.*)

24    On September 5, 2007, Plaintiffs filed their lawsuit against Stonebridge

25    alleging breach of contract and breach of the implied covenant of good faith and

26    fair dealing. Plaintiffs allege, among other things, that Stonebridge "claimed that

27    decedent had taken more Oxycodone than was prescribed by her physician.

28    However, the facts disclose that decedent had taken her medical exactly as

1   prescribed by her physician." (Complaint, at ¶ 13.) Plaintiffs also allege that

2   Stonebridge wrongly relied on the exclusion for "medical or surgical treatment"

3   because "the use of pain medication was not a treatment of a medical condition but

4   rather an attempt to mask the pain associated therewith." (Complaint, at ¶ 17.)

5   Plaintiffs further allege that Stonebridge breached the implied covenant of good

6   faith and fair dealing by, among other things, "[f]ailing and refusing to fully

7   investigate the claim submitted by plaintiffs and the basis for coverage under the

8   claim." (Complaint, at ¶ 18(2).)

9   **III.   CONVENIENCE, FAIRNESS AND JUSTICE WEIGH
10          OVERWHELMINGLY IN FAVOR OF TRANSFERRING THIS
            ACTION TO THE NORTHERN DISTRICT OF CALIFORNIA.**

11          A district court may transfer a pending case "to any other district or division

12  where it might have been brought." 28 U.S.C. § 1404(a).[2] Under Section 1404(a),

13  the district court has broad discretion to "adjudicate motions for transfer according

14  to an 'individualized, case-by-case consideration of convenience and fairness.'"

15  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (quoting

16  *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted)). The

17  burden is on the moving party to establish that a transfer would allow a case to

18  proceed more conveniently and better serve the interests of justice. *Commodity*

19  *Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

20          When considering motions to transfer venue under Section 1404(a), courts

21  generally look to the convenience of the parties, the convenience of the witnesses,

22  and the interests of justice. *Kasey v. Molybdenum Corp.*, 408 F.2d 16, 20 (9th Cir.

23  1969); *accord, Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086,

24  1088 (N.D. Cal. 2002). Relying on Ninth Circuit precedent, this Court has broken

25  the analysis down further into ten factors:

26  
27  [2] This action could have been brought in the Northern District of California because
    it involves an insurance policy issued to an insured who lived and died in that
    district. For the purposes of this action, Stonebridge admits that it conducts
28  business and is subject to personal jurisdiction in the Northern District of
    California.

(1) the plaintiffs' choice of forum; (2) the extent to which there is a connection between the plaintiffs' causes of action and this forum; (3) the parties' contacts with this forum; (4) the convenience of witnesses; (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (6) the ease of access to sources of proof; (7) the existence of administrative difficulties resulting from court congestion; (8) whether there is a 'local interest in having localized controversies decided at home'; (9) whether unnecessary problems in conflict of laws, or in the application of foreign laws, can be avoided; and (10) the unfairness of imposing jury duty on citizens in a forum unrelated to the action.

*Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) (Rhoades, J.),

citing *Jones*, 211 F.3d at 498-99 and *Decker Coal Co. v. Commonwealth Edison*

*Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Taken together, these factors weigh heavily in favor of transferring this

action to the Northern District of California.[3]

## A.    **Because neither Plaintiff resides in the Southern District of California, Plaintiffs' choice of forum is not entitled to deference.**

Plaintiffs (through their attorneys) filed this action in the Southern District of

California.  Generally, a plaintiff's choice of venue is afforded "great deference."

*See, e.g., Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764 (9th

Cir. 1991).  But that is not the case where, as here, the plaintiff is not a resident of

the district in which she filed her lawsuit.  *See Costco Wholesale Corp. v. Liberty*

*Mutual Ins. Co.*, 472 F. Supp. 2d 1183, 1191 (S.D. Cal. Jan. 24, 2007) (Gonzales,

J.) ("plaintiff's choice of forum receives less deference because California is not

plaintiff's domicile"); *Saleh*, 361 F. Supp. 2d at 1157 (this Court holding "it is

equally appropriate to give less deference to a foreign plaintiff's forum choice

where transfer is sought pursuant to § 1404(a)"); *Pergo, Inc. v. Alloc, Inc.*, 262 F.

Supp. 2d 122, 130-31 (S.D.N.Y. 2003) (transferring venue where plaintiff was not

---

[3] Stonebridge does not address factor no. 9 ("whether unnecessary problems in conflict of laws, or in the application of foreign laws, can be avoided") because it is not relevant in this case.  There is no conflict of laws, nor is there a possibility that foreign laws will be applied.  California law on insurance contracts will be applied in this diversity action.  The Northern and Southern District courts are equally capable of applying California law.

41172335.3

6

1  resident of original district); *Cambridge Filter Corp. v. Int'l Filter Co.*, 548 F.

2  Supp. 1308, 1311 (D. Nev. 1982) (same).[4]

3        Here, neither Plaintiff lives in the Southern District of California.  Plaintiff

4  Terri Smith is a resident of the State of Georgia.  (Complaint, at ¶ 1.)  Plaintiff

5  Michele Smith Fregoso lives in Eureka, California—and thus would directly benefit

6  from transferring this action to the Northern District.  (Lovelady Decl., Exhibit D.)

7        **B.**   **There is absolutely no connection between Plaintiffs' claims and**
           **the Southern District.**

8

9        "'If the operative facts have not occurred within the forum and the forum has

10  no interest in the parties or subject matter,' the plaintiff's choice receives 'minimal

11  consideration.'"  *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987); *accord,*

12  *Costco,* 472 F. Supp. 2d at 1191 (quoting *Belzberg*); *Saleh,* 361 F. Supp. 2d at 1157

13  (plaintiff's choice receives less deference "where the action has little connection

14  with the chosen forum"); *Pergo,* 262 F. Supp. 2d at 130-31 (same).

15        There is no connection between Plaintiffs' claims and the Southern District.

16  Not a single party or witness resides in this district, and not a single "operative fact"

17  occurred anywhere near this district.  This Court therefore "has no interest in the

18  parties or the subject matter."  Every "operative fact" in this case and every witness

19  to the circumstances surrounding Ms. Hall-Hussain's death is based in Eureka.

20  This factor weighs heavily in favor of transfer to the Northern District.

21        **C.**   **The parties have no contacts with the Southern District, other than**
           **Plaintiffs' attorneys.**

22

23        The Southern District is not convenient because no party has any contacts

24  there.  Indeed, Plaintiff Michele Smith Fregoso lives in Eureka, so venue in the

25  Northern District would be more convenient for her.  (Lovelady Decl., Exhibit D.)

26        Plaintiff Terri Smith lives in Georgia (*see* Complaint, at ¶ 1) so transfer

27  ――――――――――
[4] In any event, "the deference due to plaintiffs... is far from absolute.  In practice,
28  'the cases demonstrate that defendants frequently rise to the challenge' of showing
an alternative forum is the more convenient one."  *Lockman,* 930 F.2d at 767
(citations omitted).

1  would not inconvenience her in any way—not to mention that she has a sister in

2  Eureka.  The Stonebridge witnesses are located in Plano, Texas (*see* Lovelady

3  Decl., at ¶ 2) and would not be inconvenienced by transfer to the Northern District.

4      The only participant that would be inconvenienced is Plaintiffs' counsel,

5  located in San Diego.  In fact, Plaintiffs' counsel appears to be the only link

6  between this lawsuit and the Southern District.  But the law is clear that "the

7  convenience of counsel is not a factor to be assessed in determining whether to

8  transfer a case under § 1404(a)."  *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir.

9  2004) ("[t]he word "counsel" does not appear anywhere in § 1404(a)"); *In re*

10 *Horseshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003) ("factor of 'location of counsel'

11 is irrelevant and improper for consideration in determining the question of transfer

12 of venue"); *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3rd

13 Cir. 1973) ("The convenience of counsel is not a factor to be considered."); *see also*

14 *Sanchez-Fuentes v. I.N.S.*, 9 F.3d 1553 (9th Cir. 1993).

15     Thus, this factor also favors transfer to the Northern District.

16     **D.    The convenience of the witnesses favors transfer.**

17     "'The relative convenience to the witnesses is often recognized as the most

18 important factor to be considered in ruling on a motion under § 1404(a).'

19 Importantly, '[w]hile the convenience of party witnesses is a factor to be

20 considered, the convenience of non-party witnesses is the more important factor.'"

21 *Saleh*, 361 F. Supp. 2d at 1160.

22     There are at least three non-party witnesses whose testimony will be crucial

23 in this case:

24 •  Deputy Coroner Roy Horton, Humboldt County Coroner, 3013 I Street, Eureka,

25    California 95501.  The Deputy Coroner investigated the scene of Ms. Hall-

26    Hussain's death and completed the Death Investigation Report as well as the

27    final Death Certificate.  (Lovelady Decl., Exhibits E and F.)  Stonebridge also

28    communicated with the Deputy Coroner by telephone during its claims

1    investigation. (Lovelady Decl., at ¶ 11.) The Deputy Coroner's testimony will

2    be crucial in this case because his investigation revealed that Ms. Hall-Hussain

3    did not take Oxycodone as prescribed by her physician, contrary to Plaintiffs'

4    allegations. Moreover, the Deputy Coroner's contacts with Stonebridge during

5    the claims process will be important to refute Plaintiffs' allegations that

6    Stonebridge did not conduct an adequate claims investigation.

7    • Dr. Chia Chen, 2350 Bahne Street, Eureka, California 95501. (Lovelady Decl.,

8    Exhibit C.) Dr. Chen was Ms. Hall-Hussain's family doctor and prescribed the

9    Oxycodone that ultimately led to her death. Dr. Chen's testimony is necessary

10   to demonstrate that Ms. Hall-Hussain did not take Oxycodone as prescribed by

11   her physician, contrary to Plaintiffs' allegations. Similarly, Dr. Chen's

12   testimony will be necessary to demonstrate that contrary to Plaintiffs'

13   allegations, she prescribed Oxycodone as part of Ms. Hall-Hussain's "medical

14   treatment." Moreover, Dr. Chen's contacts with Stonebridge during the claims

15   process will be important to refute Plaintiffs' allegations that Stonebridge did

16   not conduct an adequate claims investigation.

17   • Lima Pharmacy, 2067 Harrison Street, Eureka, California 95501. (Lovelady

18   Decl., Exhibit C.) This pharmacy supplied the Oxycodone that ultimately led to

19   Ms. Hall-Hussain's death. The pharmacy records, which will need to be

20   authenticated by an appropriate Lima Pharmacy employee, will be necessary to

21   demonstrate that Ms. Hall-Hussain did not take Oxycodone as prescribed by her

22   physician, contrary to Plaintiffs' allegations. Moreover, Lima Pharmacy's

23   contacts with Stonebridge during the claims process will be important to refute

24   Plaintiffs' allegations that Stonebridge did not conduct an adequate claims

25   investigation.

26        All of these crucial non-party witnesses are based in Eureka. The

27   convenience of these witnesses – the "most important factor" in this Motion –

28   strongly favors transfer.

1

**E.**   **Non-party witnesses could be compelled to testify in the Southern District, but without certainty, and only at great cost and inconvenience.**

2

3      All of the essential non-party witnesses reside in the Northern District.

4   Those witnesses may be compelled to testify at trial in the Southern District. Fed.

5   R. Civ. P. 45(c)(3)(A)(ii).  But their presence at trial is not certain.  This Court has

6   the power to quash or modify a trial subpoena, or to "order appearance... only upon

7   specified conditions," if the subpoena would require a non-party "to incur

8   substantial expense to travel more than 100 miles to attend trial."  Fed. R. Civ. P.

9   45(c)(3)(B)(iii).  The non-party witnesses in Eureka would have to travel over 750

10   miles to attend trial in San Diego, likely at "substantial" expense.

11      In contrast, there is no question that non-party witnesses in Eureka may be

12   compelled to testify at trial in the Northern District.  Fed. R. Civ. P. 45(b)(2).  This

13   fact weights in favor of transfer:

14         The *possibility* that a case may be tried where certain
        crucial witnesses could not be compelled to attend is an
15         important consideration.  Requiring a party to try his case
        with depositions because the place of trial is such as to
16         prevent the party from compelling attendance of material
        witnesses is unacceptable when the case could be
17         transferred to a district where attendance could be
        compelled....

18

19   *Commercial Solvents Corp. v. Liberty Mut. Ins. Co.*, 371 F. Supp. 247, 250

20   (S.D.N.Y. 1974) (emphasis added).

21      Even if this Court were to compel the non-party witnesses in Eureka to

22   testify at trial in the Southern District, that does not change the fact that it would be

23   extremely inconvenient for these witnesses to do so, especially when compared

24   with the convenience of testifying in their home district.

25      **F.**   **Access to evidence will be much easier in the Northern District.**

26      As discussed above, all of the essential non-party witnesses in this case are

27   located in Eureka.  During its claims investigation, Stonebridge also obtained

28   documents from these parties.  Since Stonebridge relied on those documents in

1   denying Plaintiffs' claim for benefits, those documents are central to this case. To

2   Stonebridge's knowledge, the originals of those documents remain in Eureka.

3       Moreover, because Ms. Hall-Hussain lived, received medical treatment, and

4   died in Eureka, it is likely that any new documents identified during discovery will

5   be located in Eureka. In contrast, it is unlikely that relevant documents will be

6   located in the Southern District or anywhere else. This factor weighs in favor of

7   transfer.

8       **G.**   **Transfer to the Northern District would not cause any**

9           **administrative difficulties.**

10      When deciding whether transfer is appropriate, the Court may also consider

11  "the existence of administrative difficulties resulting from court congestion."

12  *Saleh*, 361 F. Supp. 2d at 1157. Some courts afford this factor little weight. *See,*

13  *e.g., Agilent Technologies, Inc. v. Metromuse, Inc.*, 316 F. Supp. 2d 322, 325 (E.D.

14  Va. 2004). When courts consider this factor, however, they do so by comparing the

15  median number of months between the filing of lawsuits and trial in the respective

16  districts. *Schwarz v. National Van Lines, Inc.*, 317 F. Supp. 2d 829, 837 (N.D. Il.

17  2004).

18      During the 12-month period ending March 31, 2006, the interval of time

19  between the filing of a civil action and trial in the Northern and Southern Districts

20  was roughly equal: 27.5 months compared with 26.0 months, respectively.

21  (Declaration of Joseph E. Laska ("Laska Decl."), Exhibit 1.) Given that the

22  administrative burden appears to be equal, it makes more sense to place that burden

23  on the Northern District, since the Southern District has no relationship to this case.

24      **H.**   **The Northern District has a strong local interest in the**

25          **controversy, whereas the Southern District has none.**

26      The Southern District has no interest in this case. None of the parties resides

27  in the Southern District, and none of the operative facts occurred in the Southern

28  District. Certainly the Southern District has an interest in the business of insurance

1   being conducted within the State of California generally, but so does the Northern

2   District—and the entire insurance transaction at issue in this case occurred in

3   Eureka.  This factor weighs strongly in favor of transfer.

**I.   It would be unfair to impose jury duty upon Southern District residents who have no interest in this action.**

6   The final factor considered by courts evaluating transfer involves whether to

7   impose the burden of jury duty on residents who have no particular interest in an

8   action.  *See Saleh*, 361 F. Supp. 2d at 1157 ("Given the minimal contacts this

9   jurisdiction has with this controversy, it would place an unnecessary burden on

10  jurors in this district to hear this action.").  In this case, there is no connection

11  between the Southern District and Plaintiffs' claims.  In contrast, jurors in the

12  Northern District have a strong interest in the business of insurance being

13  conducted in their district.  Northern District jurors also have a strong interest in the

14  death of one of their neighbors and fellow citizens, whose death was investigated

15  by the local authorities and who was treated by a local physician and filled her

16  prescriptions at a local pharmacy.  Moreover, jurors in the Northern District are in a

17  better position to evaluate the testimony and judge the credibility of the witnesses

18  in this case, nearly all of whom reside in Eureka.  This factor, like all of the others,

19  favors transfer.

20  ///

21  ///

22  ///

1   **IV.    CONCLUSION**

2       For the reasons discussed above, Stonebridge respectfully requests that this

3   Court transfer this action to the United States District Court for the Northern

4   District of California.

5

6   Dated: November 5, 2007          MANATT, PHELPS & PHILLIPS, LLP

7                                       MARGARET LEVY

                                    JOSEPH E. LASKA

8

9                       By:

10                                     Joseph E. Laska

                                   *Attorneys for Defendant*

11                                     STONEBRIDGE LIFE INSURANCE

                                   COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Nancy Tokuda, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On November 6, 2007, I served a copy of the within document(s):

**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE ON CONVENIENCE GROUNDS**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Stennett/Casino
John P. Stennett, Esq.
Barbara A. Casino, Esq.
501 W. Broadway, Suite 1340
San Diego, CA 92101

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 6, 2007, at Los Angeles, California.

_____
Nancy Tokuda

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41174594.1

1   MANATT, PHELPS & PHILLIPS, LLP
    MARGARET LEVY (Bar No. 66585)
2   JOSEPH E. LASKA (Bar No. 221055)
    11355 West Olympic Boulevard
3   Los Angeles, California 90064
    Telephone: (310) 312-4000
4   Facsimile: (310) 312-4224
    Email: mlevy@manatt.com and jlaska@manatt.com
5
    *Attorneys for Defendant*
6   STONEBRIDGE LIFE INSURANCE COMPANY

7

8                  UNITED STATES DISTRICT COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  | TERRI SMITH and MICHELLE | Case No. 07CV1747 JAH (WMCx) |
    | SMITH FREGOSO, | |
12  | | Hon. John A. Houston |
    | Plaintiffs, | |
13  | | DECLARATION OF JUDY |
    | vs. | LOVELADY IN SUPPORT OF |
14  | | MOTION TO TRANSFER VENUE ON |
    | STONEBRIDGE LIFE | CONVENIENCE GROUNDS |
15  | INSURANCE COMPANY, | |
    | | (28 U.S.C. § 1404(a)) |
16  | Defendants. | |
    | | [Filed concurrently with: |
17  | | (1) Notice of Motion and Motion to |
    | | Transfer Venue on Convenience |
18  | | Grounds; |
    | | (2) Declaration of Joseph E. Laska; and |
19  | | (3) Proposed Order.] |
20  | | Hearing date:  December 17, 2007 |
    | | Hearing time:  2:30 p.m. |
21  | | Courtroom:  11 |

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41172335.1

## DECLARATION OF JUDY LOVELADY

I, Judy Lovelady, declare as follows:

1.    I am over 18 years old. I have personal knowledge of the facts set forth in this declaration. If called as a witness, I can and will testify competently to all of those facts.

2.    I am employed as a Technical Claims Specialist for Stonebridge Life Insurance Company ("Stonebridge"), the defendant in this action. I work at Stonebridge's offices located in Plano, Texas.

3.    I was the claims examiner assigned to handle the claim submitted by Plaintiffs Terri Smith and Michele Smith Fregoso ("Plaintiffs") regarding the death of Diane Geraldine Hall-Hussain. In my role as Technical Claims Specialist, I am familiar with and have reviewed Stonebridge's claim file relating to Plaintiffs' claim.

4.    Attached as **Exhibit A** is a true and correct copy of Stonebridge's "Solicitation Verification Information" regarding Ms. Hall-Hussain's application for an insurance policy through Stonebridge.

5.    Attached as **Exhibit B** is a true and correct copy of Stonebridge Accidental Death and Dismemberment Policy No. 72A45PO585, effective November 7, 2005, issued to Ms. Hall-Hussain (the "Policy").

6.    Attached as **Exhibit C** is a true and correct copy of the claim form submitted by Plaintiff Terri Smith and received by Stonebridge on April 27, 2007.

7.    Attached as **Exhibit D** is a true and correct copy of the Affidavit of Heirship jointly submitted by Plaintiffs and received by Stonebridge on April 30, 2007.

8.    I conducted the investigation into Plaintiffs' claim for accidental death benefits. Specifically, I contacted the Humboldt County Coroner and Ms. Hall-Hussain's physician and pharmacy in Eureka, and I requested and received documents from each regarding Ms. Hall-Hussain.

1        9.     Attached as **Exhibit E** is a true and correct copy of the Humboldt

2  County Coroner's Death Investigation Report regarding Ms. Hall-Hussain's death,

3  which Stonebridge received on May 8, 2007.

4        10.    Attached as **Exhibit F** is a true and correct copy of the Humboldt

5  County Coroner's Death Certificate regarding Ms. Hall-Hussain, which

6  Stonebridge received on April 27, 2007.

7        11.    During my investigation, I also spoke with the Deputy Coroner over

8  the telephone and obtained additional information.  Attached as **Exhibit G** is a true

9  and correct copy of my notes from my May 8, 2007 telephone conversation with the

10  Deputy Coroner.

11        12.    Attached as **Exhibit H** is a true and correct copy of my June 12, 2007

12  letter to Plaintiffs denying their claim for benefits and explaining the reasons for the

13  denial of their claim.

14        I declare under penalty of perjury under the laws of the United States of

15  America that the foregoing is true and correct, and that this declaration was

16  executed by me on November 6, 2007 in Plano, Texas.

17

18



19                          Judy Lovelady

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41173055.1                2

07CV1747 JAH (WMCX):  DECLARATION OF JUDY LOVELADY ISO MOTION TO TRANSFER VENUE

**EXHIBIT A**

# Solicitation Verification Information

| Policy NO: *72A45P0585* | | | |
|---|---|---|---|
| **Policy Information** | | | |

| **Policy Information** | | |
|---|---|---|
| Sales Code UBJX5 | E Signature Ind | TS ID Code 84-06 |
| Lang. Ind. E | Email FulFill Ind N | Campaign No. 057D6 |

| **Primary Insured Information** | |
|---|---|
| IPC No. | Name DIANE HUSSAIN |
| Address Line 1 | |
| Address Line 2 606 8TH ST APT 2 | |
| Gender F | Phone 7074432902 |
| DOB 12/17/1947 | Ver. Field WASHINGTON DC- |

| **Credit Card Holder Information** | |
|---|---|
| Account Information MXHRMHEXHKKKW-A5 | Name DIANE HUSSAIN |
| Address Line 1 | |
| Address Line 2 606 8TH ST APT 2 | |
| City EUREKA | State CA |
| Zip 95501 | DOB 12/17/1947 |

| **Contact Information** | |
|---|---|
| Date 11/03/2005 | Time 16:18:37 |
| Rep No. 5453 | Agent Code DEYE |
| Name DIANE HUSSAIN | Relationship to Primary Insured 1 |

| **Other Interested Party Information** | |
|---|---|
| Name | DOB |
| Sex | |

| **Spouse Information** | |
|---|---|
| Name | DOB |

| **Questions** | |
|---|---|
| P | C |
| S | O |

| **Children Information** | |
|---|---|
| Name | |
| DOB | Sex |

| **Insurance Information** | |
|---|---|
| Premium $5.65 | Plan Selected 01G $50,000.00 Individual |

09/13/2007

3

**EXHIBIT B**

# Stonebridge Life Insurance Company

A Stock Company
Home Office:   Rutland, Vermont
Administrative Office:  2700 West Plano Parkway, Plano, Texas  75075

## ACCIDENTAL DEATH AND DISMEMBERMENT COVERAGE

**Stonebridge Life Insurance Company** (herein called "we," "us" or "our") has issued this Policy to the Insured (herein called "you," "your" or "yours").  Coverage is provided to you, the Insured, and any covered family members, subject to all the exclusions and provisions of this Policy.

### THIRTY DAY RIGHT TO EXAMINE POLICY

If you are not satisfied with this insurance, you may void it by returning this Policy within thirty days after you receive it to our Administrative Office.  You will receive a full refund of any premium you have paid.

### NONCANCELABLE AND GUARANTEED RENEWABLE FOR LIFE

You may keep this Policy in force for as long as you live.  We do not have the right to:
1.  cancel your coverage; or
2.  place any restriction on your coverage while it is in force; or
3.  refuse a premium paid on or before the date due or within the Grace Period.

Renewal premiums may not be increased.

If a person is added to or removed from coverage, the premium amount may be adjusted to reflect the change in coverage.  Renewal premiums are due on the first day of each renewal period.  Your coverage will expire if the premium is not paid by the end of the Grace Period.

This Policy is signed for Stonebridge Life Insurance Company by its Secretary and its President.

_____
Secretary

_____
President

_____
Countersignature of licensed resident agent (if required by your state)

················································ **SCHEDULE OF INSURANCE** ·················································

POLICY NUMBER:   72A45P0585          EFFECTIVE DATE:   November 07, 2005

INSURED: DIANE HUSSAIN               MONTHLY PREMIUM:   $5.65
         606 8TH ST APT 2            FAMILY COVERAGE:   NO
         EUREKA CA 95501

### SCHEDULE OF INSURANCE

| PRINCIPAL SUMS: | | AMOUNT | |
| --- | --- | --- | --- |
| COVERED PERSONS UNDER AGE 70: | INSURED | SPOUSE | EACH CHILD |
| PART I COMMON CARRIER | $50,000 | NIL | NIL |
| PART II PRIVATE PASSENGER AUTOMOBILE AND LAND MOTOR VEHICLE | $50,000 | NIL | NIL |
| PART III ALL OTHER INJURIES | $50,000 | NIL | NIL |

COVERED PERSONS AGE 70 AND OVER:
**BENEFITS ARE ONE-HALF (50%) OF THE ABOVE AMOUNTS IF, BEFORE THE DATE OF INJURY RESULTING IN A COVERED LOSS, THE COVERED PERSON HAS ATTAINED AGE 70.**

D454R

## GUIDE TO POLICY PROVISIONS

|  | Page |
| --- | --- |
| Beneficiary | 3 |
| Continuation of Coverage | 3-4 |
| Conversion | 4 |
| Coverage | 3 |
| Definitions | 2 |
| Effective Date | 2 |
| Eligibility | 2 |
| Exclusions | 3 |

|  | Page |
| --- | --- |
| General Provisions | 4-5 |
| Newborn Children | 4 |
| Policy Schedule of Insurance | 1 |
| Reduction | 3 |
| Renewability | 1 |
| Right to Examine | 1 |
| Schedule of Benefits | 3 |
| Termination | 2 |

### DEFINITIONS

**INSURED** (herein called "you," "your," or "yours") means you, the Insured named on the Schedule of Insurance, provided coverage has become effective.

**COVERED PERSON** means, for coverage purposes only, you and the following persons, provided coverage has become effective:

1. your spouse; and
2. each of your children (including step-children, or legally adopted children, children who have been legally placed for adoption, or children in the waiting period prior to finalization of proposed adoption by either you or your spouse) 18 years of age or younger, unmarried and dependent upon you for support and maintenance; and
3. your unmarried child 19 years of age but less than 23 years of age if the child is:
   a. a full-time student; and
   b. dependent upon you for support and maintenance.

**INJURY** for which benefits are provided, means bodily injury caused by an accident which occurs while this Policy is in force. The Injury must be the direct cause of Loss, independent of disease or bodily infirmity.

**INJURED** means having suffered an Injury.

**LOSS** means:

1. Loss of Life;
2. With reference to hand or foot, complete severance at, through, or above the wrist or ankle joint;
3. With reference to eye, the total and irrecoverable loss of the entire sight thereof.

Loss does not mean loss of use.

**PRIVATE PASSENGER AUTOMOBILE** means a four-wheeled automobile which is required to be registered with the state for use on public highways; which is not registered to carry passengers for hire and which is of the pleasure type, including a station wagon, van, jeep, or truck type with a factory rating load capacity of 2,000 pounds or less or self-propelled motor home type vehicles.

Construction equipment, recreational vehicles, motorcycles and motorscooters are specifically excluded under Private Passenger Automobile. Farm equipment and forklifts, unless specifically designed and primarily used for transportation, are excluded.

**LAND MOTOR VEHICLE** includes any gasoline, diesel, or similarly powered vehicle which is required to be registered with the state for use on public highways, customarily used for transportation on land and for which the operator is required to be licensed.

This category includes, but is not limited to the following:

1. vehicles considered "Private Passenger Automobiles" by the Policy; and
2. vehicles with more than four wheels, such as tractor/trailer rigs and flat bed trucks.

Construction equipment, recreational vehicles, motorcycles and motorscooters are specifically excluded under Land Motor Vehicle. Farm equipment and forklifts, unless specifically designed and primarily used for transportation, are excluded.

**COMMON CARRIER** means a public conveyance which is:

1. licensed to transport passengers for hire; and
2. provided and operated (a) for regular passenger service by land, water, or air, and (b) on a regular passenger route with a definite regular schedule of departures and arrivals between established and recognized points of departure and arrival; and
3. provided and operated under a Common Carrier license at the time of Loss.

### ELIGIBILITY

If you have reached the age of 18 years and are under the age of 81, you are eligible to apply for coverage under this Policy for yourself and for your eligible family members.

### EFFECTIVE DATE

Coverage shall become effective on the date shown on the Schedule of Insurance.

### TERMINATION

Your insurance ends on the last day of the period covered by your last premium payment, subject to the Grace Period provision.

D454RCA

## COVERAGE

### PART I - BENEFIT FOR TRAVEL BY REGULARLY SCHEDULED COMMON CARRIER

If a Covered Person is Injured as a direct result of a collision, crash or sinking of a duly licensed Common Carrier while riding as a fare paying passenger inside such Common Carrier, we will pay the applicable benefits listed in Part I of the Schedule of Insurance for the appropriate Loss as shown in the Schedule of Losses and Benefits.

### PART II - BENEFIT FOR TRAVEL BY PRIVATE PASSENGER AUTOMOBILE AND LAND MOTOR VEHICLE

If a Covered Person is Injured:

1. by being struck by a Private Passenger Automobile; or
2. as a direct result of a collision or crash of a Private Passenger Automobile; or
3. by being struck by a Land Motor Vehicle; or
4. as a direct result of a collision or crash of a Land Motor Vehicle,

we will pay the applicable benefit specified in Part II of the Schedule of Insurance for the appropriate Loss as shown in the Schedule of Losses and Benefits.

### PART III - BENEFIT FOR ALL OTHER INJURIES RESULTING IN A LOSS

If a Covered Person is Injured in an accident not covered under Part I or Part II and not otherwise excluded in the Policy, we will pay the applicable benefit specified in Part III of the Schedule of Insurance for the appropriate Loss as shown in the Schedule of Losses and Benefits.

### SCHEDULE OF BENEFITS

### ACCIDENTAL DEATH AND DISMEMBERMENT

If, as a result of Injury occurring under any of the circumstances listed in the Coverage section, and not otherwise excluded, a Covered Person suffers any of the following Losses within 90 days after the date of an accident which caused such Injury, we will pay the benefit shown below:

### SCHEDULE OF LOSSES AND BENEFITS

| | |
|---|---|
| Life | THE PRINCIPAL SUM |
| Both Hands or Both Feet or Sight of Both Eyes | The Principal Sum |
| One Hand and One Foot | The Principal Sum |
| One Hand and Sight of One Eye | The Principal Sum |
| One Foot and Sight of One Eye | The Principal Sum |
| One Hand or One Foot or Sight of One Eye | One-Half the Principal Sum |

Principal Sums for each Covered Person are as specified on the Schedule of Insurance. Only one of the above benefits, the largest, will be paid for multiple Losses that result from one accident for each Covered Person.

## EXCLUSIONS

No benefit shall be paid for Injury that:

1. is intentionally self-inflicted, while sane or insane;
2. is due to a war or act of war, whether declared or not;
3. is caused by or results from the Covered Person's taking or using any narcotic, barbiturate or any other drug, unless taken or used as prescribed by a Physician;
4. is caused by or results from the Covered Person's blood alcohol level being .10 percent weight by volume or higher;
5. occurs while the Covered Person is acting either as a pilot or crew member or while a passenger, other than a fare paying passenger, in any aircraft;
6. had as its contributing cause, the Covered Person's commission of or attempt to commit a felony, or had as its contributing cause, the Covered Person's being engaged in an illegal occupation; or
7. is due to disease, bodily or mental infirmity, or medical or surgical treatment of these.

### REDUCTION

All benefits will reduce by one-half (50%) of that otherwise payable if, before the date of Injury resulting in a covered Loss, the Covered Person attains age 70.

### BENEFICIARY

All benefits are payable to you, if living. Unless you specify otherwise, any other benefit due for Loss of Life will be paid as follows:

1. At your death, it will be paid to your spouse, if living; otherwise, to your estate.
2. At the death of any other Covered Person, it will be paid to you, if living; otherwise, as though it were payable under (1) above.

Any payment made under this section will fully release the Company to the extent of the payment. The beneficiaries designated may be changed in accordance with the Change of Beneficiary Provision, subject to the community property laws in your state of residence.

### CONTINUATION OF COVERAGE

In the event of your death, your covered spouse, if any, shall be deemed the Insured. Otherwise, the coverage will terminate on the next renewal date. If your spouse ceases to be your spouse for reasons other than your death, your spouse will no longer be covered as of the next monthly renewal date.

D454R

Coverage for any covered child insured under this Policy shall terminate as of the next renewal date after the covered child's marriage or 19th birthday. If any covered child is unmarried, a full-time student, and dependent upon the Insured for support and maintenance, coverage under this Policy shall terminate as of the next renewal date after the covered child's 23rd birthday.

A covered child may continue to be covered if upon reaching the limiting age the covered child is, and continues thereafter to be, both:

1. incapable of self-sustaining employment by reason of mental or physical handicap; and
2. chiefly dependent upon you for support and maintenance.

You must write and tell us a covered child meets the above requirements for Continuation of Coverage. We may require periodic proof of continued eligibility for Continuation of Coverage.

## CONVERSION

The covered child or spouse whose coverage ceases may apply for his or her own Policy within 31 days after coverage ceases. No evidence of insurability will be required. The new Policy will be issued:

1. on our form at that time with benefits most like but not greater than those of this Policy; and
2. at the adult rate for the attained age of the person at that time.

The Effective Date of coverage under the new Policy will be the same as the Effective Date of the conversion. We will not pay under the new Policy for any Loss for which benefits have been paid under this Policy.

## NEWBORN CHILDREN

If your spouse or any children are already covered under this Policy and a child is born to you, the benefit amount for the newborn child will be the same as for other children. If no other child is covered under this Policy, the benefit will be the amount which would have been issued to children as of the Effective Date of this Policy.

If neither your spouse nor another child is covered under this Policy, you must notify us of the birth of a child if you wish to add child coverage. There will be an increase in the premium as of the next monthly renewal date after we have been notified of the child's birth. The child is covered free from the time of notification until that date. The child will be dropped from coverage if the increased premium is not paid within 31 days after that due date. The child's benefit will be the amount which would have been issued to children as of the Effective Date of this Policy.

## GENERAL PROVISIONS

### ENTIRE CONTRACT; CHANGES

This Policy, including the application, and any endorsements or attached papers, if any, constitutes the entire contract of insurance. No change in this Policy will be valid until approved by an executive officer of the Company and unless such approval is endorsed hereon or attached hereto. No agent has authority to change this Policy or waive any of its provisions.

### INCONTESTABILITY

We cannot contest this Policy except for fraud or for not paying premiums.

### CHANGE OF BENEFICIARY

You may change the beneficiary at any time by writing to us at 2700 West Plano Parkway, Plano, Texas, 75075. Once we record the change, it will take effect as of the day you signed the request, subject to any claim payment made before such recording. The consent of the beneficiary is not needed for the change, unless the beneficiary designation was irrevocable. Any change of beneficiary is subject to Community Property laws in your state of residence.

### PAYMENT OF PREMIUM

Premiums are payable at our Administrative Office. Each premium, after the first premium, is payable in advance on or before its due date. The due date means the date a premium is due to maintain coverage, exclusive of the Grace Period. Failure to pay any premium, after the first premium, on or before its due date will constitute default in payment of premium as of the due date.

### GRACE PERIOD

If a premium is not paid when due, the insurance shall be in default. We will allow a 31 day Grace Period to pay each premium after the first one. If a premium is not paid on or before the end of the Grace Period, the insurance shall terminate, effective the last day of the period covered by your last premium contribution.

### REINSTATEMENT

Your Policy will lapse if you do not pay your premium before the end of the Grace Period. If we later accept a premium and do not require an application for reinstatement, that payment will put the Policy back in force. If we require an application for reinstatement, this Policy will be put back in force when we approve it and the required premium is received. If we do not approve it, the Policy will be put back in force on the 45th day after the date of application for reinstatement, unless we give you prior written notice of its disapproval.

D454R

The reinstated Policy only covers Loss due to an Injury caused by an accident that occurs after the date of reinstatement. In all other respects, you and we have the same rights under the Policy as were in effect before it lapsed, unless special conditions are added in connection with the reinstatement.

## NOTICE OF CLAIM

Written Notice of Claim must be given to us within 30 days after any Loss covered under the Policy occurs or as soon as possible thereafter. You may give the notice or may have someone do it for you. The notice should include your name and Policy Number as shown on the Schedule of Insurance. Notice should be mailed to us at P.O. Box 869090, Plano, Texas, 75086-9916.

## CLAIM FORMS

When we receive the Notice of Claim, we will send the claimant forms for filing Proof of Loss. If we do not send the forms within 15 days, the claimant can meet the Proof of Loss requirement by providing us with a written statement describing what happened. We must receive this statement within the time given for filing Proof of Loss.

## PROOF OF LOSS

Written Proof of Loss must be given to us within 90 days after the date of the Loss or as soon as possible thereafter. Proof must, however, be furnished no later than one year from the time it is otherwise required, except in the absence of legal capacity.

## MISSTATEMENT OF AGE

If the age of a Covered Person has been misstated, all amounts payable shall be in the amount the premium paid would have bought for the correct age. If, as a result of misstatement, we accept a premium for any period when coverage would not normally have been in effect, then our liability for such period shall be a refund, upon request, of all premiums paid for such period.

## TIME OF PAYMENT OF CLAIMS

We will pay all benefits covered by the Policy as soon as we receive proper written Proof of Loss sufficient to determine liability.

## PAYMENT OF CLAIMS

All benefits are payable to you, if living. Loss of Life benefits for you are payable in accordance with the beneficiary designation in effect at the time of payment. Any benefits, other than for Loss of Life, unpaid at your death may be paid, at our option, either to your beneficiary or estate.

## ASSIGNMENT

You may assign any rights you have under this Policy, including the right to receive benefits. We are not bound by any assignment unless it is in writing and recorded by us. We are not responsible for the validity of any assignment. The rights of an assignee will at all times be subject to any indebtedness to us.

## PHYSICAL EXAM AND AUTOPSY

At our expense, we shall have the right to examine a Covered Person when and as often as is reasonable while a claim is pending. We may also have an autopsy done in case of death where it is not forbidden by law.

## LEGAL ACTIONS

No action can be brought to recover on the Policy for at least 60 days after written Proof of Loss has been furnished. No such action shall be brought more than 3 years after the date Proof of Loss is required.

## CONFORMITY WITH STATE STATUTES

The provisions of this Policy must conform with the laws of the state in which you reside on the Effective Date. If any do not, they are hereby amended to conform.

## OTHER INSURANCE IN THIS COMPANY

If a Covered Person is insured under more than one Accidental Death and Dismemberment policy in effect with us at any one time, our maximum liability is limited to the lesser of the total amount of benefits payable under all such policies or $1,000,000. Upon discovery of duplication in excess of our maximum liability, we will refund all premiums paid for all such policies.

**EXHIBIT C**

4/27/07 AXC Claim

# STONEBRIDGE LIFE
Insurance Company

2700 West Plano Parkway • Plano, Texas 75075-8200

**TO EXPEDITE YOUR CLAIM**

1. ATTACH A CERTIFIED DEATH CERTIFICATE.
2. PLEASE COMPLETE THIS FORM INCLUDING ALL PAGES, SIGN AND DATE.
3. PLEASE ALSO SIGN AND DATE THE ENCLOSED AUTHORIZATION.
4. IF A PHYSICIAN'S STATEMENT IS ENCLOSED, PLEASE HAVE IT COMPLETED BY THE DOCTOR.
5. IF THERE WAS NO SURVIVING SPOUSE OR NAMED BENEFICIARY THE ENCLOSED AFFIDAVIT OF HEIRSHIP SHOULD BE COMPLETED AND SIGNED.
6. ENCLOSE AUTOPSY REPORT IF AVAILABLE.
7. ENCLOSE POLICE REPORT IF AVAILABLE.
8. ENCLOSE NEWSPAPER ARTICLE IF AVAILABLE.
9. OUR FAX # IS 1-972-881-6367
10. OUR TOLL FREE PHONE # IS 1-800-692-5246.

## PROOF OF ACCIDENTAL DEATH – AFFIDAVIT OF CLAIMANT
### ATTACH A CERTIFIED DEATH CERTIFICATE

1. Complete Name of Deceased — Diane Geraldine Hall-Hussain
2. Policy/Certificate Numbers — 72 A 45 P0585
3. Other Names by which Deceased is known —
4. Residence of the Deceased at Death — 606 8th St Eureka CA 95501
5. Deceased's Date of Birth — 12.17.47    Social Security # — 215.52 7567
6. Place, Date and Cause of Death — Residence, 4.9.07, Accidental Overdose Prescrib[?]
7. What Date did Accident Occur? — unkn 4/8/07?    Approximate Time of Accident
8. If Accident at work, give Name and Address of Employer
9. Where and how did Accident Occur? *See Below* — Diane was prescribed a toxic dose of oxycontin by h[er] medical provider. Was on 120 pills a month → went up to 270 m[?]
10. What injury or injuries were sustained? — death
11. Eyewitness Name — n/a    Phone Number
12. If Police Report is not attached, please give Name, Address and Phone Number of Agency and the Name of the Investigating Officer will not release?! — Eureka PD, 604 C St Eureka, CA 95501 Report #3C0728[?]
13. If Autopsy or Inquest Report not attached, give name and address of Coroner/Medical Examiner — Roy Horton, 3012 I St Eureka CA 95501 (707) 445-7242
14. Name and Address of first Doctor/Hospital seen after injury — n/a
    RECEIVED
15. Name and Town/City of other Hospitals Confined for this Accident. — n/a
    APR 27 2007
16. Name, Address and Phone Number of Doctor who attended Deceased at the time of death — n/a
    CLAIMS
17. Deceased's Family Doctor's Name, Address and Phone Number. — Chia Chen, 2350 Bahne St Eureka CA 95501    707 443 4593    707 443 6447 fax

**Continue**

INET (12/2005)    9    AIPG1

*Within days after Oxycontin was increased My mother died*

18. Deceased's Pharmacy Name, Address and Phone Number  _Lima Pharmacy 2097 Harrison_
_Eureka CA 95501_ (707) 441 8500

19. List all Medical Treatment in the Past Five Years

| Hospital/Physician | Address | Telephone # | Condition(s) | Treatment Dates |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

20. Was the Deceased covered by any other Accident or Life Insurance Policy?  ☐ Yes   ☒ No

If yes, state Name and Address

The undersigned hereby makes claim to said insurance and agrees that the written statements and affidavits of all physicians who attended or treated the deceased, and all other records of any kind called for by the instructions here in, shall constitute and they are hereby made a part of these Proofs of Death, and further agrees that the furnishings of this form, or of any other forms supplemental thereto, by said Company shall not constitute nor be considered an admission by it that there was any insurance in force on the life of the Deceased in said Company, nor a waiver of any of its rights or defenses.

I authorize any physician, medical practitioner, hospital, clinic, other medical or medically related facility (including any Veteran's Administration Facility Hospital), insurance or reinsurance company, employer or consumer reporting agency, having information available as to diagnosis, treatment, or prognosis with respect to any physical or mental condition, and/or treatment of the Deceased, and any law enforcement agency having information available on the Deceased to give the Company or its legal representative any and all such information.

I know that I may request to receive a copy of this Authorization. I agree that a photocopy of this Authorization is as valid as the original. I agree that this Authorization is valid two years from the date shown.

Signature: _Terri Smith_    Date: _4·24·07_

Address: _99 Horseshoe Lane Hiram GA_  Telephone No.: _228·235 211_
_30141_
Relation to Deceased  _Daughter_

**IMPORTANT: THIS SECTION MUST ALWAYS BE COMPLETED IN FULL TO RECEIVE PROCEEDS (Please Print Clearly)**

Beneficiary's Name: _Terri_  _Christine_  _Smith_  _1·14·70_
First       Middle       Last      Date of Birth

Beneficiary's Citizenship  (✓) U.S.   ( ) Other, please indicate

Address: _99  Horseshoe Lane  Hiram GA 3014_
Street      City      State    Zip Code

Social Security Number/Taxpayer I.D. # _012_ - _60_ - _1983_ Relationship to Deceased: _Daughter_
If the correct Taxpayer I.D. or Social Security Number is not supplied, Federal and State income tax withholding may apply. Under penalty of perjury, I certify that the information supplied on this form is true, correct and complete.

Please sign using the same name as you use on your checks.  _Terri C Smith_

Unless otherwise requested, if proceeds are payable and the amount eligible, an interest-bearing checking account will be opened for you and you will promptly receive your personalized checks. Interest will be paid at the competitive variable rate and you may immediately utilize all or a portion of these funds by writing a check against the account. For a current quote on the interest being paid or for other information regarding your interest-bearing account, please call our toll free number, 1-888-527-9446.

For your protection California law requires the following to appear on this form: Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

**RECEIVED**

**APR 27 2007**

INET (12/2005)

A·IPG2
CLAIMS

10

**EXHIBIT  D**

*Please add to claim!*



# STONEBRIDGE LIFE
### Insurance Company

2700 West Plano Parkway • Plano, Texas 75075-8200

## AFFIDAVIT OF HEIRSHIP REGARDING HEIRS OF   *Diane Hussain*
Name of Deceased

Certificate/Policy Number(s)   *72A45P0585*

**PLEASE NOTE THAT THIS FORM IS TO BE COMPLETED ONLY BY THOSE PERSONS CLAIMING BENEFITS**

**Please check one of the following boxes that applies:**

☒ Children are filing (there is no spouse). How many children including step or adopted are there?   *2*  Number

☐ Parents are filing (there is no spouse or children, step-children or adopted children).

☐ Personal Representative of the Estate is filing (there is no spouse, children, or parents).

We the undersigned, together and separately, by signing below, swear under penalty of perjury, that this affidavit is true and correct and that we are the only living heirs, as it applies to the beneficiary provisions of the policy(s) issued by the company listed above on the referenced insured at the time of his/her death, having no living spouse. Also, by signing below, we agree to hold harmless the said company from any and all costs, reasonable attorney fees, actions, loss or damage which it may suffer by virtue of its reliance on this affidavit and its payment to me/us under and because of the said policy(s) of insurance.

*Send (1) check →*

**IMPORTANT: THIS SECTION MUST ALWAYS BE COMPLETED IN FULL TO RECEIVE PROCEEDS**
**(PLEASE PRINT CLEARLY)**

| NAME  FIRST *Michelle* | MIDDLE *Constance* | LAST *Smith* | DATE OF BIRTH *10.20.67* |
|---|---|---|---|

| ADDRESS  STREET *2235 Forest Lake Ct* | CITY *Eureka* | STATE *CA* | ZIP CODE *95501* |
|---|---|---|---|

POLICY NUMBER(S)   DAY PHONE NUMBER *707 4994703*

| SS # / TAXPAYER ID NUMBER *072 60 ...* | EMAIL ADDRESS *littlecitysmithy@yahoo.com* | RELATION TO DECEASED *Daughter* |
|---|---|---|

If the correct Taxpayer ID or Social Security Number is not supplied, Federal and State income tax withholding may apply. Under of penalty of perjury, I certify that the information supplied on this form is true, correct and complete. **Please sign the same signature as you use on your checks.**

X*_____*   Current Date *4.25.07*

BENEFICIARY'S CITIZENSHIP   ( ✓ ) U.S.   ( ) OTHER, PLEASE SPECIFY

*Add 2nd signature to follow* *Open Brand Checking Acct →*

**IMPORTANT: THIS SECTION MUST ALWAYS BE COMPLETED IN FULL TO RECEIVE PROCEEDS**
**(PLEASE PRINT CLEARLY)**

| NAME  FIRST *Terri* | MIDDLE *Christine* | LAST *Smith* | DATE OF BIRTH *1.14.70* |
|---|---|---|---|

| ADDRESS  STREET *99 Horseshoe Lane* | CITY *Hiram* | STATE *GA* | ZIP CODE *30141* |
|---|---|---|---|

POLICY NUMBER(S)   DAY PHONE NUMBER *228-235-2111*

| SS # / TAXPAYER ID NUMBER *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* | EMAIL ADDRESS *Mstern@yahoo.com* | RELATION TO DECEASED *Daughter* |
|---|---|---|

If the correct Taxpayer ID or Social Security Number is not supplied, Federal and State income tax withholding may apply. Under of penalty of perjury, I certify that the information supplied on this form is true, correct and complete. **Please sign the same signature as you use on your checks.**

X *Terri C Smith*   Current Date *4.24.07*

BENEFICIARY'S CITIZENSHIP   ( ✓ ) U.S.   ( ) OTHER, PLEASE SPECIFY

**(CONTINUE)**

RECEIVED
APR 3 0 2007

INET (12/2005)   A1PG4

**EXHIBIT E**

FROM :HUMBOLDT CORONER_707-445  TO. FAX NO. :707 445 7400    4. 07 2007 11:43AM PP1

| | HUMBOLDT COUNTY OFFICE OF THE CORONER DEATH INVESTIGATION REPORT | CORONER'S CASE NO. 11- C-067-07 |
|---|---|---|
| | | OTHER AGENCY CASE NO. |

| DECEDENT'S FIRST NAME Diane | MIDDLE NAME Geraldine | LAST NAME Hussain |
|---|---|---|

| RESIDENTIAL ADDRESS 606 B th St. #2 Eureka | | | | | | | | PHONE NUMBER N/A |
|---|---|---|---|---|---|---|---|---|
| DATE OF BIRTH 12/17/1947 | AGE 59 | SEX F | HEIGHT | WEIGHT | HAIR | EYES | RACE | SOC. SEC. NUMBER 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 |

| DATE REPORTED 04/09/2007 | TIME REPORTED 1115 | REPORTED BY Eureka Police | OF | PHONE NUMBER |
|---|---|---|---|---|
| LOCATION OF DEATH Residence | | | DATE 04/09/2007 | TIME 1100 FND |

| NAME OF NEXT OF KIN Michelle Fregoso | RELATIONSHIP Daughter | WHEN NOTIFIED By Uncle |
|---|---|---|
| ADDRESS 2235 Forest Lake Ct. Eureka | | PHONE NUMBER 616-3904 |

| NAME OF OTHER | RELATIONSHIP | WHEN NOTIFIED |
|---|---|---|
| ADDRESS | | PHONE NUMBER |

| MANNER OF DEATH | NATURAL ☐ | SUICIDE ☐ | HOMICIDE ☐ | ACCIDENTAL ☒ | UNDETERMINED ☐ |
|---|---|---|---|---|---|

| REMOVAL AGENCY OR MORTUARY Deputy Coroner, Roy Horton | PHONE NUMBER 445-7242 |
|---|---|
| FAMILY DOCTOR Dr. Chen | PHONE NUMBER |
| ATTENDING DOCTOR OF DECEDENT | PHONE NUMBER |

**SUMMARY NARRATIVE**

Decedent had some medical history.  Accidental overdose of Oxycodone.  See report pg#2.

RECEIVED

MAY 0 8 2007

CLAIMS

| REPORTING OFFICER [signature] 11/07 | DATE SIGNED 05/01/2007 | REFERENCE TO | PHOTOS TAKEN XX | MORTUARY |
|---|---|---|---|---|

ROY W. HORTON, Deputy Coroner

Page: 2

Humboldt County
Coroner's Office

| | |
|---|---|
| Name: Hussain, Diane | Case # C-067-07 |

On 04/09/2007 at 1115 hrs. I received a call at the Coroner's Office from dispatch at Eureka Police Department. Police were requesting that I respond to 606 8th St #2 in Eureka. A 59 year old female had been found dead at that location. I took this as Coroner's case #067-07 and responded to the address.

Outside the apartment I was met by Officer Laird with the Eureka Police Department. Officer Laid identified the decedent as Diane Geraldine Hussain, DOB 12/17/1947. Laird stated the decedent had been found by her brother, Calvin Hall who had come over to check on her after he could not call her and noticed that her car was at the residence. Hall made entrance through the side window because the apartment door was locked. The decedent had a recent history of bronchitis and had gone to the hospital on 04/07/2007 and was seen at urgent care, and released. The decedent was seeing Dr. Chen and was receiving medication from her, which included Oxycodone.

I went inside the apartment where I located the decedent in the one and only bedroom. The decedent was dressed in a nightgown, sitting in the prayer position along side the bed. I took several digital photos before proceeding further. I located several medications in the room. The decedent was being seen by Dr. Chen. One bottle had contained 180 Oxycontin that was 40 mg each. The prescription had been received on March 27, 2007. The bottle only had one tablet remaining. I also found one Oxycontin tab on the bed that had been spilled out of the opened bottle. The Oxycontin bottle was the only medication bottle that the lying on the bed. The rest of the medications were on the night stand. Those medications included Cephalexin, Metoprolol, Glimepiride, Diltiazem, Norvasc, Metoclopramide, Famotidine, Temazepam, and Bactrim. I also found an empty bottle of beer on the night stand.

The body was warm to the touch where it made contact with the bed. Lividity was proper for position and did not blanch under hard pressure. Rigor was firm in the extremities, but broke easily. No sign of trauma was noted anywhere on the body. The decedent's left foot was bandaged up and I later learned she had an ulcerated foot.

With the help of the on scene officer, I secured the body of the decedent into the Coroner's vehicle.

I began my interview with brother, Calvin Hall. Hall stated his sister had Diabetes, and possible heart problems. Hall stated his sister drank some alcohol and did smoke. I informed Hall that several Oxycontin were missing out of the bottle.

I returned to the Coroner's Office where I drew postmortem blood from the decedent. I sent the blood to Central Valley Toxicology for a drug and alcohol screen. The results of that test have become a part of this file. The lab reported finding a potentially toxic amount of Oxycodone in the decedent's blood.

I called and spoke to Dr. Chen. Dr. Chen stated she had recently upped the dosage of Oxycodone because the previous amount was not effective anymore. Dr. Chen stated the decedent did have diabetes and high cholesterol.

RECEIVED
MAY 21 2007
CLAIMS bjw

Investigator: _____    Date Signed: 05/01/07
ROY W. HORTON, Deputy Coroner

13

Page: 3                                          Humboldt County
                                                 Coroner's Office

---

Name: Hussain, Diane                                    Case # C-067-07

---

    I signed the cause of death as Oxycodone Intoxication.  The manner of death was struck as accidental. The body of the decedent was released to Empire Mortuary Service.  No autopsy was performed.  No further action by this department is anticipated at this time.  Case cleared.

RECEIVED
MAY 21 2007
CLAIMS

Investigator: _____ //⸳2          Date Signed: _/5/(1/2((7
      ROY W. HORTON, Deputy Coroner

# CVT
**CENTRAL VALLEY TOXICOLOGY, INC.**

| | |
|---|---|
| **Case Name:** | **TOXICOLOGY NUMBER:** CVT-07-4761 |

Hussain,              Diane

**Specimen Description:**

| **Delivered by** | **Date** | **Received by** | **Date** |
|---|---|---|---|

**Request:**                              C-067-07

**Requesting Agency**              **Report To**

Humboldt County Coroner
3012 "I" Street
Eureka  CA 95501

## RESULTS

Blood Reference Ranges:

**Blood Amitriptyline        Ranges**
Effective Level:  (0.05 - 0.3 mg/L)
Potentially Toxic:  (0.5 - 2.0 mg/L)

**Blood Nortriptyline    Ranges**
Effective Level:    (0.04 -0.3 mg/L)
Potentially Toxic: (0.5 - 2.0 mg/L)

**Blood Oxycodone        Ranges**
Effective Level:  (0.005 - 0.05 mg/L)
Potentially Toxic:  ( 0.2  mg/L)

**Blood Oxymorphone  Ranges**
Effective Level:        Not Known
Potentially Toxic:    Not Known

**Blood Metoclopramide Ranges**
Effective Level: (0.04 - 0.15 mg/L)
Potentially Toxic: (0.1 - 0.2 mg/L)

**Blood Temazepam   Ranges**
Effective Level:  ( 0.3 - 0.9 mg/L)
Potentially Toxic:  ( 1.0  mg/L)

**Blood  Trimethoprim    Ranges**
Effective Level: ( 1.5 - 2.5 mg/L)
Potentially Toxic: ( 15 - 20 mg/L)

RECEIVED
MAY 21 2007
CLAIMS

**B.L. POSEY**
**S.N. KIMBLE**
*Directors*

1580 Tollhouse Road
Clovis, California 93611
Phone (559) 323-1940
Fax (559) 323-7902

TOTAL P.02

**Analyst**

15

# CVT

CENTRAL VALLEY
TOXICOLOGY, INC.

**Case Name:**                                   **TOXICOLOGY NUMBER:** CVT-07-4761

  Hussain,                              Diane
**Specimen Description:** 5.5 ml blood (gray top vial) labeled "Hussain, Diane; C-067-07; 04/9/07"

| Delivered by | Date | Received by | Date |
|---|---|---|---|
| Federal Express | 10-Apr-07 | Bill Posey | 10-Apr-07 |

**Request:**
          Complete Drug Screen                              C-067-07

**Requesting Agency**                          **Report To**

  Humboldt County Coroner                    Humboldt County Coroner
  3012 "I" Street                            Attn: Records
  Eureka  CA 95501                           3012 "I" Street
                                             Eureka  CA 95501

## RESULTS

Specimen: Blood Sample

Complete Drug Screen: Amitriptyline, Benzodiazepine, Metoclopramide,
                      Oxycodone and Trimethoprim detected.
                      No other common acidic, neutral or basic drugs detected.
                      No blood Ethyl Alcohol detected.

| | | |
|---|---|---|
| Amitriptyline  = 0.27 mg/L | Oxycodone    = 0.25 mg/L | |
| Nortriptyline  = 0.08 mg/L | Oxymorphone = 0.05 mg/L | |
| Metoclopramide = 0.02 mg/L | Temazepam    = 0.05 mg/L | |
| Trimethoprim    = 0.16 mg/L | | |

Blood Ranges Attached:

RECEIVED
MAY 21 2007
CLAIMS

B. L. Posey                    April 20, 2007

**Analyst**

B.L. POSEY
S.N. KIMBLE
Directors

1580 Tollhouse Road
Clovis, California 93611
Phone (559) 323-9940
Fax (559) 323-7502

**EXHIBIT  F**

# COUNTY OF HUMBOLDT
## Eureka, California 95501

CERTIFICATION OF VITAL RECORD

CERTIFICATE OF DEATH

32UC712000077

DIANE GERALDINE HALL

12/27/1947

DIVORCED 04/08/2007

African American

Residential Treatment Specialist

606 8th St. #2

Eureka — Humboldt — 95501 — CA

Michelle Fragoso - Daughter — 2233 Forest Lake Ct. Eureka, CA 95501

Jones Memorial Cemetery, Mitchel WILL MD 20715

Not embalmed

Empire Mortuary Services, Inc. — FD-1703 — *Ann Lindsay MD* — 04/12/2007

Pending Investigation — C-067-07

04/11/2007 — Frank J. Jager, Coroner

---

This is a true and exact reproduction of the document officially registered
and placed on file in the office of the Humboldt County Local Registrar.



ANN LINDSAY MD
HEALTH OFFICER AND LOCAL REGISTRAR
HUMBOLDT COUNTY, CALIFORNIA

DATE ISSUED  04 26 2007

*000024912*



This copy is not valid unless prepared on an engraved border, displaying the date, seal and signature of the County Health Officer.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

RECEIVED
APR 2 7 2007

17

**CERTIFICATION OF VITAL RECORD**

# COUNTY OF HUMBOLDT

## Eureka, California 95501

AMENDMENT OF MEDICAL AND HEALTH DATA—DEATH

3200712000377

**PART I**

Name — First (Given): **DiLara**   Middle: **Geraldine**   Last: **Hussain**

Date of Death: **04/08/2007**   Place of Death: **Eureka**   County of Occurrence: **Humboldt**

**Pending Investigation**

C-087-07

**PART II**

**Oxycodone Intoxication** — Minutes

C-087-07

Sialozoa, Hypertension, Bronchial, Tobacco Use

Decedent took an accidental overdose of Oxycodone.

806 8th St. #2 Eureka 95501

04/26/2007   Roy W. Horton, Deputy Coroner

3012 I St.   Eureka   Ca.   95501

04 28 2007

Ann Lindsay MD

STATE OF CALIFORNIA, DEPARTMENT OF HEALTH SERVICES, OFFICE OF STATE REGISTRAR

This is a true and exact reproduction of the document officially registered
and placed on file in the office of the Humboldt County Local Registrar.

Ann Lindsay MD

ANN LINDSAY, MD
HEALTH OFFICER AND LOCAL REGISTRAR
HUMBOLDT COUNTY, CALIFORNIA

DATE ISSUED

*000024911*
04 28 2007

This copy is not valid unless presented on an engraved border, displaying the date, seal and signature of the County Health Officer.

Originals mailed to you today 4/24/07



APR 2 7 2007

CLAIMS

18

**EXHIBIT  G**

## CLAIM PROGRESS SHEET

| NAME | | CLAIM # |
|------|---|---------|
| Diane Hussain | | B-651853 |

| DATE | ACTIVITY REPORTS AND INSTRUCTIONS |
|------|-----------------------------------|
| 5-8-07 | Humboldt Co (Coroner)   707-445-7242 |

Spk w/ Roy Horton, Deputy Coroner.

Ms Hussain had probably been dead a couple of days when she was found but this shouldn't affect levels. Dr Chen told Mr Horton that she prescribed Oxycontin 40 mg. 1-2 pills every 8 hours. The last refill was 3/27/07  180 pills. This should have been a 30 day supply. Instead, they only found 2 pills left when she was found 14 days later. Whether Dr Chen had increased her dose due to tolerance, wouldn't make any difference as she took way more then what was prescribed. Her level was at the high end of potentially toxic, & could have caused death without other drugs, which were in therapeutic ranges. He believes Oxycontin was prescribed for chronic pain but he isn't sure for where or why. She also had multiple medical conditions including cardiac problems & Diabetes. She had also been treated recently for bronchitis which the excessive drug level would have exacerbated her respiratory condition due to it's suppression effect. Had the drug level been within therapeutic he would have ruled it natural due to cardiac arrest. But it was definitely an intentional overdose though not a suicidal gesture. Nothing to suggest it was suicidal. When he told the family it was accidental they were glad because they told him there was an accident policy. He understands the Exclusion for drugs & not taken as prescribed & this definitely is the case. She was a

CL0038-E

**CLAIM PROGRESS SHEET**

| NAME Diane Hussan | | CLAIM # B-651853 |
|---|---|---|
| DATE | ACTIVITY REPORTS AND INSTRUCTIONS | |

| | |
|---|---|
| 5-8-07 cont'd | known alcohol user. There was alcohol in the residence but her alcohol level was negative. |
| | J Ronelody |
| | |
| | Dr Chen  707-443-4593 |
| | Spk w/ Terry. mailed 5/3 by Smart Documents. |
| | J Ronelody |

CL0038-E

**EXHIBIT  H**

# STONEBRIDGE LIFE

Insurance Company

Administrative Office:
2700 West Plano Parkway • Plano, Texas 75075-8200

COPY

June 12, 2007


Terri C. Smith
99 Horseshoe Lane
Hiram GA  30141


Policy Number(s):         72A45P0585
Claim Number(s):          B-651853
Regarding:                Diane Geraldine Hall-Hussain


Dear Ms. Smith:


Consideration has been given to your request for benefits.  Please let me explain our handling.

This policy consists of Accident Coverage only.  The Accidental Death Benefit is a benefit paid for a Covered Person who suffers loss of life as a result of injury.  Injury means bodily injury caused by an accident which occurs while this Policy is in force.  The Injury must be the direct cause of Loss, independent of disease or bodily infirmity.  Loss must occur within 90 days after the date of an accident which caused such Injury.

The EXCLUSIONS section states, "No benefit shall be paid for Injury that: …
        3. is caused by or results from the Covered Person's taking or using any narcotic, barbiturate or any other drug, unless taken or used as prescribed by a Physician; or
        7. is due to disease, bodily or mental infirmity, or medical or surgical treatment of these."

The death certificate provides a cause of death as Oxycodone Intoxication.  How the injury occurred is listed as "Decedent took an accidental overdose of Oxycodone."  Dr. Chen informed us that the Oxycontin was prescribed for chronic pain.  We contacted Humboldt County Deputy Coroner, Mr. Horton, and were informed that he had spoken with Dr. Chen.  Dr. Chen advised Mr. Horton that she recently increased your mother's Oxycontin dose.  Mr. Horton stated that the increase in the amount of medication would not make a difference as the number of pills your mother took was far more than what was prescribed.  He indicated that her Oxycodone level would have been lethal on its own without the affects of the other medications found, and that her bronchitis was exacerbated by the excessive drug level.  Also, the Oxycodone was being taken for the medical treatment of a disease or bodily infirmity which is excluded from coverage.  Based upon this information, the provisions and Exclusions listed above we are unable to provide benefits. It does not appear that the death comes under the coverage terms of the policy.

95-1587 (08/05)



Page 2
Policy Number(s):          72A45P0585
Claim Number(s):           B-651853
Regarding:                 Diane Geraldine Hall-Hussain

Our position is based on the information in our file and our denial should not be considered a waiver of any other Company defenses. If you have additional information which you feel may affect our handling, please forward it to us for our review. Again, we would like to express our sympathy to you and your family for the loss of your mother. If you have any questions about the policy, please call us on our toll-free number, 1-800-692-5246, my extension is 6265. Our fax number is 972-881-6367, and our e-mail address is claimsdms@aegonusa.com.

Sincerely,

Judy Lovelady, ALHC
Technical Claims Specialist
Claims Department

P.S. Should you feel your claim has been improperly denied or rejected, we want you to know you may contact the California Department of Insurance with your complaint and seek assistance from the governmental agency that regulates insurance. To contact the Department, write or call: California Department of Insurance, Consumer Communications Bureau, 300 South Spring Street, South Tower, Los Angeles, CA 90013. The toll-free number is 1-800-927-HELP (4357)- within CA or 1-213-897-8921-outside CA.

Cc:    Michelle C. Smith

1

**PROOF OF SERVICE**

2

    I, Nancy Tokuda, declare:

3

    I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address

4

is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On November 6, 2007, I served a copy of the within document(s):

5

6

**DECLARATION OF JUDY LOVELADY IN SUPPORT OF MOTION TO TRANSFER VENUE ON CONVENIENCE GROUNDS**

7

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

8

9

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set

10

forth below.

11

☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a

12

_____ agent for delivery.

13

☐    by personally delivering the document(s) listed above to the person(s) at the

14

address(es) set forth below.

15

Stennett/Casino
John P. Stennett, Esq.

16

Barbara A. Casino, Esq.
501 W. Broadway, Suite 1340

17

San Diego, CA 92101

18

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

19

day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage

20

meter date is more than one day after date of deposit for mailing in affidavit.

21

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

22

    Executed on November 6, 2007, at Los Angeles, California.

23

24

25

_____

Nancy Tokuda

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41174598.1

1  MANATT, PHELPS & PHILLIPS, LLP
   MARGARET LEVY (Bar No. 66585)
2  JOSEPH E. LASKA (Bar No. 221055)
   11355 West Olympic Boulevard
3  Los Angeles, California  90064
   Telephone:  (310) 312-4000
4  Facsimile:  (310) 312-4224
   Email:  mlevy@manatt.com and jlaska@manatt.com
5
   *Attorneys for Defendant*
6  STONEBRIDGE LIFE INSURANCE COMPANY

7

8              UNITED STATES DISTRICT COURT

9         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 | TERRI SMITH and MICHELLE SMITH FREGOSO, | Case No. 07CV1747 JAH (WMCx) |
   |---|---|
12 | | Hon. John A. Houston |
   | Plaintiffs, | |
13 | | DECLARATION OF JOSEPH E. LASKA IN SUPPORT OF MOTION TO TRANSFER VENUE ON CONVENIENCE GROUNDS |
14 | vs. | |
15 | STONEBRIDGE LIFE INSURANCE COMPANY, | (28 U.S.C. § 1404(a)) |
16 | Defendants. | [Filed concurrently with: (1) Notice of Motion and Motion to Transfer Venue on Convenience Grounds; (2) Declaration of Judy Lovelady; and (3) Proposed Order.] |

11  TERRI SMITH and MICHELLE
    SMITH FREGOSO,

12              Plaintiffs,

13       vs.

14

15  STONEBRIDGE LIFE
    INSURANCE COMPANY,

16              Defendants.

Case No. 07CV1747 JAH (WMCx)

Hon. John A. Houston

DECLARATION OF JOSEPH E. LASKA IN SUPPORT OF MOTION TO TRANSFER VENUE ON CONVENIENCE GROUNDS

(28 U.S.C. § 1404(a))

[Filed concurrently with:
(1) Notice of Motion and Motion to Transfer Venue on Convenience Grounds;
(2) Declaration of Judy Lovelady; and
(3) Proposed Order.]

17

18

19

20  Hearing date:     December 17, 2007
    Hearing time:     2:30 p.m.
21  Courtroom:        11

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41173259.1

**DECLARATION OF JOSEPH E. LASKA**

I, Joseph E. Laska, declare as follows:

1.    I am an attorney licensed to practice before the courts of the State of California and this Court.  I am an associate with the law firm of Manatt, Phelps & Phillips, LLP, counsel for Defendant Stonebridge Life Insurance Company ("Stonebridge") in this action.  I have personal knowledge of the facts set forth in this declaration, except those matters stated on information and belief, which I believe to be true.  If called as a witness, I can and will testify competently to all of those facts.

2.    Attached as **Exhibit 1** is a true and correct copy of a printout of a document located on the United States courts' website.  This document may be accessed at http://www.uscourts.gov/caseload2006/tables/C05Mar06.pdf.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed by me on November _6_, 2007 in Los Angeles, California.

_____
Joseph E. Laska

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41173259.1                                            1

07CV1747 JAH (WMCX):   DECLARATION OF JOSEPH E. LASKA ISO MOTION TO TRANSFER VENUE

**EXHIBIT 1**

**Table C-5.**
**U.S. District Courts—Median Time Intervals From Filing to Disposition of Civil Cases**
**Terminated, by District and Method of Disposition,**
**During the 12-Month Period Ending March 31, 2006**

| | | Total Cases | | No Court Action | | Court Action | | | | | |
| | | | | | | Before Pretrial | | During or After Pretrial | | Trial | |
| Circuit and District | | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL | | 218,613 | 9.5 | 48,834 | 6.5 | 130,872 | 9.5 | 35,585 | 29.7 | 3,322 | 22.2 |
| DC | | 1,954 | 9.3 | 867 | 8.3 | 1,010 | 10.0 | 36 | 17.3 | 41 | 34.5 |
| | 1ST | 5,602 | 9.3 | 1,944 | 7.4 | 2,574 | 8.7 | 918 | 14.7 | 166 | 23.0 |
| ME | | 425 | 7.7 | 172 | 5.6 | 210 | 7.0 | 30 | 16.0 | 13 | 14.0 |
| MA | | 2,815 | 10.2 | 1,286 | 8.2 | 1,061 | 9.4 | 376 | 14.1 | 92 | 27.7 |
| NH | | 431 | 9.2 | 120 | 5.9 | 122 | 6.5 | 182 | 15.4 | 7 | - |
| RI | | 489 | 8.0 | 78 | 4.5 | 225 | 8.1 | 171 | 11.0 | 15 | 17.0 |
| PR | | 1,442 | 12.6 | 288 | 10.4 | 956 | 10.9 | 159 | 19.2 | 39 | 25.0 |
| | 2ND | 18,129 | 9.4 | 5,836 | 8.2 | 9,564 | 9.1 | 2,415 | 15.6 | 314 | 28.5 |
| CT | | 1,860 | 11.5 | 1,244 | 9.6 | 498 | 15.4 | 59 | 24.0 | 59 | 29.4 |
| NY,N | | 1,021 | 12.4 | 221 | 6.3 | 502 | 9.8 | 262 | 17.8 | 36 | 27.0 |
| NY,E | | 5,229 | 10.2 | 891 | 6.1 | 3,388 | 9.8 | 863 | 17.1 | 87 | 33.5 |
| NY,S | | 8,631 | 8.9 | 3,159 | 8.6 | 4,307 | 8.9 | 1,052 | 12.4 | 113 | 23.0 |
| NY,W | | 1,089 | 12.9 | 296 | 8.9 | 604 | 11.8 | 178 | 21.0 | 11 | 63.0 |
| VT | | 299 | 7.0 | 25 | 4.0 | 265 | 7.7 | 1 | - | 8 | - |
| | 3RD | 24,837 | 5.8 | 4,576 | 5.9 | 16,756 | 3.9 | 3,148 | 13.0 | 357 | 22.2 |
| DE | | 1,071 | 15.4 | 159 | 11.8 | 713 | 13.4 | 150 | 18.4 | 49 | 29.0 |
| NJ | | 5,240 | 8.4 | 1,649 | 6.6 | 2,010 | 5.4 | 1,510 | 14.1 | 71 | 30.7 |
| PA,E | | 14,152 | 1.2 | 1,291 | 4.7 | 11,417 | 1.0 | 1,316 | 11.7 | 128 | 18.0 |
| PA,M | | 1,751 | 6.6 | 614 | 4.4 | 1,015 | 6.7 | 70 | 18.0 | 52 | 20.4 |
| PA,W | | 2,357 | 8.0 | 825 | 6.1 | 1,392 | 9.5 | 85 | 22.0 | 55 | 26.0 |
| VI | | 266 | 20.5 | 38 | 5.7 | 209 | 21.3 | 17 | 23.5 | 2 | - |
| | 4TH | 32,426 | 9.7 | 3,653 | 6.8 | 27,400 | 9.8 | 1,162 | 10.3 | 211 | 18.6 |
| MD | | 2,744 | 7.9 | 1,346 | 7.5 | 1,113 | 6.3 | 239 | 13.0 | 46 | 21.0 |
| NC,E | | 915 | 12.4 | 368 | 11.2 | 535 | 13.7 | 1 | - | 11 | 27.0 |
| NC,M | | 782 | 12.5 | 201 | 7.1 | 382 | 13.8 | 189 | 14.0 | 10 | 19.5 |
| NC,W | | 740 | 10.3 | 285 | 9.0 | 392 | 9.0 | 57 | 11.2 | 6 | - |
| SC | | 21,887 | 9.0 | 357 | 6.5 | 21,300 | 9.0 | 182 | 13.0 | 48 | 21.0 |
| VA,E | | 2,909 | 4.4 | 744 | 4.0 | 1,662 | 4.7 | 456 | 7.0 | 47 | 9.6 |
| VA,W | | 774 | 9.1 | 159 | 8.2 | 579 | 9.7 | 16 | 11.0 | 20 | 12.0 |
| WV,N | | 417 | 12.8 | 157 | 9.7 | 234 | 13.6 | 15 | 15.0 | 11 | 20.0 |
| WV,S | | 1,258 | 11.9 | 36 | 4.0 | 1,203 | 11.3 | 7 | - | 12 | 16.0 |

54

## Table C-5. (March 31, 2006—Continued)

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Before Pretrial | | During or After Pretrial | | Trial | |
| | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
| **5TH** | 20,820 | 8.6 | 5,489 | 6.8 | 13,193 | 8.4 | 1,750 | 12.2 | 388 | 19.7 |
| LA,E | 2,035 | 10.4 | 74 | 4.4 | 1,175 | 7.9 | 739 | 14.3 | 47 | 20.0 |
| LA,M | 1,141 | 6.5 | 537 | 6.9 | 580 | 10.4 | 13 | 25.0 | 11 | 23.0 |
| LA,W | 1,734 | 12.7 | 624 | 10.7 | 1,039 | 12.8 | 36 | 19.0 | 35 | 21.0 |
| MS,N | 844 | 12.3 | 162 | 6.6 | 567 | 11.4 | 84 | 18.4 | 31 | 18.4 |
| MS,S | 3,888 | 6.3 | 1,779 | 6.3 | 2,050 | 6.7 | 24 | 23.0 | 35 | 21.0 |
| TX,N | 2,764 | 8.4 | 158 | 6.9 | 2,539 | 8.6 | 3 | - | 64 | 21.8 |
| TX,E | 1,723 | 10.8 | 353 | 4.0 | 1,283 | 11.7 | 52 | 13.5 | 35 | 14.5 |
| TX,S | 4,321 | 9.0 | 1,251 | 6.7 | 2,218 | 9.5 | 776 | 11.7 | 76 | 19.8 |
| TX,W | 2,370 | 9.3 | 551 | 7.0 | 1,742 | 10.0 | 23 | 9.0 | 54 | 18.0 |
| **6TH** | 33,125 | 24.9 | 4,018 | 5.1 | 10,489 | 9.0 | 18,330 | 101.3 | 288 | 23.0 |
| KY,E | 1,881 | 9.9 | 174 | 5.1 | 1,673 | 10.1 | 22 | 18.0 | 12 | 27.0 |
| KY,W | 1,261 | 9.8 | 265 | 7.4 | 877 | 9.9 | 110 | 18.9 | 9 | - |
| MI,E | 18,760 | 101.2 | 681 | 4.4 | 1,382 | 6.3 | 16,630 | 101.4 | 67 | 23.0 |
| MI,W | 840 | 8.5 | 129 | 3.1 | 692 | 9.5 | 13 | 20.0 | 6 | - |
| OH,N | 4,346 | 7.3 | 1,031 | 4.3 | 2,550 | 7.7 | 730 | 10.6 | 35 | 17.3 |
| OH,S | 2,385 | 11.9 | 1,009 | 9.8 | 959 | 12.9 | 370 | 15.5 | 47 | 27.3 |
| TN,E | 1,277 | 11.6 | 233 | 7.9 | 586 | 9.6 | 423 | 16.7 | 35 | 24.0 |
| TN,M | 1,365 | 10.0 | 225 | 7.8 | 1,091 | 11.1 | 12 | 15.0 | 37 | 22.0 |
| TN,W | 1,010 | 10.3 | 271 | 6.7 | 679 | 11.1 | 20 | 20.0 | 40 | 24.5 |
| **7TH** | 13,281 | 7.8 | 3,942 | 5.9 | 7,693 | 7.2 | 1,424 | 12.6 | 222 | 23.0 |
| IL,N | 6,745 | 6.1 | 2,449 | 5.6 | 3,724 | 6.4 | 476 | 12.1 | 96 | 25.5 |
| IL,C | 747 | 8.1 | 302 | 8.5 | 418 | 7.0 | 9 | - | 18 | 22.0 |
| IL,S | 817 | 8.9 | 212 | 7.5 | 566 | 9.8 | 22 | 20.0 | 17 | 24.0 |
| IN,N | 1,336 | 10.9 | 260 | 5.7 | 676 | 10.2 | 375 | 14.9 | 25 | 23.4 |
| IN,S | 2,169 | 10.3 | 524 | 5.1 | 1,331 | 10.1 | 287 | 13.5 | 27 | 24.0 |
| WI,E | 982 | 8.7 | 150 | 4.8 | 755 | 8.8 | 59 | 14.7 | 18 | 22.0 |
| WI,W | 485 | 4.8 | 45 | 2.3 | 223 | 3.7 | 196 | 6.4 | 21 | 8.5 |
| **8TH** | 12,517 | 10.8 | 3,988 | 6.0 | 6,244 | 10.6 | 2,003 | 33.1 | 282 | 20.6 |
| AR,E | 1,784 | 12.4 | 422 | 9.4 | 1,304 | 12.4 | 8 | - | 50 | 18.5 |
| AR,W | 813 | 12.4 | 68 | 11.6 | 712 | 12.3 | 4 | - | 29 | 14.7 |
| IA,N | 413 | 10.5 | 54 | 5.0 | 341 | 10.9 | 2 | - | 16 | 22.0 |
| IA,S | 652 | 10.2 | 142 | 6.6 | 401 | 10.8 | 90 | 17.2 | 19 | 21.7 |
| MN | 3,693 | 12.3 | 1,365 | 3.9 | 458 | 7.1 | 1,826 | 37.9 | 44 | 24.7 |
| MO,E | 2,065 | 7.4 | 693 | 7.3 | 1,333 | 6.1 | 2 | - | 37 | 21.7 |
| MO,W | 1,930 | 8.3 | 952 | 7.7 | 922 | 9.9 | 24 | 18.0 | 32 | 21.0 |
| NE | 667 | 9.5 | 34 | 1.0 | 570 | 8.7 | 32 | 18.0 | 31 | 18.4 |
| ND | 211 | 8.4 | 68 | 4.3 | 132 | 9.6 | 1 | - | 10 | 18.5 |
| SD | 289 | 9.5 | 190 | 7.2 | 71 | 11.0 | 14 | 23.0 | 14 | 21.5 |

55

## Table C-5. (March 31, 2006—Continued)

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
| | | | | | Before Pretrial | | During or After Pretrial | | Trial | |
| | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
|---|---|---|---|---|---|---|---|---|---|---|
| **9TH** | **28,802** | **9.6** | **10,389** | **7.9** | **16,086** | **9.8** | **1,827** | **13.6** | **500** | **25.0** |
| AK | 272 | 9.8 | 32 | 6.0 | 235 | 9.0 | 1 | - | 4 | - |
| AZ | 2,133 | 11.2 | 896 | 10.6 | 1,176 | 11.7 | 8 | - | 53 | 29.7 |
| CA,N | 4,487 | 9.2 | 2,114 | 6.9 | 884 | 7.8 | 1,431 | 12.7 | 58 | 27.5 |
| CA,E | 2,171 | 10.9 | 866 | 8.2 | 1,258 | 12.7 | 16 | 20.0 | 31 | 26.0 |
| CA,C | 9,297 | 7.8 | 3,733 | 7.6 | 5,321 | 8.4 | 100 | 18.8 | 143 | 23.9 |
| CA,S | 1,776 | 7.9 | 139 | 2.4 | 1,619 | 7.7 | 1 | - | 17 | 26.0 |
| HI | 647 | 9.6 | 309 | 9.0 | 252 | 7.3 | 64 | 14.7 | 22 | 30.0 |
| ID | 448 | 11.9 | 68 | 3.2 | 324 | 11.4 | 47 | 20.0 | 9 | - |
| MT | 445 | 12.3 | 127 | 11.0 | 234 | 10.0 | 69 | 17.7 | 15 | 27.0 |
| NV | 1,564 | 9.8 | 483 | 8.8 | 1,054 | 9.0 | 3 | - | 24 | 28.0 |
| OR | 1,954 | 10.1 | 640 | 8.9 | 1,225 | 11.3 | 20 | 14.5 | 69 | 20.5 |
| WA,E | 558 | 9.2 | 169 | 6.5 | 345 | 9.8 | 32 | 16.5 | 12 | 16.0 |
| WA,W | 2,973 | 9.8 | 795 | 5.1 | 2,119 | 11.0 | 21 | 18.0 | 38 | 19.3 |
| GUAM | 46 | 19.5 | 8 | - | 20 | 13.0 | 13 | 25.0 | 5 | - |
| NMI | 31 | 8.4 | 10 | 5.0 | 20 | 10.0 | 1 | - | - | - |
| **10TH** | **7,952** | **9.7** | **1,212** | **6.0** | **5,245** | **9.7** | **1,283** | **12.7** | **212** | **20.0** |
| CO | 2,001 | 8.5 | 50 | 4.0 | 1,786 | 7.2 | 116 | 19.4 | 49 | 28.4 |
| KS | 1,092 | 9.6 | 327 | 7.9 | 625 | 8.2 | 107 | 18.7 | 33 | 20.0 |
| NM | 1,192 | 10.4 | 115 | 7.3 | 533 | 8.7 | 499 | 12.5 | 45 | 18.0 |
| OK,N | 738 | 12.8 | 65 | 4.5 | 631 | 12.1 | 19 | 19.0 | 23 | 19.0 |
| OK,E | 397 | 8.2 | 127 | 7.1 | 231 | 9.4 | 26 | 8.4 | 13 | 16.5 |
| OK,W | 1,208 | 9.5 | 371 | 6.5 | 433 | 8.5 | 379 | 10.6 | 25 | 15.4 |
| UT | 1,086 | 11.6 | 73 | 5.2 | 985 | 11.3 | 12 | 15.0 | 16 | 27.0 |
| WY | 238 | 9.6 | 84 | 5.8 | 21 | 8.0 | 125 | 10.2 | 8 | - |
| **11TH** | **19,168** | **8.9** | **2,920** | **6.2** | **14,618** | **8.2** | **1,289** | **13.6** | **341** | **19.0** |
| AL,N | 2,389 | 10.1 | 827 | 8.7 | 1,489 | 10.2 | 26 | 18.4 | 47 | 19.0 |
| AL,M | 778 | 10.8 | 256 | 7.9 | 450 | 10.8 | 46 | 14.0 | 26 | 15.5 |
| AL,S | 617 | 8.8 | 78 | 7.5 | 504 | 8.8 | 21 | 16.0 | 14 | 17.0 |
| FL,N | 735 | 8.3 | 185 | 7.2 | 538 | 8.8 | 5 | - | 7 | - |
| FL,M | 4,783 | 8.7 | 606 | 5.7 | 4,020 | 8.7 | 85 | 16.7 | 72 | 19.4 |
| FL,S | 5,281 | 6.2 | 53 | 2.9 | 4,778 | 5.2 | 363 | 9.2 | 87 | 15.2 |
| GA,N | 3,341 | 9.1 | 650 | 6.0 | 1,915 | 9.6 | 712 | 13.5 | 64 | 24.8 |
| GA,M | 709 | 11.4 | 148 | 8.0 | 530 | 11.4 | 13 | 16.0 | 18 | 22.0 |
| GA,S | 535 | 9.5 | 117 | 5.7 | 394 | 9.8 | 18 | 29.7 | 6 | - |

NOTE: MEDIAN TIME INTERVALS NOT COMPUTED WHEN FEWER THAN 10 CASES REPORTED. THIS TABLE EXCLUDES LAND CONDEMNATIONS, PRISONER PETITIONS, DEPORTATION REVIEWS, RECOVERY OF OVERPAYMENTS, AND ENFORCEMENT OF JUDGMENTS. FOR FISCAL YEARS PRIOR TO 2001, THIS TABLE INCLUDED DATA ON RECOVERY OF OVERPAYMENTS AND ENFORCEMENT OF JUDGMENTS.

56

**PROOF OF SERVICE**

I, Nancy Tokuda, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On November 6, 2007, I served a copy of the within document(s):

**DECLARATION OF JOSEPH E. LASKA IN SUPPORT OF MOTION TO TRANSFER VENUE ON CONVENIENCE GROUNDS**

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐   by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Stennett/Casino
John P. Stennett, Esq.
Barbara A. Casino, Esq.
501 W. Broadway, Suite 1340
San Diego, CA 92101

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 6, 2007, at Los Angeles, California.

_____
Nancy Tokuda

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41174603.1

1   MANATT, PHELPS & PHILLIPS, LLP
    MARGARET LEVY (Bar No. 66585)
2   JOSEPH E. LASKA (Bar No. 221055)
    11355 West Olympic Boulevard
3   Los Angeles, California  90064
    Telephone:  (310) 312-4000
4   Facsimile:  (310) 312-4224
    Email: mlevy@manatt.com and jlaska@manatt.com
5
    *Attorneys for Defendant*
6   STONEBRIDGE LIFE INSURANCE COMPANY

7

8                UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  TERRI SMITH and MICHELE          Case No. 07CV1747 JAH (WMC)
    SMITH FREGOSO,
12                                   Mag. Judge William McCurine, Jr.
              Plaintiffs,
13                                   *EX PARTE* APPLICATION TO
                                     CONTINUE EARLY NEUTRAL
14       vs.                         EVALUATION CONFERENCE
                                     UNTIL AFTER RULING ON
15  STONEBRIDGE LIFE                 MOTION TO TRANSFER VENUE
    INSURANCE COMPANY,               OR, IN THE ALTERNATIVE, TO A
16                                   MUTUALLY CONVENIENT DATE;
              Defendant.             DECLARATION OF JOSEPH E.
17                                   LASKA IN SUPPORT

18                                   [Proposed Order Lodged Separately
                                     With Department Clerk]
19
                                     Action Filed:    September 5, 2007
20

21

22

23

24

25

26

27

28

MANATT, PHELPS &      41178355.1
  PHILLIPS, LLP
 ATTORNEYS AT LAW
   LOS ANGELES        ───────────────────────────────────────────────
                      *EX PARTE* APPLICATION TO CONTINUE ENE CONFERENCE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# *EX PARTE* APPLICATION

## REQUEST FOR RELIEF

Defendant Stonebridge Life Insurance Company ("Stonebridge") requests that this Court (1) continue the Early Neutral Evaluation ("ENE") Conference, currently scheduled for December 3, 2007, until after Judge Houston issues a ruling on Stonebridge's motion to transfer venue, which is scheduled to be heard on December 17, 2007; or (2) continue the ENE Conference to a different, mutually agreeable date in light of Stonebridge's unavailability on December 3, 2007. Stonebridge attempted to resolve these issues by stipulation, but Plaintiffs refused to do so, thus necessitating this *ex parte* application.

## BRIEF STATEMENT OF FACTS

Plaintiffs Terri Smith and Michele Smith Fregoso ("Plaintiffs") filed their Complaint in this action on September 5, 2007 alleging breach of contract and breach of the implied covenant of good faith and fair dealing against Stonebridge. Stonebridge filed its Answer on October 29, 2007. (Declaration of Joseph E. Laska ("Laska Decl."), at ¶ 2.)

On October 30, 2007, this Court issued a Notice and Order for Early Neutral Evaluation Conference (the "ENE Order") setting the ENE Conference for December 3, 2007 at 2:00 p.m. in Courtroom C. (*Id.* at ¶ 3 and Exhibit A.)

On November 6, 2007, Stonebridge filed a motion to transfer venue to the Northern District of California on convenience grounds. The motion is based, among other things, on the fact that all of the underlying facts arose in the Northern District and all of the necessary third-party witnesses (and one of the Plaintiffs) are located in the Northern District. In contrast, *none* of the participants in this litigation is located in the Southern District, other than Plaintiffs' counsel. The motion is set to be heard by Judge Houston on December 17, 2007, which was the earliest available hearing date. (*Id.* at ¶ 4.)

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41178355.1

1

*EX PARTE* APPLICATION TO CONTINUE ENE CONFERENCE

1    On November 6, 2007, the parties' counsel spoke by telephone and discussed

2  the fact that Stonebridge had just filed its motion to transfer venue.  Plaintiffs'

3  counsel advised Stonebridge's counsel that Plaintiffs would oppose Stonebridge's

4  motion to transfer venue.  At that time, Stonebridge's counsel also indicated his

5  desire to continue the ENE Conference in light of the pending motion to transfer

6  venue, which was scheduled to be heard after the ENE Conference.  Plaintiffs'

7  counsel stated that she would review the motion to transfer venue and get back to

8  Stonebridge's counsel, but Stonebridge's counsel received no further

9  communications on the issue.  (*Id.* at ¶ 5.)

10    On November 15, 2007, Stonebridge faxed to Plaintiffs' counsel a proposed

11  stipulation to continue the ENE conference.  (*Id.* at ¶ 6 and Exhibit B.)

12    On November 16, 2007, Plaintiffs' counsel advised Stonebridge's counsel by

13  telephone that Plaintiffs *would not* stipulate to continue the ENE conference,

14  primarily for the reason that Plaintiffs expected to defeat the motion to transfer

15  venue.  At that time, the parties met and conferred but were unable to reach an

16  agreement.  (*Id.* at ¶ 7.)

17    Stonebridge's counsel, after consulting with the Court, contacted Plaintiffs'

18  counsel by telephone and in writing on November 16, 2007 to provide formal

19  notice of this *ex parte* application.  (*Id.* at ¶ 8 and Exhibit C.)  Plaintiffs' counsel

20  advised that Plaintiffs would oppose this *ex parte* application.  (*Id.* at ¶ 8.)

21    Also on November 16, 2007, the Stonebridge representative responsible for

22  this litigation—who is based in Baltimore, Maryland—contacted Stonebridge's

23  counsel and advised that a scheduling conflict had arisen with regard to the

24  December 3, 2007 date.  The Stonebridge representative will not be available in

25  person or by telephone on December 3, 2007 for the ENE Conference.

26  Stonebridge's counsel communicated this fact to Plaintiffs' counsel on November

27  16, 2007, but Plaintiffs would not change their position.  (*Id.* at ¶ 9.)

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41178355.1                          2

1    This request is made 14 days before the ENE Conference and therefore

2    complies with the requirements of the ENE Order regarding requests for

3    continuances. (Laska Decl., Exhibit A, at 1:23-25.)

4    **GOOD CAUSE EXISTS TO CONTINUE THE ENE CONFERENCE UNTIL**

5    **AFTER THE MOTION TO TRANSFER VENUE HAS BEEN DECIDED**

6    There is good cause to continue the ENE Conference because Stonebridge's

7    motion to transfer venue, if granted, will remove this action from the Southern

8    District of California entirely. It would be an inefficient use of judicial resources

9    for this Court to hold a conference evaluating the merits of this case, only to have

10    the case transferred to an entirely different judicial district weeks later. Given the

11    uncertain procedural posture of this case, early settlement discussions are not likely

12    to be meaningful.

13    Moreover, the Court's ENE Order makes clear that the ENE Conference is

14    not simply a settlement conference. Rather, it is used as an opportunity to discuss

15    case management issues. The ENE Order provides: "In the event the case does not

16    settle at the [ENE] Conference, the parties *shall* also be prepared to discuss the

17    following matters at the conclusion of the conference. . . ." (Laska Decl., Exhibit

18    A, at 3:11-12 (emphasis added).) The ENE Order then lists matters relating to the

19    timing of the parties' initial disclosures, the meeting of counsel and joint discovery

20    plan required by Fed. R. Civ. P. 26(f), and the Case Management Conference. (*Id.*

21    at 13-21.) It makes little sense for this Court and the parties to discuss these case

22    management issues when, in a matter of weeks after the ENE Conference, the case

23    may be transferred to another judicial district with its own case management

24    requirements. This is especially true considering that the ENE Conference can

25    simply be rescheduled so that, if Stonebridge's motion to transfer venue is denied,

26    the ENE Conference will be held promptly thereafter. Stonebridge would like to

27    ensure that the ENE Conference will be meaningful, since Stonebridge's

28    representative will incur significant expense traveling from Baltimore, Maryland to

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41178355.1        3

*EX PARTE* APPLICATION TO CONTINUE ENE CONFERENCE

1  San Diego for the ENE Conference.

2  **ALTERNATIVELY, GOOD CAUSE EXISTS TO CONTINUE THE ENE**

3  **CONFERENCE TO A DATE WHEN ALL PARTIES ARE AVAILABLE**

4      Even if this Court does not continue the ENE Conference until after Judge

5  Houston rules on Stonebridge's motion to transfer venue, the Court should

6  nevertheless continue the ENE Conference to a date on which all parties are

7  available.  The Stonebridge representative responsible for this litigation is not

8  available on December 3, 2007.  That representative, who is located in Baltimore,

9  Maryland, will not be available in person or by telephone due to a court-ordered

10  hearing in another matter pending in Minnesota.  (Laska Decl., at ¶ 9.)  The

11  Stonebridge representative, as the person responsible for this litigation, is the only

12  person with both knowledge of this litigation and "unfettered discretion and

13  authority" to explore settlement options as required by the Court's ENE Order.  (*Id.*

14  at 2:6-7.)

15                              **CONCLUSION**

16      For the reasons set forth above, Stonebridge respectfully requests that this

17  Court continue the December 3, 2007 ENE Conference until after Judge Houston

18  issues a ruling on Stonebridge's motion to transfer venue.  In light of the December

19  17, 2007 hearing date and the upcoming holidays, Stonebridge proposes a date in

20  mid- or late-January 2008.  In the alternative, Stonebridge respectfully requests that

21  the Court continue the ENE Conference to a different, mutually agreeable date in

22  light of Stonebridge's unavailability on December 3, 2007.

23

24  Dated: November 19, 2007          MANATT, PHELPS & PHILLIPS, LLP

25

26                                  By: _____
                                        Joseph E. Laska
27                                      *Attorneys for Defendant*
                                        STONEBRIDGE LIFE INSURANCE
28                                      COMPANY

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41178355.1                          4

*EX PARTE* APPLICATION TO CONTINUE ENE CONFERENCE

# DECLARATION OF JOSEPH E. LASKA

I, Joseph E. Laska, declare as follows:

1.      I am an attorney licensed to practice before the courts of the State of California and this Court. I am an associate with the law firm of Manatt, Phelps & Phillips, LLP, counsel for Defendant Stonebridge Life Insurance Company ("Stonebridge") in this action. I have personal knowledge of the facts set forth in this declaration, except those matters stated on information and belief, which I believe to be true. If called as a witness, I can and will testify competently to all of those facts.

2.      Plaintiffs Terri Smith and Michele Smith Fregoso ("Plaintiffs") filed their Complaint in this action on September 5, 2007 alleging breach of contract and breach of the implied covenant of good faith and fair dealing against Stonebridge. Stonebridge filed its Answer on October 29, 2007.

3.      On October 30, 2007, this Court issued a Notice and Order for Early Neutral Evaluation Conference (the "ENE Order") setting the ENE Conference for December 3, 2007 at 2:00 p.m. in Courtroom C. A true and correct copy of the ENE Order is attached as **Exhibit A**.

4.      On November 6, 2007, Stonebridge filed a motion to transfer venue to the Northern District of California on convenience grounds. The motion is based, among other things, on the fact that all of the underlying facts arose in the Northern District and all of the necessary third-party witnesses (and one of the Plaintiffs) are located in the Northern District. In contrast, *none* of the participants in this litigation is located in the Southern District, other than Plaintiffs' counsel. The motion is set to be heard by Judge Houston on December 17, 2007, which was the earliest available hearing date.

5.      On November 6, 2007, I spoke with Plaintiffs' counsel, Barbara Casino, by telephone and discussed the fact that Stonebridge had just filed its motion to transfer venue. Ms. Casino advised me that Plaintiffs would oppose

1    Stonebridge's motion to transfer venue. At that time, I also indicated Stonebridge's

2    desire to continue the ENE Conference in light of the pending motion to transfer

3    venue, which was scheduled to be heard after the ENE Conference. Ms. Casino

4    stated that she would review the motion to transfer venue and get back to me, but I

5    heard nothing further.

6        6.    On November 15, 2007, I faxed to Ms. Casino a proposed stipulation

7    to continue the ENE conference. True and correct copies of the proposed

8    stipulation and the fax coversheet are attached as **Exhibit B**.

9        7.    On November 16, 2007, Ms. Casino called to advise me that Plaintiffs

10   *would not* stipulate to continue the ENE conference, primarily for the reason that

11   Plaintiffs expected to defeat the motion to transfer venue. At that time, Ms. Casino

12   and I met and conferred on the issue but were unable to reach an agreement.

13       8.    After consulting with the Court, I again contacted Ms. Casino by

14   telephone on November 16, 2007 to provide formal notice of this *ex parte*

15   application. Ms. Casino advised that Plaintiffs would oppose this *ex parte*

16   application. Also on November 16, 2007, I sent a letter to Ms. Casino providing

17   written notice of this *ex parte* application. A true and correct copy of that letter is

18   attached as **Exhibit C**.

19       9.    In addition, on November 16, 2007, the Stonebridge representative

20   responsible for this litigation—who is based in Baltimore, Maryland—contacted me

21   and advised that a scheduling issue had arisen with regard to the December 3, 2007

22   date. The Stonebridge representative will not be available in person or by

23   telephone on December 3, 2007 due to a court-ordered hearing in another matter

24   pending in Minnesota. As the person responsible for this litigation, the Stonebridge

25   representative is the only person with both knowledge of this litigation and

26   "unfettered discretion and authority" to explore settlement options as required by

27   the Court's ENE Order. During my telephone conversations with Ms. Casino on

28   November 16, 2007, I informed her of this scheduling conflict, but Plaintiffs would

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41178355.1                                    6

DECLARATION OF JOSEPH E. LASKA ISO *EX PARTE* APPLICATION TO CONTINUE ENE CONFERENCE

1   not change their position.

2       I declare under penalty of perjury under the laws of the United States of

3   America that the foregoing is true and correct, and that this declaration was

4   executed by me on November 19, 2007 in Los Angeles, California.

5

6   _____

7                         Joseph E. Laska

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41178355.1                                    7

DECLARATION OF JOSEPH E. LASKA ISO *EX PARTE* APPLICATION TO CONTINUE ENE CONFERENCE

**EXHIBIT A**

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   TERRI SMITH and MICHELLE SMITH  )   Case No. 07cv1747 JAH (WMc)
     FREGOSO,                        )
12                                   )   **NOTICE AND ORDER FOR EARLY**
                      Plaintiff,     )   **NEUTRAL EVALUATION CONFERENCE**
13                                   )
     v.                              )
14                                   )
     STONEBRIDGE LIFE INSURANCE      )
15   COMPANY,                        )
                                     )
16                    Defendants.    )

17   ─────────────────────────────────

18

19        **IT IS HEREBY ORDERED** that an Early Neutral Evaluation of your

20   case will be held on <u>**December 3, 2007**</u> at <u>**2:00 p.m.**</u> in the chambers

21   of the Honorable William McCurine, Jr., United States Magistrate

22   Judge, 940 Front Street, Courtroom C, San Diego, California, 92101.

23   **Absent extraordinary circumstances, requests for continuances will**

24   **not be considered *unless* submitted in *writing* no less than fourteen**

25   **(14) days prior to the scheduled conference.**

26        Pursuant to Local Rule 16.1(c) of the Local Rules of the

27   United States District Court for the Southern District of

28   California, **all named parties, all counsel, and any other person(s)**

1   whose authority is required to negotiate and enter into settlement
2   shall appear in person at the conference, shall be prepared to
3   discuss the claims and defenses, and shall be legally and factually
4   prepared to discuss and resolve the case at the Early Neutral
5   Evaluation conference. **Full authority to settle means that the**
6   **individual present at the settlement conference has the unfettered**
7   **discretion and authority to: 1) fully explore settlement options**
8   **and to agree at that time to any settlement options; 2) agree at**
9   **that time to any settlement terms acceptable to the parties; 3)**
10  **change the settlement position of a party; and 4) negotiate**
11  **monetary awards without being restricted to a specific sum certain**.
12      Where the suit involves the United States or one of its
13  agencies, only United States counsel with full settlement authority
14  need appear. As to all other parties, appearance by litigation
15  counsel only is *not* acceptable.
16      Requests to be excused from attendance for **extraordinary**
17  **circumstances** must be in writing and received by the Court at least
18  **fourteen (14) days** prior to the conference. **Failure of required**
19  **counsel and parties to appear in person will be cause for the**
20  **imposition of sanctions**. Sanctions will include, but are not
21  limited to, the attorney's fees and travel costs of the other
22  parties in the case. In addition, the conference will not proceed
23  and will be reset to another date. All conference discussions will
24  be informal, off the record, privileged, and confidential.
25      Counsel for any non-English speaking parties is responsible
26  for arranging for the appearance of an interpreter at the
27  conference.
28      In cases where a party is **incarcerated** at the time of the

07cv1747 JAH (WMc)

1  scheduled  conference,  arrangements  will  be  made  for  the
2  incarcerated party to appear telephonically.

3      The  parties  are  required  to  submit  a  short  Early  Neutral
4  Evaluation Conference Statement about the case on a confidential
5  basis no later than **seven (7) days** before the conference.

6      Rule 26 of the Federal Rules of Civil Procedure shall apply to
7  this case.   All  discovery  shall  be  stayed  until  after  the  Rule
8  26(f) conference, unless otherwise permitted by Rule 26(f) or court
9  order.

10     In  the  event  the  case  does  not  settle  at  the  Early  Neutral
11 Evaluation  Conference,  the  parties  shall  also  be  prepared  to
12 discuss the following matters at the conclusion of the conference:

13     1.    Any  anticipated  objections  under  Federal  Rule  of  Civil
14 Procedure  26(a)(1)(E)  to  the  initial  disclosure  provisions  of
15 Federal Rule of Civil Procedure 26(a)(1)(A-D);

16     2.    The  scheduling  of  the  Federal  Rule  of  Civil  Procedure
17 26(f) conference;

18     3.    The date of initial disclosure and the date for lodging
19 the discovery plan following the Rule 26(f) conference; and

20     4.    The scheduling of a Case Management Conference pursuant
21 to Federal Rule of Civil Procedure 16(b).

22     Plaintiff's  counsel  shall  give  written  notice  of  the  Early
23 Neutral  Evaluation  Conference  to  parties  responding  to  the
24 complaint after October 30, 2007.

25 ///

26 ///

27 ///

28 ///

07cv1747 JAH (WMc)

1      Questions regarding this case may be directed to the

2   Magistrate Judge's law clerk at (619) 557-6624.

3      **IT IS SO ORDERED.**

4   DATED:  October 30, 2007

5

6                                  Hon. William McCurine, Jr.
                                   U.S. Magistrate Judge
7                                  United States District Court

8   COPY TO:

9   HONORABLE JOHN A. HOUSTON, U.S. DISTRICT JUDGE

10  ALL PARTIES AND COUNSEL OF RECORD

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cv1747 JAH (WMc)

1   ### NOTICE OF RIGHT TO CONSENT TO TRIAL
2   ### BEFORE A UNITED STATES MAGISTRATE JUDGE

3          IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §

4   636(c), YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE JUDGE OF

5   THIS DISTRICT MAY, UPON THE CONSENT OF ALL PARTIES, ON FORM 1A

6   AVAILABLE IN THE CLERK'S OFFICE, CONDUCT ANY OR ALL PROCEEDINGS,

7   INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A

8   FINAL JUDGMENT.  COUNSEL FOR THE PLAINTIFF SHALL BE RESPONSIBLE

9   FOR OBTAINING THE CONSENT OF ALL PARTIES, SHOULD THEY DESIRE TO

10  CONSENT.

11          YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR

12  NOT TO CONSENT IS ENTIRELY VOLUNTARY AND SHOULD BE COMMUNICATED

13  SOLELY TO THE CLERK OF COURT.  ONLY IF ALL PARTIES CONSENT WILL

14  THE JUDGE OR MAGISTRATE JUDGE TO WHOM THE CASE HAS BEEN ASSIGNED

15  BE INFORMED OF YOUR DECISION.

16          JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE

17  APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS

18  STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.

19
20
21
22
23
24
25
26
27
28

07cv1747 JAH (WMc)

**EXHIBIT  B**



**manatt**

manatt | phelps | phillips

**Fax Transmission**

Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard, Los Angeles, California 90064-1614
Telephone: 310.312.4000 Fax: 310.312.4224

24222-049

Client\Matter: 08888-002          Time in:                              NOV 15 PM 8:17
                                                                        #302

                                   Fax Number:            Confirmation Number:

To:      Barbara Casino            (619) 233-3796         (619) 233-3794

From:    Joseph E. Laska

Date:    November 15, 2007

Pages including cover:

If you do not receive all of the pages please call (310) 312-4203 as soon as possible. Thank you.

Sender's Comments:     **Barbara,**

**On November 6, 2007, we discussed the fact that Stonebridge had just filed its motion to transfer venue, scheduled to be heard on December 17. I advised that Stonebridge wanted to continue the Early Neutral Evaluation, unilaterally scheduled by the court for December 3, until after the Court ruled on our motion to transfer venue. You said that you would review our motion and get back to us, but I have not heard anything further.**

**To move the process along, we have prepared a joint stipulation to continue the ENE. Per the court's order, any request to continue the ENE (including, presumably, this joint stipulation) must be filed by Monday, November 19. For that reason, please let me know ASAP if you will agree to the stipulation. If so, please return the executed signature page to me by email or fax, and we will take care of filing it. If not, we intend to move *ex parte* to continue the ENE.**

**Regards,**

**Joe**

**CONFIDENTIALITY NOTICE:** This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. postal service. Thank you.

Operator Use Only

Operator's Name    *CR*        Comments:    *CR*        MACHINE CONFIRMED NOV 15 PM 8:13

Total Pages:            5          Time transmission completed:        a.m.
                                   p.m.

1  MANATT, PHELPS & PHILLIPS, LLP
   MARGARET LEVY (Bar No. 66585)
2  JOSEPH E. LASKA (Bar No. 221055)
   11355 West Olympic Boulevard
3  Los Angeles, California 90064
   Telephone: (310) 312-4000
4  Facsimile: (310) 312-4224
   Email: mlevy@manatt.com and jlaska@manatt.com
5
   *Attorneys for Defendant*
6  STONEBRIDGE LIFE INSURANCE COMPANY

7  STENNETT/CASINO
   JOHN P. STENNETT (Bar No. 72815)
8  BARBARA A. CASINO (Bar No. 91952)
   501 West Broadway, Suite 1340
9  San Diego, California 92101
   Telephone: (619) 544-6404
10 Facsimile: (619) 234-7082

11 *Attorneys for Plaintiffs*
   TERRI SMITH and MICHELE SMITH FREGOSO
12

13              UNITED STATES DISTRICT COURT

14        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15

| 16 | TERRI SMITH and MICHELE SMITH FREGOSO, | Case No. 07CV1747 JAH (WMC) |
|----|---|---|
| 17 | | Mag. Judge William McCurine, Jr. |
| 18 | Plaintiffs, | STIPULATION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE |
| 19 | vs. | |
| 20 | STONEBRIDGE LIFE INSURANCE COMPANY, | [Proposed Order Lodged Separately With Department Clerk] |
| 21 | Defendant. | Action Filed:   September 5, 2007 |
| 22 | | |

23

24

25

26

27

28

1    Plaintiffs Terri Smith and Michele Smith Fregoso ("Plaintiffs") and

2    Defendant Stonebridge Life Insurance Company ("Stonebridge"), through their

3    respective counsel, enter into the following stipulation and request that the Court

4    enter the attached order:

5    1.    Plaintiffs filed their Complaint in this action on September 5, 2007.

6    Stonebridge filed its Answer on October 29, 2007.

7    2.    On October 30, 2007, this Court issued an order setting an Early

8    Neutral Evaluation Conference for December 3, 2007 at 2:00 p.m. in Courtroom C.

9    3.    On November 6, 2007, Stonebridge filed a motion to transfer venue to

10   the Northern District of California on convenience grounds.  The motion is set to be

11   heard by District Judge John A. Houston on December 17, 2007 at 2:30 p.m., which

12   was the earliest available hearing date and time.

13   4.    Plaintiffs intend to oppose Stonebridge's motion to transfer venue.

14   5.    The parties jointly request that this Court continue the December 3,

15   2007 Early Neutral Evaluation Conference until *after* the Court rules on

16   Stonebridge's motion to transfer venue.  In light of the December 17, 2007 hearing

17   date and the late-December holidays, the parties respectfully request that the

18   Conference be rescheduled for no earlier than late-January 2008.

19   Dated: November ___, 2007          MANATT, PHELPS & PHILLIPS, LLP

20

21                                     By: _____

22                                          Joseph E. Laska
                                            *Attorneys for Defendant*
23                                          STONEBRIDGE LIFE INSURANCE
                                            COMPANY

24   Dated: November ___, 2007          STENNETT/CASINO

25

26                                     By: _____

27                                          Barbara A. Casino
                                            *Attorneys for Plaintiffs*
28                                          TERRI SMITH AND MICHELE
                                            SMITH FREGOSO

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41174853.1                              15

STIPULATION TO CONTINUE ENE CONFERENCE

1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11   TERRI SMITH and MICHELE          Case No. 07CV1747 JAH (WMC)
     SMITH FREGOSO,
12                                     Mag. Judge William McCurine, Jr.
                  Plaintiffs,
13                                     [PROPOSED] ORDER CONTINUING
         vs.                           EARLY NEUTRAL EVALUATION
14                                     CONFERENCE
     STONEBRIDGE LIFE
15   INSURANCE COMPANY,                Action Filed:   September 5, 2007

16                Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

41174876.1                    16

1

<u>ORDER</u>

2      The Court approves the parties' stipulation and orders that the Early Neutral

3   Evaluation Conference, previously scheduled for December 3, 2007, be continued

4   to _____, 2007 at _____.

5      IT IS SO ORDERED.

6

7   Dated: _____

                             _____

8

                             United States Magistrate Judge

9

10   Respectfully submitted by:

11   MANATT, PHELPS & PHILLIPS, LLP
      MARGARET LEVY (Bar No. 66585)
      JOSEPH E. LASKA (Bar No. 221055)

12   11355 West Olympic Boulevard
      Los Angeles, California  90064

13   Telephone:  (310) 312-4000
      Facsimile:  (310) 312-4224

14   Email: mlevy@manatt.com and jlaska@manatt.com

15   *Attorneys for Defendant*
      STONEBRIDGE LIFE INSURANCE COMPANY

16

17   STENNETT/CASINO
      JOHN P. STENNETT (Bar No. 72815)
      BARBARA A. CASINO (Bar No. 91952)

18   501 West Broadway, Suite 1340
      San Diego, California  92101

19   Telephone:  (619) 544-6404
      Facsimile:  (619) 234-7082

20

21   *Attorneys for Plaintiffs*
      TERRI SMITH and MICHELE SMITH FREGOSO

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41174876.1

17

[PROPOSED] ORDER CONTINUING ENE CONFERENCE

** JOB STATUS REPORT

AS OF   NOV 15  07  3:19 PM  PAGE 01

MP&P, LLP#2

JOB #186

| DATE | TIME | TO/FROM | MODE | MIN/SEC | PGS | STATUS |
|------|------|---------|------|---------|-----|--------|
| 001  11/15 | 3:18P | 16192333796 | EC--S | 00 36" | 005 | OK L1 |



**Fax Transmission**

Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard, Los Angeles, California 90064-1614
Telephone: 310.312.4000 Fax: 310.312.4224

NOV 15  3:17

#302

Client\Matter: 08888-002

Time In:

Fax Number:                    Confirmation Number:

To:       Barbara Casino        (619) 233-3796        (619) 233-3794

From:     Joseph E. Laska

Date:     November 15, 2007

Pages Including cover:

If you do not receive all of the pages please call (310) 312-4203 as soon as possible. Thank you.

Sender's Comments:     **Barbara,**

**On November 6, 2007, we discussed the fact that Stonebridge had just filed its motion to transfer venue, scheduled to be heard on December 17. I advised that Stonebridge wanted to continue the Early Neutral Evaluation, unilaterally scheduled by the court for December 3, until after the Court ruled on our motion to transfer venue. You said that you would review our motion and get back to us, but I have not heard anything further.**

**To move the process along, we have prepared a joint stipulation to continue the ENE. Per the court's order, any request to continue the ENE (including, presumably, this joint stipulation) must be filed by Monday, November 19. For that reason, please let me know ASAP if you will agree to the stipulation. If so, please return the executed signature page to me by email or fax, and we will take care of filing it. If not, we intend to move *ex parte* to continue the ENE.**

**Regards,**

**Joe**

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. postal service. Thank you.

Operator Use Only

| Operator's Name | Comments: | |
|---|---|---|
| Total Pages: | Time transmission completed: | a.m.  p.m. |

**EXHIBIT C**



**manatt**

manatt | phelps | phillips

# Fax Transmission

Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard, Los Angeles, California 90064-1614
Telephone: 310.312.4000  Fax: 310.312.4224

*o //*

| | | | |
|---|---|---|---|
| Client\Matter: 24222-079 | | Time in: | NOV 16 AM 11:30 |
| | | Fax Number: | Confirmation Number: |
| To: | Barbara Casino | (619) 233-3796 | (619) 233-3794 |
| From: | Joseph E. Laska | | |
| Date: | November 16, 2007 | | |
| Pages including cover: | | | |

If you do not receive all of the pages please call (310) 312-4203 as soon as possible. Thank you.

Sender's Comments:

**CONFIDENTIALITY NOTICE:** This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. postal service. Thank you.

| Operator Use Only | | | |
|---|---|---|---|
| | Operator's Name | Comments: | MACHINE CONFIRMED |
| | Total Pages: | Time transmission completed: | a.m. NOV 16 AM 11:34 |
| | | p.m. | |



**manatt**

manatt | phelps | phillips

**Joseph E. Laska**
Manatt, Phelps & Phillips, LLP
Direct Dial: (310) 312-4352
E-mail: jlaska@manatt.com

November 16, 2007

Client-Matter: 24222-079

**VIA FACSIMILE TO (619) 233-3796**

Barbara A. Casino, Esq.
Stennett/Casino Attorneys at Law
Koll Center
501 West Broadway, Suite 1340
San Diego, California 92101

Re:    *Smith, et al. v. Stonebridge Life Ins. Co.,*
       **S.D. Cal. Case No. 07-cv-1747 JAH (WMCx)**

Dear Barbara:

This letter provides notice that on Monday, November 19, 2007, Stonebridge will file an *ex parte* application to continue the December 3, 2007 Early Neutral Evaluation ("ENE") Conference until after Judge Houston rules on Stonebridge's motion to transfer venue, currently set to be heard on December 17, 2007. In the alternative, Stonebridge will request that the Court continue the ENE Conference to a date other than December 3, 2007 in light of our client's unavailability on that date. I understand that you will oppose this *ex parte* application, but please let me know right away if that is not correct.

I continue to believe that this scheduling issue should be resolved by stipulation, not by expensive *ex parte* motion practice. Please don't hesitate to contact me if you believe that we can work out a solution to this dispute.

Very truly yours,

Joseph E. Laska
Manatt, Phelps & Phillips, LLP

41178379.1

11355 West Olympic Boulevard, Los Angeles, California 90064-1614  Telephone: 310.312.4000  Fax: 310.312.4224
Albany | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington, D.C.

MP&P, LLP#3

JOB #639

| | DATE | TIME | TO/FROM | MODE | MIN/SEC | PGS | STATUS |
|---|---|---|---|---|---|---|---|
| 001 | 11/16 | 11:32A | 16192333796 | EC--S | 00' 14" | 002 | OK  L1 |



**Fax Transmission**

Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard, Los Angeles, California 90064-1614
Telephone: 310.312.4000  Fax: 310.312.4224

Client\Matter: 24222-079

Time in:

Fax Number:           Confirmation Number:

| | | | |
|---|---|---|---|
| To: | Barbara Casino | (619) 233-3796 | (619) 233-3794 |
| From: | Joseph E. Laska | | |
| Date: | November 16, 2007 | | |
| Pages including cover: | | | |

If you do not receive all of the pages please call (310) 312-4203 as soon as possible. Thank you.

Sender's Comments:

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. postal service. Thank you.

Operator Use Only

| Operator's Name | | Comments: | |
|---|---|---|---|
| Total Pages: | | Time transmission completed: p.m. | a.m. |

21

1

# PROOF OF SERVICE

2

I, Nancy Tokuda, declare:

3

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On November 19, 2007, I served a copy of the within document(s):

4

5

**_EX PARTE_ APPLICATION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE UNTIL AFTER RULING ON MOTION TO TRANSFER VENUE OR, IN THE ALTERNATIVE, TO A MUTUALLY CONVENIENT DATE; DECLARATION OF JOSEPH E. LASKA IN SUPPORT**

6

7

8    ☒    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

9

10   ☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

11

12   ☒    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

13

14   ☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

15

16   Stennett/Casino
John P. Stennett, Esq.

17   Barbara A. Casino, Esq.
501 W. Broadway, Suite 1340

18   San Diego, CA 92101
Fax: (619) 233-3796

19

I am readily familiar with the firm's practice of collection and processing correspondence

20   for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

21   motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

22

I declare that I am employed in the office of a member of the bar of this court at whose

23   direction the service was made.

24   Executed on November 19, 2007, at Los Angeles, California.

25

26   _____
                                    Nancy Tokuda

27

28

41178784.1

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   TERRI SMITH and MICHELLE SMITH  )   Case No. 07cv1747 JAH (WMc)
     FREGOSO,                        )
12                                   )   **ORDER GRANTING *EX PARTE***
                       Plaintiff,    )   ***APPLICATION* TO CONTINUE EARLY**
13                                   )   **NEUTRAL EVALUATION CONFERENCE**
     v.                              )
14                                   )
     STONEBRIDGE LIFE INSURANCE      )
15   COMPANY,                        )
                                     )
16                     Defendants.   )

17   _____

18

19        The Court has received Defendant's *Ex Parte* Application to

20   Continue the Early Neutral Evaluation Conference in this matter.

21   [Doc. No. 11.] Plaintiff has filed no response.  Given the

22   unavailability of Defendants' out-of-town representative and the

23   pending motion for change of venue [Doc. No. 10], which is not

24   scheduled to be heard by the District Judge until after the

25   December 3, 2007 Early Neutral Evaluation Conference, the Court

26   finds Defendant has met its burden of demonstrating good cause to

27   continue the proceedings.

28        To assist in the reduction of expense as well as efficient

scheduling by the appropriate court, this Court **CONTINUES** the December 3, 2007 ENE pending further order of the Court. Local Civil Rule 16.1.1.

Counsel for Defendants is ordered to inform Judge McCurine's chambers in writing **no later than December 24, 2007** of the District Court's decision regarding the venue motion. Counsel for Defendants may fax notification to Judge McCurine at (619) 702-9972 or via email at efile_mccurine@casd.uscourts.gov. Opposing counsel shall be copied on the notification.

**IT IS SO ORDERED.**

DATED: November 26, 2007

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

COPY TO:

HONORABLE JOHN A. HOUSTON, U.S. DISTRICT JUDGE

ALL PARTIES AND COUNSEL OF RECORD

07cv1747 JAH (WMc)

STENNETT/CASINO
BARBARA A. CASINO; 091952
JOHN P. STENNETT; 72815
501 West Broadway, Suite 1340
San Diego, CA 92101
(619) 544-6404
(619) 233-3796 Fax

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI SMITH and MICHELE SMITH FREGOSO,<br><br>Plaintiffs,<br><br>vs.<br><br>STONEBRIDGE LIFE INSURANCE COMPANY,<br><br>Defendant | CASE NO. 07CV1747 JAH (WMCx)<br><br>Hon. John A. Houston<br><br>**EX PARTE APPLICATION TO RECONSIDER THE ORDER OF THE COURT TO CONTINUE THE EARLY NEUTRAL EVALUATION CONFERENCE** |

## EX PARTE APPLICATION REQUEST FOR RELIEF

Plaintiffs request that this court reconsider its order dated November 26, 2007 to continue the Early Neutral Evaluation Conference.

This motion is made on the papers filed herewith and the declaration of attorney Barbara A. Casino declaring that defendant's counsel, Joseph Laska, after having been advised that plaintiffs would be opposing his ex parte request for continuance of the Early Neutral Evaluation Conference, advised plaintiffs' counsel that the Court would contact counsel and set a date by which plaintiffs' opposition needed to be filed. No date having been set it is for this reason plaintiffs' opposition papers were not filed and plaintiffs' request ex parte that the Court's order be reconsidered.

DATED: <u>November 26, 2007</u>                     <u>    /s/ Barbara A. Casino    </u>
                                                                        BARBARA A. CASINO, Attorney

1   STENNETT/CASINO
    BARBARA A. CASINO; 091952
2   JOHN P. STENNETT; 72815
3   501 West Broadway, Suite 1340
    San Diego, CA 92101
4   (619) 544-6404
    (619) 233-3796 Fax
5
6   Attorneys for Plaintiffs

7

8   **UNITED STATES DISTRICT COURT**

9   **SOUTHERN DISTRICT OF CALIFORNIA**

10  TERRI SMITH and MICHELE SMITH          CASE NO. 07CV1747 JAH (WMCx)
    FREGOSO,
11                                          Hon. John A. Houston

12              Plaintiffs,                 **DECLARATION OF BARBARA A.
                                            CASINO IN SUPPORT OF PLAINTIFFS'
13                                          MOTION TO RECONSIDER EX PARTE
                                            ORDER**
14              vs.

15  STONEBRIDGE LIFE INSURANCE
    COMPANY,
16
17              Defendant

18

19          I, BARBARA A. CASINO declare:

20          I am an attorney at law licensed in all courts in the State of California and Southern

21  District of California.  I am a principal in the Law Firm Stennett/Casino.  I have personal

22  knowledge of the facts set forth below and if called upon to testify under oath in this matter,

23  I could and would testify to the following:

24          1.      On November 16, 2007 I was advised by defense counsel, that an ex parte

25  motion to continue the Early Neutral Evaluation Conference would be filed by defendant on

26  November 19, 2007.  On that date I advised Joseph Laska, defendant's counsel that I would

27  be filing a written opposition to the motion.

28  ///

1    2.    On November 19, 2007, I was again contacted by attorney Joseph Laska and

2  advised that the motion was filed and the court would contact me and advise when my

3  opposition papers needed to be filed.

4    3.    It was represented to me by Joseph Laska that the court would schedule a

5  date which would be 1-3 days out to file my opposition.

6    4.    I prepared my opposition and was to file it with the Court today when I

7  received the Court's Order.

8    I declare under penalty of perjury the forgoing is true and correct.

9    Executed <u>26</u> of November 2007 at San Diego, California.

10

11    <u>  /s/  Barbara A. Casino  </u>
          BARBARA A. CASINO
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1  STENNETT/CASINO
2  BARBARA A. CASINO; 091952
   JOHN P. STENNETT; 72815
3  501 West Broadway, Suite 1340
   San Diego, CA 92101
4  (619) 544-6404
   (619) 233-3796 Fax
5
6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10 TERRI SMITH and MICHELE SMITH        CASE NO. 07CV1747 JAH (WMCx)
   FREGOSO,
11                                      Hon. John A. Houston

12          Plaintiffs,                 **PLAINTIFFS' OPPOSITION TO
                                        DEFENDANT'S EX PARTE
13                                      APPLICATION TO CONTINUE EARLY
                                        NEUTRAL EVALUATION
14          vs.                         CONFERENCE**

15 STONEBRIDGE LIFE INSURANCE
   COMPANY,
16
17          Defendant

18

19              I.     **INTRODUCTION**

20         This action arises out of a claim for benefits under an accidental death policy issued

21 by defendant to decedent Diane Geraldine Hall-Hussain.  Plaintiffs' complaint sets forth

22 causes of action for breach of contract and bad faith.

23         In order to receive benefits under the contract cause of action plaintiffs must prove

24 certain facts which in this case are undisputed.  What is at issue here is the wording of the

25 exclusions in the insurance contract which plaintiffs contend is contrary to California law.

26 Specifically, plaintiffs contend that the language contained in defendant's accidental death

27 policy is broader than that allowed by California Insurance Statute and as such, must be

28 rewritten to conform to California law.

## II.    DEFENDANT ARGUES TWO REASONS TO DELAY THE ENE CONFERENCE

The first argument defendant makes to support its request to delay the Early Neutral Evaluation conference is that the defendant's motion to transfer venue should be heard first. On its face defendant's request seems reasonable however, plaintiffs argue that the motion to transfer venue is without merit, is forum shopping and is meant to delay and harass plaintiffs. Plaintiffs believe that they will be able to defeat the motion and therefore, request that the Early Neutral Evaluation conference remain as calendared.

The second argument defendant makes is the unavailability of "a person" whom the defendant alleges is the only one in defendant's corporation who has authority and sole responsibility for this matter. Plaintiffs contend that this argument is spurious and is being made to delay resolution of this case. Additionally, the argument is unsupported by an admissible declaration from "this alleged indispensable person."

## III.    DEFENDANT'S MOTION TO TRANSFER VENUE IS MERITLESS AND NOT FOR THE CONVENIENCE OF WITNESSES

In order to receive benefits under an accidental death policy plaintiff must prove the following facts:

1.  the policy was in force at the time of death,

2.  the death occurred, and

3.  the death was a result of an accident.

Defendant has not disputed these three facts. On page 1 paragraph 5 lines 18-22 of defendant's answer to plaintiffs' complaint defendant, STONEBRIDGE admits that the accidental death policy with a death benefit of $50,000 was in full force and effect at the time of the death. On page 1 paragraph 6 lines 24-25 of defendant's answer defendant also admits that the insured died on April 9, 2007. The official death certificate and coroner's investigative report of the death lists the sole cause of death as an accidental overdose of Oxycodone which was prescribed by the decedent's physician. Defendant never disputed

1  this conclusion and never alleged that plaintiff committed suicide or that the death was the

2  result if anything but an accident.

3         The only issues remaining to litigate under the contract cause of action are the two

4  exclusions upon which defendant, STONEBRIDGE relied to deny the claim.  Defendant

5  claims these exclusions are valid and conform to California law.  Plaintiff claims that these

6  exclusions are broader than that allowed under California law and as such must be rewritten

7  to conform to California statue.  Clearly these are issues of law and will be decided in a

8  summary judgment motion.

9

10  **IV.    DEFENDANT'S MOTION TO CHANGE VENUE IS FORUM SHOPPING**

11         Early on in the claim handling and litigation plaintiffs provided defendant with

12  "Findings of Fact and Conclusions of Law" issued by Judge Sabraw following a bench trial.

13  The same issue (the same policy language and application of California statute) was

14  litigated by this firm and the court found that the defendant's accidental death policy

15  language was more restrictive that that allowed under California Insurance Code Section

16  10369.12.  The Court therefore, required the contract to be rewritten to conform to

17  California law.  Since defendant was made aware that the Southern District of California

18  has already ruled on this exact issue defendant has filed its motion to transfer venue to a

19  forum, which defendant hopes will be more favorable.

20         **a) THERE IS NO DISTRICT COURT IN EUREKA TO HEAR CIVIL**

21                **CASES**

22         Eureka civil cases are handled by the Northern District Courts in San Francisco and

23  Oakland.  Therefore, the defendant's motion to transfer to Eureka for the convenience of

24  witnesses who live in Eureka is a sham argument since the case will be transferred to the

25  San Francisco or Oakland District Courts.  Eureka is approximately 275 miles from San

26  Francisco and Oakland with an average driving time of 5+ hours.  Even if witnesses were

27  necessary (which plaintiffs still contend is not the case) there is no convenience to them to

28

1    have to travel 5+ hours to get to San Francisco.  Therefore, defendant's argument for change

2    of venue based upon convenience of witnesses must fail.

3

4            **V.    STONEBRIDGE REPRESENTATIVE UNAVAILABLE**

5            At no time prior to the filing of this ex parte motion to continue the ENE Conference

6    had defendant made a request to continue the conference based upon the unavailability of

7    "the only person" in defendant's corporation "who has knowledge of the litigation and

8    unfettered discretion and authority to explore settlement options as required by the Court's

9    ENE order."  This person is so indispensable that her name is omitted.  This person, who is

10   so indispensable has not provided this court with a declaration stating why she is neither

11   able to attend the conference in person or by telephone.  The ENE conference is set for 2

12   p.m. pacific standard time which would be 4 p.m. central standard time in Minnesota.

13   What, where, and when is this alleged court ordered hearing in another unnamed matter

14   pending in Minnesota?   When was defendant's attorney advised this person was

15   unavailable?

16           Again it is plaintiffs' position this is another stall tactic to get the ENE conference

17   continued and delay this case further.  At defendant's request this case was already delayed

18   30 days to allow defendant to file its answer.   The plaintiff, MICHELLE SMITH

19   FREGOSO has already purchased her plane ticket to come to San Diego for the conference.

20   The briefing schedule for the ENE Conference required confidential briefs be filed.  As

21   required by the Court's order the plaintiff has already filed plaintiffs' brief.  If the court

22   continued the ENE conference until after the hearing on the motion to transfer, the

23   conference will most probably be delayed until after January 1, 2008.  This is patently

24   unfair to plaintiffs and plaintiffs' rights to have the case timely adjudicated.  Pursuant to the

25   ENE conference order a person will be excused from attendance for extraordinary

26   circumstances.   Defendant fails to show by admissible declarations that extraordinary

27   circumstances exist to excuse a person with authority from attending the conference.

28   ///

1

## VI.    <u>CONCLUSION</u>

2          Based on all the above arguments plaintiffs request that defendant's ex parte motion

3    to Delay the ENE conference be denied and that the conference be held as previously

4    scheduled.

5

6

7    DATED: November 26, 2007                    __/s/ Barbara A. Casino_____

8                                               BARBARA A. CASINO, Attorney for
                                                Plaintiffs, TERRI SMITH and
9                                               MICHELLE SMITH FREGOSO

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BARBARA A. CASINO**     (SB#091952)
Attorney at Law
501 West Broadway, Suite 1340
San Diego, CA 92101
(619)233-3794

<u>Terri Smith and Michelle Smith Fregoso v. Stonebridge Life Insurance Company</u>

CASE NO.     07CV1747 JAH (WMCx)

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California.  I am over the age of 18 years, and not a party to the action; my business address is 501 West Broadway, Suite 1340, San Diego, California 92101.

On November 26, 2007, I served the foregoing document(s) described as:

1.     Ex Parte Application to Reconsider the Order of the Court to Continue the Early Neutral Evaluation Conference;

2.     Declaration of Barbara A. Casino in Support of Plaintiffs' Motion to Reconsider Ex Parte Order; and

3.     Plaintiffs' Opposition to Defendant's Ex Parte Application to Continue Early Neutral Evaluation Conference

on all interested parties, through their respective attorneys of record in this action, as follows:

MANATT, PHELPS & PHILLIPS, LLP          Attorneys for Defendant
Margaret Levy                                        Stonebridge Life Insurance Company
Joseph E. Laska
11355 West Olympic Boulevard
Los Angeles, CA 90064
Tel: (310) 312-4000
Fax: (310) 312-4224
Email: mlevy@manatt.com and jlaska@manatt.com

[X]     **BY ELECTRONIC FILING AND SERVICE VIA CM/ECF:** I transmitted a true copy of the above-entitled document(s) to CM/ECF on October 18, 2007.  I caused all of the above-entitled document(s) to be sent to the recipients noted via CM/ECF e-service at the recipients' office.  The file transmission was reported as complete and a copy of the CM/ECF Filing Receipt page will be maintained with the original document(s) in our office.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 26, 2007, at San Diego, California.

   /s/  Barbara A. Casino
Barbara A. Casino
bcasino@stennettcasino.com

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   TERRI SMITH and MICHELLE SMITH )   Case No. 07cv1747 JAH (WMc)
     FREGOSO,                       )
12                                  )   **ORDER RE: EARLY NEUTRAL**
                        Plaintiff,  )   **EVALUATION CONFERENCE [Doc.**
13                                  )   **Nos. 11 and 13]**
     v.                             )
14                                  )
     STONEBRIDGE LIFE INSURANCE     )
15   COMPANY,                       )
                                    )
16                      Defendants. )
17   _____

18

19       The Court has received Plaintiff's *Ex Parte* Motion for

20   Reconsideration of the Order of the Court to Continue Early Neutral

21   Evaluation Conference in this matter.  [Doc. No. 13.]  Pursuant to

22   Local Civil Rule 7.1 (d)(1), the Court finds Plaintiff's Ex Parte

23   Motion **suitable for decision without oral argument or further**

24   **briefing from either party**.  Accordingly, the Court holds that it

25   will conduct a **telephonic** Early Neutral Evaluation Conference on

26   **December 3, 2007 at 2:00 p.m.**

27       **Plaintiff's attorney** is ordered to arrange a conference call

28   between the parties, opposing counsel, a company representative and

the Court on the day and at the time indicated above.  The contact

number for the Court is (619) 557-6624.  No appearances shall be

made.

　　　Questions regarding this case may be directed to Judge

McCurine's law clerk at (619) 557-6624.

　　　**Failure of any counsel or party to comply with this Order will
result in the imposition of sanctions.**

　　　**IT IS SO ORDERED.**

DATED: November 27, 2007

_____

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

COPY TO:

HONORABLE JOHN A. HOUSTON, U.S. DISTRICT JUDGE

ALL PARTIES AND COUNSEL OF RECORD

07cv1747 JAH (WMc)

1  STENNETT/CASINO
   BARBARA A. CASINO; 091952
2  JOHN P. STENNETT; 72815
   501 West Broadway, Suite 1340
3  San Diego, CA 92101
   (619) 544-6404
4  (619) 233-3796 Fax
5
6  Attorneys for Plaintiffs
7
8              UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  TERRI SMITH and MICHELE SMITH FREGOSO, | CASE NO. 07CV1747 JAH (WMC) |
| 12 | Hon. John A. Houston |
| 13          Plaintiffs, | **PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER VENUE ON CONVENIENCE GROUNDS (28 U.S.C. §1404(a))** |
| 14 | |
| 15          vs. | |
| 16  STONEBRIDGE LIFE INSURANCE COMPANY, | Hearing Date:      December 17, 2007 |
| 17 | Hearing Time:      2:30 p.m. |
| 18          Defendant | Courtroom:          11 |

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1

TABLE OF CONTENTS

2

3  I.      INTRODUCTION ..................................................................................... 5

4  II.     PROCEDURAL CONSIDERATIONS ....................................................... 6

5  III.    JURISDICTION AND VENUE IS PROPER ............................................. 6

6  IV.     STATUTORY GROUNDS FOR CHANGE OF VENUE ........................... 7

7  V.      CONVENIENCE TRANSFERS ............................................................... 7

8  VI.     CONVENIENCE OF THE WITNESSES .................................................. 8

9          a)     The Issues to be Litigated Regarding Benefits are not Factual

10                and do not Require Witnesses ..................................................... 8

11         b)     Admissible Affidavits are Required to Support Motion Based

12                on Convenience of Witnesses .................................................... 11

13         c)     The  Northern District Court in San Francisco or Oakland

14                Handles Civil Actions Involving Eureka ................................... 12

15 VII.    INTEREST OF JUSTICE ...................................................................... 12

16 VIII.       CONCLUSION ................................................................................. 13

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1

TABLE OF AUTHORITIES

2

PAGE

3

**FEDERAL CASES**

4

<u>**United States Supreme Court**</u>

5

*International Shoe Co. v. State of Washington, et al.*

6

    326 U.S. 310, 316 (1945) ................................................................7

7

<u>**Federal District Courts and Circuit Courts of Appeal**</u>

8

*College Craft Co. v. Perry,*

9

    889 F. Supp. 1052, 1054 (N.D. Ill. 1995) ........................................8

10

*E. & J. Gallo Winery v. F. & P. S. p.A.,*

11

    899 F.Supp. 465, 466 (E.D. Cal. 1994) ...........................................8

12

*Gherebi v. Bush,*

13

    352 F.3d 1278, 1304 ........................................................................12

14

*H&V Silver Mine, Inc. v. Cohen,*

15

    1997 U.S. Dist. LEXIS 16041 (N.D. Ill. Oct. 6, 1997) .................13

16

*Heighley v. J.C. Penny Life Insurance Co.,*

17

    257 F. Supp. 2d 1241, 1253 (CD CA 2003) ..................................11

18

*Heller Financial, Inc. v. Midwhey Powder Co.,*

19

    883 F.2d 1286, 1293 (7th Cir. 1989) ..............................................11

20

*Holloway v. J.C. Penny Life Insurance Co.,*

21

    190 F.3d 838 (1999) .......................................................................8,9

22

*Hummel v. Continental Casualty Insurance Company,*

23

    254 F.Supp.2d 1183, 1189 ..............................................................10

24

*Legare v. Canada Life Assurance Co.*

25

    U.S. Dist. Ct. Southern Dist. of California Case #02cv0798 DMS ............10

26

*North Shore Gas Co. v. Salomon, Inc. ,*

27

    896 F. Supp. 786, 791 (N.D. Ill. 1995) ...........................................8

28

*Segil v. Gloria Marshall Management Co.,*

     568 F. Supp. 915 (D. Utah 1983) ............................................................... 12

*TIG Ins., Inc. v. Brightly Galvanized Prods., Inc.,*

     911 F. Supp. 344, 346 (N.D. Ill. 1996)....................................................... 12

*White v. ABCO Engineering Corp.,*

     199 F.3d 140, 143 (3d Cir. 1999) ................................................................. 8

## **CALIFORNIA CASES**

*Brooks v. Metropolitan Life Ins. Co.,*

     27 C 2d 305, 309 (1945)............................................................................. 11

## **FEDERAL STATUTES AND REGULATIONS**

28 U.S.C. §1391(a)........................................................................................... 7

28 U.S.C. §1404(a)..................................................................................... 6,7,8

28 U.S.C. §1406(a)........................................................................................... 7

## **CALIFORNIA STATUTES AND REGULATIONS**

California Insurance Code §10369.1 ................................................................. 9

California Insurance Code §10369.2- 10369.12 ............................................... 9

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.     __INTRODUCTION__

This action arises out of a claim for benefits under an accidental death policy issued by defendant to decedent Diane Geraldine Hall-Hussain.  Ms. Hall-Hussain purchased the accidental death policy over the internet on November 3, 2005, with a $50,000 benefit and listed her two (2) daughters, plaintiffs TERRI SMITH and MICHELLE SMITH FREGOSO as beneficiaries.

On April 9, 2007, while the policy was in full force Ms. Hall-Hussain died as a result of an accidental overdose of Oxycodone.  She was found dead in her apartment, and therefore, a full investigation was done by the County Corner's office.  As part of the investigation a toxicology blood analysis was done which revealed Ms. Hall-Hussain had ingested a potentially toxic amount of Oxycodone.  The corner's office contacted Dr. Chia Chen, the decedent's family physician, and confirmed that she not only had prescribed the Oxycodone but had recently increased the dosage.

On or about April 24, 2007 plaintiff TERRI SMITH submitted to defendant, STONEBRIDGE LIFE INSURANCE COMPANY (hereinafter referred to as STONEBRIDGE) the Proof of Accidental Death- Affidavit of Claimant along with the death certificate.  Shortly thereafter, the corner's report was forwarded to the defendant claims department.

On June 12, 2007, defendant denied plaintiffs' claims based upon two exclusions in the policy that is:

"No benefit shall be paid for injury that:

(3) is caused by or results from the Covered Person's taking or

using any narcotic, barbiturate or any other drug, unless taken or

used as prescribed by a physician; or

(7) is due to disease, bodily or mental infirmity, or medical or

surgical treatment of these."

In response to the denial plaintiffs' retained counsel who informed defendant that based on STONEBRIDGE'S findings, that is, decedent died as a result of an accidental

1  overdose of Oxycodone, there was coverage under the policy and the exclusions as applied

2  by STONEBRIDGE were broader than allowed under the California Insurance Code and

3  were thus void.

4       Plaintiffs chose to have this lawsuit filed in the Southern District of California where

5  jurisdiction and venue are proper.  Once jurisdiction and venue are proper, an order to

6  transfer venue under 28 U.S.C. §1404(a) is discretionary with the court and should only be

7  exercised upon a clear showing of convenience and interests of justice.

8       Contrary to statements made in defendant's moving papers, plaintiffs argue there is

9  no convenience or interest of justice served by transfer in that,

10           1.  Witnesses are not necessary,

11           2.  Legal issues would be handled by summary judgment, applying

12               California Insurance Law,

13           3.  Eureka does not have a District Court that hears civil cases, and

14           4.  Defendant is forum shopping since defendant is aware that the issues of

15               law in this case have already been decided in this District.

16           **II.    <u>PROCEDURAL CONSIDERATIONS</u>**

17       STONEBRIDGE was personally served with plaintiffs' complaint on September 7,

18  2007.  On September 19, 2007, at STONEBRIDGE'S request, a stipulation was signed

19  granting defendant a 30 day extension to October 29, 2007 within which to answer

20  plaintiffs' complaint.  STONEBRIDGE did not raise the issue of venue when it requested

21  the extension. On October 29, 2007 defendant answered the complaint and the issue of

22  venue was not raised in its answer.  On October 30, 2007 the court set the early neutral

23  evaluation conference to be held December 3, 2007.  On November 6, 2007, two months

24  after initially being served and after the Court scheduled the Early Neutral Evaluation

25  Conference, did the defendant by telephone first raise the venue issue.

26           **III.    <u>JURISDICTION AND VENUE IS PROPER</u>**

27       Jurisdiction in this case is founded on complete diversity of citizenship and as such

28  may be brought in...

1      "(3) a judicial district in which any defendant is subject to

2      personal jurisdiction at the time the action is commenced..."

3      28 U.S.C. §1391(a)

4   Here the plaintiffs are residents of Georgia and California and the defendant is a Vermont

5   corporation with its principal place of business in Plano, Texas.   Therefore, there is

6   complete diversity of citizenship.

7      For venue purposes, a corporation resides in all districts in which it is subject to

8   personal jurisdiction, e.g. in every state in which it has minimal contacts.   International

9   Shoe Co. v. State of Washington, et al., 326 U.S. 310, 316 (1945).

10      For federal venue purposes, the corporations "contacts" with the district are

11   determinative i.e. if there are several federal districts in a state, a corporate defendant is

12   deemed to "reside" in any district in which its contacts would subject it to personal

13   jurisdiction.

14      In this case jurisdiction is proper based on complete diversity of citizenship and

15   since defendant transacts business in the County of San Diego, State of California (an

16   admission in defendant's answer, page 1 paragraph 2 lines 25-27) venue would also be

17   proper.

18            **IV.    STATUTORY GROUNDS FOR CHANGE OF VENUE**

19      There are two distinct grounds for change of venue:

20            1.    28 U.S.C. §1406(a) where venue is improper

21            2.    28 U.S.C. §1404(a) where venue is proper, the Court _may_ (emphasis

22   added) transfer to another district "for the convenience of parties and witnesses, in the

23   interest of justice.

24            **V.    CONVENIENCE TRANSFERS**

25      28 U.S.C. §1404(a) provides the Court discretionary authority to transfer an action.

26   However, there are three factors the Court must consider in determining "convenience" and

27   "interest of justice" for the purpose of transfer:

28            1.    convenience of parties,

1        2.      convenience of witnesses, and

2        3.      interest of justice.

These factors are addressed to the inherent discretion of the court and are interpreted broadly to allow the court to consider the particular facts of each case.  E. & J. Gallo Winery v. F. & P. S. p.A., 899 F.Supp. 465, 466 (E.D. Cal. 1994).

Transfer of venue to another district under 28 U.S.C. §1404(a) requires the court to make a specific determination that the transfer is proper.  White v. ABCO Engineering Corp., 199 F.3d 140, 143 (3d Cir. 1999).

## VI.    CONVENIENCE OF THE WITNESSES

When evaluating the convenience of the parties and witnesses, the court should consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums.  North Shore Gas Co. v. Salomon, Inc., 896 F. Supp. at 791; College Craft Co. v. Perry, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995)

Defendant argues the necessity to transfer venue from San Diego to U.S. District Court Eureka (see: defendant's proposed order) is for the convenience of the witnesses. However, this argument is spurious and must fail for three specific reasons:

      a)   The Issues to be Litigated Regarding Benefits are not Factual and do not Require Witnesses

The issues in this case are not factual; they are issues of law.  No witness testimony is required or necessary since all relevant facts, that decedent died as a result of an accidental overdose of Oxycodone while the policy was in full force and effect, are not in dispute.

The sole issue left to be litigated regarding the contract is whether there is coverage, that is, whether the defendant's exclusions as delineated above violate California law.  Are the exclusions broader than allowed by statue, and therefore, must be rewritten to conform to the statute.  Holloway v. J.C. Penny Life Insurance Co., 190 F.3d 838 (1999) (J.C. Penny

1  Life Insurance Company changed its name to STONEBRIDGE in 2002).

2      The California Insurance Code sets forth provisions that must be contained within

3  disability policies and also sets forth the exclusions that may be included in disability

4  policies.  The limitations and exclusions that may be contained in a disability policy

5  delivered or issued to a person in the State of California are set forth in sections 10369.2 to

6  10369.12, inclusive.  No limitations or exclusions are allowed in disability policies which

7  are "less favorable in any respect to the insured or the beneficiary."  (Section 10369.1).

8      California Insurance Code § 10369.12 provides:

9          A disability policy may contain a provision in the form set forth

10          herein.

11          Intoxicants and controlled substances: The insurer shall not be

12          liable for any loss sustained or contracted in consequence of the

13          insured's being intoxicated or under the influence of any controlled

14          substance *unless administered on the advice of a physician*.

15          (emphasis added).

16      STONEBRIDGE denied plaintiffs' claim based on an exclusion that reads:

17          No benefit shall be paid for injury that:

18          ...

19          3.  is caused by or results from the Covered Person's taking or

20          using any narcotic, barbiturate or any other drug, unless taken or

21          used *as prescribed by a Physician*; (emphasis added)

22      STONEBRIDGE'S exclusion violates California law in that it is broader than is

23  allowed by statute.  Thus, the provision must be rewritten to conform to the California

24  Insurance Code.  Holloway v. J.C. Penney Life Insurance Co., supra.  STONEBRIDGE

25  asserts that the insured took more than the prescribed amount of Oxycodone resulting in her

26  death and thus was not taking the medication as prescribed by her physician.  It truly does

27  not matter if she was taking more than was prescribed by her physician.  The statutory

28  language "*administered on the advice of a physician*" has been interpreted by the courts as

1    "not imposing the strict requirement of following prescribed doses to the letter."  <u>Hummel</u>

2    <u>v. Continental Casualty Insurance Company</u>, 254 F.Supp.2d 1183, 1189.  In the <u>Hummel</u>

3    case, Mrs. Hummel made a claim for accidental death benefits following the death of her

4    daughter, Erica.  Erica had been prescribed Oxycodone to alleviate her migraine headaches.

5    Her prescription directed that the Oxycodone be taken twice a day as needed.   She

6    apparently took substantially more than was prescribed and died as a result of the overdose.

7    Continental Casualty denied the claim citing the policy provision identical to

8    STONEBRIDGE which excluded loss from "drugs unless taken as *prescribed by a*

9    *physician*."  The court, however, interpreted the limitation as broader than that allowed by

10   law which interpreted "*administered on the advice of a physician*" as not requiring the

11   insured to take the medication as prescribed.

12       This exact same issue was litigated by this firm in the United States District Court

13   (Southern District of California) case of <u>Legare v. Canada Life Assurance Co</u>.  A copy of

14   the Findings of Fact and Conclusions of Law are being filed herewith.  The court therein

15   states

16              Defendants have also failed to prove the substances found in Mr.

17              Legare's system were not administered on the advice of a

18              physician.   Contrary to defendant's argument, the statutory

19              language does not require a showing the decedent was taking the

20              medication exactly as prescribed.   Following the rationale of

21              <u>Hummel</u> . . . the court finds the focus of the statutory limitation is

22              to exclude losses resulting from the illegal use of drugs as opposed

23              to legitimate use of a controlled substance pursuant to a physician's

24              advice.  (Page 3: lines 18-24).

25       The California courts have also litigated the exclusion "due to disease, bodily or

26   mental infirmity or medical or surgical treatment of these."  This exclusion is narrowly

27   interpreted to give the broadest coverage and will not defeat coverage if the accident is the

28   <u>proximate</u> cause of death.  California courts have held that recovery under an accidental

1    death policy will not be defeated even though a diseased or infirm condition appears to
2    actually contribute to the death if the accident sets in progress the chain of events leading
3    directly to death or if it is the prime or moving cause.  Brooks v. Metropolitan Life Ins. Co.,
4    27 C 2d 305, 309 (1945).

5        In fact, the Central District of California has defined the modern test of what is an
6    accidental death in a case involving accidental mismedication of an insured during a
7    hospitalization for an illness.  The court denied defendant's summary judgment motion and
8    held that the plaintiffs had presented sufficient evidence to support their claim that the
9    insured died as a result of an accidental act of the physician.  The court held that the
10   accident need not be the sole cause of death but rather the "efficient proximate cause."
11   Heighley v. J.C. Penny Life Insurance Co., 257 F. Supp. 2d 1241, 1253 (CD CA 2003).

12       In this case the death certificate lists the sole cause of death as "accidental overdose
13   of Oxycodone" (a fact which is not disputed).   Thus, as in Heighley v. J.C. Penny, supra it
14   was not the treatment (prescription of Oxycodone) that killed Ms. Hall-Hussain, rather it
15   was the accidental overdose that caused her death.

16                   b)   Admissible Affidavits are Required to Support Motion based on
17                        Convenience of Witnesses

18       In order for the court to determine whether a particular venue is more convenient, it
19   must evaluate the nature, quality and necessity of the witnesses' testimony.  Summarizing to
20   what a witness can testify without specifying why that testimony is important is not enough.
21   Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989).
22   Defendant argues the coroner's testimony is crucial because his investigation revealed the
23   decedent did not take Oxycodone as prescribed by her physician.  This fact is not at issue
24   and is irrelevant because plaintiffs contend the policy contract language which purports to
25   exclude coverage for an accidental overdose is broader than that allowed by California law.
26   Likewise, defendant argues that Dr. Chen's testimony and the Lima Pharmacy records are
27   necessary to support defendant's argument that decedent did not take Oxycodone as
28   prescribed.  Again, plaintiffs argue that this testimony and/or records are irrelevant to the

1   legal issues, that is, are the exclusions broader than that permitted under California law.

2   Additionally, there is **no** admissible affidavit regarding the testimony that would be

3   offered by either the coroner or Dr. Chen.  The claim progress sheet notation attached to the

4   declaration of Judy Lovelady as Exhibit G, is inadmissible hearsay, speculation and

5   unqualified opinion.  See Segil v. Gloria Marshall Management Co., 568 F. Supp. 915 (D.

6   Utah 1983) (where the court stated that if the basis for a motion to transfer is for the

7   convenience of the witnesses, the Party making the motion must identify through affidavits:

8   the witnesses it wishes to call, the anticipated areas of their testimony, *the relevance*

9   (emphasis added) and the reasons why the plaintiffs' chosen forum would present a

10  hardship to the moving party.)

11              c)   The Northern District Court in San Francisco or Oakland Handles

12                   Civil Actions Involving Eureka

13  There is no continuously sitting district Court in Eureka that handles civil cases.  All

14  cases that would be venued in Eureka are handled out of the District Court in San Francisco

15  or Oakland.   Although defendant argues Eureka is convenient for witnesses, document

16  production and other things it is approximately 5 hours by car from Eureka to the San

17  Francisco area.  The Ninth Circuit explained in Gherebi v. Bush, 352 F.3d 1278, 1304

18  footnote 33 "[t]he party seeking the transfer must clearly specify the essential witnesses to

19  be called and must make a general statement of what their testimony will cover.   In

20  determining the convenience of the witnesses, the court must examine the materiality and

21  importance of the anticipated witnesses' testimony and then determine their accessibility

22  and convenience in the forum."

23              **VII.   INTEREST OF JUSTICE**

24  Another factor defendant argues the court should consider is that the transfer will

25  serve the interest of justice.  The "interest if justice" component "embraces traditional

26  notions of judicial economy, rather than the private interests of the litigants and their

27  witnesses."  TIG Ins., Inc. v. Brightly Galvanized Prods., Inc., 911 F. Supp. 344, 346 (N.D.

28  Ill. 1996).  It includes such considerations as the speed at which the case will proceed to

1    trial, the court's familiarity with the applicable law, the relation of the community to the

2    occurrence at issue, and the desirability of resolving controversies in their locale.  <u>H&V</u>

3    <u>Silver Mine, Inc. v. Cohen</u>, 1997 U.S. Dist. LEXIS 16041 (N.D. Ill. Oct. 6, 1007).

4          Although the operative facts have not occurred in the Southern District of California,

5    the issue of law to be adjudicated is one that is of interest to all citizens in the State of

6    California.  It is not reasonable to believe that jurors in Southern California would not have

7    a strong interest in the outcome of this case just because the death occurred in Eureka.

8    Claims practices of a large publicly traded insurance company who sells policies all over

9    California are important issues to all citizens.  This is not an issue unique to Eureka or

10    Northern California.

**VIII.  <u>CONCLUSION</u>**

12          Defendant's motion to transfer venue is not for the convenience of witnesses or

13    evidence but to move this case out of a District which defendant knows has already ruled on

14    its policy language exclusion.  For this reason and for the other reasons stated above,

15    plaintiffs respectfully request that defendant's motion be denied.

DATED: November 30, 2007       \_\_/s/ Barbara A. Casino _____
                            BARBARA A. CASINO, Attorney for
                            Plaintiffs, TERRI SMITH and
                            MICHELLE SMITH FREGOSO

1  STENNETT/CASINO
2  BARBARA A. CASINO; 091952
   JOHN P. STENNETT; 72815
3  501 West Broadway, Suite 1340
   San Diego, CA 92101
4  (619) 544-6404
5  (619) 233-3796 Fax

6  Attorneys for Plaintiffs

7

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  TERRI SMITH and MICHELE SMITH FREGOSO, | CASE NO. 07CV1747 JAH (WMC) |
| 11 | Hon. John A. Houston |
| 12  Plaintiffs, | **DECLARATION OF MICHELLE ROSALES IN SUPPORT OF** |
| 13 | **PLAINTIFFS' OPPOSITION TO** |
| 14  vs. | **MOTION TO TRANSFER VENUE ON CONVENIENCE GROUNDS** |
| 15  STONEBRIDGE LIFE INSURANCE COMPANY, | |
| 16 | |
| 17  Defendant | |

18

19       I, MICHELLE ROSALES declare as follows:

20       1.     I am a legal assistant with the Law Firm Stennett/Casino, the attorneys of

21  record for the plaintiffs in this action.  I have personal information of the facts set forth in

22  this declaration and if called as a witness, I can and will testify competently to all of those

23  facts.

24       2.     On November 20, 2007 I called the U.S. District Court in San Francisco at

25  telephone number (415) 522-2000.

26       3.     I spoke with Anna and Helen, two clerks in the office.

27  ///

28  ///

4.    I was advised by them that Eureka is in Humboldt County and as such would be governed by the Northern District Local Rule 3 Section 2(d) entitled Commencement and Assignment of Action (a copy of which is attached hereto as Exhibit 1).

5.    Pursuant to said local rule all civil cases pertaining to Eureka would be assigned to the Northern District either San Francisco or Oakland Division.

6.    I was further advised that Eureka does not have a clerk or a business office and is not fully staffed and, therefore, the court is only open certain days and for limited hours.

I declare under penalty of perjury the forgoing is true and correct.

Executed 28 of November 2007 at San Diego, California.

MICHELLE ROSALES

**Exhibit 1**

## 3. COMMENCEMENT AND ASSIGNMENT OF ACTION
### 3-1. Regular Session
### 3-2. Commencement and Assignment of Action
#### (a) Civil Cover Sheet
#### (b) Commencement of Action
#### (c) Assignment to a Division
#### (d) San Francisco and Oakland
#### (e) San Jose
#### (f) Transfer of Actions and Proceedings
### 3-3. Assignment of Action to a Judge
#### (a) Assignment
#### (b) Multiple Filings
#### (c) Refiled Action
### 3-4. Papers Presented for Filing
#### (a) First Page Requirements
#### (b) Caption for Consolidated Cases
#### (c) General Requirements
#### (d) Citation to Authorities.
#### (e) Prohibition of Citation to Uncertified Opinion or Order
### 3-5. Jurisdictional Statement
#### (a) Jurisdiction
#### (b) Intradistrict Assignment
### 3-6. Jury Demand
#### (a) Included in Pleading
#### (b) Marking of Civil Cover Sheet Insufficient
### 3-7. Filing and Certification in Private Securities Actions
#### (a) Civil Cover Sheet Notation Requirement
#### (b) Certification by Filing Party Seeking to Serve as Lead Plaintiff
#### (c) Certification by Nonfiling Party Seeking to Serve as Lead Plaintiff
#### (d) Certification by Lawyers Seeking to Serve as Class Counsel
### 3-8. Claim of Unconstitutionality
#### (a) Federal Statute
#### (b) State Statute
### 3-9. Parties
#### (a) Natural Person Appearing *Pro Se*
#### (b) Corporation or Other Entity
#### (c) Government or Governmental Agency

EXHIBIT 1

subsequent filings must be made in the Office of the Clerk at the division or location where the assigned Judge maintains chambers.

**(c) Assignment to a Division.** Pursuant to the Court's Assignment Plan, except for Intellectual Property Actions, Securities Class Actions and Capital and Noncapital Prisoner Petitions or Prisoner Civil Rights Actions, upon initial filing, all civil actions and proceedings for which this district is the proper venue shall be assigned by the Clerk to a Courthouse serving the county in which the action arises. A civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated. Actions in the excepted categories shall be assigned on a district-wide basis.

**(d) San Francisco and Oakland.** Except as provided in Civil L.R. 3-2(c), all civil actions which arise in the counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma shall be assigned to the San Francisco Division or the Oakland Division.

**(e) San Jose.** Except as provided in Civil L.R. 3-2(c), all civil actions which arise in the counties of Santa Clara, Santa Cruz, San Benito or Monterey shall be assigned to the San Jose Division.

**(f) Transfer of Actions and Proceedings.** Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that a civil action has not been assigned to the proper division within this district in accordance with this rule, or that the convenience of parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan.

**3-3. Assignment of Action to a Judge.**

**(a) Assignment.** Immediately upon the filing of any civil action and its assignment to a division of the Court pursuant to Civil L.R. 3-2, the Clerk shall assign it to a Judge pursuant to the Assignment Plan of the Court. The Clerk may not make or change any assignment, except as provided in these local rules or in

1  STENNETT/CASINO
   BARBARA A. CASINO; 091952
2  JOHN P. STENNETT; 72815
3  501 West Broadway, Suite 1340
   San Diego, CA 92101
4  (619) 544-6404
   (619) 233-3796 Fax
5
6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10 TERRI SMITH and MICHELE SMITH    CASE NO. 07CV1747 JAH (WMC)
   FREGOSO,
11                                   Hon. John A. Houston
12           Plaintiffs,             DECLARATION OF BARBARA A.
                                     CASINO IN SUPPORT OF PLAINTIFFS'
13                                   OPPOSITION TO MOTION TO
               vs.                   TRANSFER VENUE ON CONVENIENCE
14                                   GROUNDS
15 STONEBRIDGE LIFE INSURANCE
   COMPANY,
16
               Defendant
17

18

19        I, BARBARA A. CASINO declare:

20

21        I am an attorney at law licensed in all courts in the State of California and Southern

22 District of California.  I am a principal in the Law Firm Stennett/Casino.  I have personal

23 knowledge of the facts set forth below and if called upon to testify under oath in this matter,

24 I could and would testify to the following:

25

26        1.      Attached as Exhibit 1 is a true and correct copy of the letter of July 20, 2007

27 from plaintiffs' counsel to defendant including the enclosure, Findings of Fact and Issues of

28 Law following a Bench Trial in the case of <u>Legare v. The Canada Life Assurance Company</u>

1    United States District Court, Southern District of California, Case number 02cv0798 DMS

2    (NLS) signed February 18, 2004.

3

4        I declare under penalty of perjury the forgoing is true and correct.

5

6        Executed <u>30</u> of November 2007 at San Diego, California.

7

8                                             /s/  Barbara A. Casino
                                            BARBARA A. CASINO
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 1**

# STENNETT
## CASINO
*Attorneys at Law*

Koll Center
501 West Broadway
Suite 1340
San Diego, CA 92101
(619) 544-6404
fax (619) 233-3796
www.StennettCasino.com

July 20, 2007

Judy Lovelady
Stonebridge Life Insurance Company
2700 West Plano Parkway
Plano, Texas 75075

RE:    Terri and Michelle Smith
       Policy No: 72A45PO585
       Claim No: B-651853

Dear Ms. Lovelady:

I am writing to ask that Stonebridge reconsider its denial of benefits to my client under the relevant accidental death policy and reconsider its refusal to provide all documents requested by Ms. Casino of my office with her letter of June 15, 2007.

Your letter of June 12, 2007, advising my client Terri Smith that Stonebridge Life was denying her claim for benefits cited two exclusions within the policy upon which Stonebridge Life was basing its denial. As interpreted by Stonebridge Life, neither of these two exclusions are valid under California law.

Stonebridge's policy which provides "**accidental death and dismemberment coverage**" is considered a disability policy under the California Insurance Code.

> Disability insurance includes insurance appertaining to injury,
> disablement or death resulting to the insured from accidents....
> (California Insurance Code § 106).

The California Insurance Code sets forth provisions that must be contained within disability policies and also sets forth the exclusions that may be included in disability policies. The limitations and exclusions that may be contained in a disability policy delivered or issued to a person in the State of California are set forth in sections 10369.2 to 10369.12, inclusive. No limitations or exclusions are allowed in disability policies which are "less favorable in any respect to the insured or the beneficiary." (Section 10369.1).

July 20, 2007
Stonebridge Life Insurance Company
Page Two

California Insurance Code § 10369.12 provides:

> A disability policy may contain a provision in the form set forth herein.

> Intoxicants and controlled substances: The insurer shall not be liable for any loss sustained or contracted in consequence of the insured's being intoxicated or under the influence of any controlled substance *unless administered on the advice of a physician.* (emphasis added).

Stonebridge Life denied my client's claim based on an exclusion that reads:

> No benefit shall be paid for injury that:
> ...

> 3. is caused by or results from the Covered Person's taking or using any narcotic, barbiturate or any other drug, unless taken or used *as prescribed by a Physician*; (emphasis added)

Stonebridge Life's exclusion violates California law in that it is narrower than is allowed by statute. Thus, the provision is rewritten to conform to the California Insurance Code. (Holloway v. J.C. Penney Life Insurance Co. 190 F.3d 838). Stonebridge asserts that the insured took more than the prescribed amount of Oxycontin resulting in her death. Though we dispute that assertion, it truly does not matter if she was taking more than was prescribed by her physician. The statutory language "*administered on the advice of a physician*" has been interpreted by the courts as "not imposing the strict requirement of following prescribed doses to the letter." (Hummel v. Continental Casualty Insurance Company 254 F.Supp.2d 1183, 1189). In the Hummel case, Mrs. Hummel made a claim for accidental death benefits following the death of her daughter, Erica. Erica had been prescribed Oxycodone to alleviate her migraine headaches. Her prescription directed that the Oxycodone be taken twice a day as needed. She apparently took substantially more than was prescribed and died as a result of the overdose. Continental Casualty denied the claim citing the policy provision identical to Stonebridge which excluded loss from "drugs unless taken as prescribed by a physician." The court, however, interpreted the limitation as more narrow than that allowed by law which interpreted "administered on the advice of a physician" as not requiring the insured to take the medication as prescribed.

This exact same issue was litigated by this firm in a United States District Court case of Legare v. Canada Life Assurance Co. I have enclosed herewith the court's "Findings of Fact and

July 20, 2007
Stonebridge Life Insurance Company
Page Three

———————————————

Conclusions of Law" following trial of the matter.  You will note therein that the court states

> Defendants have also failed to prove the substances found in Mr.
> Legare's system were not administered on the advice of a physician.
> Contrary to defendant's argument, the statutory language does not
> require a showing the decedent was taking the medication exactly
> as prescribed.  Following the rationale of <u>Hummel</u> . . . the court
> finds the focus of the statutory limitation is to exclude losses
> resulting from the illegal use of drugs as opposed to legitimate use
> of a controlled substance pursuant to a physician's advice.  (Page
> 3:lines 18-24).

The second exclusion cited by Stonebridge reads as follows:

> No benefit shall be paid for injury that:
>  . . .
>
> 7.  is due to disease, bodily or mental infirmity, or medical or
> surgical treatment of these.

There is no definition of "medical treatment" in the policy.  I would submit that pain medication is
not a "medical treatment of a disease."  Rather, it is a method of masking pain which is a
symptom of a disease.  It is submitted that the intent of this provision is to exclude death or injury
caused at the hands of a medical provider such as during surgery.  At a minimum the provision is
vague and ambiguous and in California, where more than one reasonable interpretation may be
made of a provision in an insurance policy, an exclusion is interpreted in its narrowest sense so as
to grant the greatest possible coverage.

To interpret the medical treatment exclusion as Stonebridge has also is inconsistent with
California Insurance Code § 10369.12 cited above that prohibits excluding losses caused by the
use of medication prescribed by a physician.  To the extent that it is inconsistent with the
California Insurance Code it is void.

Regarding your refusal to provide the medical records pertaining to decedent Diane Geraldine
Hall-Hussain, upon which Stonebridge Life based its denial of benefits, I would remind you that
Stonebridge Life has a fiduciary-like duty to my client to treat her with fairness and in good faith.
There is nothing confidential or proprietary with regard to the medical records referenced.  By
your suggestion that my client obtain the records directly from the health care providers you are

July 20, 2007
Stonebridge Life Insurance Company
Page Four

---

acknowledging that she has the authority to obtain the records.  However, obtaining the records from the medical providers does not tells us what records Stonebridge has in its possession and upon which it relied.  As you know, this material would be discoverable during litigation.  To compel your own insured to file a lawsuit merely to obtain documentation that should be freely exchanged in an effort to amicably resolve the issues between an insurer and its beneficiary is clearly an act of bad faith.  Please promptly forward the requested documents.

I trust that even before sending the requested documents that you will acknowledge coverage under the facts of this case and under the law of the State of California as outlined above.

Yours very truly,


JOHN P. STENNETT

JPS:ls
Enclosure



# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNE LEGARE,<br><br>               Plaintiff,<br>vs.<br><br>THE CANADA LIFE ASSURANCE<br>COMPANY, et al.,<br><br>               Defendants. | CASE NO. 02cv0798 DMS (NLS)<br><br>**FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW<br>FOLLOWING BENCH TRIAL** |

The above entitled case came on regularly for trial on January 26, 2004. John P. Stennett, Esq. appeared on behalf of Plaintiff, and Shelby B. Sears, Esq. of Harrington, Foxx, Dubrow & Canter appeared on behalf of Defendants. After reviewing the evidence and hearing argument of counsel, the Court hereby issues the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1.    Arthur Legare died in an automobile accident that occurred on March 29, 1999.

2.    Mr. Legare collided with a bicyclist on the highway shoulder that may have resulted in the bicyclist sustaining a fractured wrist.

3.    Mr. Legare then collided with the rear of two other vehicles, neither collision resulting in any bodily injuries.

///

89

1   4.     Ultimately, Mr. Legare collided with the rear of a van that was stopped on the freeway.

2   This collision resulted in an explosion of the van's gas tank. The resulting fire consumed Mr.

3   Legare and his automobile.

4   5.     The County of San Diego Autopsy Report declared the cause of death as inhalation of

5   products of combustion and extensive body burns with contributing factors of blunt trauma

6   injuries.

7   6.     Two medications were found in Mr. Legare's bloodstream after his death: Soma, a

8   muscle relaxant, and Tylenol with Codeine Number 3, an analgesic. These medications were

9   prescribed by Mr. Legare's physician for long-standing back pain.

10   7.     The officers that investigated the accidents leading up to Mr. Legare's death suggested

11   he violated California Vehicle Code Section 20001, Misdemeanor Hit and Run.

12   8.     Plaintiff Lynne Legare is Arthur Legare's wife. She is also the beneficiary of her

13   husband's group accidental death policy issued by Defendant Canada Life.

14   9.     The insured benefits were provided as part of an employee benefit plan governed by the

15   Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq.

16   10.    The plan provided for benefits to be paid to Plaintiff in the amount of $68,000 if her

17   husband died accidently.

18   11.    Canada Life denied Plaintiff's claim for benefits citing two exclusions in the policy.

19   The first exclusion stated: "No payment will be made under this provision if the loss, or injury

20   leading to the loss, occurs while: (1) in the course of operating a motor vehicle; (a) under the

21   influence of an intoxicant . . . ." Canada Life also denied the claim under the exclusion that

22   provided no coverage if the loss occurred while "committing or attempting to commit a

23   felony."

24                                 **CONCLUSIONS OF LAW**

25   12.    Under ERISA, state insurance regulations are saved from preemption. 28 U.S.C. §

26   1144(6)(2)(A).

27   13.    California Insurance Code Section 10369.12 provides:

28         A disability policy may contain a provision in the form set forth herein.

02cv0798

> Intoxicants and controlled substances: The insurer shall not be liable for any loss sustained or contracted in consequence of the insured's being intoxicated or under the influence of any controlled substance unless administered on the advice of a physician.

14.    This Court finds the controlled substances exclusion of the Canada Life policy is more restrictive than that allowed under California Insurance Code Section 10369.12. Accordingly, Canada Life's policy must be rewritten to conform with California law.

15.    Canada Life has the burden of proving each of the three elements of California Insurance Code Section 10369.12. Those elements are whether Mr. Legare's death was (1) in consequence of (2) being under the influence of a controlled substance and (3) whether the substances found in Mr. Legare's system were "not administered on the advice of a physician."

16.    In determining the first element, the Court follows the cases of <u>Garvey v. State Farm</u>, 48 Cal. 3d 395 (1989) and <u>Olsen v. American Banker's Ins. Co. of Florida</u>, 30 Cal. App. 4th 816 (1994). These cases require the intoxication to be the predominant cause of the loss. The evidence presented to the Court demonstrates that several factors may have contributed to Mr. Legare's death, including the design of the gas tank, the explosion thereof, and Mr. Legare's intoxication. In light of this evidence, Defendants have failed to prove Mr. Legare's intoxication was the predominant cause of the loss.

17.    Defendants have also failed to prove the substances found in Mr. Legare's system were not administered on the advice of a physician. Contrary to Defendants' argument, the statutory language does not require a showing the decedent was taking the medication exactly as prescribed. Following the rationale of <u>Hummel v. Continental Casualty Ins. Co.</u>, 254 F.Supp.2d 1183, 1189 (D. Nev. 2003), the Court finds the focus of the statutory limitation is to exclude losses resulting from the illegal use of drugs as opposed to the legitimate use of a controlled substance pursuant to a physician's advice. In this case, the parties agree the drugs found in Mr. Legare's system were prescribed by his physician.

18.    Defendants have also failed to present any evidence to support their argument the felony

///

///

- 3 -

02cv0798

1   exclusion of the policy applies in this case.  The only evidence presented to the Court

2   suggested Mr. Legare violated California Vehicle Code Section 20001, which is misdemeanor

3   hit and run.

4   19.    Having failed to prove the elements under California Insurance Code Section 10369.12

5   and the felony exclusion of the policy, the Court finds Plaintiff is entitled to the benefits under

6   her husband's accidental death policy issued by Defendant Canada Life.

7       **IT IS SO ORDERED.**

8   DATED:  _2-18-04_

9                                            DANA M. SABRAW
                                             United States District Judge

10  cc:   all parties
          Judge Stormes

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

02cv0798

**BARBARA A. CASINO**     (SB#091952)
Attorney at Law
501 West Broadway, Suite 1340
San Diego, CA 92101
(619)233-3794

Terri Smith and Michelle Smith Fregoso v. Stonebridge Life Insurance Company

CASE NO.     07CV1747 JAH (WMC)

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California.  I am over the age of 18 years, and not a party to the action; my business address is 501 West Broadway, Suite 1340, San Diego, California 92101.

On November 30, 2007, I served the foregoing document(s) described as:

1.  Plaintiffs' Opposition to Motion to Transfer Venue on Convenience Grounds (28 U.S.C. §1404(a));
2.  Declaration of Barbara A. Casino in Support of Plaintiffs' Opposition to Motion to Transfer Venue on Convenience Grounds; and
3.  Declaration of Michelle Rosales in Support of Plaintiffs' Opposition to Motion to Transfer Venue on Convenience Grounds

on all interested parties, through their respective attorneys of record in this action, as follows:

MANATT, PHELPS & PHILLIPS, LLP          Attorneys for Defendant
Margaret Levy                                        Stonebridge Life Insurance Company
Joseph E. Laska
11355 West Olympic Boulevard
Los Angeles, CA 90064
Tel: (310) 312-4000
Fax: (310) 312-4224
Email: mlevy@manatt.com and jlaska@manatt.com

[X]     **BY ELECTRONIC FILING AND SERVICE VIA CM/ECF:** I transmitted a true copy of the above-entitled document(s) to CM/ECF on October 18, 2007.  I caused all of the above-entitled document(s) to be sent to the recipients noted via CM/ECF e-service at the recipients' office.  The file transmission was reported as complete and a copy of the CM/ECF Filing Receipt page will be maintained with the original document(s) in our office.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 30, 2007, at San Diego, California.

  /s/  Barbara A. Casino
Barbara A. Casino
bcasino@stennettcasino.com

1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   TERRI SMITH and MICHELLE SMITH          )    Case No. 07cv1747 JAH (WMc)
     FREGOSO,                                )
12                                           )    **ORDER FOLLOWING EARLY**
                              Plaintiff,     )    **NEUTRAL EVALUATION**
13                                           )    **CONFERENCE, SETTING RULE 26**
     v.                                      )    **COMPLIANCE AND NOTICE OF**
14                                           )    **CASE MANAGEMENT CONFERENCE**
     STONEBRIDGE LIFE INSURANCE              )
15   COMPANY,                                )
                                             )
16                            Defendants.    )
                                             )
17   ─────────────────────────────────

18         On December 3, 2007 the Court convened an Early Neutral Evaluation Conference in the

19   above entitled action.  Appearing for Plaintiff were Barbara Casino and John Stennett.

20   Appearing for Defendant were Joseph Laska and Margaret Levy.

21         Settlement could not be reached in the case at this time.

22         The Court discussed compliance with Fed.  R. Civ. P. 26 and based thereon, issues the

23   following orders:

24         1.     The Rule 26(f) conference shall be completed before ***January 4, 2008***;

25         2.     A ***JOINT*** discovery plan shall be lodged with Magistrate Judge McCurine, Jr. **on**

26                **or before *January 18, 2008*.**  Regarding each witness, the discovery plan will

27                include the name, most current address, most current phone number, and a brief

28                description of the subject matter of his/her testimony.  The discovery plan will

1   also include the anticipated dates for the completion of both non-expert discovery

2   and expert discovery;  and,

3   3.   The date of initial disclosure pursuant to Rule 26(a)(1)(A-D) shall occur **on or**

4        **before *February 1, 2008*;**

5   4.   Counsel **and parties with full settlement authority** are ordered to appear ***on***

6        ***February 11, 2008*** at ***9:30 a.m.*** in the chambers of United States Magistrate

7        Judge William McCurine, Jr., 940 Front Street, Courtroom C, San Diego,

8        California, 92101,  for a Case Management Conference/Settlement Conference

9        pursuant to Federal Rule of Civil Procedure 16(b). **Full authority to settle means**

10       **that the individual present at the settlement conference has the unfettered**

11       **discretion and authority to: 1) fully explore settlement options and to agree**

12       **at that time to any settlement options; 2) agree at that time to any settlement**

13       **terms acceptable to the parties; 3) change the settlement position of a party;**

14       **and 4) negotiate monetary awards without being restricted to a specific sum**

15       **certain**.

16   Failure of any counsel or party to comply with this Order will result in the imposition of

17   sanctions.

18       **IT IS SO ORDERED.**

19   DATED: December 3, 2007

20

21       Hon. William McCurine, Jr.
          U.S. Magistrate Judge
22        United States District Court

23   COPY TO:

24   HONORABLE JOHN A. HOUSTON, U.S. DISTRICT JUDGE

25   ALL PARTIES AND COUNSEL OF RECORD

26

27

28

2

1  MANATT, PHELPS & PHILLIPS, LLP
   MARGARET LEVY (Bar No. 66585)
2  JOSEPH E. LASKA (Bar No. 221055)
   11355 West Olympic Boulevard
3  Los Angeles, California 90064
   Telephone: (310) 312-4000
4  Facsimile: (310) 312-4224
   Email: mlevy@manatt.com and jlaska@manatt.com
5
   *Attorneys for Defendant*
6  STONEBRIDGE LIFE INSURANCE COMPANY

7

8              UNITED STATES DISTRICT COURT

9         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 TERRI SMITH and MICHELLE          Case No. 07CV1747 JAH (WMCx)
   SMITH FREGOSO,
12                                    Hon. John A. Houston
              Plaintiffs,
13                                    REPLY IN SUPPORT OF MOTION
      vs.                            TO TRANSFER VENUE ON
14                                    CONVENIENCE GROUNDS
   STONEBRIDGE LIFE
15 INSURANCE COMPANY,                 (28 U.S.C. § 1404(a))

16            Defendants.             [Filed concurrently with:
                                     (1) Supplemental Declaration of Joseph
17                                    E. Laska; and
                                     (2) Request for Judicial Notice.]
18
                                     Hearing date:    December 17, 2007
19                                    Hearing time:    2:30 p.m.
                                     Courtroom:       11
20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41182581.2

1   ## I.    **INTRODUCTION**

2         In its Motion, Defendant Stonebridge Life Insurance Company

3   ("Stonebridge") identified the ten factors to be considered by courts when deciding

4   motions to transfer venue.  Of the nine factors that are relevant in this case, *each*

5   *and every one favors transfer to the Northern District of California.*  Plaintiffs

6   appear to concede that the balance of factors requires transferring this case.  In fact,

7   Plaintiffs' Opposition brief fails to even address most of the factors.

8         Instead, Plaintiffs attempt to convert their Opposition brief into a summary

9   judgment motion.  They argue that the parties will have no need for third-party

10  witnesses because they expect to obtain summary judgment on their arguments that

11  the applicable policy exclusions are either invalid or do not apply.  Plaintiffs are

12  attempting to put the cart before the horse by arguing that they should prevail on

13  summary judgment, yet the Court need not make any such determination before

14  granting this Motion.  Stonebridge alleges that Ms. Hall-Hussain's death is

15  excluded from coverage under the facts of this case *regardless of which*

16  *exclusionary language applies.*  To prove this, Stonebridge will require testimony

17  from several crucial third-party witnesses—the Humboldt County Deputy Coroner;

18  Ms. Hall-Hussain's treating physician, Dr. Chen; and the pharmacist at Lima

19  Pharmacy—all of whom are based in Eureka, California.

20        Plaintiffs also raise a few half-hearted procedural objections, all of which

21  fail.  The Court should grant Stonebridge's Motion and transfer this action to the

22  Northern District of California.

23  ## II.    **THE ISSUES OF LAW DO NOT ELIMINATE THE FACTUAL**
    **ISSUES OR THE NEED FOR THIRD-PARTY WITNESSES.**
24

25        Plaintiffs' primary argument is that the convenience of witnesses need not be

26  considered because the parties will have no need for any witnesses in this case.

27  Plaintiffs argue that "all relevant facts . . . are not in dispute," and that "[t]he sole

28  issue left to be litigated regarding the contract is whether there is coverage, that is,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41182581.2                                      1

07CV1747 JAH (WMCx):  REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

1   whether the defendant's exclusions . . . violate California law." (Opposition, at

2   8:22-25.) Plaintiffs are wrong on both counts.

3       Stonebridge contends that Ms. Hall-Hussain's death is excluded under the

4   policy exclusion for "Injury that: . . . (3) is caused by or results from . . . taking or

5   using any narcotic, barbiturate or any other drug unless taken or used as prescribed

6   by a Physician." To prove that Plaintiffs' claim is barred under this exclusion,

7   Stonebridge will have the burden of proving that Ms. Hall-Hussain took Oxycodone

8   in a manner not prescribed by her physician. *This fact is disputed*: Plaintiffs allege

9   in their Complaint that "the facts disclose that decedent had taken her medication

10  exactly as prescribed by her physician." (Complaint, at ¶ 13.)

11      Stonebridge also contends that Ms. Hall-Hussain's death is excluded under

12  the policy exclusion for "Injury that: . . . (7) is due to disease, bodily or mental

13  infirmity, or medical or surgical treatment of these." Again, to prove that Plaintiffs'

14  claim is barred under this exclusion, Stonebridge will have the burden of proving

15  that Ms. Hall-Hussain's physician prescribed Oxycodone as part of her medical

16  treatment. As improbable as it may seem, *this fact is also disputed by Plaintiffs*:

17  "the use of pain medication was not a treatment of a medical condition but rather an

18  attempt to mask the pain associated therewith." (Complaint, at ¶ 17.)

19      Plaintiffs sought to prevent Stonebridge from presenting any evidence

20  regarding the facts and circumstances surrounding Ms. Hall-Hussain's death by

21  filing this lawsuit in the Southern District, over 750 miles from where any of the

22  witnesses reside. Now Plaintiffs contend that both of the policy exclusions relied

23  upon by Stonebridge are invalid as a matter of law, and that Stonebridge therefore

24  should not be able to present any evidence in this case. Not only is this not in the

25  interest of justice, it is a deliberate attempt to thwart justice.

26      It is neither necessary nor appropriate for the Court to decide the ultimate

27  legal issues on this Motion. If Plaintiffs choose to file a motion for summary

28  judgment, these issues will be fully briefed. The U.S. District Court in the Northern

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41182581.2                                    2

07CV1747 JAH (WMCx): REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

1    District of California is equally capable of evaluating facts, applying California law

2    and ruling on a motion for summary judgment.

3    　　Without setting forth all of Stonebridge arguments why Plaintiffs will not

4    obtain summary judgment in this case, suffice it to say that Plaintiffs' confidence in

5    their legal position is misplaced.  Insurance Code Section 10323 provides that "with

6    the approval of the insurance commissioner," statutory exclusions may be modified

7    if they are "inconsistent with the coverage provided by a particular form or policy."

8    The broader statutory language in Section 10369.12 is inconsistent with accidental

9    death coverage because, among other things, it would require insurers to cover

10   "accidental" deaths caused by insureds knowingly abusing or taking overdoses of

11   prescription drugs.  As a result, the policy form issued to Ms. Hall-Hussain

12   (including the "drug" exclusion challenged by Plaintiffs) was approved in its

13   entirety by the California Department of Insurance in 2001.

14   　　Furthermore, even if this policy exclusion were rewritten in the manner

15   suggested by Plaintiffs, Ms. Hall-Hussain's death would still be excluded from

16   coverage under the facts in this case.  When Ms. Hall-Hussain took a four-week

17   supply of Oxycodone in two weeks, she did not act "on the advice of" her

18   physician.[1]  Plaintiffs dispute this assertion, which will ultimately turn on testimony

19   from the Deputy Coroner, Ms. Hall-Hussain's treating physician, and her

20   pharmacist.

21   　　Plaintiffs also allege in the Complaint that the policy's "medical or surgical

22   treatment" exclusion is inconsistent with Section 10369.12 and, as a result, should

23   be effectively erased from the policy.  This argument is specious and without any

---

[1] Plaintiffs will doubtless argue for a different interpretation of this policy language, but they will find no support in any California authority.  Plaintiffs cite to *Hummel v. Continental Cas. Ins. Co.*, in their Opposition, but they provide an incomplete citation omitting the fact that *Hummel* was a Nevada case and is not binding.  254 F. Supp. 2d 1183 (D. Nev. 2003).  Similarly, Plaintiffs make much of the fact that they litigated "[t]his exact same issue" in a case in the Southern District several years ago.  The District Court's unpublished "findings of fact and conclusions of law" in that case, which involved different parties and facts, are not binding in this case.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41182581.2                                    3

07CV1747 JAH (WMCx):  REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

1   authority or support. The "medical or surgical treatment" exclusion is a completely

2   different exclusion unaffected by Section 10369.12. The application of this

3   exclusion involves *disputed factual issues* requiring testimony from Ms. Hall-

4   Hussain's treating physician regarding her reasons for prescribing Oxycodone.

5         Moreover, Plaintiffs allege that Stonebridge acted in bad faith by "[f]ailing

6   and refusing to fully investigate" their claim. (Complaint, at ¶ 18(2).) Even if

7   Plaintiffs ultimately prevail on their breach of contract claim (which they should

8   not), Stonebridge will require testimony from the Deputy Coroner, Dr. Chen and

9   Lima Pharmacy to disprove Plaintiffs' bad faith claim by demonstrating that

10  Stonebridge conducted a full and thorough claims investigation.

11        This Court need not and should not accept Plaintiffs' oversimplified

12  evaluation of the issues in this case as purely legal and not factual issues.

13  Stonebridge will require testimony from third-party witnesses to satisfy its burdens

14  of proof and to present its defenses, whether on summary judgment or at trial. All

15  of those witnesses are located in Eureka, California.

16  **III.   STONEBRIDGE IS NOT FORUM SHOPPING.**

17        Plaintiffs suggest that by moving to transfer venue, Stonebridge "is forum

18  shopping since [it] is aware that the issues of law in this case have already been

19  decided in this district." (Opposition, at 6:14-15.) That is wishful thinking on

20  Plaintiffs' part. They have submitted a single, unpublished, nonbinding order from

21  several years ago in a different case in which only one of the issues here was

22  decided on facts unique to that case. That order is not binding on any court in the

23  Northern or Southern District. Indeed, given Plaintiffs' stated intention to rely on

24  that order, and given the lack of any connection between this case and the Southern

25  District, it appears that *Plaintiffs* may be forum shopping.

26        Nevertheless, to the extent that such an unpublished, nonbinding order could

27  be persuasive authority in this case (which it should not be), a judge in the Northern

28  District would be equally capable of considering it.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41182581.2                                    4

07CV1747 JAH (WMCx):  REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

## IV.    ANY LOCATION IN THE NORTHERN DISTRICT WOULD BE MORE CONVENIENT THAN SAN DIEGO.

Plaintiffs argue that because the District Court in Eureka operates only part-time, this matter would be assigned originally to San Francisco or Oakland. While this appears to be true, the *trial* of this matter could nevertheless be held in Eureka. "A district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. § 1404(c); *see also* N.D. Cal. Local Rule 3-1 ("From time to time sessions may be held at other locations within the district as the Court may order."). It appears that civil trials are regularly conducted in Eureka. For example, Stonebridge requests that the Court take judicial notice of an order from the Northern District in which that Court ordered that a civil trial be conducted in Eureka. (*See* Stonebridge's Request for Judicial Notice, filed concurrently.)

In any event, Stonebridge has alternatively requested that the Court transfer this action to the Northern District in San Francisco. For witnesses and parties living in Eureka, San Francisco is far more convenient by car or airplane than San Diego.[2] San Francisco is obviously much closer to witnesses and documents than San Diego. A trial in San Francisco would ensure the participation of third-party witnesses, while a trial in San Diego would not. And contrary to Plaintiffs' assertion, jurors in the Northern District (whether in Eureka or San Francisco) have a much stronger interest in this case than those in San Diego. All of the operative facts in this case occurred in the Northern District. As Plaintiffs' concede in their Opposition (at 13:4), none occurred in the Southern District.

---

[2] Plaintiffs complain that San Francisco is five hours by car from Eureka. (Opposition, at 12:15-17.) Yet San Diego is more than twice as far. Also, San Francisco is a short, nonstop flight away from Eureka. The flight between Eureka and San Diego is significantly longer, and there do not appear to be any nonstop flights available.

## V.    STONEBRIDGE HAS SATISFIED ITS EVIDENTIARY BURDEN.

Plaintiffs suggest that Stonebridge's Motion is insufficient because Stonebridge has not submitted affidavits demonstrating why the third-party witnesses in Eureka (the Coroner, Dr. Chen and Lima Pharmacy) are necessary. Yet as part of its Motion, Stonebridge did exactly that.  Stonebridge submitted a sworn declaration from its claims examiner authenticating documents from Stonebridge's claims file establishing the identity of relevant third-party witnesses and their residence in Eureka.  Stonebridge further explained the general substance of their anticipated testimony (supported by the evidentiary exhibits) and why such testimony will be relevant.

Stonebridge's evidentiary showing is more than sufficient under the law. 15 Wright & Miller, Fed. Prac. & Proc. Juris. 3d § 3581 (West 2003) ("The party seeking the transfer must specify clearly, typically by affidavit, the key witnesses to be called and their location and must make a general statement of what their testimony will cover.").

Even the authorities cited by Plaintiffs agree:  *Gherebi v. Bush*, 352 F.3d 1278, 1304 n.33 (9th Cir. 2003), *vacated on other grounds in* 542 U.S. 952 (cited in Plaintiffs' Opposition at 12:17, and noting that "[t]he party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover"); *Heller Financial Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (cited in Plaintiffs' Opposition at 11:21, and noting that the moving party must "clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included"); *Segil v. Gloria Marshall Management Co., Inc.*, 568 F. Supp. 915, 919 (D. Utah 1983) (cited in Plaintiffs' Opposition at 12:5, and holding that "defendants must name the witnesses he [sic] wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them").

1    Although Stonebridge has already met its burden, Stonebridge has submitted

2  a supplemental declaration from its counsel reiterating, under oath, the arguments

3  made in its Motion.

4  **VI.    CONCLUSION**

5    Stonebridge respectfully requests that this Court transfer this action to the

6  United States District Court for the Northern District of California in Eureka or, in

7  the alternative, San Francisco.

8

9  Dated:  December 10, 2007        MANATT, PHELPS & PHILLIPS, LLP
                                     MARGARET LEVY
10                                   JOSEPH E. LASKA

11

12                                   By: _____
                                         Joseph E. Laska
13                                       *Attorneys for Defendant*
                                         STONEBRIDGE LIFE INSURANCE
14                                       COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41182581.2                              7

07CV1747 JAH (WMCx):  REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE



1   MANATT, PHELPS & PHILLIPS, LLP
    MARGARET LEVY (Bar No. 66585)
2   JOSEPH E. LASKA (Bar No. 221055)
    11355 West Olympic Boulevard
3   Los Angeles, California 90064
    Telephone: (310) 312-4000
4   Facsimile: (310) 312-4224
    Email: mlevy@manatt.com and jlaska@manatt.com
5
    *Attorneys for Defendant*
6   STONEBRIDGE LIFE INSURANCE COMPANY
7
8                   UNITED STATES DISTRICT COURT
9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10
11  TERRI SMITH and MICHELLE         Case No. 07CV1747 JAH (WMCx)
    SMITH FREGOSO,
12                                   Hon. John A. Houston
              Plaintiffs,
13                                   SUPPLEMENTAL DECLARATION
        vs.                          OF JOSEPH E. LASKA IN SUPPORT
14                                   OF MOTION TO TRANSFER VENUE
    STONEBRIDGE LIFE                 ON CONVENIENCE GROUNDS
15  INSURANCE COMPANY,
                                     (28 U.S.C. § 1404(a))
16            Defendants.
                                     [Filed concurrently with:
17                                   (1) Reply in Support of Motion to
                                     Transfer Venue on Convenience
18                                   Grounds; and
                                     (2) Request for Judicial Notice.]
19
                                     Hearing date:    December 17, 2007
20                                   Hearing time:    2:30 p.m.
                                     Courtroom:       11
21
22
23
24
25
26
27
28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184251.1

# DECLARATION OF JOSEPH E. LASKA

I, Joseph E. Laska, declare as follows:

1.     I am an attorney licensed to practice before the courts of the State of California and this Court. I am an associate with the law firm of Manatt, Phelps & Phillips, LLP, counsel for Defendant Stonebridge Life Insurance Company ("Stonebridge") in this action. I have personal knowledge of the facts set forth in this declaration, except those matters stated on information and belief, which I believe to be true. If called as a witness, I can and will testify competently to all of those facts.

2.     I have reviewed Stonebridge's entire claim file relating to Plaintiffs' claim.

3.     Based on my review of the claim file and my knowledge of the issues in this litigation, Stonebridge will require testimony from the following witnesses in this litigation for the following reasons:

(a)     Deputy Coroner Roy Horton, Humboldt County Coroner, 3013 I Street, Eureka, California 95501. The Deputy Coroner investigated the scene of Ms. Hall-Hussain's death and completed the Death Investigation Report as well as the final Death Certificate. Stonebridge also communicated with the Deputy Coroner by telephone during its claims investigation. The Deputy Coroner's testimony will be crucial in this case because his investigation revealed that Ms. Hall-Hussain did not take Oxycodone as prescribed by her physician, contrary to Plaintiffs' allegations. Moreover, the Deputy Coroner's contacts with Stonebridge during the claims process will be important to refute Plaintiffs' allegations that Stonebridge did not conduct an adequate claims investigation.

(b)     Dr. Chia Chen, 2350 Bahne Street, Eureka, California 95501. Dr. Chen was Ms. Hall-Hussain's family doctor and prescribed the Oxycodone that ultimately led to her death. Dr. Chen's testimony is necessary to demonstrate that Ms. Hall-Hussain did not take Oxycodone as prescribed by her physician, contrary

1    to Plaintiffs' allegations. Similarly, Dr. Chen's testimony will be necessary to

2    demonstrate that contrary to Plaintiffs' allegations, she prescribed Oxycodone as

3    part of Ms. Hall-Hussain's "medical treatment." Moreover, Dr. Chen's contacts

4    with Stonebridge during the claims process will be important to refute Plaintiffs'

5    allegations that Stonebridge did not conduct an adequate claims investigation.

6              (c)    Lima Pharmacy, 2067 Harrison Street, Eureka, California

7    95501. This pharmacy supplied the Oxycodone that ultimately led to Ms. Hall-

8    Hussain's death. The pharmacy records, which will need to be authenticated by an

9    appropriate Lima Pharmacy employee, will be necessary to demonstrate that Ms.

10   Hall-Hussain did not take Oxycodone as prescribed by her physician, contrary to

11   Plaintiffs' allegations. Moreover, Lima Pharmacy's contacts with Stonebridge

12   during the claims process will be important to refute Plaintiffs' allegations that

13   Stonebridge did not conduct an adequate claims investigation.

14        4.    It would be far more convenient for these witnesses to testify in the

15   trial of this matter in Eureka or in San Francisco rather than in San Diego, which is

16   over 750 miles from Eureka.

17        I declare under penalty of perjury under the laws of the United States of

18   America that the foregoing is true and correct, and that this declaration was

19   executed by me on December 10, 2007 in Los Angeles, California.

20

21                                          _____

22                                                  Joseph E. Laska

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184251.1                                  2

07CV1747 JAH (WMCX):  SUPPLEMENTAL DECLARATION OF JOSEPH E. LASKA

1    MANATT, PHELPS & PHILLIPS, LLP
     MARGARET LEVY (Bar No. 66585)
2    JOSEPH E. LASKA (Bar No. 221055)
     11355 West Olympic Boulevard
3    Los Angeles, California 90064
     Telephone: (310) 312-4000
4    Facsimile: (310) 312-4224
     Email: mlevy@manatt.com and jlaska@manatt.com
5
     *Attorneys for Defendant*
6    STONEBRIDGE LIFE INSURANCE COMPANY

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11   TERRI SMITH and MICHELLE          Case No. 07CV1747 JAH (WMCx)
     SMITH FREGOSO,
12                                      Hon. John A. Houston
                 Plaintiffs,
13                                      REQUEST FOR JUDICIAL NOTICE
          vs.                           IN SUPPORT OF MOTION TO
14                                      TRANSFER VENUE ON
     STONEBRIDGE LIFE                   CONVENIENCE GROUNDS
15   INSURANCE COMPANY,
                                        (28 U.S.C. § 1404(a))
16               Defendants.
                                        [Filed concurrently with:
17                                      (1) Reply in Support of Motion to
                                        Transfer Venue on Convenience
18                                      Grounds; and
                                        (2) Supplemental Declaration of Joseph
19                                      E. Laska.]

20                                      Hearing date:    December 17, 2007
                                        Hearing time:    2:30 p.m.
21                                      Courtroom:       11

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184361.1

1  **REQUEST FOR JUDICIAL NOTICE**

2  Pursuant to Federal Rule of Evidence 201, Defendant Stonebridge Life

3  Insurance Company ("Stonebridge") requests that the Court take judicial notice of

4  the court order attached as Exhibit A in connection with Stonebridge's Motion to

5  Transfer Venue on Convenience Grounds.

6  Courts "shall" take judicial notice of adjudicative facts, such as court records

7  and pleadings, if such a request is made by a party supplying the necessary

8  information. Fed. R. Evid. 201(d). Judicial notice is appropriate where, as here, the

9  adjudicative fact that is the subject of the request for judicial notice is capable of

10  accurate and ready determination by resort to resources whose accuracy cannot

11  reasonably be questioned. Fed. R. Evid. 201(b)(2).

12  Exhibit A is an order entered in the U.S. District Court for the Northern

13  District of California ordering a civil trial to be held in the court's Eureka branch.

14  This document may be accessed through the Northern District's website at the

15  following internet address: http://www.cand.uscourts.gov/cand/judges.nsf/f1e93521

16  f0b418e788256d480060b746/7246512a33699a94882570c1006242ea/$FILE/2-

17  4023%20Murphy%20Order.pdf.

18  Court orders such as Exhibit A are properly the subject of judicial notice.

19  *See, e.g., Asdar Gp. v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290 n.1 (9th Cir.

20  1996) (district courts may take judicial notice of court orders); *United States v.*

21  *Warnake*, 199 F.3d 906, 909 n.1 (7th Cir. 1999) (court may take judicial notice of

22  documents filed and orders or decisions entered in any federal or state court).

23  Dated:  December 10, 2007          MANATT, PHELPS & PHILLIPS, LLP
                                       MARGARET LEVY
24                                     JOSEPH E. LASKA

25

26                                     By:  _____
                                            Joseph E. Laska
27                                          *Attorneys for Defendant*
                                            STONEBRIDGE LIFE INSURANCE
28                                          COMPANY

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184361.1                                    1

07CV1747 JAH (WMCx):  REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO TRANSFER VENUE

**EXHIBIT A**

1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9
10          FOR THE NORTHERN DISTRICT OF CALIFORNIA
11  MONRELL MURPHY,                        No. C 02-4023 NJV
12          Plaintiff,                     ORDER
13      vs.
14  P.I. TERRY  et al.,
15          Defendants.
16  _____/
17      At the Case Management Conference held on September 14, 2005 the Court requested the parties
18  to file letter briefs regarding where the trial in the above-captioned matter is to be held.  The court has
19  received and reviewed both letter briefs.  It appears that the defendants seek to have the jury trial in Eureka
20  whereas the plaintiff wishes to have the jury trial held in San Francisco.
21  Contrary to plaintiff's characterization, trial in Eureka does not constitute a "change of venue." Venue refers
22  to the judicial district or division in which an action proceeds.  See 28 USC  § 1391, 1404 (discussing
23  venue as the "judicial district" or "division" in which a suit may be brought or transferred).  The Northern
24  District of California includes Humboldt County.  28 USC § 84(a).  Plaintiffs properly commenced this
25  action in the Northern District of California as the judicial district in which defendants reside and in which
26  the events at issue substantially occurred.  See Complaint filed August 20, 2002; 28 USC § 1391.
27      Unlike some other districts, the Northern District of California is not statutorily divided into separate
28

United States District Court
For the Northern District of California

1    divisions.  Compare id § 84(a) with id § 84(c) (Central District of California comprises three divisions :

2    eastern, western and southern).  The Northern District of California is authorized to conduct proceedings at

3    "Eureka, Oakland, San Francisco, and San Jose."  Id § 84(a).  The Northern District's civil local rules

4    provide that the court shall be in "continuous session in the following locations:  San Francisco Division,

5    Oakland Division and San Jose Division."  Civil LR 3-1.  By implication, therefore, the court is in non-

6    continuous session at Eureka.  More importantly, the "Divisions" referred to in the local rules are not

7    "divisions" in the statutory sense, but simply shorthand references adopted for administrative convenience.

8    Indeed, the civil local rules also provide that:  "From time to time sessions may be held at other locations

9    within the district as the Court may order."  Id.  Thus, the court may conduct business at places other than

10   those provided by statute.

11          "A district court may order any civil action to be tried at any place within the division in which it is

12   pending."  28 USC § 1404(c).  As the Northern District is not a statutorily "divided" district, cases may be

13   tried at any place in the district.  The decision to set the trial location is vested in the discretion of the district

14   court;  the court need not present "good cause" for setting the location of trial pursuant to 28 USC § 1404

15   (c).  El Ranco, Inc v First Nat'l Bank of Nevada, 406 F2d 1205, 1219 (9th Cir 1968), cert denied, 396

16   US 875 (1969).  The Ninth Circuit explained in that case, that a district court's decision to move the place

17   of trial after a previous trial in a case that resulted in a hung jury is "entirely in the discretion of the trial

18   court."  Lung v. United States, 111 F2d 640, 641 (1940).  No "affirmative showing" to justify the transfer is

19   necessary as long as it comports with federal statutes.  Id at 640-41.

20          Eureka, of course, is located within the Northern District, 28 USC § 84(a), and cases arising there

21   are assigned to district judges maintaining chambers in San Francisco, Oakland and to the magistrate

22   judge sitting in Eureka by consent of the parties.  See Civil LR 3-2(d).  Even assuming without deciding that

23   the divisions created by civil local rule may alter the operation of the venue statute, the decision to conduct

24   a trail in Eureka is authorized by 28 USC § 1404(c).  No reassignment or venue transfer occurs by virtue

25   of holding trial in Eureka as opposed to San Francisco or elsewhere in the district.  Hence, plaintiffs suffer

26   no injury to their choice of venue in the Northern District.

27          Even if the trial of this matter in Eureka could arguably  constitute a change of venue, the

28                                                             2

**United States District Court**
For the Northern District of California

1    requirements of 28 USC §1404(a) have been satisfied. The majority of the parties and witnesses reside in

2    the Crescent City area, approximately a one hour drive from the Eureka courthouse. The plaintiff is in the

3    custody of the California Department of Corrections . The department will be responsible for the

4    transportation and housing of the defendant while he is in Eureka.  Plaintiff's counsel will have an adequate

5    opportunity to consult with their client during trial.   Finally, the court has all of the infrastructure needed to

6    conduct a jury trial. Eureka has an airport, many hotels, restaurants and other accommodations, as well as

7    copy services and other resources that may be needed for trial. Out of the area counsel routinely tries cases

8    in the Humboldt County Superior Court without any apparent ill effects. Because there has been no change

9    of venue, and for the convenience of the majority of the parties and witnesses, defendants' motion to have

10    the matter tried in Eureka is GRANTED.

11            IT IS SO ORDERED.

12

13    Dated:                                    _____

14                                              NANDOR J. VADAS
                                                United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                         3

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10   TERRI SMITH and MICHELLE          )    Civil No. 07CV1747 JAH(WMc)
     SMITH FREGOSO,                     )
11                                      )    **ORDER VACATING HEARING**
                       Plaintiffs,      )    **DATE**
12   v.                                 )
                                        )
13   STONEBRIDGE LIFE INSURANCE         )
     COMPANY,                           )
14                                      )
                       Defendant.       )
15   _____)

16          After a review of the pleadings presented in support and in opposition to

17   defendant's motion to transfer venue on convenience grounds [doc. # 10], this Court finds

18   the motion suitable for adjudication without oral argument.  *See* CivLR 7.1(d.1).

19   Accordingly, IT IS HEREBY ORDERED that the date of December 17, 2007 set for

20   hearing oral argument on the motion is **VACATED**.  This Court will issue its written

21   ruling on the motion in due course.

22
23   Dated:      December 11, 2007

24                                           _____

25                                           JOHN A. HOUSTON
                                             United States District Judge
26
27
28

                                                                            07cv1747

1    MANATT, PHELPS & PHILLIPS, LLP
     MARGARET LEVY (Bar No. 66585)
2    JOSEPH E. LASKA (Bar No. 221055)
     11355 West Olympic Boulevard
3    Los Angeles, California 90064
     Telephone: (310) 312-4000
4    Facsimile: (310) 312-4224
     Email: mlevy@manatt.com and jlaska@manatt.com
5
     *Attorneys for Defendant*
6    STONEBRIDGE LIFE INSURANCE COMPANY

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11   TERRI SMITH and MICHELE          Case No. 07CV1747 JAH (WMC)
     SMITH FREGOSO,
12                                     Hon. John A. Houston
                Plaintiffs,
13                                     *EX PARTE* APPLICATION FOR
          vs.                          LEAVE TO FILE SUPPLEMENTAL
14                                     REPLY BRIEF IN SUPPORT OF
     STONEBRIDGE LIFE                  STONEBRIDGE LIFE INSURANCE
15   INSURANCE COMPANY,                COMPANY'S MOTION TO
                                       TRANSFER VENUE
16              Defendant.
                                       [Proposed Order Lodged Separately
17                                     With Department Clerk]

18                                     Action Filed:   September 5, 2007

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP        41203539.1
ATTORNEYS AT LAW
LOS ANGELES

*EX PARTE* **APPLICATION**

**REQUEST FOR RELIEF**

Defendant Stonebridge Life Insurance Company ("Stonebridge") respectfully requests leave of this Court to file a supplemental reply brief in support of Stonebridge's motion to transfer venue, filed on November 6, 2007 and currently under submission before this Court. The proposed supplemental reply brief is attached as Exhibit B to the attached Declaration of Joseph E. Laska.

Good cause exists because Stonebridge has just received new evidence that further supports its motion to transfer this action to the Northern District of California. On February 1, 2008, Plaintiffs served their Initial Disclosures stating that in support of their claims they intend to rely on testimony from several witnesses residing in the Northern District of California—including two third-party witnesses previously unknown to Stonebridge. Plaintiffs' stated intention to rely on witnesses in the Northern District of California further supports Stonebridge's motion to transfer this case to that district. It also belies Plaintiffs' argument, made in their opposition to Stonebridge's motion to transfer venue, that no witness testimony will be necessary in this case.

**BRIEF STATEMENT OF FACTS**

Plaintiffs Terri Smith and Michele Smith Fregoso ("Plaintiffs") filed their Complaint in this action on September 5, 2007 alleging breach of contract and breach of the implied covenant of good faith and fair dealing against Stonebridge. (Declaration of Joseph E. Laska ("Laska Decl.") at ¶ 2.)

On November 6, 2007, Stonebridge filed a motion to transfer venue to the Northern District of California on convenience grounds. The motion is based, among other things, on the fact that all of the underlying facts arose in the Northern District and all of the necessary third-party witnesses (and one of the two Plaintiffs) are located in the Northern District. In contrast, *none* of the participants in this litigation is located in the Southern District, other than Plaintiffs' counsel. In its

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41203539.1                                    1

*EX PARTE* APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL REPLY ISO MOTION TO TRANSFER VENUE

1   motion, Stonebridge identified several necessary witnesses residing in the Northern

2   District of California, including Plaintiff Michele Smith Fregoso and third-party

3   witness Dr. Chia Chen. (Laska Decl. at ¶ 3.)

4        Plaintiffs filed their opposition brief on November 30, 2007. Plaintiffs

5   argued, among other things, that Stonebridge's motion should be denied because

6   "[n]o witness testimony is required or necessary since all relevant facts . . . are not

7   in dispute." (Laska Decl. at ¶ 4., quoting Plaintiffs' Opposition at 8:21-24.)

8        Stonebridge filed its initial reply brief on December 10, 2007. On December

9   11, 2007, the Court deemed the motion suitable for decision without oral argument

10   and vacated the hearing date. As of the date of this *ex parte* application, the motion

11   to transfer venue remains under submission. (Laska Decl. at ¶ 5.)

12        On November 1, 2008, the parties exchanged Initial Disclosures as required

13   by Rule 26(a)(1) of the Federal Rules of Civil Procedure. Stonebridge received

14   Plaintiffs' Initial Disclosures on February 4, 2008. (Laska Decl. at ¶ 6 and Exhibit

15   A.)

16        Rule 26(a)(1)(i) requires each party to identify "each individual likely to

17   have discovery information . . . that the disclosing party may use to support its

18   claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ.

19   Proc. 26(a)(1)(i). In response to this requirement, Plaintiffs Terri Smith and

20   Michele Smith Fregoso listed themselves as witnesses plus three third parties: Alex

21   Bean, Xochitl Fregoso, and Dr. Chia Chen. With the exception of Plaintiff Terri

22   Smith, *all of these witnesses reside in Eureka, California, within the Northern*

23   *District of California.* Moreover, the existence of Alex Bean and Xochitl Fregoso

24   was previously unknown to Stonebridge, and therefore these witnesses were not

25   identified in Stonebridge's motion to transfer venue. (Laska Decl. at ¶ 7.)

26

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41203539.1                    2

*EX PARTE* APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL REPLY ISO MOTION TO TRANSFER VENUE

## GOOD CAUSE EXISTS FOR LEAVE TO FILE A SUPPLEMENTAL
## REPLY BRIEF ON SHORTENED NOTICE

There is good cause for this Court to grant Stonebridge leave to file its supplemental reply brief (attached as Exhibit B to the Laska Decl.) in support of Stonebridge's motion to transfer venue. The supplemental reply brief will aid this Court in its determination of Stonebridge's motion to transfer venue because it provides additional evidence—from Plaintiffs themselves—supporting Stonebridge's motion and undermining the arguments made in Plaintiffs' opposition. <u>First</u>, Plaintiffs have identified two new third-party witnesses who reside in the Northern District of California, which further supports Stonebridge's argument that this case should be transferred to that district because *all* of the relevant third-party witnesses reside there. <u>Second</u>, Plaintiffs' admission that they intend to rely on witnesses from the Northern District of California undermines Plaintiffs' argument, made in their opposition to Stonebridge's motion to transfer venue, that "[n]o witness testimony is required or necessary since all relevant facts . . . are not in dispute." (Laska Decl. at ¶ 4., quoting Plaintiffs' Opposition at 8:21-24.)

There is also good cause to hear Stonebridge's request for leave of court on an *ex parte* basis. Stonebridge's motion is currently under submission and the Court may issue its ruling at any time. Bringing a noticed motion for leave of court would not guarantee that Stonebridge's supplemental reply would be considered by this Court before it issued its ruling. Moreover, a noticed notion for leave would only serve to delay the resolution of the motion to transfer venue. Finally, Stonebridge sought leave as quickly as possible: Stonebridge received Plaintiff's Initial Disclosures on February 4, 2008 and filed this application the very next day. (Laska Decl. at ¶ 6.)

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41203539.1                                3

*EX PARTE* APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL REPLY ISO MOTION TO TRANSFER VENUE

1

## **CONCLUSION**

2          For the reasons set forth above, Stonebridge respectfully requests that the

3    Court (1) grant this *ex parte* application for leave to file a supplemental reply brief

4    in support of Stonebridge's motion to transfer venue, and (2) deem the proposed

5    supplemental reply brief, attached as Exhibit B to the Laska Decl., to be filed.

6

7    Dated: February 5, 2008                    MANATT, PHELPS & PHILLIPS, LLP
                                                MARGARET LEVY
8                                               JOSEPH E. LASKA

9

10                                     By:  _____
                                           Joseph E. Laska
11                                         *Attorneys for Defendant*
                                           STONEBRIDGE LIFE INSURANCE
12                                         COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41203539.1                                    4

*EX PARTE* APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL REPLY ISO MOTION TO TRANSFER VENUE

**DECLARATION**

## DECLARATION OF JOSEPH E. LASKA

I, Joseph E. Laska, declare as follows:

1.     I am an attorney licensed to practice before the courts of the State of California and this Court. I am an associate with the law firm of Manatt, Phelps & Phillips, LLP, counsel for Defendant Stonebridge Life Insurance Company ("Stonebridge") in this action. I have personal knowledge of the facts set forth in this declaration, except those matters stated on information and belief, which I believe to be true. If called as a witness, I can and will testify competently to all of those facts.

2.     Plaintiffs Terri Smith and Michele Smith Fregoso filed their Complaint in this action on September 5, 2007 alleging breach of contract and breach of the implied covenant of good faith and fair dealing against Stonebridge.

3.     On November 6, 2007, Stonebridge filed a motion to transfer venue to the Northern District of California on convenience grounds. The motion is based, among other things, on the fact that all of the underlying facts arose in the Northern District and all of the necessary third-party witnesses (and one of the two Plaintiffs) are located in the Northern District. In contrast, *none* of the participants in this litigation is located in the Southern District, other than Plaintiffs' counsel. In its motion, Stonebridge identified several necessary witnesses residing in the Northern District of California, including Plaintiff Michele Smith Fregoso and third-party witness Dr. Chia Chen.

4.     Plaintiffs filed their opposition brief on November 30, 2007. Plaintiffs argued, among other things, that Stonebridge's motion should be denied because "[n]o witness testimony is required or necessary since all relevant facts . . . are not in dispute." (Plaintiffs' Opposition at 8:21-24.)

5.     Stonebridge filed its initial reply brief on December 10, 2007. On December 11, 2007, the Court deemed the motion suitable for decision without oral argument and vacated the hearing date. As of the date of this *ex parte* application,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41203539.1                                     5

DECLARATION OF JOSEPH E. LASKA ISO *EX PARTE* APPLICATION

1    the motion to transfer venue remains under submission.

2        6.    On November 1, 2008, the parties exchanged Initial Disclosures as

3    required by Rule 26(a)(1) of the Federal Rules of Civil Procedure. Stonebridge

4    received Plaintiffs' Initial Disclosures on February 4, 2008. A true and correct

5    copy of Plaintiffs' Initial Disclosures is attached as **Exhibit A**.

6        7.    In their Initial Disclosures, Plaintiffs Terri Smith and Michele Smith

7    Fregoso listed themselves as witnesses plus three third-parties: Alex Bean, Xochitl

8    Fregoso, and Dr. Chia Chen. With the exception of Plaintiff Terri Smith, all of

9    these witnesses reside in Eureka, California. Moreover, the existence of Alex Bean

10   and Xochitl Fregoso was previously unknown to Stonebridge, and therefore these

11   witnesses were not identified in Stonebridge's motion to transfer venue.

12       8.    A true and correct copy of Stonebridge's proposed supplemental reply

13   brief is attached as **Exhibit B**.

14       9.    On February 4, 2008, I sent a letter to Plaintiffs' counsel, Barbara

15   Casino, advising her of the date and place that Stonebridge would file this *ex parte*

16   application and the grounds for it.

17       I declare under penalty of perjury under the laws of the United States of

18   America that the foregoing is true and correct, and that this declaration was

19   executed by me on February 5, 2008 in Los Angeles, California.

20

21   _____

22                     Joseph E. Laska

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41203539.1                               6

DECLARATION OF JOSEPH E. LASKA ISO *EX PARTE* APPLICATION

**EXHIBIT A**

1   STENNETT/CASINO
    BARBARA A. CASINO; 091952
2   JOHN P. STENNETT; 72815
3   501 West Broadway, Suite 1340
    San Diego, CA 92101
4   (619) 544-6404
    (619) 233-3796 Fax
5

6   Attorneys for Plaintiffs

7

RECEIVED

FEB - 4 2008

MANATT PHELPS & PHILLIPS

8                   UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  TERRI SMITH and MICHELE SMITH        CASE NO. 07CV1747 JAH (WMC)
    FREGOSO,
12                                        **PLAINTIFFS' INITIAL DISCLOSURE**
13             Plaintiffs,                **[RULE 26(A)(1)]**

14
                    vs.
15

16  STONEBRIDGE LIFE INSURANCE
    COMPANY,
17

18             Defendant

19

20          Plaintiffs TERRI SMITH and MICHELE SMITH FREGOSO hereby provide the

21  following information to defendant STONEBRIDGE LIFE INSURANCE COMPANY

22  under Rule 26(a)(1):

23

24      **A.    WITNESSES LIKELY TO HAVE DISCOVERABLE INFORMATION**

25          (1)    TERRI SMITH, 99 Horseshoe Lane, Hiram, GA 30141 has

26  information on the following subjects:

27          (a)    The handling of her claim for accidental death insurance

28  benefits including representations made to and by her.

1            (b)     Her relationship to and with the decedent.

2            (c)     Damages sustained as a result of defendant's conduct.

3      (2)     MICHELLE SMITH FREGOSO, 2235 Forest Lake Court, Eureka,

4 CA 95501 has information on the following subjects:

5            (a)     The handling of her claim for accidental death insurance

6 benefits including representations made to and by her.

7            (b)     Her relationship to and with the decedent.

8            (c)     Damages sustained as a result of defendant's conduct.

9      (3)     Alex Bean, 2235 Forest Lake Court, Eureka, CA 95501:

10            (a)     His relationship to and with the decedent.

11      (4)     Xochitl Fregoso, 2235 Forest Lake Court, Eureka, CA 95501:

12            (a)     Her relationship to and with the decedent.

13      (5)     Dr. Chia Chen, Redwood Family Practice, 2350 Buhne Street #A,

14 Eureka, CA 95501 has information on the following subjects:

15            (a)     Medications prescribed for plaintiff.

16      Defendant's employees and agents, including but not limited to Judy Lovelady, and

17 Charles K. Costa who are better known to defendant, would have information regarding the

18 manner in which the defendant handled the accidental death benefits claim of plaintiffs,

19 procedures followed, information relied upon and available to defendant.

20

21   **B.**    **DOCUMENTS**

22      (1)     The claim file pertaining to the accidental death benefits claim of

23 plaintiffs' already in defendant's possession;

24      (2)     The Policy documents already in defendant's possession;

25      (3)     The claims manual/guide in effect during the handling of plaintiffs'

26 claim for policy benefits including any and all written material used and/or considered

27 and/or relied upon by Stonebridge personnel to conduct the investigation handling and/or

28 processing of claims in California under the AD&D policy type at issue in this litigation.

1    (4)   Humboldt's County office of the Coroner's Death Investigation
2    Report, already in defendant's possession.

3    (5)   Central Valley Toxicology Report, already in defendant's possession.

4    (6)   County of Humboldt's certificate of death, already in defendant's
5    possession.

6    (7)   Medical records of decedent from Dr. Chia Chen pertaining to
7    medications prescribed.

8    (8)   There are documents that may support plaintiffs' damages resulting
9    from the defendant's denial of accidental death benefits.  There may be other records whose
10   relevancy will not become apparent until some future time.  At such time plaintiffs will
11   identify such documents.

12   (9)   The financial records of defendant which are related to plaintiffs'
13   claims of punitive damages.

14

15   **C.   DAMAGES**

16   (1)   **ACCIDENTAL DEATH BENEFITS OF $50,000.00**

17   (2)   **INTEREST ON THE BENEFITS WITHHELD**

18   (3)   **COMPENSATORY/GENERAL DAMAGES**

19            There is no formula for computing these damages.
20            They are based on defendant's failure to pay the
21            accidental death benefits and defendant's other
22            wrongful conduct as alleged in the complaint.

23   (4)   **PUNITIVE DAMAGES**

24            The amount of these damages will be related to the
25            egregiousness   of   defendant's   conduct   and
26            defendant's wealth as proven at the time of trial.

27   ///

28   ///

1      (5)  **ATTORNEYS FEES** - computed on an hourly basis at

2      $350.00 per hour.  The total amount will be

3      calculated at the conclusion of the case based on

4      time records kept by plaintiff's counsel.

5

6

7  DATED: February 1, 2008

8      BARBARA A. CASINO, Attorney for
    Plaintiffs, TERRI SMITH and MICHELLE

9      SMITH FREGOSO

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BARBARA A. CASINO**    (SB#091952)
Attorney at Law
501 West Broadway, Suite 1340
San Diego, CA 92101
(619)233-3794

<u>Terri Smith and Michelle Smith Fregoso v. Stonebridge Life Insurance Company</u>

CASE NO.    07CV1747 JAH (WMC)

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California.  I am over the age of 18 years, and not a party to the action; my business address is 501 West Broadway, Suite 1340, San Diego, California 92101.

On February 1, 2008, I served the foregoing document(s) described as:

1.  Plaintiffs' Initial Disclosure [Rule 26(A)(1)]

on all interested parties, through their respective attorneys of record in this action, as follows:

MANATT, PHELPS & PHILLIPS, LLP           Attorneys for Defendant
Margaret Levy                                          Stonebridge Life Insurance Company
Joseph E. Laska
11355 West Olympic Boulevard
Los Angeles, CA 90064
Tel: (310) 312-4000
Fax: (310) 312-4224
Email: mlevy@manatt.com and jlaska@manatt.com

[XX ]  **BY MAIL - As Follows:** I am "readily familiar" with the practices of this office for collection and processing correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business.  The envelope was sealed and placed for collection and mailing on this date following our ordinary practices.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[   ]  **BY FAX:** I personally sent to the addressee's telecopier number a true copy of the above described documents.  Thereafter I sent a true copy in a sealed envelope addressed and mailed as indicated above.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 1, 2008, at San Diego, California.

_Michelle Rosales_
MICHELLE ROSALES

11

**EXHIBIT  B**

1   MANATT, PHELPS & PHILLIPS, LLP
    MARGARET LEVY (Bar No. 66585)
2   JOSEPH E. LASKA (Bar No. 221055)
    11355 West Olympic Boulevard
3   Los Angeles, California  90064
    Telephone:  (310) 312-4000
4   Facsimile:  (310) 312-4224
    Email:  mlevy@manatt.com and jlaska@manatt.com
5
    *Attorneys for Defendant*
6   STONEBRIDGE LIFE INSURANCE COMPANY

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  TERRI SMITH and MICHELLE         Case No. 07CV1747 JAH (WMCx)
    SMITH FREGOSO,
12                                   Hon. John A. Houston
             Plaintiffs,
13                                   SUPPLEMENTAL REPLY IN
        vs.                          SUPPORT OF MOTION TO
14                                   TRANSFER VENUE ON
    STONEBRIDGE LIFE                 CONVENIENCE GROUNDS
15  INSURANCE COMPANY,
                                     (28 U.S.C. § 1404(a))
16           Defendants.
                                     Hearing date:      Vacated
17                                   Hearing time:      Vacated
                                     Courtroom:         11
18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41203550.1                          12

07CV1747 JAH (WMCx):  SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

### SUPPLEMENTAL REPLY

In its motion to transfer venue, Defendant Stonebridge Life Insurance Company ("Stonebridge") requested that this matter be transferred to the Northern District of California on convenience grounds because, among other things, all of the underlying facts arose in the Northern District and all of the necessary third-party witnesses (and one of the two Plaintiffs) are located in the Northern District. In their opposition brief, Plaintiffs argued that Stonebridge's motion should be denied primarily because "[n]o witness testimony is required or necessary since all relevant facts . . . are not in dispute." (Plaintiffs' Opposition at 8:21-24.). Stonebridge, in its original reply brief, demonstrated why Plaintiffs' argument is without merit, and why several witnesses in the Northern District of California will be crucial in this case.

Stonebridge has just received additional evidence supporting its motion to transfer venue and undermining the claims made in Plaintiffs' opposition brief. What's more, this additional evidence came from Plaintiffs themselves.

On November 1, 2008, the parties exchanged Initial Disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure. (Plaintiffs' Initial Disclosures are attached as Exhibit A to Stonebridge's *ex parte* application for leave to file this supplemental reply brief, filed concurrently.) Rule 26(a)(1)(i) requires each party to identify "each individual likely to have discovery information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. Proc. 26(a)(1)(i).

In response to this requirement, Plaintiffs Terri Smith and Michele Smith Fregoso listed themselves as witnesses plus three third parties: Alex Bean, Xochitl Fregoso, and Dr. Chia Chen. With the exception of Plaintiff Terri Smith, *all of these witnesses reside in Eureka, California, within the Northern District of California.*

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41203550.1

13

07CV1747 JAH (WMCx):  SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

1      This new evidence further supports Stonebridge's motion to transfer venue in

2  two ways:

3      First, Plaintiffs have identified two new third-party witnesses who reside in

4  the Northern District of California, which further supports Stonebridge's argument

5  that this case should be transferred to that district because *all* of the relevant third-

6  party witnesses reside there.[1]

7      Second, Plaintiffs' admission that they intend to rely on witnesses from the

8  Northern District of California undermines Plaintiffs' argument, made in their

9  opposition to Stonebridge's motion to transfer venue, that "[n]o witness testimony

10  is required or necessary since all relevant facts . . . are not in dispute." (Plaintiffs'

11  Opposition at 8:21-24.)

12      Therefore, Stonebridge respectfully requests that this Court transfer this

13  action to the United States District Court for the Northern District of California in

14  Eureka or, in the alternative, San Francisco.

15

16  Dated:  February 5, 2008          MANATT, PHELPS & PHILLIPS, LLP
                                      MARGARET LEVY
17                                    JOSEPH E. LASKA

18

19                                    By: _____
                                          Joseph E. Laska
20                                        *Attorneys for Defendant*
                                          STONEBRIDGE LIFE INSURANCE
21                                        COMPANY

22

23

24

25

26

27  ──────────────────────
    [1] The existence of Alex Bean and Xochitl Fregoso was previously unknown to
28  Stonebridge, and therefore these witnesses were not identified in Stonebridge's
       motion to transfer venue or original reply brief.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41203550.1                 14

07CV1747 JAH (WMCx):  REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

## PROOF OF SERVICE

I, Nancy Tokuda, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On February 5, 2008, I served a copy of the within document(s):

**EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF STONEBRIDGE LIFE INSURANCE COMPANY'S MOTION TO TRANSFER VENUE**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Stennett/Casino
John P. Stennett, Esq.
Barbara A. Casino, Esq.
501 W. Broadway, Suite 1340
San Diego, CA 92101
Fax: (619) 233-3796

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 5, 2008, at Los Angeles, California.

Nancy Tokuda

1
2
3
4
5

**STENNETT/CASINO**
BARBARA A. CASINO; 091952
JOHN P. STENNETT; 72815
501 West Broadway, Suite 1340
San Diego, CA 92101
(619) 544-6404
(619) 233-3796 Fax

6

Attorneys for Plaintiffs

7

8

### UNITED STATES DISTRICT COURT

9

### SOUTHERN DISTRICT OF CALIFORNIA

10

11     TERRI SMITH and MICHELLE SMITH
       FREGOSO,
12

13                    Plaintiffs,

14

15                       vs.

16     STONEBRIDGE LIFE INSURANCE
       COMPANY,
17

18                    Defendant

CASE NO. 07CV1747 JAH (WMC)

**PLAINTIFFS' OPPOSITION TO
DEFENDANT'S EX PARTE
APPLICATION FOR LEAVE TO FILE
SUPPLEMENTAL REPLY BRIEF**

DATE:        February 11, 2008
TIME:        9:30 a.m.

19

20     Defendant has provided this court with <u>no</u> Federal authority or rule upon which this

21     Court can grant the defendant's request for leave of court to submit a supplemental reply

22     brief after the hearing date and after the motion has been taken under submission.

23     Pursuant to Civil Local Rule 7.3(c) any reply brief in opposition to a motion must be

24     served and filed by the moving party not less than 14 days before the hearing date.   The

25     hearing date for this motion was December 17, 2007 and is now under submission.

26     Defendant's statement regarding good cause is an intentional misstatement of

27     plaintiff's Initial Disclosure.   Plaintiff's Initial Disclosure under Rule 26(A)(1) states

28     "witnesses <u>likely</u> To Have Discoverable Information" which plaintiff <u>may use</u> to support its

claims.  It is still plaintiff's position that the legal issues in this case would be handled by Summary Judgement.  In an abundance of caution plaintiff has listed witnesses in the Initial Disclosure.

Defendants again are attempting to delay resolution of this matter.  This court has already conducted the ENE Conference and is scheduled to conduct a settlement conference on Monday February 11, 2008.  Discovery has been exchanged as well as the Initial Disclosure Rule 26(A)(1).  The plaintiff, Michelle Smith Fregoso flew down to San Diego for the ENE Conference and is flying in on Sunday to be able to attend the settlement conference.  It would be a great injustice to the plaintiffs to delay this matter further.


DATED: February 6, 2008            __/s/__ **Barbara A. Casino**_____
                                   BARBARA A. CASINO, Attorney for
                                   Plaintiffs, TERRI SMITH and MICHELLE
                                   SMITH FREGOSO

**BARBARA A. CASINO**    (SB#091952)
Attorney at Law
501 West Broadway, Suite 1340
San Diego, CA 92101
(619)233-3794

<u>Terri Smith and Michelle Smith Fregoso v. Stonebridge Life Insurance Company</u>

CASE NO.    07CV1747 JAH (WMC)

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California.  I am over the age of 18 years, and not a party to the action; my business address is 501 West Broadway, Suite 1340, San Diego, California 92101.

On February 6, 2008, I served the foregoing document(s) described as:

1. Plaintiffs' Opposition to Defendant's Ex Parte Application for Leave to File Supplemental Reply Brief

on all interested parties, through their respective attorneys of record in this action, as follows:

Manatt, Phelps & Phillips, LLP                Attorneys for Defendant
Margaret Levy                                               Stonebridge Life Insurance Company
Joseph E. Laska
11355 West Olympic Boulevard
Los Angeles, CA 90064
Tel: (310) 312-4000
Fax: (310) 312-4224
Email: mlevy@manatt.com and jlaska@manatt.com

[X]    **BY ELECTRONIC FILING AND SERVICE VIA CM/ECF:** I transmitted a true copy of the above-entitled document(s) to CM/ECF on February 6, 2008.  I caused all of the above-entitled document(s) to be sent to the recipients noted via CM/ECF e-service at the recipients' office.  The file transmission was reported as complete and a copy of the CM/ECF Filing Receipt page will be maintained with the original document(s) in our office.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 6, 2008, at San Diego, California.

  /s/  Barbara A. Casino
Barbara A. Casino
bcasino@stennettcasino.com

1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10   TERRI SMITH and MICHELLE          )   Civil No. 07CV1747 JAH(WMc)
     SMITH FREGOSO,                     )
11                                      )   **ORDER GRANTING**
                     Plaintiffs,        )   **DEFENDANT'S** *EX PARTE*
12   v.                                 )   **APPLICATION [DOC. # 22] TO**
                                        )   **FILE A SUPPLEMENTAL REPLY**
13   STONEBRIDGE LIFE INSURANCE         )   **BRIEF IN SUPPORT OF ITS**
     COMPANY,                           )   **MOTION FOR CHANGE OF**
14                                      )   **VENUE [DOC. # 10]**
                     Defendant.         )
15   _____)

16          Defendant has filed an *ex parte* application seeking leave to file a supplemental reply

17   brief in support of its motion for change of venue based on the receipt of new information

18   concerning witnesses named by plaintiff who are located in the district in which

19   defendant seeks to have this matter transferred.  *See* Doc. # 22.  Defendant's proposed

20   supplemental reply, attached as an exhibit to the application, is just three pages in length.

21   *See* id., Exh. B.  Plaintiffs oppose defendant's request on the grounds that it is untimely

22   and likely to cause a delay in the proceedings.  *See* Doc. # 23.  Plaintiffs also oppose the

23   request on the grounds that the information concerning the witnesses sought by defendant

24   to be submitted in support of the motion is irrelevant to the issues presented in the

25   motion.  *See* Doc. # 23.  This Court disagrees with plaintiffs and finds defendant's request

26   reasonable.

27   //

28   //

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.    Defendant's *ex parte* application for leave to file a supplemental reply brief

3          [doc. # 22] is **GRANTED;**

4    2.    Defendant's supplemental reply brief attached as Exhibit B to its *ex parte*

5          application shall be deemed filed as of the filing date of this Order; and

6    3.    Plaintiff shall file a response to defendant's supplemental reply brief **no later**

7          **than February 15, 2008.  No further pleadings shall be submitted by**

8          **any party in support or in opposition to the motion.**

9

10   Dated:    February 7, 2008

11

12   JOHN A. HOUSTON
     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2                                                                  07cv1747

1  MANATT, PHELPS & PHILLIPS, LLP
   MARGARET LEVY (Bar No. 66585)
2  JOSEPH E. LASKA (Bar No. 221055)
   11355 West Olympic Boulevard
3  Los Angeles, California 90064
   Telephone: (310) 312-4000
4  Facsimile: (310) 312-4224
   Email: mlevy@manatt.com and jlaska@manatt.com
5
   *Attorneys for Defendant*
6  STONEBRIDGE LIFE INSURANCE COMPANY

7

8              UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

| 11 | TERRI SMITH and MICHELLE SMITH FREGOSO, | Case No. 07CV1747 JAH (WMCx) |
|----|----|----|
| 12 | | Hon. John A. Houston |
| 13 | Plaintiffs, | SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO |
| 14 | vs. | TRANSFER VENUE ON CONVENIENCE GROUNDS |
| 15 | STONEBRIDGE LIFE INSURANCE COMPANY, | (28 U.S.C. § 1404(a)) |
| 16 | Defendants. | |
| 17 | | Hearing date:    Vacated |
| 18 | | Hearing time:    Vacated<br>Courtroom:       11 |

19

20

21

22

23

24

25

26

27

28

1

**SUPPLEMENTAL REPLY**

2    In its motion to transfer venue, Defendant Stonebridge Life Insurance

3    Company ("Stonebridge") requested that this matter be transferred to the Northern

4    District of California on convenience grounds because, among other things, all of

5    the underlying facts arose in the Northern District and all of the necessary third-

6    party witnesses (and one of the two Plaintiffs) are located in the Northern District.

7    In their opposition brief, Plaintiffs argued that Stonebridge's motion should be

8    denied primarily because "[n]o witness testimony is required or necessary since all

9    relevant facts . . . are not in dispute." (Plaintiffs' Opposition at 8:21-24.).

10   Stonebridge, in its original reply brief, demonstrated why Plaintiffs' argument is

11   without merit, and why several witnesses in the Northern District of California will

12   be crucial in this case.

13   Stonebridge has just received additional evidence supporting its motion to

14   transfer venue and undermining the claims made in Plaintiffs' opposition brief.

15   What's more, this additional evidence came from Plaintiffs themselves.

16   On November 1, 2008, the parties exchanged Initial Disclosures as required

17   by Rule 26(a)(1) of the Federal Rules of Civil Procedure. (Plaintiffs' Initial

18   Disclosures are attached as Exhibit A to Stonebridge's *ex parte* application for

19   leave to file this supplemental reply brief, filed concurrently.) Rule 26(a)(1)(i)

20   requires each party to identify "each individual likely to have discovery information

21   . . . that the disclosing party may use to support its claims or defenses, unless the

22   use would be solely for impeachment." Fed. R. Civ. Proc. 26(a)(1)(i).

23   In response to this requirement, Plaintiffs Terri Smith and Michele Smith

24   Fregoso listed themselves as witnesses plus three third parties: Alex Bean, Xochitl

25   Fregoso, and Dr. Chia Chen. With the exception of Plaintiff Terri Smith, *all of*

26   *these witnesses reside in Eureka, California, within the Northern District of*

27   *California.*

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41203550.1                                                13

07CV1747 JAH (WMCx):  SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

1    This new evidence further supports Stonebridge's motion to transfer venue in

2    two ways:

3    First, Plaintiffs have identified two new third-party witnesses who reside in

4    the Northern District of California, which further supports Stonebridge's argument

5    that this case should be transferred to that district because *all* of the relevant third-

6    party witnesses reside there.[1]

7    Second, Plaintiffs' admission that they intend to rely on witnesses from the

8    Northern District of California undermines Plaintiffs' argument, made in their

9    opposition to Stonebridge's motion to transfer venue, that "[n]o witness testimony

10    is required or necessary since all relevant facts . . . are not in dispute." (Plaintiffs'

11    Opposition at 8:21-24.)

12    Therefore, Stonebridge respectfully requests that this Court transfer this

13    action to the United States District Court for the Northern District of California in

14    Eureka or, in the alternative, San Francisco.

15

16    Dated:  February 5, 2008              MANATT, PHELPS & PHILLIPS, LLP
17                                          MARGARET LEVY
                                           JOSEPH E. LASKA
18

19                                   By:   _____
                                           Joseph E. Laska
20                                         *Attorneys for Defendant*
                                           STONEBRIDGE LIFE INSURANCE
21                                         COMPANY

22

23

24

25

26

27    [1] The existence of Alex Bean and Xochitl Fregoso was previously unknown to
28    Stonebridge, and therefore these witnesses were not identified in Stonebridge's
      motion to transfer venue or original reply brief.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41203550.1                              14

## PROOF OF SERVICE

I, Nancy Tokuda, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On February 5, 2008, I served a copy of the within document(s):

**EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF STONEBRIDGE LIFE INSURANCE COMPANY'S MOTION TO TRANSFER VENUE**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Stennett/Casino
John P. Stennett, Esq.
Barbara A. Casino, Esq.
501 W. Broadway, Suite 1340
San Diego, CA 92101
Fax: (619) 233-3796

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 5, 2008, at Los Angeles, California.

Nancy Tokuda

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41203715.1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRI SMITH and MICHELLE SMITH FREGOSO, | ) ) | Case No. 07cv1747 JAH (WMc) |
| Plaintiff, | ) ) | **SCHEDULING ORDER** |
| v. | ) ) | |
| STONEBRIDGE LIFE INSURANCE COMPANY, | ) ) ) | |
| Defendants. | ) ) | |

Pursuant to Rule 16.1 of the Local Rules, a Case Management Conference was held on February 11, 2008.  Appearing for Plaintiff were Barbara Casino and John Stennett.  Appearing for Defendant were Margaret Levy and Susan Fischer. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

**IT IS HEREBY ORDERED:**

\*\*\*        A *telephonic* Status Conference shall be held on ***February 19, 2008*** at ***9:00 a.m.*** Attorney Stennet is ordered to contact opposing counsel on the day and at the time indicated above, and then initiate a *joint* call to chambers at (619) 557-6624.

\*\*\*        Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be ***filed*** on or before ***March 14, 2008.***

1.    The parties shall disclose the identity of their respective experts in writing by *May 16, 2008.* The date for the disclosure of the identity of rebuttal experts shall be on or before *May 30, 2008.* The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony. **The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 and 705, respectively. This requirement is <u>not</u> limited to retained experts.**

2.    On or before *June 16, 2008,* each party shall comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. **This disclosure requirement applies to all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the part regularly involve the giving of expert testimony.**

3.    Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(c)on or before *June 30, 2008.*

4.    **Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed.R.Civ.P.37 including a prohibition on the introduction of experts or other designated matters in evidence.**

5.    All discovery, including experts, shall be completed by all parties on or before *July 14, 2008.* "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, *so that it may be completed* by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions shall be filed within 30 days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than 30 days after the

2

close of discovery.

6.    A Mandatory Settlement Conference shall be conducted on *May 5, 2008* at *9:30 a.m.* in the chambers of Magistrate Judge William McCurine, Jr.   Counsel shall submit confidential settlement briefs **directly** to chambers no later than *April 28, 2008.*  The briefs shall set forth the party's statement of the case and the party's settlement position, including the last offer or demand made by that party and a separate statement of the offer or demand the party is prepared to make at the Settlement Conference. Settlement Conference briefs shall not exceed ten (10) pages in length, and shall *not* include exhibits or attachments. All parties and claims adjusters for insured defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney (s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the Mandatory Settlement Conference. **Any special arrangements desired in cases where settlement authority rests with a governing body shall be proposed in advance.**

7.    All other pretrial motions **must be filed on or before *July 18, 2008.*** *(In intellectual property cases, this would include claims construction hearings.*) Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  For example, you should contact the judge's law clerk **in advance of the motion cut-off date** to calendar the motion.  Failure to make a timely request a motion date may result in the motion not being heard.

8.    Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1 (f) (2) on or before *September 8, 2008.*

9.    Counsel shall comply with the Pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before *September 8, 2008.*

10.    Counsel shall meet and take the action required by Local Rule 16.1 (f) (4) on or before *September 15, 2008.*

11.    Objections to Pre-trial disclosures shall be filed no later than *September 22, 2008*.

12. The Proposed Final Pretrial Conference Order required by Local Rule 16.1 (f) (6) shall be prepared, served, and lodged on or before **September 22, 2008.**

13. The final Pretrial Conference is scheduled on the calendar of **Judge John A. Houston** on **September 29, 2008** at **2:30 p.m.**. A trial date will be given at the Pretrial Conference.

14. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

15. The dates and times set forth herein will not be modified except for good cause shown.

16. Dates and times for hearings on motions should be approved by the Court's clerk before notice of  hearing is served.

17. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge.  No reply memorandum shall exceed ten (10) pages without leave of a district court judge.  Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

DATED: February 11, 2008

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

COPY TO:

HONORABLE JOHN A. HOUSTON, U.S. DISTRICT JUDGE

ALL PARTIES AND COUNSEL OF RECORD

4

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRI SMITH and MICHELLE SMITH FREGOSO, | ) | Case No. 07cv1747 JAH (WMc) |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STONEBRIDGE LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

At the parties' request and good cause appearing, the telephonic Status Conference presently set for February 19, 2008 is **CONTINUED** to **February 20, 2008 at 9:00 a.m.** The remainder of the Court's February 11, 2008 Scheduling Order remains in full force and effect. [Doc. No. 26.]

**IT IS SO ORDERED.**

DATED: February 12, 2008

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

COPY TO:

HONORABLE JOHN A. HOUSTON, U.S. DISTRICT JUDGE

ALL PARTIES AND COUNSEL OF RECORD

07cv1747 JAH (WMc)



1  **STENNETT/CASINO**
   BARBARA A. CASINO; 091952
2  JOHN P. STENNETT; 72815
   501 West Broadway, Suite 1340
3  San Diego, CA 92101
4  (619) 544-6404
   (619) 233-3796 Fax
5
6  Attorneys for Plaintiffs

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  TERRI SMITH and MICHELLE SMITH       CASE NO. 07CV1747 JAH (WMC)
    FREGOSO,
12
                                          **PLAINTIFFS' RESPONSE TO**
13           Plaintiffs,                   **DEFENDANT'S SUPPLEMENTAL**
                                           **REPLY BRIEF**
14
15              vs.

16  STONEBRIDGE LIFE INSURANCE
    COMPANY,
17
18           Defendant

19

20       Although plaintiffs acknowledge in the Initial Disclosure plaintiffs listed potential

21  witnesses in Northern California, said individuals were identified out of an abundance of

22  caution.  Plaintiffs, at this point, have no understanding as to what defendant intends to raise

23  as its defense in this action and therefore, listed the primary doctor and two grandchildren in

24  case the defendant now alleges that decedent's death was not due to an <u>accidental</u> overdose

25  of Oxycodone.

26       Plaintiffs have served discovery consisting of Interrogatories, Requests for

27  Production and Requests for Admission on defendant which answers have been provided.

28  Defendant, has been asked to admit that Diane Geraldine Hall-Hussain's death was as a

result of an overdose of Oxycodone (Request for Admission Number 1) and that she died as a result of an accidental overdose of Oxycodone (Request for Admission Number 2) and admit to the genuineness of the Coroner's Death investigation report (Request for Admission Number 4), the genuineness of the Central Valley Toxicology Report (Request for Admission Number 5) and the genuineness of the Humboldt County Certificate of Death (Request for Admission Number 6) (a copy of Plaintiffs' Request for Admissions is attached to Declaration of Barbara A. Casino filed herewith as Exhibit 1).  Defendant has admitted to the genuineness of the documents and has admitted that decedent's death was a result of an overdose of Oxycodone (a copy of Defendant's Responses to Plaintiffs' Request for Admissions and Interrogatories are attached to Declaration of Barbara A. Casino filed herewith as Exhibit 2).  Plaintiffs' discovery is focused on the issue of the underlying insurance benefits and the documents upon which plaintiffs will rely in bringing the Summary Judgment Motion.  Since defendant has served verified responses to the discovery, no witness testimony will be needed.  In fact, at the settlement conference held February 11, 2008, Magistrate Judge McCurine set dates to complete discovery prior to filing cross motions on the issue of coverage.

A joint report and discovery plan was completed and lodged with the court on or about January 18, 2008 (a copy of which is attached to Declaration of Barbara A. Casino filed hereto as Exhibit 3).  In said report plaintiffs listed the discovery issues upon which plaintiffs intended to conduct discovery.   The plaintiffs listed only the following areas in which plaintiffs anticipated conducting discovery namely:

        a)    whether the insured's death was a covered accidental injury not subject to any exclusions under the applicable insurance policy;

        b)    whether the exclusions relied upon by defendant to deny plaintiffs' claim comply with California Law; and

        c)    whether STONEBRIDGE acted unreasonably in other words in bad faith.

///

1    Plaintiffs listed the discovery they intended to conduct which included

2    Interrogatories, Request for Admission, Request for Production and Depositions. The only

3    depositions plaintiffs intend to take are those of individuals within the defendant's insurance

4    company who handled the claim and were most knowledgeable regarding California claims

5    made under ADD polices like the one in this litigation. All these individuals are out of the

6    defendant's home office in Plano, Texas and will be deposed on the issue of bad faith.

7    It is and has always been plaintiffs' contention that the issue in this case is whether

8    the application of exclusions in defendant's Accidental Death and Dismemberment policy

9    are broader than what is permitted under the California Insurance Code and therefore, must

10   be rewritten to conform to the Code. This is an issue of law which will be handled by Cross

11   Summary Judgment motions. Once insurance coverage is determined then the only issue

12   will be the bad faith of the defendant and other than the plaintiff MICHELLE SMITH

13   FERGOSO, no testimony from any witnesses in Northern California will be needed.

14   The settlement conference in this case was conducted on February 11, 2008 at which

15   the plaintiff MICHELLE SMITH FREGOSO was present. Following the conference the

16   court has issued a very detailed scheduling order which includes another settlement

17   conference before Magistrate Judge McCurine to take place May 8, 2008. Magistrate Judge

18   McCurine has become familiar with the facts of this case. To transfer this case now to

19   Northern California would severely delay resolution of a matter easily disposed of by

20   Summary Judgment.

21

22

23   DATED: February 14, 2008          _____/s/   Barbara A. Casino_____

24                                     BARBARA A. CASINO, Attorney for
                                       Plaintiffs, TERRI SMITH and MICHELLE
25                                     SMITH FREGOSO

26

27

28

1   STENNETT/CASINO
    BARBARA A. CASINO; 091952
2   JOHN P. STENNETT; 72815
3   501 West Broadway, Suite 1340
    San Diego, CA 92101
4   (619) 544-6404
    (619) 233-3796 Fax
5
6   Attorneys for Plaintiffs
7
8                  UNITED STATES DISTRICT COURT
9                SOUTHERN DISTRICT OF CALIFORNIA

10  TERRI SMITH and MICHELLE SMITH        CASE NO. 07CV1747 JAH (WMC)
    FREGOSO,
11                                         Hon. John A. Houston

12              Plaintiffs,                **DECLARATION OF BARBARA A.
                                           CASINO IN SUPPORT OF PLAINTIFFS'**
13                                         **RESPONSE TO DEFENDANT'S**
                    vs.                    **SUPPLEMENTAL REPLY BRIEF**
14
15  STONEBRIDGE LIFE INSURANCE
    COMPANY,
16
17              Defendant

18

19       I, BARBARA A. CASINO declare:

20       I am an attorney at law licensed in all courts in the State of California and Southern

21  District of California. I am a principal in the Law Firm Stennett/Casino. I have personal

22  knowledge of the facts set forth below and if called upon to testify under oath in this matter,

23  I could and would testify to the following:

24       1.    Attached hereto as Exhibit 1 is a true and correct copy of the Request for

25  Admissions served upon defendant on January 8, 2008.

26       2.    Attached hereto as Exhibit 2 is a true and correct copy of Defendant's

27  Responses to Plaintiffs' Request for Admissions and Interrogatories.

28  ///

1       3.     Attached hereto as Exhibit 3 is a true and correct copy of the Joint Report and

2 Discovery Plan lodged with the Court on or about January 18, 2008.

3

4      Executed February 14, 2008 at San Diego, California.

5

6                        /s/  Barbara A. Casino

7                       BARBARA A. CASINO

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1

1  STENNETT/CASINO
   BARBARA A. CASINO; 091952
2  JOHN P. STENNETT; 72815
3  501 West Broadway, Suite 1340
   San Diego, CA 92101
4  (619) 544-6404
   (619) 233-3796 Fax
5
6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11  TERRI SMITH and MICHELE SMITH          CASE NO. 07CV1747 JAH (WMC)
    FREGOSO,
12                                         **REQUEST FOR ADMISSIONS TO**
13          Plaintiffs,                    **DEFENDANT STONEBRIDGE LIFE**
                                           **INSURANCE COMPANY**
14
            vs.
15
16  STONEBRIDGE LIFE INSURANCE
    COMPANY,
17
            Defendant
18

19

20  PROPOUNDING PARTY:   Plaintiffs TERRI SMITH and MICHELE SMITH FREGOSO,

21  RESPONDENT PARTY:    Defendant STONEBRIDGE LIFE INSURANCE COMPANY

22  SET NUMBER:          ONE

23

24       Plaintiffs' TERRI SMITH and MICHELE SMITH FREGOSO request defendant,

25  STONEBRIDGE LIFE INSURANCE COMPANY, within the time prescribed by law

26  pursuant to Federal Rules of Civil Procedure No. 36 to make the following Admissions for

27  the purpose of this action only and subject to all pertinent objections to admissibility which

28  may be interposed at trial:

# REQUESTS FOR ADMISSIONS

## REQUEST FOR ADMISSIONS NO. 1

Admit that Diane Geraldine Hall-Hussain died as a result of an overdose of Oxycodone.

## REQUEST FOR ADMISSIONS NO. 2

Admit that Diane Geraldine Hall-Hussain died as a result of an accidental overdose of Oxycodone.

## REQUEST FOR ADMISSIONS NO. 3

Admit that Diane Geraldine Hall-Hussain's death was not a suicidal death.

## REQUEST FOR ADMISSIONS NO. 4

Admit that the Humboldt County office of the Coroner's Death Investigation Report Case number 11-C-067-07 consisting of three (3) pages attached hereto as Exhibit A is a genuine and true copy of the Coroner's Investigation Report of the death of Diane Geraldine Hall-Hussain

## REQUEST FOR ADMISSIONS NO. 5

Admit that the Central Valley Toxicology Report Number CVT-07-4761 consisting of two (2) pages attached hereto as Exhibit B is a genuine and true copy of the toxicology report pertaining to Diane Geraldine Hall-Hussain.

## REQUEST FOR ADMISSIONS NO. 6

Admit that the County of Humboldt Certificate of Death number 3200712000377 consisting of two (2) pages attached hereto as Exhibit C is a genuine and true copy of the Death Certificate of Diane Geraldine Hall-Hussain.

1

### REQUEST FOR ADMISSIONS NO. 7

2    Admit that the accidental death policy issued to Diane Geraldine Hall-Hussain did

3  not contain a definition of the term "medical treatment."

4

5

6

7

8  DATED:  01/08/08

9    BARBARA A. CASINO, Attorney for
   Plaintiffs, TERRI SMITH and
10   MICHELLE SMITH FREGOSO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | HUMBOLDT COUNTY | CORONER'S CASE NO. |
|---|---|---|
| | OFFICE OF THE CORONER | 11- C-067-07 |
| | DEATH INVESTIGATION REPORT | OTHER AGENCY CASE NO. |

| DECEDENT'S FIRST NAME | MIDDLE NAME | LAST NAME |
|---|---|---|
| Diane | Geraldine | Hussain |

| RESIDENTIAL ADDRESS | | | | | | | PHONE NUMBER |
|---|---|---|---|---|---|---|---|
| 606 8 th St. #2  Eureka | | | | | | | N/A |

| DATE OF BIRTH | AGE | SEX | HEIGHT | WEIGHT | HAIR | EYES | RACE | SOC. SEC. NUMBER |
|---|---|---|---|---|---|---|---|---|
| 12/17/1947 | 59 | F | | | | | | 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 |

| DATE REPORTED | TIME REPORTED | REPORTED BY | ON | PHONE NUMBER |
|---|---|---|---|---|
| 04/09/2007 | 1115 | Eureka Police | | |

| LOCATION OF DEATH | DATE | TIME |
|---|---|---|
| Residence | 04/09/2007 | 1100 FND |

| NAME OF NEXT OF KIN | RELATIONSHIP | WHEN NOTIFIED |
|---|---|---|
| Michelle Fregoso | Daughter | By Uncle |

| ADDRESS | PHONE NUMBER |
|---|---|
| 2235 Forest Lake Ct.  Eureka | 616-3904 |

| NAME OF OTHER | RELATIONSHIP | WHEN NOTIFIED |
|---|---|---|
| | | |

| ADDRESS | PHONE NUMBER |
|---|---|
| | |

| MANNER OF DEATH | NATURAL ☐ | SUICIDE ☐ | HOMICIDE ☐ | ACCIDENTAL ☒ | UNDETERMINED ☐ |
|---|---|---|---|---|---|

| REMOVAL AGENCY OR MORTUARY | PHONE NUMBER |
|---|---|
| Deputy Coroner, Roy Horton | 445-7242 |

| FAMILY DOCTOR | PHONE NUMBER |
|---|---|
| Dr. Chen | |

| ATTENDING DOCTOR OF DIFFERENT | PHONE NUMBER |
|---|---|
| | |

SUMMARY NARATIVE:

Decedent had some medical history.  Accidental overdose of Oxycodone.  See report pg#2.

| REPORTING OFFICER | DATE SIGNED | REFERENCE TO | PHOTO'S TAKEN | PROPERTY |
|---|---|---|---|---|
| _signature_  11/c7 | 05/01/2007 | | XX | |

ROY. W. HORTON, Deputy Coroner

**Exhibit A**

Page: 2

**Humboldt County**
**Coroner's Office**

Name: Hussain, Diane

Case # C-067-07

On 04/09/2007 at 1115 hrs. I received a call at the Coroner's Office from dispatch at Eureka Police Department. Police were requesting that I respond to 606 8th St #2 in Eureka. A 59 year old female had been found dead at that location. I took this as Coroner's case #067-07 and responded to the address.

Outside the apartment I was met by Officer Laird with the Eureka Police Department. Officer Laird identified the decedent as Diane Geraldine Hussain, DOB 12/17/1947. Laird stated the decedent had been found by her brother, Calvin Hall who had come over to check on her after he could not call her and noticed that her car was at the residence. Hall made entrance through the side window because the apartment door was locked. The decedent had a recent history of bronchitis and had gone to the hospital on 04/07/2007 and was seen at urgent care, and released. The decedent was seeing Dr. Chen and was receiving medication from her, which included Oxycodone.

I went inside the apartment where I located the decedent in the one and only bedroom. The decedent was dressed in a nightgown, sitting in the prayer position along side the bed. I took several digital photos before proceeding further. I located several medications in the room. The decedent was being seen by Dr. Chen. One bottle had contained 180 Oxycontin that was 40 mg each. The prescription had been received on March 27, 2007. The bottle only had one tablet remaining. I also found one Oxycontin tab on the bed that had been spilled out of the opened bottle. The Oxycontin bottle was the only medication bottle that the lying on the bed. The rest of the medications were on the night stand. Those medications included Cephalexin, Metoprolol, Glimepiride, Diltiazem, Norvasc, Metoclopramide, Famotidine, Temazepam, and Bactrim. I also found an empty bottle of beer on the night stand.

The body was warm to the touch where it made contact with the bed. Lividity was proper for position and did not blanch under hard pressure. Rigor was firm in the extremities, but broke easily. No sign of trauma was noted anywhere on the body. The decedent's left foot was bandaged up and I later learned she had an ulcerated foot.

With the help of the on scene officer, I secured the body of the decedent into the Coroner's vehicle.

I began my interview with brother, Calvin Hall. Hall stated his sister had Diabetes, and possible heart problems. Hall stated his sister drank some alcohol and did smoke. I informed Hall that several Oxycontin were missing out of the bottle.

I returned to the Coroner's Office where I drew postmortem blood from the decedent. I sent the blood to Central Valley Toxicology for a drug and alcohol screen. The results of that test have become a part of this file. The lab reported finding a potentially toxic amount of Oxycodone in the decedent's blood.

I called and spoke to Dr. Chen. Dr. Chen stated she had recently upped the dosage of Oxycodone because the previous amount was not effective anymore. Dr. Chen stated the decedent did have diabetes and high cholesterol.

Investigator: _____          Date Signed: 05/01/07

ROY W. HORTON, Deputy Coroner

FROM :HUMBOLDT CORONER_707-445-    ). FAX NO. :707 445 7400    . 29 2007 10:17AM  P5

Page: 3

**Humboldt County**
**Coroner's Office**

Name: Hussain, Diane                                    Case # C-067-07

I signed the cause of death as Oxycodone Intoxication. The manner of death was struck as accidental. The body of the decedent was released to Empire Mortuary Service. No autopsy was performed. No further action by this department is anticipated at this time. Case cleared.

Investigator: _____ //K.2.    Date Signed: 05/01/2007
ROY W. HORTON, Deputy Coroner



CENTRAL VALLEY
TOXICOLOGY, INC.

| Case Name: | | TOXICOLOGY NUMBER: | |
|---|---|---|---|
| | | | CVT-07-4761 |

Hussain,                     Diane
**Specimen Description:** 5.5 ml blood (gray top vial) labeled "Hussain, Diane; C-067-07; 04/9/07"

| Delivered by | Date | Received by | Date |
|---|---|---|---|
| Federal Express | 10-Apr-07 | Bill Posey | 10-Apr-07 |

**Request:**
          Complete Drug Screen                     C-067-07

**Requesting Agency**                              **Report To**

Humboldt County Coroner                    Humboldt County Coroner
3012 "I" Street                                     Attn: Records
Eureka  CA 95501                              3012 "I" Street
                                                         Eureka  CA 95501

## RESULTS

Specimen: Blood Sample

Complete Drug Screen: Amitriptyline, Benzodiazepine, Metoclopramide,
                  Oxycodone and Trimethoprim detected.
                  No other common acidic, neutral or basic drugs detected.
                  No blood Ethyl Alcohol detected.

Amitriptyline  = 0.27 mg/L          Oxycodone    = 0.25 mg/L
Nortriptyline  = 0.08 mg/L          Oxymorphone = 0.05 mg/L

Metoclopramide = 0.02 mg/L          Temazepam    = 0.05 mg/L

Trimethoprim    = 0.16 mg/L

Blood Ranges Attached:

B. L. Posey                     April 20, 2007
**Analyst**

**B.L. POSEY**
**S.N. KIMBLE**
**Directors**

1580 Tollhouse Road
Clovis, California 93611
Phone (559) 323-9940
Fax (559) 323-7502

**Exhibit B**



CENTRAL VALLEY
TOXICOLOGY, INC.

| | |
|---|---|
| **Case Name:** | **TOXICOLOGY NUMBER:** CVT-07-4761 |
| Hussain,           Diane | |
| **Specimen Description:** | |

| **Delivered by** | **Date** | **Received by** | **Date** |
|---|---|---|---|

**Request:**                         C-067-07

**Requesting Agency**                    **Report To**

Humboldt County Coroner
3012 "I" Street
Eureka  CA 95501

## RESULTS

Blood Reference Ranges:

Blood Amitriptyline       Ranges
Effective Level:  (0.05 - 0.3 mg/L)
Potentially Toxic: (0.5 - 2.0 mg/L)

Blood Nortriptyline   Ranges
Effective Level:    (0.04 -0.3 mg/L)
Potentially Toxic: (0.5 - 2.0 mg/L)

Blood Oxycodone        Ranges
Effective Level:   (0.005 - 0.05 mg/L)
Potentially Toxic: ( 0.2  mg/L)

Blood Oxymorphone  Ranges
Effective Level:     Not Known
Potentially Toxic:    Not Known

Blood Metoclopramide Ranges
Effective Level: (0.04 - 0.15 mg/L)
Potentially Toxic: (0.1 - 0.2 mg/L)

Blood Temazepam   Ranges
Effective Level:  ( 0.3 - 0.9 mg/L)
Potentially Toxic:  ( 1.0  mg/L)

Blood Trimethoprim   Ranges
Effective Level: ( 1.5 - 2.5 mg/L)
Potentially Toxic: ( 15 - 20 mg/L)

B.L. POSEY
S.N. KIMBLE
Directors

1580 Tollhouse Road
Clovis, California 93611
Phone (559) 323-9940
Fax (559) 323-7502

**Analyst**

STATE OF CALIFORNIA
CERTIFICATION OF VITAL RECORD

# COUNTY OF HUMBOLDT

## Eureka, California, 95501

CERTIFICATE OF DEATH
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS

3200712000377

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| DIANE | GERALDINE | HUSSAIN |

AKA, ALSO KNOWN AS—Include full AKA (FIRST, MIDDLE, LAST): DIANE GERALDINE HALL

| 5. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? | 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | 6. SEX |
|---|---|---|---|---|
| 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 | NO | 12/17/1947 | 59 | F |

| 12. EDUCATION | 14. WAS DECEDENT HISPANIC/LATINO/A/SPANISH? | 15. DECEDENT'S RACE | 7. MARITAL STATUS | 8. DATE OF DEATH | 9. HOUR |
|---|---|---|---|---|---|
| Associate | NO | African American | Divorced | 04/09/2007 | 1100 |

| 17. USUAL OCCUPATION | 18. KIND OF BUSINESS OR INDUSTRY | 19. YEARS IN OCCUPATION |
|---|---|---|
| Residential Treatment Specialist | Handicapped Services | |

| 20. DECEDENT'S RESIDENCE (Street and number, or location) |
|---|
| 606 8th St. #2 |

| 21. CITY | 22. COUNTY/PROVINCE | ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| Eureka | Humboldt | 95501 | 30 | CA |

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS |
|---|---|
| Michelle Fregoso - Daughter | 2235 Forest Ave. dr. Eureka, CA 95501 |

| 29. NAME OF FATHER/PARENT—FIRST | 30. MIDDLE | 31. LAST | 34. BIRTH STATE |
|---|---|---|---|
| Calvin | | Hall | MD |

| 35. NAME OF MOTHER/PARENT—FIRST | 36. MIDDLE | 37. LAST BIRTH NAME | 38. BIRTH STATE |
|---|---|---|---|
| Constance | | Blalock | MD |

| 39. DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION |
|---|---|
| 04/11/2007 | Jesus Memorial Cemetery Mitchellville, MD 20716 |

| 41. TYPE OF DISPOSITION | NAME OF EMBALMER | LICENSE NUMBER |
|---|---|---|
| Cr/Tr/BU | Not embalmed | |

| 42. NAME OF FUNERAL ESTABLISHMENT | 46. SIGNATURE OF LOCAL REGISTRAR | DATE mm/dd/ccyy |
|---|---|---|
| Empire Mortuary Services, Inc. FD 2003 | Ann Lindsay MD | 04/12/2007 |

| 101. PLACE OF DEATH | 103. COUNTY |
|---|---|
| Residence | Humboldt |

| 107. CAUSE OF DEATH |
|---|
| Pending Investigation |

| 125. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|
| | 04/11/2007 | Frank J. Jager, Coroner |

| STATE REGISTRAR | A | B | C | D | E | FAX AUTH # | CENSUS TRACT |
|---|---|---|---|---|---|---|---|

---

CERTIFIED COPY OF VITAL RECORDS
STATE OF CALIFORNIA, COUNTY OF HUMBOLDT

This is a true and exact reproduction of the document officially registered and placed on file in the office of the Humboldt County Recorder.

DATE ISSUED **DEC 12 2007**



Carolyn Wilson Crnich, Recorder
HUMBOLDT COUNTY, CALIFORNIA

*CC0149107*

This copy is not valid unless prepared on an engraved border, displaying the date, seal and signature of the County Recorder.



CERTIFICATION OF VITAL RECORD

# COUNTY OF HUMBOLDT

## Eureka, California 95501

AMENDMENT OF MEDICAL AND HEALTH DATA—DEATH

| | | |
|---|---|---|
| STATE FILE NUMBER | USE BLACK INK ONLY—NO ERASURES, WHITEOUT, OR ALTERATIONS | 3200712000377 |
| STATE/LOCAL REGISTRAR USE ONLY | 1 | 2 | 3 | LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER |

TYPE OR PRINT IN BLACK INK ONLY

**PART I**
INFORMATION TO LOCATE RECORD

| 1. NAME—FIRST (GIVEN) Diane | 2. MIDDLE Geraldine | 3. LAST (FAMILY) Hussain | 4. SEX F |
|---|---|---|---|
| 5. DATE OF EVENT—MM/DD/CCYY 04/09/2007 | 6. CITY OF OCCURRENCE Eureka | 7. COUNTY OF OCCURRENCE Humboldt | |

**PART II**

| 107. DEATH WAS CAUSED BY (ENTER ONLY ONE CAUSE PER LINE FOR A, B, C, AND D) | | TIME INTERVAL BETWEEN ONSET AND DEATH | 108. DEATH REPORTED TO CORONER ☒ YES ☐ NO |
|---|---|---|---|
| IMMEDIATE CAUSE (A) Pending Investigation | | | CORONER'S NUMBER C-067-07 |
| (B) | DUE TO | | 109. BIOPSY PERFORMED ☐ YES ☐ NO |
| (C) | DUE TO | | 110. AUTOPSY PERFORMED ☐ YES ☐ NO |
| (D) | DUE TO | | 111. USED IN DETERMINING CAUSE ☐ YES ☐ NO |
| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RELATED TO CAUSE GIVEN IN 107 | | | |
| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 122? IF YES, LIST TYPE OF OPERATION AND DATE | | | |

| 114. MANNER OF DEATH ☐ NATURAL ☐ ACCIDENT ☐ SUICIDE ... | 120. INJURY AT WORK ☐ YES ☐ NO | 121. INJURY DATE—MM/DD/CCYY | 122. HOUR | 123. TYPE OF INJURY |
|---|---|---|---|---|
| | 124. DESCRIBE HOW INJURY OCCURED (EVENTS WHICH RESULTED IN INJURY) | | | |
| 125. LOCATION (STREET AND NUMBER OR LOCATION AND CITY AND ZIP CODE) | | | | |

**PART III**
INFORMATION AS IT SHOULD APPEAR

| 107. DEATH WAS CAUSED BY (ENTER ONLY ONE CAUSE PER LINE FOR A, B, C, AND D) | | TIME INTERVAL BETWEEN ONSET AND DEATH | 108. DEATH REPORTED TO CORONER ☒ YES ☐ NO |
|---|---|---|---|
| IMMEDIATE CAUSE (A) Oxycodone Intoxication | | Minutes | CORONER'S NUMBER C-667-07 |
| (B) | DUE TO | | 109. BIOPSY PERFORMED ☐ YES ☐ NO |
| (C) | DUE TO | | 110. AUTOPSY PERFORMED ☒ YES ☐ NO |
| (D) | DUE TO | | 111. USED IN DETERMINING CAUSE ☒ YES ☐ NO |
| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RELATED TO CAUSE GIVEN IN 107 Diabetes, Hypertension, Bronchitis, Tobacco Use | | | |
| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 122? IF YES, LIST TYPE OF OPERATION AND DATE | | | |

| 114. MANNER OF DEATH ☐ NATURAL ☐ ACCIDENT ☒ PENDING INVESTIGATION | 120. INJURY AT WORK ☐ YES ☐ NO | 121. INJURY DATE—MM/DD/CCYY | 122. HOUR | 123. PLACE OF INJURY |
|---|---|---|---|---|
| | 124. DESCRIBE HOW INJURY OCCURED (EVENTS WHICH RESULTED IN INJURY) Decedent took at residence, overdose of Oxycodone. | | | |
| 125. LOCATION (STREET AND NUMBER OR LOCATION AND CITY AND ZIP CODE) 606 8th St. #2 Eureka 95501 | | | | |

DECLARATION OF CERTIFYING PHYSICIAN OR CORONER

| 8. SIGNATURE OF CERTIFYING PHYSICIAN OR CORONER I CERTIFY/DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE | 9. DATE SIGNED—MM/DD/CCYY 04/26/2007 | 10. TYPED OR PRINTED NAME AND DEGREE/TITLE OF CERTIFIER Roy W. Horton, Deputy Coroner |
|---|---|---|
| 11. ADDRESS—STREET AND NUMBER 3012 F St. | 12. CITY Eureka | 13. STATE CA | 14. ZIP CODE 95501 |

STATE/LOCAL REGISTRAR USE ONLY

| 15. OFFICE OF STATE REGISTRAR OR SIGNATURE OF LOCAL REGISTRAR Ann Lindsay, M.D. | 16. DATE ACCEPTED FOR REGISTRATION—MM/DD/CCYY 04/28/2007 |
|---|---|
| STATE OF CALIFORNIA DEPARTMENT OF HEALTH SERVICES, OFFICE OF STATE REGISTRAR | VS-24 R (1/86) |

CERTIFIED COPY OF VITAL RECORDS
STATE OF CALIFORNIA, COUNTY OF HUMBOLDT

This is a true and exact reproduction of the document officially registered and placed on file in the office of the Humboldt County Recorder.

DATE ISSUED _____ DEC 12 2007

This copy is not valid unless prepared on an engraved border, displaying the date, seal and signature of the County Recorder.

PB/CO (REV) 11/06



Carolyn Wilson Crnich, Recorder
HUMBOLDT COUNTY, CALIFORNIA

*CCO149108*




**BARBARA A. CASINO**    (SB#091952)
Attorney at Law
501 West Broadway, Suite 1340
San Diego, CA 92101
(619)233-3794

Terri Smith and Michelle Smith Fregoso v. Stonebridge Life Insurance Company

CASE NO.    07CV1747 JAH (WMC)

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California.  I am over the age of 18 years, and not a party to the action; my business address is 501 West Broadway, Suite 1340, San Diego, California 92101.

On January 8, 2008, I served the foregoing document(s) described as:

1.  Interrogatories to Defendant;
2.  Request for Production of Documents to Defendant; and
3.  Request for Admissions to Defendant

on all interested parties, through their respective attorneys of record in this action, as follows:

MANATT, PHELPS & PHILLIPS, LLP        Attorneys for Defendant
Margaret Levy                                             Stonebridge Life Insurance Company
Joseph E. Laska
11355 West Olympic Boulevard
Los Angeles, CA 90064
Tel: (310) 312-4000
Fax: (310) 312-4224
Email: mlevy@manatt.com and jlaska@manatt.com

**[XX ]  BY MAIL - As Follows:**  I am "readily familiar" with the practices of this office for collection and processing correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business.  The envelope was sealed and placed for collection and mailing on this date following our ordinary practices.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[  ]    BY FAX:**  I personally sent to the addressee's telecopier number a true copy of the above described documents.  Thereafter I sent a true copy in a sealed envelope addressed and mailed as indicated above.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 8, 2008, at San Diego, California.

*Michelle Rosales*

MICHELLE ROSALES

Exhibit 2

1   MANATT, PHELPS & PHILLIPS, LLP
    MARGARET LEVY (Bar No. 66585)
2   JOSEPH E. LASKA (Bar No. 221055)
    11355 West Olympic Boulevard
3   Los Angeles, California 90064-1614
    Telephone: (310) 312-4000
4   Facsimile: (310) 312-4224
    E-mail: mlevy@manatt.com and jlaska@manatt.com
5
    *Attorneys for Defendant*
6   STONEBRIDGE LIFE INSURANCE COMPANY

7

8                   UNITED STATES DISTRICT COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  TERRI SMITH and MICHELE              Case No. 07CV1747 JAH (WMC)
    SMITH FREGOSO,
12                                       Hon. John A. Houston
                 Plaintiffs,
13                                       DEFENDANT STONEBRIDGE LIFE
         vs.                             INSURANCE COMPANY'S
14                                       RESPONSES TO PLAINTIFFS' FIRST
    STONEBRIDGE LIFE                     SET OF REQUESTS FOR ADMISSION
15  INSURANCE COMPANY,
                                         Action Filed:    September 5, 2007
16               Defendant.

17

18

19  PROPOUNDING PARTY:      Plaintiffs Terri Smith and Michele Smith Fregoso

20  RESPONDING PARTY:       Defendant Stonebridge Life Insurance Company

21  SET NO.:                One

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41199839.1

STONEBRIDGE'S RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION

1    Defendant Stonebridge Life Insurance Company ("Stonebridge") serves its

2    responses to the First Set of Requests for Admission served by Plaintiffs Terri

3    Smith and Michele Smith Fregoso ("Plaintiffs") as follows:

4                              **GENERAL OBJECTIONS**

5    Stonebridge incorporates the following general objections and statements

6    into each of its responses:

7    1.    Stonebridge's research, discovery and preparation for trial in this

8    matter are ongoing and are not yet complete.  This response is based upon the

9    current state of Stonebridge's pretrial preparation and the information that it has at

10   this time.  Stonebridge anticipates that its continuing discovery and investigation

11   may reveal information not presently known to Stonebridge, or information whose

12   significance is not presently known to Stonebridge, upon which Stonebridge may

13   rely at trial.  Accordingly, Stonebridge's response to this set of requests is made

14   without prejudice to Stonebridge's right to supplement these responses at a later

15   date and to introduce such information at the time of trial.

16   2.    Stonebridge objects to each request to the extent that it seeks

17   information protected from disclosure by the attorney-client privilege or the

18   attorney work product doctrine or any other privilege or immunity.  The inadvertent

19   production of such information will constitute neither a waiver of any privilege nor

20   a waiver of any rights Stonebridge may have to object to the use of any of the

21   information in any subsequent pretrial proceedings or at trial.  Stonebridge reserves

22   the right to withhold such privileged information, communications or work product

23   from any information produced.

24                    **RESPONSES TO REQUESTS FOR ADMISSION**

25   **REQUEST FOR ADMISSION NO. 1:**

26   Admit that Diane Geraldine Hall-Hussain died as a result of an overdose of

27   Oxycodone.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41199839.1

1

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admit.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Diane Geraldine Hall-Hussain died as a result of an accidental overdose of Oxycodone.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Stonebridge is without information sufficient to allow it to admit or deny this request, and on that basis denies it.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Diane Geraldine Hall-Hussain's death was not a suicidal death.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Stonebridge is without information sufficient to allow it to admit or deny this request, and on that basis denies it.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the Humboldt County office of the Coroner's Death Investigation Report Case number 11-C-067-07 consisting of three (3) pages attached hereto as Exhibit A is a genuine and true copy of the Coroner's Investigation Report of the death of Diane Geraldine Hall-Hussain.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admit.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the Central Valley Toxicology Report Number CVT-07-4761 consisting of two (2) pages attached hereto as Exhibit B is a genuine and true copy of the toxicology report pertaining to Diane Geraldine Hall-Hussain.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admit.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the County of Humboldt Certificate of Death number

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41199839.1

STONEBRIDGE'S RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION

1    3200712000377 consisting of two (2) pages attached hereto as Exhibit C is a

2    genuine and true copy of the Death Certificate of Diane Geraldine Hall-Hussain.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

4        Admit.

5    **REQUEST FOR ADMISSION NO. 7:**

6        Admit that the accidental death policy issued to Diane Geraldine Hall-

7    Hussain did not contain a definition of the term "medical treatment."

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

9        Admit.

10

11   Dated:  February 11, 2008            MANATT, PHELPS & PHILLIPS, LLP
                                         MARGARET LEVY
12                                       JOSEPH E. LASKA

13

14                              By: _____

15                                       Joseph E. Laska
                                         *Attorneys for Defendant*
16                                       STONEBRIDGE LIFE INSURANCE
                                         COMPANY

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41199839.1                                      3

STONEBRIDGE'S RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION

1

## VERIFICATION

2    I have read the attached *DEFENDANT STONEBRIDGE LIFE INSURANCE
3    COMPANY'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
     ADMISSION* and know its contents.

4
5    ☐    I am a party to this action. The matters stated in the attached document are true of
          my own knowledge except as to those matters which are stated on information
          and belief, and as to those matters I believe them to be true.

6
7    ☒    I am the Vice President of Claims for Stonebridge Life Insurance Company, a
          party to this action. I am authorized to make this verification for and on its behalf,
8         and I make this verification for that reason. I have read the attached document
          and have reviewed Stonebridge Life Insurance Company's files relating to this
9         matter. Based upon such review, as well as upon information and belief, I verify
          that the matters stated in the attached document are true.

10
11   ☐    I am one of the attorneys of record for _____, a party to this
          action. Such party is absent from the county in which I have my office, and I
12        make this verification for and on behalf of that party for that reason. I have read
          the attached document. I am informed and believe and on that ground allege that
13        the matters stated in it are true.

14   Executed at Plano, Texas on February **7**, 2008.

15       I declare under penalty of perjury under the laws of the United States of America that the
16   foregoing is true and correct.

17
18                                        _____
                                                    Charles K. Costa

19
20
21
22
23
24
25
26
27
28

1  MANATT, PHELPS & PHILLIPS, LLP
   MARGARET LEVY (Bar No. 66585)
2  JOSEPH E. LASKA (Bar No. 221055)
   11355 West Olympic Boulevard
3  Los Angeles, California 90064-1614
   Telephone: (310) 312-4000
4  Facsimile: (310) 312-4224
   E-mail: mlevy@manatt.com and jlaska@manatt.com
5
   *Attorneys for Defendant*
6  STONEBRIDGE LIFE INSURANCE COMPANY

7

8              UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  TERRI SMITH and MICHELE          Case No. 07CV1747 JAH (WMC)
    SMITH FREGOSO,
12                                   Hon. John A. Houston
              Plaintiffs,
13                                   DEFENDANT STONEBRIDGE LIFE
         vs.                         INSURANCE COMPANY'S
14                                   RESPONSES TO PLAINTIFFS' FIRST
    STONEBRIDGE LIFE                 SET OF INTERROGATORIES
15  INSURANCE COMPANY,
                                     Action Filed:   September 5, 2007
16            Defendant.

17

18

19  PROPOUNDING PARTY:      Plaintiffs Terri Smith and Michele Smith Fregoso

20  RESPONDING PARTY:       Defendant Stonebridge Life Insurance Company

21  SET NO.:                One

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41199815.1

STONEBRIDGE'S RESPONSES TO PLAINTIFFS' INTERROGATORIES

1    Defendant Stonebridge Life Insurance Company ("Stonebridge") serves its

2    responses to the First Set of Interrogatories served by Plaintiffs Terri Smith and

3    Michele Smith Fregoso ("Plaintiffs") as follows:

4    **GENERAL OBJECTIONS**

5    Stonebridge incorporates the following general objections and statements

6    into each of its responses:

7    1.    Stonebridge's research, discovery and preparation for trial in this

8    matter are ongoing and are not yet complete.  This response is based upon the

9    current state of Stonebridge's pretrial preparation and the information that it has at

10    this time.  Stonebridge anticipates that its continuing discovery and investigation

11    may reveal information not presently known to Stonebridge, or information whose

12    significance is not presently known to Stonebridge, upon which Stonebridge may

13    rely at trial.  Accordingly, Stonebridge's response to this set of interrogatories is

14    made without prejudice to Stonebridge's right to supplement these responses at a

15    later date and to introduce such information at the time of trial.

16    2.    Stonebridge objects to each request to the extent that it seeks

17    information protected from disclosure by the attorney-client privilege or the

18    attorney work product doctrine or any other privilege or immunity.  The inadvertent

19    production of such information will constitute neither a waiver of any privilege nor

20    a waiver of any rights Stonebridge may have to object to the use of any of the

21    information in any subsequent pretrial proceedings or at trial.  Stonebridge reserves

22    the right to withhold such privileged information, communications or work product

23    from any information produced.

24    **RESPONSE TO INTERROGATORIES**

25    **INTERROGATORY NO. 1:**

26    Is your response to each request for admission served with these

27    interrogatories an unqualified admission?  If not, for each response that is not an

28    unqualified admission:

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41199815.1                                    1

STONEBRIDGE'S RESPONSES TO PLAINTIFFS' INTERROGATORIES

1        (a)    state the number of the request;

2        (b)    state all facts upon which you base your response;

3        (c)    state the names, address, and telephone numbers of all persons

4    who have knowledge of those facts; and

5        (d)    identify all documents and other tangible things that support

6    your response and state the name, address, and telephone number of the person who

7    has each document or thing.

8    **RESPONSE TO INTERROGATORY NO. 1:**

9        Stonebridge objects to this interrogatory to the extent that it calls for

10   information subject to the attorney-client privilege or the attorney work product

11   privilege.  Without waiving its objections, Stonebridge responds as follows:

12       (a)    **Request for Admission No. 2**

13       (b)    Stonebridge responded: "Stonebridge is without information sufficient

14   to allow it to admit or deny this request, and on that basis denies it."  Stonebridge's

15   response is based upon the fact that Stonebridge does not have enough information

16   to allow it to determine whether Diane Geraldine Hall-Hussain "died as a result of

17   an accidental overdose of Oxycodone."  While Stonebridge admits that Ms. Hall-

18   Hussain died as a result of an overdose of Oxycodone, based on the information

19   available to Stonebridge it does not appear that Ms. Hall-Hussain "accidentally"

20   took more Oxycodone than her physician instructed.

21       (c)    The following persons may have knowledge of these facts:

22       (1)    Deputy Coroner Roy Horton.  The Deputy Coroner's last known

23   address is Humboldt County Coroner, 3013 I Street, Eureka, California 95501.  His

24   last known phone number is (707) 445-7242.

25       (2)    Dr. Chia Chen.  Dr. Chen's last known address is 2350 Bahne

26   Street, Eureka, California 95501.  Her last known phone number is (707) 443-4593.

27       (3)    Lima Pharmacy.  Lima Pharmacy's last known address is 2067

28   Harrison Street, Eureka, California 95501.  Its last known phone number is (707)

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41199815.1

2

STONEBRIDGE'S RESPONSES TO PLAINTIFFS' INTERROGATORIES

1   441-8500.

2       (4)    Central Valley Toxicology Inc. ("CVT"). CVT's last known

3   address is 1580 Tollhouse Road, Clovis, California 93611. Its last known phone

4   number is (559) 323-9940.

5       (5)    Officer Laird, Eureka Police Department. Officer Laird's last

6   known address is Eureka Police Department, 604 C. Street, Eureka, California

7   95501. His last known phone number is (707) 441-4060.

8       (d)    As part of its Initial Disclosures on February 1, 2008, Stonebridge

9   produced the non-privileged documents in its possession, custody or control

10  supporting its response to Plaintiffs' Request for Admission No. 2.

11      (a)    **Request for Admission No. 3**

12      (b)    Stonebridge responded: "Stonebridge is without information sufficient

13  to allow it to admit or deny this request, and on that basis denies it." Stonebridge's

14  response is based upon the fact that Stonebridge does not have enough information

15  to allow it to determine whether Diane Geraldine Hall-Hussain's death "was not a

16  suicidal death." While Stonebridge admits that Ms. Hall-Hussain died as a result of

17  an overdose of Oxycodone, based on the information available to Stonebridge it

18  does not appear that Ms. Hall-Hussain "accidentally" took more Oxycodone than

19  her physician instructed.

20      (c)    The following persons may have knowledge of these facts:

21      (1)    Deputy Coroner Roy Horton. The Deputy Coroner's last known

22  address is Humboldt County Coroner, 3013 I Street, Eureka, California 95501. His

23  last known phone number is (707) 445-7242.

24      (2)    Dr. Chia Chen. Dr. Chen's last known address is 2350 Bahne

25  Street, Eureka, California 95501. Her last known phone number is (707) 443-4593.

26      (3)    Lima Pharmacy. Lima Pharmacy's last known address is 2067

27  Harrison Street, Eureka, California 95501. Its last known phone number is (707)

28  441-8500.

1        (4)    Central Valley Toxicology Inc. ("CVT"). CVT's last known

2    address is 1580 Tollhouse Road, Clovis, California 93611. Its last known phone

3    number is (559) 323-9940.

4        (5)    Officer Laird, Eureka Police Department. Officer Laird's last

5    known address is Eureka Police Department, 604 C. Street, Eureka, California

6    95501. His last known phone number is (707) 441-4060.

7        (d)    As part of its Initial Disclosures on February 1, 2008, Stonebridge

8    produced the non-privileged documents in its possession, custody or control

9    supporting its response to Plaintiffs' Request for Admission No. 3.

10

11    Dated: February 11, 2008      MANATT, PHELPS & PHILLIPS, LLP

12                             MARGARET LEVY
                         JOSEPH E. LASKA

13

14                             By: _____

15                                  Joseph E. Laska
                              *Attorneys for Defendant*

16                                  STONEBRIDGE LIFE INSURANCE
                              COMPANY

17

18

19

20

21

22

23

24

25

26

27

28

41199815.1

4

STONEBRIDGE'S RESPONSES TO PLAINTIFFS' INTERROGATORIES

1

## VERIFICATION

2     I have read the attached *DEFENDANT STONEBRIDGE LIFE INSURANCE*

3  *COMPANY'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES* and

know its contents.

4

☐     I am a party to this action. The matters stated in the attached document are true of

5           my own knowledge except as to those matters which are stated on information

and belief, and as to those matters I believe them to be true.

6

7     ☒     I am the Vice President of Claims for Stonebridge Life Insurance Company, a

party to this action. I am authorized to make this verification for and on its behalf,

8           and I make this verification for that reason. I have read the attached document

and have reviewed Stonebridge Life Insurance Company's files relating to this

9           matter. Based upon such review, as well as upon information and belief, I verify

that the matters stated in the attached document are true.

10

11    ☐     I am one of the attorneys of record for _____, a party to this

action. Such party is absent from the county in which I have my office, and I

12          make this verification for and on behalf of that party for that reason. I have read

the attached document. I am informed and believe and on that ground allege that

13          the matters stated in it are true.

14    Executed at Plano, Texas on February 7, 2008.

15    I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

16

17

18                                                    _____
                                                            Charles K. Costa

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2        I, Nancy Tokuda, declare:

3        I am a citizen of the United States and employed in Los Angeles County, California.  I am
over the age of eighteen years and not a party to the within-entitled action.  My business address
4   is 11355 West Olympic Boulevard, Los Angeles, California  90064-1614.  On February 11, 2008,
I served a copy of the within document(s):
5

6   **DEFENDANT STONEBRIDGE LIFE INSURANCE COMPANY'S RESPONSES
    TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

7       ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set
             forth below on this date before 5:00 p.m.
8

9       ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
             fully prepaid, in the United States mail at Los Angeles, California addressed as set
10            forth below.

11      ☐    by placing the document(s) listed above in a sealed Federal Express envelope and
             affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal
12            Express agent for delivery.

13      ☐    by personally delivering the document(s) listed above to the person(s) at the
             address(es) set forth below.
14

15  Stennett/Casino
    John P. Stennett, Esq.
16  Barbara A. Casino, Esq.
    501 W. Broadway, Suite 1340
17  San Diego, CA  92101
    Fax:  (619) 233-3796
18

19      I am readily familiar with the firm's practice of collection and processing correspondence
    for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
20  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
    motion of the party served, service is presumed invalid if postal cancellation date or postage
21  meter date is more than one day after date of deposit for mailing in affidavit.

22      I declare that I am employed in the office of a member of the bar of this court at whose
    direction the service was made.

23      Executed on February 11, 2008, at Los Angeles, California.

24

25                                          _____
26                                                    Nancy Tokuda

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41206175.1

Exhibit 3

1  MANATT, PHELPS & PHILLIPS, LLP
   MARGARET LEVY (Bar No. 66585)
2  JOSEPH E. LASKA (Bar No. 221055)
   11355 West Olympic Boulevard
3  Los Angeles, California  90064
   Telephone:  (310) 312-4000
4  Facsimile:  (310) 312-4224
   Email: mlevy@manatt.com and jlaska@manatt.com
5
   *Attorneys for Defendant*
6  STONEBRIDGE LIFE INSURANCE COMPANY

7  STENNETT/CASINO
   JOHN P. STENNETT (Bar No. 72815)
8  BARBARA A. CASINO (Bar No. 91952)
   501 West Broadway, Suite 1340
9  San Diego, California  92101
   Telephone:  (619) 544-6404
10 Facsimile:  (619) 234-7082
   Email: Stennett@StennettCasino.com and
11 Bcasino@StennettCasino.com

12 *Attorneys for Plaintiffs*
   TERRI SMITH and MICHELE SMITH FREGOSO
13

14         UNITED STATES DISTRICT COURT

15    FOR THE SOUTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17  TERRI SMITH and MICHELE SMITH FREGOSO, | Case No. 07CV1747 JAH (WMC) |
| 18 | Mag. Judge William McCurine, Jr. |
| 19         Plaintiffs, | JOINT REPORT AND DISCOVERY PLAN |
| 20      vs. | [Fed. R. Civ. P. 26(f)] |
| 21  STONEBRIDGE LIFE INSURANCE COMPANY, | Action Filed:     September 5, 2007 |
| 22         Defendant. | Scheduling Conf: February 11, 2008 |

23

24

25

26

27

28

1  TO THE COURT AND TO ALL INTERESTED PARTIES AND THEIR

2  ATTORNEYS OF RECORD:

3       This Joint Report and Discovery Plan is submitted pursuant to Federal Rule

4  of Civil Procedure 26(f) and the Court's December 3, 2007 Order Following Early

5  Neutral Evaluation Conference, Setting Rule 26 Compliance and Notice of Case

6  Management Conference.

7       An early meeting of counsel was held on January 3, 2008 between Joseph E.

8  Laska, Esq. of Manatt, Phelps & Phillips, LLP on behalf of Defendant Stonebridge

9  Life Insurance Company ("Stonebridge") and John P. Stennett, Esq. of

10  Stennett/Casino on behalf of Plaintiffs Terri Smith and Michele Smith Fregoso

11  ("Plaintiffs"). On that date, the parties conferred to consider the nature and basis of

12  their claims and defenses and the possibilities for a prompt settlement or resolution

13  of the case, to arrange for the disclosures required by Rule 26(a)(1), to discuss any

14  issues about preserving discoverable information, and to develop a proposed

15  discovery plan that indicates the parties' views and proposals.

16  **INITIAL DISCLOSURES (Fed. R. Civ. P. 26(f)(3)(A))**

17       The parties will serve their respective Initial Disclosures via U.S. mail on or

18  before February 1, 2008 in compliance with the Court's December 3, 2007 Order.

19  No further changes should be made to the form or requirements for disclosure.

20  **DISCOVERY (Fed. R. Civ. P. 26(f)(3)(B)-(E))**

21       Plaintiffs anticipate conducting discovery on the following issues:  whether

22  the insured's death was a covered accidental injury, not subject to any exclusions,

23  under the applicable insurance policy as alleged in Plaintiffs' Complaint; whether

24  the exclusions relied upon by Stonebridge to deny Plaintiffs' claim comply with

25  California law; whether Stonebridge acted unreasonably in denying Plaintiffs'

26  claim for benefits as alleged in the Complaint; and claims practices, claims

27  handling guidelines, policy interpretation, and other claims issues pertaining to

28  adjusting accidental death claims.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41191508.2                                       1

JOINT REPORT AND DISCOVERY PLAN

1      Specifically, Plaintiffs will/have served interrogatories, request for

2  production and request for admissions and anticipate taking the deposition of:

3      (1)    Judy Lovelady, Technical Claims Specialist of defendant, Stonebridge

4  Life Insurance Company.

5      (2)    Charles K. Costa, Vice President of Claims of defendant, Stonebridge

6  Life Insurance Company and/or the Most Knowledgeable Person regarding ADD

7  insurance claims handling.

8      (3)    Most Knowledgeable Person of defendant to testify regarding other

9  California claims made under the ADD policies for the years 2002 through 2006

10  including number of claims made, number of claims paid, number of claims denied

11  and the reason for the denial and number of claims considered by defendant to have

12  been abandoned.

13      Stonebridge anticipates taking discovery on the following issues:  the

14  insured's medical history and treatment and her use of prescription drugs; the

15  .nature and cause of the insured's death and the circumstances surrounding it;

16  Plaintiffs' participation in Stonebridge's claim investigation; the nature and extent

17  of Plaintiffs' alleged damages; and Plaintiffs' efforts, if any, to mitigate those

18  alleged damages.

19      Specifically, Stonebridge anticipates taking the depositions of the following

20  witnesses:

21      (1)    Plaintiff Terri Smith.  Ms. Smith's last known address is 99 Horseshoe

22  Lane, Hiram, Georgia 30141.  Her last known phone number is (228) 235-2111.

23  Stonebridge anticipates that Ms. Smith will testify regarding her mother's medical

24  history and treatment and her use of prescription drugs; her participation in

25  Stonebridge's claim investigation; the nature and extent of her alleged damages;

26  and her efforts, if any, to mitigate those alleged damages.

27      (2)    Plaintiff Michele Smith Fregoso.  Ms. Fregoso's last known address is

28  2235 Forest Lake Court, Eureka, California 95501.  Her last known phone number

1    is (707) 499-4703. Stonebridge anticipates that Ms. Smith will testify regarding her

2    mother's medical history and treatment and her use of prescription drugs; her

3    participation in Stonebridge's claim investigation; the nature and extent of her

4    alleged damages; and her efforts, if any, to mitigate those alleged damages.

5           (3)    Deputy Coroner Roy Horton. The Deputy Coroner's last known

6    address is Humboldt County Coroner, 3013 I Street, Eureka, California 95501. His

7    last known phone number is (707) 445-7242. The Deputy Coroner investigated the

8    scene of Ms. Hall-Hussain's death and completed the Death Investigation Report as

9    well as the final Death Certificate. Stonebridge also communicated with the

10   Deputy Coroner by telephone during its claims investigation. Stonebridge

11   anticipates that the Deputy Coroner will testify regarding his investigation into the

12   nature and cause of Ms. Hall-Hussain's death and his contacts with Stonebridge

13   during the claims process.

14          (4)    Dr. Chia Chen. Dr. Chen's last known address is 2350 Bahne Street,

15   Eureka, California 95501. Her last known phone number is (707) 443-4593. Dr.

16   Chen was Ms. Hall-Hussain's family doctor and prescribed the Oxycodone that

17   ultimately led to her death. Stonebridge anticipates that Dr. Chen will testify

18   regarding Ms. Hall-Hussain's medical history and treatment and her use of

19   prescription drugs, including the reasons for and dosage of the Oxycodone which

20   she prescribed for Ms. Hall-Hussain, as well as Dr. Chen's contacts with

21   Stonebridge during the claims process.

22          (5)    Lima Pharmacy. Lima Pharmacy's last known address is 2067

23   Harrison Street, Eureka, California 95501. Its last known phone number is (707)

24   441-8500. Lima Pharmacy supplied the Oxycodone that ultimately led to Ms. Hall-

25   Hussain's death. Stonebridge anticipates that a Lima Pharmacy representative will

26   testify regarding Ms. Hall-Hussain's pharmacy records and Lima Pharmacy's

27   contacts with Stonebridge during the claims process.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41191508.2                                3

JOINT REPORT AND DISCOVERY PLAN

1        (6)    Central Valley Toxicology Inc. ("CVT"). CVT's last known address

2    is 1580 Tollhouse Road, Clovis, California 93611. Its last known phone number is

3    (559) 323-9940. CVT performed the toxicology analysis on Ms. Hall-Hussain's

4    blood, the results of which were relied upon by the Deputy Coroner when preparing

5    the Death Investigation Report. Stonebridge anticipates that a CVT representative

6    will testify regarding its toxicology analysis and the results of that analysis.

7        (7)    Officer Laird, Eureka Police Department. Officer Laird's last known

8    address is Eureka Police Department, 604 C. Street, Eureka, California 95501. His

9    last known phone number is (707) 441-4060. Officer Laird was the police officer

10   who responded to the scene of Ms. Hall-Hussain's death. Stonebridge anticipates

11   that Officer Laird will testify regarding his investigation at the scene of Ms. Hall-

12   Hussain's death and his communications, if any, with the Deputy Coroner.

13       The parties reserve their right to identify additional witnesses as discovery

14   progresses.

15       The parties believe that they can complete non-expert discovery by August 4,

16   2008, and that expert discovery can be completed by November 14, 2008. The

17   parties agree that discovery need not be conducted in phases or limited to focus

18   upon certain issues.

19       The parties do not anticipate any issues regarding disclosure or discovery of

20   electronically stored information. Likewise, the parties do not anticipate any issues

21   regarding claims of privilege or of protection as trial-preparation materials, except

22   that the parties reserve their rights to raise appropriate claims of privilege and

23   protection as permitted by law.

24       The parties disagree on whether there should be changes to the limitations on

25   discovery set forth under the Federal Rules of Civil Procedure or the applicable

26   Local Rules. Plaintiffs contend that due to the complexity of this case (bad faith)

27   there is a need to enlarge the limitations on discovery. Stonebridge contends that

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41191508.2                              4

1   this case is not complex and further contends that there need not be any changes to

2   the limitations on discovery.

3   **OTHER ORDERS (Fed. R. Civ. P. 26(f)(3)(F))**

4        At this time, the parties are not aware of any other orders that should be

5   entered by the court under Rules 26(c) or 16(b)-(c) of the Federal Rules of Civil

6   Procedure.  If discovery reveals that certain documents or testimony should be

7   protected from disclosure to third parties, the parties will submit a stipulated

8   protective order to the Court for its approval.

9

10   Dated: January __, 2008         MANATT, PHELPS & PHILLIPS, LLP

11

12                      By: _____

13                          Joseph E. Laska
*Attorneys for Defendant*
STONEBRIDGE LIFE INSURANCE

14                          COMPANY

15   Dated: January /9, 2008        STENNETT/CASINO

16

17                      By: _____

18                          Barbara A. Casino
*Attorneys for Plaintiffs*

19                          TERRI SMITH AND MICHELE
SMITH FREGOSO

20

21

22

23

24

25

26

27

28

**BARBARA A. CASINO**     (SB#091952)
Attorney at Law
501 West Broadway, Suite 1340
San Diego, CA 92101
(619)233-3794

<u>Terri Smith and Michelle Smith Fregoso v. Stonebridge Life Insurance Company</u>

CASE NO.     07CV1747 JAH (WMC)

**PROOF OF SERVICE**

I am employed in the County of San Diego, State of California.  I am over the age of 18 years, and not a party to the action; my business address is 501 West Broadway, Suite 1340, San Diego, California 92101.

On February 14, 2008, I served the foregoing document(s) described as:

1. PLAINTIFFS' RESPONSE TO DEFENDANT'S SUPPLEMENTAL REPLY BRIEF AND
2. DECLARATION OF BARBARA A. CASINO IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT'S SUPPLEMENTAL REPLY BRIEF

on all interested parties, through their respective attorneys of record in this action, as follows:

MANATT, PHELPS & PHILLIPS, LLP          Attorneys for Defendant
Margaret Levy                                    Stonebridge Life Insurance Company
Joseph E. Laska
11355 West Olympic Boulevard
Los Angeles, CA 90064
Tel: (310) 312-4000
Fax: (310) 312-4224
Email: mlevy@manatt.com and jlaska@manatt.com

[X]     **BY ELECTRONIC FILING AND SERVICE VIA CM/ECF:** I transmitted a true copy of the above-entitled document(s) to CM/ECF on February 14, 2008.  I caused all of the above-entitled document(s) to be sent to the recipients noted via CM/ECF e-service at the recipients' office.  The file transmission was reported as complete and a copy of the CM/ECF Filing Receipt page will be maintained with the original document(s) in our office.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 14, 2008, at San Diego, California.

 _/s/  Barbara A. Casino
Barbara A. Casino
bcasino@stennettcasino.com

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI SMITH and MICHELLE SMITH FREGOSO,<br><br>     Plaintiff,<br><br>v.<br><br>STONEBRIDGE LIFE INSURANCE COMPANY,<br><br>     Defendants. | Case No. 07cv1747 JAH (WMc)<br><br>**ORDER** |

11
12
13
14
15
16
17
18

   On February 20, 2008, the Court held a telephonic Status Conference in the above-entitled matter.  Jack Stennett appeared for Plaintiff.  Joe Laska appeared for Defendants.  The Court will hold a further telephonic Status Conference on **March 4, 2008 at 9:15 a.m.**   Attorney Laska is ordered to contact opposing counsel on the day and at the time indicated above and then initiate a joint call to chambers at (619) 557-6624.

19
20
21
22

   **IT IS SO ORDERED.**

23

DATED: February 20, 2008

24
25

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

26

COPY TO:

27
28

HONORABLE JOHN A. HOUSTON, U.S. DISTRICT JUDGE
ALL PARTIES AND COUNSEL OF RECORD

07cv1747 JAH (WMc)

1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                            SOUTHERN DISTRICT OF CALIFORNIA

10   TERRI SMITH and MICHELLE          )    Civil No. 07CV1747 JAH(WMc)
     SMITH FREGOSO,                     )
11                                      )    **ORDER GRANTING**
                          Plaintiffs,   )    **DEFENDANT'S MOTION TO**
12   v.                                 )    **TRANSFER VENUE ON**
                                        )    **CONVENIENCE GROUNDS**
13   STONEBRIDGE LIFE INSURANCE         )    **[DOC. # 10]**
     COMPANY,                           )
14                                      )
                          Defendant.    )
15   _____ )

16                                **INTRODUCTION**

17          Now pending before this Court is the motion filed by defendant Stonebridge Life

18   Insurance Company ("defendant") to transfer venue on convenience grounds. The motion

19   has been fully briefed by the parties. After a careful consideration of the pleadings and

20   relevant exhibits submitted, and for the reasons set forth below, this Court GRANTS

21   defendant's motion and directs the Clerk of Court to transfer this case forthwith to the

22   Northern District of California for all further proceedings.

23                                **BACKGROUND**

24          This action stems from a claim for benefits submitted by plaintiffs Terri Smith and

25   Michelle Smith Fregoso ("plaintiffs") under an accidental death policy issued by defendant

26   to decedent Diane Geraldine Hall-Hussain ("Hall-Hussain"). Plaintiffs, Hall-Hussain's

27   daughters, were listed as beneficiaries on the policy, which was purchased over the internet

28   on November 3, 2005. The policy carries a $50,000 benefit. When she applied for the

                                                                              07cv1747

policy, Hall-Hussein listed   her residence as Eureka, California, which is located in
Humboldt County, within the jurisdiction of the Northern District of California.  Hall-
Hussein died in Eureka, California on April 9, 2007 as a result of an accidental overdose
of Oxycodone, a pain-killer prescribed by her physician, Dr. Chia Chen, also located in
Eureka, California.  The Humboldt County Coroner investigated Hall-Hussein's death.
Plaintiff Terri Smith lives in Eureka, California and plaintiff Michelle Smith Fregoso lives
in Georgia.

Plaintiffs submitted a claim for benefits under the policy to defendant on April 24,
2007.  Defendant denied plaintiffs' claim based on the following two exclusions in the
policy:

No benefit shall be paid for injury that:

. . .

3.   is caused by or results from the Covered Person's taking or using any
narcotic, barbituate or any other drug unless taken or used as prescribed by
a Physician;

. . .

7.   is due to disease, bodily or mental infirmity, or medical or surgical
treatment of these.

Lovelady Decl., Exh. B at 3.

The instant lawsuit was filed in this District on September 5, 2007, alleging causes
of action for breach of contract and bad faith breach of insurance contract (*i.e.*, tortious
breach of the implied covenant of good faith and fair dealing).  *See* Doc. # 1.  Plaintiffs
seek monetary compensation in the form of contractual damages, damages for physical,
mental and emotional distress, punitive damages, and attorneys fees and costs of suit.  Id.
at 6.  Defendant filed an answer to the complaint on October 29, 2007.

Defendant's motion to transfer venue was filed on November 6, 2007.  Doc. # 10.
Plaintiffs' opposition to the motion was filed on November 27, 2007.  Doc. # 15.
Defendant's reply brief was filed on December 10, 2007.  Doc. # 18.  This Court
subsequently took the motion under submission without oral argument.  *See*

07cv1747

CivLR 7.1(d.1); Doc. # 21.  On February 5, 2008, defendant filed an *ex parte* application seeking leave to file a supplemental reply brief in support of its motion to transfer venue. *See* Doc. # 22.  Over plaintiffs' objections, *see* Doc. # 23, this Court granted defendant's *ex parte* application on February 7, 2008 and defendant's supplemental reply brief was filed the same day.  Docs. # 24, 25.  Plaintiffs filed a response to defendant's supplemental reply brief on February 14, 2008.  Doc. # 29.

## DISCUSSION

### 1.    Legal Standard

A district court may transfer a pending case "to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The court has broad discretion to "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498-99 (9th Cir. 2000)(quoting <u>Stewart Org. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988)).  The moving party has the burden of demonstrating transfer would be more convenient and better serve the interests of justice.  <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 279 (1979).

In the Ninth Circuit, ten factors are applied in determining whether to transfer a case on convenience grounds:

> (1) the plaintiffs' choice of forum; (2) the extent to which there is a connection between the plaintiffs' causes of action and this forum; (3) the parties' contacts with this forum; (4) the convenience of witnesses; (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (6) the ease of access to sources of proof; (7) the existence of administrative difficulties resulting from court congestion; (8) whether there is a 'local interest in having localized controversies decided at home'; (9) whether unnecessary problems in conflicts of laws, or in the application of foreign laws, can be avoided; and (10) the unfairness of imposing jury duty on citizens in a forum unrelated to the action.

<u>Saleh v. Titan Corp.</u>, 361 F.Supp.2d 1152, 1157 (S.D.Cal. 2005) (citing <u>Jones</u>, 211 F.3d at 498-99 and <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986)).

//

07cv1747

2.    **Analysis**

Defendant moves to transfer venue to the Northern District of California. Defendant contends the factors weigh heavily in favor of transfer, and addresses each of the factors, with the exception of no. 9 which it deems irrelevant. Doc. # 10 at 6-12 & n.3. Specifically, defendant argues that plaintiffs' choice of forum should not be entitled to deference since plaintiffs are not residents of this forum; there is no connection at all to the claims presented and the Southern District of California; the parties have had no contacts with this forum; the witnesses and parties would be considerably inconvenienced if required to litigate in this District; access to evidence is easier in the Northern District, there would be no administrative difficulties if the matter is transferred to the Northern District; and this District and its prospective jurors have no interest in the action. Id. at 6-12.

Defendant points out that, even though all the relevant factors weigh in favor of transfer, the single most important factor to be weighed, that is, the convenience of the witnesses, weighs heavily in defendant's favor. *See* id. at 8. Defendant explains that, as of the date its motion was filed, there were at least three known non-party witnesses with "crucial" testimony to present in this case who are based in Eureka, California: Deputy Coroner Roy Horton, the deputy coroner who conducted the investigation of Hall-Hussein's death, Dr. Chia Chen, Hall-Hussein's physician who prescribed the Oxycodone, and Lima Pharmacy, the pharmacy the supplied the Oxycodone.[1] Id. at 8-9.

Plaintiffs, in opposition, claims that "no witness testimony is required or necessary since all relevant facts, that decedent died as a result of an accidental overdose of Oxycodone while the policy was in full force and effect, are not in dispute." Doc. # 15

---

[1] Plaintiffs point out that, despite defendant's assertions as to the importance of Dr. Chen's and the deputy coroner's testimony, defendant presents no affidavit attesting to their purportedly crucial testimony as is required. Doc. # 15 at 11 (citing Heller v. Midwhey Power Co., 883 F.2d 1286, 1293 (7th Cir. 1989)). Defendant, in reply, disputes it has failed to meet its evidentiary burden, claiming that its showing made is sufficient under the law. Doc. # 18 (citations omitted). Nevertheless, in an abundance of caution, defendant submitted a declaration in support of its reply brief attesting to the assertions made previously. *See* Doc. # 19. Based on a review of the case authority cited by both parties, and a careful review of the record presented, this Court deems defendant's evidentiary showing sufficient.

07cv1747

1    at 8.  According to plaintiffs, the only issue to be litigated in this case is whether the

2    exclusions applied by defendant in denying coverage violate California law by being

3    broader than allowed.[2]  Id. at 8, 11.  Plaintiffs further contend that defendants'

4    convenience argument fails because this case would be venued in San Francisco, not

5    Eureka, since there is no continuously sitting district court in Eureka.  Id. at 12.  Plaintiffs

6    note that San Francisco is approximately five (5) hours away from Eureka and, thus, not

7    clearly convenient for the Eureka witnesses.  Id.   In addition, plaintiffs assert that the

8    interests of justice will be served if the case is tried in this District because the "issue of law

9    to be adjudicated is one of interest to all citizens of the State of California ... [and is] not

10   an issue unique to Eureka or Northern California."  Id. at 13.

11           In reply, defendant disagrees that the facts in this case are not disputed.  Doc. # 18

12   at 2.  Defendant explains that whether Hall-Hussein took Oxycodone in the manner

13   prescribed by her physician and whether Dr. Chen prescribed Oxycodone as part of Hall-

14   Hussein's medical treatment are disputed issues of fact that need to be resolved, thereby

15   most likely requiring testimony of the Eureka witnesses.  Id. at 2, 4.  Defendant points

16   out that, although the case, once transferred, would in fact be assigned to San Francisco

17   or Oakland, the trial of the matter could be assigned to the part-time court in Eureka

18   where civil trials are regularly held.  Id. at 5.  Defendant also points out, in any event, that

19   travel from Eureka to San Francisco or Oakland is still far more convenient than travel

20   from Eureka to San Diego.  Id.

21           Defendant, in a supplemental reply brief, notes that plaintiffs identified, in their

22   initial disclosures required pursuant to Rule 26(a)(1) of the Federal Rules of Civil

23   

24           [2] Plaintiffs then present a lengthy discussion on the merits of the issue, including a reference to a case
     decided in plaintiffs' favor on the same issue before another district court in this District, arguments to which
25   defendant responds in full in reply.  See Doc. # 15 at 9-11; Doc. # 18 at 3-4.  This Court deems it
     inappropriate to address at this time the merits of plaintiffs' contentions they apparently intend to present
26   in a later-filed motion for summary judgment. In addition, plaintiffs suggest that defendant must be "forum
     shopping" due to the unfavorable ruling that had been handed down in this District.  Doc. # 15 at 6.
27   Defendant takes issue with this accusation, noting the prior ruling is not binding on this or any court and
     suggest that, based on the same ruling, it appears plaintiffs may actually be the ones that are forum shopping.
28   Doc. # 18 at 4.  This Court is more persuaded by defendant's position, since plaintiffs chose this forum out
     of all the districts in California to file the instant case.  However, this Court deems this issue irrelevant to
     its determination and declines to further discuss it.

07cv1747

Procedure, two additional non-party witnesses they intend to rely upon who each reside in Eureka, California. Doc. # 25 at 1-2. Defendant contends the identification of these two additional witnesses provide further support for its transfer request. Id. at 2. Plaintiffs, in a supplemental response, reiterate that they believe no testimony from any witness other than individuals employed at defendant's company will be required to resolve the issues in this case. Doc. # 29 at 3. In addition, plaintiffs claim that, because a scheduling order has been issued and a settlement conference has been conducted before the magistrate judge, "transfer ... now to Northern California would severely delay resolution of a matter easily disposed of by Summary Judgment." Id.

This Court is unconvinced that there is no possibility the testimony of the non-party witnesses will be required to resolve this case. Although it is certainly a possibility that this case will be resolved on summary judgment, there is no guarantee that any one of the non-party witnesses may be required to be deposed or testify at a hearing or trial. This Court finds that the non-party witnesses, located in Eureka, California, would be greatly inconvenienced by having to travel to San Diego to testify. Thus, the most important factor to be weighed clearly tips the scales in favor of transfer. This Court further finds that the remaining factors, mostly not addressed by plaintiffs, weigh in defendant's favor. This Court disagrees with plaintiffs that a severe delay may result if the case is transferred based on the issuance of a scheduling order and settlement conference previously conducted by the magistrate judge. This Court notes that this case is still in its early stages, in that, discovery has not yet been completed and the final pretrial conference is not scheduled to take place until late September 2008. *See* Doc. # 26. Thus, all further proceedings in this case can proceed apace in the Northern District of California. Therefore, this Court finds that transfer of venue to the Northern District of California for the convenience of the parties and witnesses under 28 U.S.C. § 1404(a) is appropriate.

//

//

//

07cv1747

1          **CONCLUSION AND ORDER**

2          Based on the foregoing, IT IS HEREBY ORDERED that:

3     1.    Defendant's motion to transfer venue on convenience grounds [doc. # 10]

4          is **GRANTED**; and

5     2.    The Clerk of Court is directed to transfer this case forthwith to the Northern

6          District of California for all further proceedings.

7

8    Dated:        March 12, 2008

9                                          _____

10                                          JOHN A. HOUSTON
                                           United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cv1747

# UNITED STATES DISTRICT COURT

Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

March 13, 2008

Office of the Clerk
U.S. District Court, Northern District of California
Phillip Burton United States Courthouse, 16th Floor
450 Golden Gate Avenue
San Francisco, CA 94102-2424

Re:, Case No. 07CV1747-JAH(WMC)

Dear Sir or Madam:

Pursuant to Order transferring the above-entitled action to your District, we are transmitting herewith our entire original file (excepting said Order).

Enclosed are a certified copy of our Docket and of the Order transferring the action, the originals of which we are retaining.

Please acknowledge receipt on the copy of this letter and return.  Thank you.

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

By:_____s/J. Petersen_____
, Deputy

Copy to Attorney for Plaintiffs:
Copy to Attorney for Defendants:

RECEIVED ITEMS DESCRIBED

THIS DATE OF _____
AND ASSIGNED CASE NUMBER _____

CLERK, U.S. DISTRICT COURT

By: _____, Deputy