MANATT, PHELPS & PHILLIPS, LLP
MARGARET LEVY (Bar No. 66585)
JOSEPH E. LASKA (Bar No. 221055)
11355 West Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
Email: mlevy@manatt.com and jlaska@manatt.com

*Attorneys for Defendant*
STONEBRIDGE LIFE INSURANCE COMPANY

STENNETT/CASINO
JOHN P. STENNETT (Bar No. 72815)
BARBARA A. CASINO (Bar No. 91952)
501 West Broadway, Suite 1340
San Diego, California 92101
Telephone: (619) 544-6404
Facsimile: (619) 234-7082
Email: Stennett@StennettCasino.com and
Bcasino@StennettCasino.com

*Attorneys for Plaintiffs*
TERRI SMITH and MICHELE SMITH FREGOSO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI SMITH and MICHELE SMITH FREGOSO,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>STONEBRIDGE LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. C 08-01466 JCS<br><br>Mag. Judge Joseph C. Spero<br><br>CASE MANAGEMENT STATEMENT; JOINT REPORT AND DISCOVERY PLAN<br><br>[Fed. R. Civ. P. 26(f) and Local Rule 16-9.]<br><br>Action Filed:　　Sept. 5, 2007<br>Case Manag. Conf:　June 20, 2008 |

41288625.2

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This combined Case Management Statement and Joint Report and Discovery Plan is submitted pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16-9, and the Court's March 17, 2008 Order Setting Initial Case Management Conference. This statement follows a meeting of counsel held on May 28, 2008 between John P. Stennett, Esq. and Barbara A. Casino, Esq. of Stennett/Casino on behalf of Plaintiffs Terri Smith and Michele Smith Fregoso ("Plaintiffs") and Joseph E. Laska, Esq. of Manatt, Phelps & Phillips, LLP on behalf of Defendant Stonebridge Life Insurance Company ("Stonebridge").

1. **Jurisdiction and Service**

The parties agree that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs originally filed this action on September 5, 2007 in the U.S. District Court for the Southern District of California. Stonebridge filed its Answer on October 29, 2007. On November 6, 2007, Stonebridge filed a motion to transfer this action to this Court on convenience grounds, which was granted by the Southern District of California on March 12, 2008.

No parties remain to be served.

2. **Facts**

Plaintiffs are the surviving daughters of Geraldine Hall-Hussain, who died in her home at the age of 59 April 9, 2007. Plaintiffs are the named beneficiaries of an accidental death and dismemberment policy issued to decedent effective November 7, 2005 (the "Policy"). The Policy provided accidental death benefits in the amount of $50,000 in the event of Ms. Hall-Hussain's accidental death, as defined and limited by the terms of the Policy.

Ms. Hall-Hussain's death was investigated by the Humboldt County Coroner's Office. At the scene of Ms. Hall-Hussain's death, the Deputy Coroner found a prescription bottle for Oxycodone that had been prescribed by Ms. Hall-

Hussain's physician, Dr. Chen. According to the label on the bottle, the prescription, which had been filled on March 27, 2007, contained 180 tabs of 40mg Oxycontin. The Deputy Coroner located only one Oxycodone tablet remaining on the bed.

The Coroner's Office investigation discovered that Ms. Hall-Hussain's blood contained a toxic level of Oxycodone. The Coroner's Office also discovered that Ms. Hall-Hussain had been prescribed Oxycodone by her physician for chronic pain. Based on the blood levels found, the Coroner's Office concluded that Ms. Hall-Hussain took more than the prescribed amount of Oxycodone.

Following the investigation, the Humboldt County Coroner's Office reported in the death certificate issued on April 26, 2007 that the cause of Ms. Hall-Hussain's death was "Oxycodone intoxication." The death certificate also indicated that the means of death was "accidental" with the finding that "decedent took an accidental overdose of Oxycodone."

