MANATT, PHELPS & PHILLIPS, LLP
MARGARET LEVY (Bar No. 66585)
JOSEPH E. LASKA (Bar No. 221055)
11355 West Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
Email: mlevy@manatt.com and jlaska@manatt.com

*Attorneys for Defendant*
STONEBRIDGE LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI SMITH and MICHELE SMITH FREGOSO,<br><br>            Plaintiffs,<br><br>      vs.<br><br>STONEBRIDGE LIFE INSURANCE COMPANY,<br><br>            Defendant. | Case No. C 08-01466 JCS<br><br>Magistrate Judge Joseph C. Spero<br><br>EVIDENTIARY OBJECTIONS TO DECLARATION OF MICHELLE SMITH FREGOSO IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT<br><br>[Filed concurrently with:<br>(1) Opposition to Plaintiffs' Motion for Partial Summary Judgment;<br>(2) Declaration of Cheryl Penner;<br>(3) Declaration of Joseph E. Laska; and<br>(4) Evidentiary Objections to Declaration of John Stennett.]<br><br>Hearing Date:   September 26, 2008<br>Hearing Time:   9:30 a.m.<br>Courtroom:         A<br><br>Action Filed:      September 5, 2007 |

41311991.1

Defendant Stonebridge Life Insurance Company ("Stonebridge") submits these evidentiary objections to the Declaration of Michele Smith Fregoso in support of Stonebridge's Opposition to Plaintiffs' Motion for Partial Summary Judgment.

| ¶ No. | Plaintiff's Testimony | Stonebridge's Objections |
|---|---|---|
| 4 | At the time of her death my mother was very close with her entire family but especially with her younger brother Calvin and grandson, Alex. | Aflac objects that Plaintiff's testimony lacks foundation and lacks personal knowledge. Fed R. Evid. 601-02. Aflac also objects that this evidence is irrelevant to the issues raised in Plaintiffs' Motion. Fed. R. Evid. 401-02. To the extent that this evidence is intended to prove Ms. Hall-Hussain's character or a trait of her character for the purpose of proving that she acted in conformity with that character, the evidence is inadmissible. Fed. R. Evid. 404. |
| 5 | At the time of her death she was not only financially supporting her younger brother, Calvin but would actually fix meals for him daily. | Aflac objects that Plaintiff's testimony lacks foundation and lacks personal knowledge. Fed R. Evid. 601-02. Aflac also objects that this evidence is irrelevant to the issues raised in Plaintiffs' Motion. Fed. R. Evid. 401-02. To the extent that this evidence is intended to |

| ¶ No. | Plaintiff's Testimony | Stonebridge's Objections |
|---|---|---|
|  |  | prove Ms. Hall-Hussain's character or a trait of her character for the purpose of proving that she acted in conformity with that character, the evidence is inadmissible. Fed. R. Evid. 404. |
| 6 | My eldest son, Alex was her favorite grandson and after her death I discovered that my mother had been sending Alex money every month to help pay his apartment rent. | Aflac objects that Plaintiff's testimony lacks foundation and lacks personal knowledge. Fed R. Evid. 601-02. Aflac also objects that this evidence is irrelevant to the issues raised in Plaintiffs' Motion. Fed. R. Evid. 401-02. To the extent that this evidence is intended to prove Ms. Hall-Hussain's character or a trait of her character for the purpose of proving that she acted in conformity with that character, the evidence is inadmissible. Fed. R. Evid. 404. To the extent that this testimony is based on something the declarant was told by others, the evidence is inadmissible hearsay. Fed. R. Evid. 801-04. |
| 7 | Although my mother did complete 2 years of college, we considered | Aflac objects that Plaintiff's testimony lacks foundation and |

41311991.1

2

| ¶ No. | Plaintiff's Testimony | Stonebridge's Objections |
|---|---|---|
|  | her to be self-educated in that she was an avid reader and read several newspapers every day. | lacks personal knowledge. Fed R. Evid. 601-02. Aflac also objects that this evidence is irrelevant to the issues raised in Plaintiffs' Motion. Fed. R. Evid. 401-02. To the extent that this evidence is intended to prove Ms. Hall-Hussain's character or a trait of her character for the purpose of proving that she acted in conformity with that character, the evidence is inadmissible. Fed. R. Evid. 404. To the extent that this testimony is based on something the declarant was told by others, the evidence is inadmissible hearsay. Fed. R. Evid. 801-04. |
| 9 | Later in life she earned money by buying and selling items on E-Bay. Although she was 59, she was quite versatile and kept mentally active. | Aflac objects that Plaintiff's testimony lacks foundation and lacks personal knowledge. Fed R. Evid. 601-02. Aflac also objects that this evidence is irrelevant to the issues raised in Plaintiffs' Motion. Fed. R. Evid. 401-02. To the extent that this evidence is intended to prove Ms. Hall-Hussain's character or a trait of her character for the |