Plaintiffs submitted a claim for benefits to Stonebridge on April 27, 2007. As part of Stonebridge's investigation of the claim, it contacted the Humboldt County Coroner's Office, Ms. Hall-Hussain's treating physician and Ms. Hall-Hussain's pharmacy in Eureka, and received documentation from each. By letter dated June 12, 2007, Stonebridge notified Plaintiffs that it was denying their claim for accidental death benefits under the following two Policy exclusions:

> No benefit shall be paid for injury that:
>
> 3.   is caused by or results from the Covered Person's taking or using any narcotic, barbiturate or any other drug unless taken or used as prescribed by a Physician;
>
> * * *
>
> 7.   is due to disease, bodily or mental infirmity, or medical or surgical treatment of these.

By letter dated July 20, 2007, Plaintiffs' counsel asked Stonebridge to reconsider its denial of death benefits in light of California Insurance Code Section

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

10369.12 and the case of <u>Hummel v. Continental Casualty Insurance Company</u>, 254 F.Supp.2d 1183 (D. Nev. 2003). Following Stonebridge's reiteration of its denial, this lawsuit for breach of contract and breach of the implied covenant of good faith and fair dealing was filed on September 5, 2007.

The parties do not disagree with the finding of the Humboldt County Coroner's Office that the cause of Ms. Hall-Hussain's death was "Oxycodone intoxication." They do disagree with the finding that Ms. Hall-Hussain's death was "accidental" and further disagree regarding the application of the two exclusions in light of the cause and manner of death.

The parties also disagree as to whether or not the underlying facts of Stonebridge's investigation and denial of benefits constitutes bad faith.

The parties reserve the right to raise additional disputed issues of fact.

### 3. **Legal Issues**

Defendant asserts that decedent did not take her Oxycodone "as prescribed" by her physician and thus Ms. Hall-Hussain's death is excluded under the Policy's "drug exclusion."

Plaintiffs assert that Stonebridge's "drug exclusion" is overbroad and violative of California law. An accidental death and dismemberment policy is considered a disability policy under Insurance Code Section 106. The Insurance Code sets forth provisions that must be contained within disability policies and also sets for the exclusions that may be included in disability policies. Plaintiff contends that no limitations or exclusions are allowed in disability policies which are "less favorable in any respect to the insured or the beneficiary." Cal. Ins. Code § 10369.1.

Insurance Code Section 10369.12 provides:

> A disability policy may contain a provision in the form set forth herein.
>
> Intoxicants and controlled substances: The insurer shall not be liable for any loss sustained or contracted in

> consequence of the insured's being intoxicated or under the influence of any controlled substance unless administered on the advice of a physician.

Plaintiff contends that courts have interpreted the above quoted language as not applying where the cause of death is an overdose of prescribed medication, even where a person takes more than was prescribed by their physician. <u>Hummel v. Continental Casualty Insurance Company</u>, 254 F.Supp.2d 1183, 1189 (D. Nev. 2003).

Defendant Stonebridge disagrees with Plaintiffs' analysis for three reasons. First, Stonebridge asserts that the provision relied upon by Plaintiffs, Insurance Code Section 10369.12, applies only to group disability insurance and does not apply to individual disability policies insuring only one person, such as the Policy issued to Ms. Hall-Hussain. Cal. Ins. Code § 102709(c). Second, Stonebridge asserts that, in any event, the Insurance Code permits the Department of Insurance to approve policy exclusions that are different than the provisions set forth in Insurance Code Section 10369, and that such approval was obtained by Stonebridge regarding the Policy in this case. Third, Stonebridge contends that, in any event, the Policy's "drug limitation" is not less favorable to Plaintiffs than the language in Insurance Code Section 10369.12.

Defendant Stonebridge also asserts that the "medical treatment" exclusion precludes coverage. Plaintiffs disagree and assert that it was not the medical treatment that was the proximate cause of death, rather it was the "accidental overdose" of Oxycodone. <u>Heighley v. J.C. Penney Life,</u> 257 F.Supp.2d 1241 (C.D.Cal. 2003). Furthermore, Plaintiffs assert that as applied in this case the "medical treatment" exclusion is also violative of California Insurance Code § 10369.12. Stonebridge disagrees with Plaintiffs' analysis of these authorities.