| ¶ No. | Plaintiff's Testimony | Stonebridge's Objections |
|---|---|---|
|  |  | purpose of proving that she acted in conformity with that character, the evidence is inadmissible. Fed. R. Evid. 404. |
| 10 | My mother was definitely the matriarch of the family and attended every family function. | Aflac objects that Plaintiff's testimony lacks foundation and lacks personal knowledge. Fed R. Evid. 601-02. Aflac also objects that this evidence is irrelevant to the issues raised in Plaintiffs' Motion. Fed. R. Evid. 401-02. To the extent that this evidence is intended to prove Ms. Hall-Hussain's character or a trait of her character for the purpose of proving that she acted in conformity with that character, the evidence is inadmissible. Fed. R. Evid. 404. |
| 11 | She loved to cook and was the predominant cook at all family functions. | Aflac objects that Plaintiff's testimony lacks foundation and lacks personal knowledge. Fed R. Evid. 601-02. Aflac also objects that this evidence is irrelevant to the issues raised in Plaintiffs' Motion. Fed. R. Evid. 401-02. To the extent that this evidence is intended to |

| ¶ No. | Plaintiff's Testimony | Stonebridge's Objections |
|---|---|---|
|  |  | prove Ms. Hall-Hussain's character or a trait of her character for the purpose of proving that she acted in conformity with that character, the evidence is inadmissible. Fed. R. Evid. 404. |
| 12 | She loved her children and especially her grandchildren and had a zest for life. | Aflac objects that Plaintiff's testimony lacks foundation and lacks personal knowledge. Fed R. Evid. 601-02. Aflac also objects that this evidence is irrelevant to the issues raised in Plaintiffs' Motion. Fed. R. Evid. 401-02. To the extent that this evidence is intended to prove Ms. Hall-Hussain's character or a trait of her character for the purpose of proving that she acted in conformity with that character, the evidence is inadmissible. Fed. R. Evid. 404. |
| 14 | Although the police and coroner were still at the scene, I did not speak with either of them and was not questioned regarding my mother's custom or habit of safe keeping her medications. | Aflac objects that the evidence is inadmissible hearsay. Fed. R. Evid. 801-04. |

| ¶ No. | Plaintiff's Testimony | Stonebridge's Objections |
|---|---|---|
| 15 | On the day of her death I took my mother's handbag from her apartment and discovered it contained her pill organizer. My mother kept a pill organizer in her purse in which she kept both medications and vitamins. The organizer contained pills for Monday through Sunday. | Aflac objects that Plaintiff's testimony lacks foundation and lacks personal knowledge. Fed R. Evid. 601-02. Aflac also objects that this evidence is irrelevant to the issues raised in Plaintiffs' Motion. Fed. R. Evid. 401-02. |
| 16 | My mother would also keep some of her medications in a medicine chest in her bedroom. She kept both vials of pills and other pill organizers in the chest. | Aflac objects that Plaintiff's testimony lacks foundation and lacks personal knowledge. Fed R. Evid. 601-02. Aflac also objects that this evidence is irrelevant to the issues raised in Plaintiffs' Motion. Fed. R. Evid. 401-02. |

| ¶ No. | Plaintiff's Testimony | Stonebridge's Objections |
|---|---|---|
| 17 | Sometime after my mother's death I was notified by the coroner's office that her death was due to an accidental overdose of Oxycodone. | Aflac objects that this evidence irrelevant to the issues raised in Plaintiffs' Motion. Fed. R. Evid. 401-02. Aflac also objects that the evidence is inadmissible hearsay. Fed. R. Evid. 801-04. |

Dated: August 29, 2008

MANATT, PHELPS & PHILLIPS, LLP
MARGARET LEVY
JOSEPH E. LASKA

By: /s/ Joseph E. Laska
  Joseph E. Laska
  *Attorneys for Defendant*
  STONEBRIDGE LIFE
  INSURANCE COMPANY