The disputes under the first cause of action for breach of contract appear to be primarily legal. Under the second cause of action for bad faith, the parties will

likely disagree on whether or not Stonebridge's conduct was reasonable and whether or not that fact may be determined as a matter of law.

The parties reserve the right to raise additional disputed issues of law.

### 4. Motions

As discussed above, Plaintiffs originally filed this action on September 5, 2007 in the Southern District of California. On November 6, 2007, Stonebridge filed a motion to transfer this action to this Court on convenience grounds, which was granted by the Southern District of California on March 12, 2008.

The parties intend to file cross-motions for partial summary judgment on Plaintiffs' claim for breach of contract. The proposed briefing schedule for these motions is set forth below in Section 17. Depending upon the outcome of those motions, the parties reserve their right to file additional dispositive motions. In that regard, Stonebridge specifically reserves the right to bring motions for partial summary judgment on Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing and punitive damages if its motion for partial summary judgment on the breach of contract claim is not granted.

### 5. Amendment of Pleadings

The parties do not anticipate any amendments to the pleadings at this time.

### 6. Evidence Preservation

The parties do not currently anticipate any issues regarding evidence preservation.

### 7. Disclosures

The parties served their respective Initial Disclosures via U.S. mail on February 1, 2008.

### 8. Discovery (Including the Parties' Discovery Plan)

Plaintiffs have conducted or will conduct discovery on the following issues: whether the insured's death was a covered accidental injury, not subject to any exclusions, under the Policy; whether the exclusions relied upon by Stonebridge to

deny Plaintiffs' claim comply with California law; whether Stonebridge acted unreasonably in denying Plaintiffs' claim for benefits as alleged in the Complaint; and claims practices, claims handling guidelines, policy interpretation, and other claims issues pertaining to adjusting accidental death claims.

Specifically, Plaintiffs have served interrogatories, requests for production and request for admissions, to which Stonebridge has responded. If Plaintiffs prevail on their motion for partial summary judgment motion on their breach of contract claim, they anticipate taking the depositions of Stonebridge's witnesses.

Stonebridge has conducted or will conduct discovery on the following issues: the insured's medical history and treatment and her use of prescription drugs; the nature and cause of the insured's death and the circumstances surrounding it; Plaintiffs' involvement in Stonebridge's claim investigation; the nature and extent of Plaintiffs' alleged damages; and Plaintiffs' efforts, if any, to mitigate those alleged damages.

Stonebridge has taken the depositions of Dr. Chia Chen (Ms. Hall-Hussain's treating physician) and Deputy Coroner Roy Horton in Eureka, California. Stonebridge reserves the right to conduct additional discovery, including but not limited to taking the depositions of Plaintiffs, Calvin Hall (Ms. Hall-Hussain's brother), and additional third-party witnesses.

The parties agree that discovery need not be conducted in phases or limited to focus upon certain issues.

The parties do not anticipate any issues regarding disclosure or discovery of electronically stored information. Likewise, the parties do not anticipate any issues regarding claims of privilege or of protection as trial-preparation materials, except that the parties reserve their rights to raise appropriate claims of privilege and protection as permitted by law.

The parties disagree on whether there should be changes to the limitations on discovery set forth under the Federal Rules of Civil Procedure or the applicable

Local Rules. Plaintiffs contend that due to the complexity of this case (bad faith) there may be a need to enlarge the limitations on discovery. Stonebridge contends that this case is not complex and further contends that there need not be any changes to the limitations on discovery.

9. **Class Actions**

This is not a class action.

10. **Related Cases**

The parties are not currently aware of any related cases or proceedings in any jurisdiction.

11. **Relief**

Plaintiffs seek $50,000 in contract damages, plus interest, as well as an unspecified amount of emotional distress damages, punitive damages, and attorneys' fees and costs.

12. **Settlement and ADR**

The parties participated in an Early Neutral Evaluation before Magistrate Judge McCurine in the Southern District of California before this action was transferred to this Court. The case did not settle at that time. The parties believe that settlement is unlikely to occur before the Court rules on the parties' proposed cross-motions for summary judgment on Plaintiffs' claim for breach of contract. As a result, on May 30, 2008, this Court excused the parties from their obligations under the ADR Local Rules pending the rulings on those motions.

13. **Consent to Magistrate Judge For All Purposes**

The parties have consented to have Magistrate Judge Spero conduct all further proceedings including trial and entry of judgment.

14. **Other References**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The parties believe that the issue of coverage under the Policy, a threshold issue in this case, will be decided via the parties' cross-motions for partial summary judgment. If Plaintiffs prevail on those cross-motions and the case proceeds, Stonebridge believes that Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing and punitive damages may be resolved as a matter of law by a motion for partial summary judgment.

### 16. Expedited Schedule

The parties agree that this case need not be handled on an expedited basis.

### 17. Scheduling

The parties propose filing cross-motions for partial summary judgment on Plaintiffs' claim for breach of contract on the following timetable:

| | |
|---|---|
| Cross-motions filed: | July 1, 2008 |
| Oppositions filed: | July 15, 2008 |
| Reply briefs filed: | July 22, 2008 |
| Hearing: | July 28, 2008 |

Assuming that the Court approves this proposed briefing schedule and issues an order on the parties' cross-motions for summary judgment within 30 days of the suggested hearing date, the parties propose the following additional pre-trial dates:

| | |
|---|---|
| Discovery cut-off: | December 1, 2008 |
| Deadline to file additional dispositive motions: | January 12, 2009 |
| Deadline to disclose expert witnesses: | March 13, 2009 |
| Deadline to disclose supplemental experts: | March 27, 2009 |
| Expert discovery cut-off: | April 17, 2009 |
| Pretrial Conference: | April 27, 2009 |
| Trial: | May 11, 2009 |

### 18. Trial

The parties estimate that the jury trial of this matter will last 3-5 days.

**19.    Disclosure of Non-party Interested Entities or Persons**

The parties filed their respective Notices of Interested Parties in the Southern District of California before this action was transferred to this Court.

Pursuant to Local Rule 16-9, the parties restate that Plaintiffs and their attorneys at Stennett/Casino are interested persons.

Defendant Stonebridge Life Insurance Company is 100% owned by Commonwealth General Corporation which is not publicly traded. Both Stonebridge Life Insurance Company and its parent are members of the AEGON Group. The AEGON Group, through its member companies, is a leading international insurance group with its headquarters in The Hague, the Netherlands. The principal market for common shares of AEGON, N.V. is Euronext Amsterdam. Common shares of AEGON N.V. are listed on the NYSE and the Frankfort, London, and Tokyo exchanges as well as the SWX Swiss Exchange.

**20.    Other matters**

Except as described above, the parties are not currently aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated:  June 13, 2008            MANATT, PHELPS & PHILLIPS, LLP


By:     /s/ Joseph E. Laska
        Joseph E. Laska
        *Attorneys for Defendant*
        STONEBRIDGE LIFE INSURANCE COMPANY

Dated:  June 13, 2008            STENNETT/CASINO


By:     /s/ John P. Stennett
        John P. Stennett
        *Attorneys for Plaintiffs*
        TERRI SMITH AND MICHELE SMITH FREGOSO

**PROOF OF SERVICE**

I, Nancy Tokuda, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On June 13, 2008, I served a copy of the within document(s):

CASE MANAGEMENT STATEMENT; JOINT REPORT AND DISCOVERY PLAN

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Stennett/Casino
John P. Stennett, Esq.
Barbara A. Casino, Esq.
501 W. Broadway, Suite 1340
San Diego, CA 92101

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 13, 2008, at Los Angeles, California.

_____
Nancy Tokuda

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41288779.1